STEPHEN R. HARRIS, ESQ.
Nevada Bar No. 001463
HARRIS LAW PRACTICE LLC
6151 Lakeside Drive, Suite 2100
Reno, NV 89511
Telephone:  (775) 786-7600
E-Mail: steve@harrislawreno.com
Attorney for Debtors

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

*****

IN RE:

SILVER STATE BROADCASTING, LLC,

     Debtor.

☐ AFFECTS THIS DEBTOR

☐ AFFECTS GOLDEN STATE BROADCASTING, LLC

☐ AFFECTS MAJOR MARKET RADIO LLC

☒ AFFECTS ALL DEBTORS

_____/

Case No. 21-14978-abl
(Chapter 11)

Jointly Administered with:

| 21-14979-abl | Golden State Broadcasting, LLC |
| 21-14980-abl | Major Market Radio LLC |

**EMERGENCY JOINT MOTION FOR ORDER DIRECTING COURT APPOINTED RECEIVER TO TURNOVER PROPERTY PURSUANT TO 11 U.S.C. §§ 543(a) AND (b)**

Hearing Date:
Hearing Time:
Est. Time:     1 hour
Set by:     Judge Landis per OST

COME NOW, SILVER STATE BROADCASTING, LLC, GOLDEN STATE BROADCASTING, LLC, and MAJOR MARKET RADIO LLC, Jointly Administered Debtors and Debtor-in-Possession herein (collectively "Debtors"), by and through their attorney, STEPHEN R. HARRIS, ESQ., of HARRIS LAW PRACTICE LLC, and hereby move this Court for the issuance of an order compelling the court appointed receiver to turnover property of the estates pursuant to 11 U.S.C. §§ 543(a) and (b). This motion is based upon the papers and pleadings on file in these Chapter 11 cases, the following points and authorities, and the concurrently filed Declaration of Edward R. Stolz.

## **BACKGROUND**

1.     On May 22, 2018, the United States District Court Central District of California ("District Court") entered a Judgment in the amount of $330,000 ("Judgment") (District Court DE 190) against the Defendants, jointly and severally, in the case entitled *WB Music Corp., et al. v. Royce International Broadcasting Corp., Playa Del Sol Broadcasters, Silver State Broadcasting, LLC, Golden State Broadcasting, LLC, and Edward R. Stolz, II*, Case No. 5:16-cv-00600-JGB (the "Civil Action"). The Debtors respectfully ask this Court to take judicial notice of the papers and pleadings filed in the Civil Action pursuant to Fed. R. Evid. 201.

2.     From July 9, 2018 through September 29, 2020, the District Court awarded attorney fees and costs and combined with the damage award and interest, the Judgment amount was amended to $1,301,523.16. *See* District Court DE 429.

3.     On June 14, 2019, the Judgment creditors filed a motion seeking to appoint a receiver over certain radio station assets owned by the Debtors identified under call signs KFRH-FM, KREV-FM, and KRCK-FM (collectively the "Radio Stations"), but notably, not over any of the defendant entities themselves. *See* District Court DE 239. In fact, Debtor Major Market was not even a named Defendant in the Civil Action and yet its radio station assets were included as part of the receivership to satisfy the Judgment even though no alter-ego or veil-piercing action was ever asserted against Major Market.

4.     On July 6, 2020, the District Court granted the motion and appointed a receiver, W. Lawrence Patrick ("Receiver"), with the limited authority to sell the Debtors' Radio Station assets to satisfy the Judgment. *See* District Court DE 284. A copy of the Order Appointing Receiver is attached hereto as **Exhibit A** ("Receivership Order"). The Receivership Order also required that the Receiver post a bond of $10,000 within ten business days of the Receivership Order. *See* District Court DE 130-131.

5.     On September 21, 2020, the Civil Action Defendants filed an Ex Parte Application in the Civil Action seeking to terminate the Receivership, providing evidence of sufficient cash on deposit in Mr. Stolz' Bank of America bank account with which to satisfy the Judgment. *See* District Court DE 308, 308-2. From August to September 2020, the Defendants had attempted to

pay Plaintiffs the money to satisfy the Judgment, but Plaintiffs had refused to accept payment, thus forcing Defendants to seek the District Court's intervention. *See* District Court DE 325. On October 9, 2020, the District Court denied Defendants' Ex Parte Application for Order to Discharge the Receiver and Terminate the Receivership. *See* District Court DE 314.

6.     Ultimately, on November 9, 2020, Defendants, through their attorney, deposited $1,301,523.16 into the District Court's registry as Receipt number RS011086. However, Defendants' lawyer failed to arrange for the means to pay the funds out of the registry in satisfaction of the Judgment. *See* District Court DE 333.

7.     Also on November 9, 2020, with money on deposit in the District Court's registry to satisfy the Judgment, the District Court nonetheless granted the Receiver's request to submit documents for the sale of the Radio Station assets. *See* District Court DE 334.

8.     On November 20, 2020, the District Court awarded $230,178.50 in additional attorney fees and costs against Defendants in the Civil Action. *See* District Court DE 337. On January 13, 2021, the District Court entered a Second Amended Judgment in the amount of $384,124.20. *See* District Court DE 350.

9.     On February 3, 2021, the Civil Action Defendants paid the Second Amended Judgment by depositing $384,150 into the District Court's registry, but Defendants' lawyer did not arrange to transfer the funds to Plaintiffs and did not request a satisfaction of judgment. *See* District Court DE 367. Defendants also filed a motion to terminate the Receivership on February 3, 2021. *See* District Court DE 369.

10.    On March 18, 2021, the District Court entered its order denying the Plaintiffs' motion to terminate the Receivership. *See* District Court DE 413.

11.    On March 18, 2021, the Defendants filed a Notice of Appeal seeking to challenge the District Court's order denying the motion to terminate the Receivership. *See* District Court DE 412.

12.    The District Court then entered a Third Amended Judgment on May 20, 2021, totaling $103,358.50. *See* District Court DE 429.

13.    On June 2, 2021, the District Court finally entered an Order terminating the

Receivership upon satisfaction of certain conditions, including that within ten calendar days of satisfaction of the Third Amended Judgment by Defendants, the Receiver was required to file a motion for an accounting and costs. The Defendants could oppose the Receiver's motion and the District Court would issue an order regarding compensation for the Receiver. Upon satisfaction of the Receiver's accounting by Defendants, the District Court would terminate the Receivership. *See* District Court DE 421.

14.    On July 7, 2021, the Defendants deposited an additional $103,358.50 into the District Court's registry, satisfying the Third Amended Judgment. *See* District Court DE 447.

15.    On August 26, 2021, the District Court entered a Minute Order awarding the Receiver fees, out-of-pocket expenses, and legal fees totaling $590,340.10 ("Receiver's Compensation"), but the Receivership was still not terminated. *See* District Court DE 486.

16.    Notably, because the Civil Action Defendants themselves paid the Judgment, Second Amended Judgment, and Third Amended Judgment, the Receiver has not paid a single creditor and few, if any, radio station expenses during his control of the radio station assets.

17.    On July 16, 2021, the Receiver filed a paper in the Civil Action titled "W. Lawrence Patrick's Accounting." *See* District Court DE 453. A copy of the cover page and attached "Receiver's Accounting Report" without additional exhibits, is attached hereto as **Exhibit B**. As evident from Exhibit B, the "accounting" was not an accounting at all. Conspicuously absent was a showing of any income, disbursements, or accounting of how the Debtors' Radio Station assets were administered during the receivership, despite the Receiver having operated three FM Radio Stations for an entire year at that point. The "accounting" consists only of the Receiver's purported accrued fees and expenses and alleged claims against "Stolz." The alleged claims against "Stolz" are in fact debts asserted against various of the Civil Action Defendants. Yet the Receiver has simply commingled the claims as if they are purported debts of the same entities or as if the Radio Stations are all owned by the same entity rather than three separate legal entities. As this Court knows, this kind of sloppy "accounting" by a fiduciary of three distinct Debtors' assets is not tolerated in a bankruptcy context. Likewise, it should not be tolerated in a receivership because it frustrates the purpose of a fiduciary's duty of

transparency, fairness, and orderly payment to allowed creditors.

18.    Even more oddly, the Receiver apparently has presented regular status reports in camera to the District Court under seal, which of course also prevents any interested parties from due process with respect to the Receiver's actions. Thus, the Debtors have no idea what the Receiver has done with the proceeds from their assets during the receivership.

19.    The Receiver has existed only for the self-serving purpose of accruing his own fees and expenses for reasons outside the scope of his appointment which was solely to pay the Judgment. Indeed, as evident by his "accounting," the Receiver has not provided any discernable benefit to any creditor. In fact, some of the Debtors' current creditors are creditors with claims that resulted from the radio station's operating expenses that accrued during the Receiver's tenure and remain unpaid. The Debtors have also had to pay the rent for the radio station business premises to avoid eviction because the Receiver will not make the lease payments.

20.    The Defendants' appeal of the March 18, 2021, order denying termination of the Receivership is currently pending in the Ninth Circuit as Appeal No. 21-55264, and Defendants filed their Appellants' Opening Brief on September 8, 2021.

21.    On October 19, 2021, Silver State Broadcasting, LLC, Golden State Broadcasting, LLC, and Major Market Radio LLC filed their Chapter 11 voluntary petitions as Case Nos. 21-14978-abl, 21-14979-abl, and 21-14980-abl, respectively. The Debtors also filed motions in their Chapter 11 cases seeking to jointly administer the three cases under the lead case for Silver State Broadcasting, LLC, and this Court orally granted the joint administration motion on November 16, 2021.

22.    On October 21, 2021, the Bankruptcy Noticing Service ("BNC") served the Receiver via U.S. Mail with each of the Debtor's Notice of Bankruptcy Filing and §341 First Meeting of Creditors.

23.    Despite having actual knowledge of the Debtors' Chapter 11 filings, the Receiver continued to exercise control over the Debtors' Radio Station assets.

24.    On November 3, 2021, Debtors' undersigned counsel emailed a letter to the Receiver's counsel demanding immediate turnover of the Debtors' assets and an accounting

1    pursuant to 11 U.S.C. §§ 543(a) and (b). A copy of the November 3, 2021, letter is attached hereto

2    as **Exhibit C**.

3       25.    Receiver's counsel, Rory Miller, Esq. of Glaser Weil, responded by email to

4    Debtors' counsel saying that the Receiver would not turnover the Debtors' assets and would

5    "[answer] exclusively to an Article III court." *See* November 3, 2021, email to Stephen R. Harris

6    from Rory Miller, attached hereto as **Exhibit D**.

7       26.    On November 4, 2021, Debtors' counsel tried one more time to remind the

8    Receiver of his mandatory duty to turn over the Debtors' assets under § 543 and of this Court's

9    jurisdiction over the Debtors' assets. Receiver's counsel once again replied that the Receiver

10   would not deliver any assets without a direct court order. A copy of the November 4, 2021, email

11   exchange between counsel is attached hereto as **Exhibit E**.

12      27.    Upon information and belief, the Debtors have also been advised that the Receiver

13   has proceeded to administer the Radio Station assets post-petition by continuing the process of

14   trying to sell the Debtors' FCC licenses without first seeking this Court's approval or relief from

15   the 11 U.S.C. § 362(a) automatic stay.

16      28.    Because of the Receiver's refusal to acknowledge this Court's jurisdiction or to

17   comply with his affirmative duty to turn over the Debtors' assets under 11 U.S.C. § 543, the

18   Debtors have had to file this Motion to compel the Receiver's compliance with the Bankruptcy

19   Code.

20                              **<u>LEGAL ARGUMENT</u>**

21      The legal issues presented in this Motion are straightforward based on the unambiguous

22   language of the Code. 11 U.S.C. §543 provides in pertinent part:

23      (a) A custodian with knowledge of the commencement of a case under this title
        concerning the debtor may not make any disbursement from, or take any action
24      in the administration of, property of the debtor, proceeds, product, offspring, rents,
        or profits of such property, or property of the estate, in the possession, custody, or
25      control of such custodian, except such action as is necessary to preserve such
        property.
26

27      (b) A custodian **shall** –

28

1

2

(1) deliver to the trustee any property of the debtor held by or transferred to such custodian, or proceeds, product, offspring, rents, or profits of such property, that is in such custodian's possession, custody, or control on the date that such custodian acquires knowledge of the commencement of the case; and

3

4

(2) file an accounting of any property of the debtor, or proceeds, product, offspring, rents, or profits of such property, that, at any time, came into the possession, custody or control of such custodian.

5

6

11 U.S.C. §§ 543(a) and (b) (emphasis added).

7        A receiver appointed in a judicial proceeding other than under Title 11 is considered a

8    custodian pursuant to 11 U.S.C. § 101(11) and therefore comes within the purview of 11 U.S.C.

9    § 543. *In re CCN Realty Corp.*, 19 B.R. 526, 528 (Bankr. S.D. N.Y. 1982). Thus, the Receiver in

10   this case is a custodian subject to the demands of 11 U.S.C. § 543. The Receiver's duty to deliver

11   the Debtors' assets and file an accounting is mandatory, not merely a suggestion as the Receiver

12   seems to believe. *See* 11 U.S.C. §§ 543(a) and (b).

13       Upon learning of the commencement of a bankruptcy case, any pre-petition receiver is to

14   cease activity and turn assets over to the trustee or debtor-in-possession, and the receiver may

15   take no action unless expressly authorized by the Bankruptcy Court. *In re North Port Dev. Co.*,

16   36 B.R. 19, 20 (Bankr. E.D. Mo. 1982). The property of the debtor in a receiver's possession is

17   considered property of the estate under 11 U.S.C. § 541 and is to be turned over by any custodian

18   pursuant to the provisions of 11 U.S.C. § 543. *In re Redman Oil Company*, 95 B.R. 516, 521

19   (Bankr. S.D. Ohio 1988). It is also well understood that a Receiver must turn over property

20   promptly. *In re 245 Associates*, 188 B.R. 743, 753 (Bankr. S.D. N.Y. 1995). A receiver who

21   continues to exercise post-petition control over property of the estate without the bankruptcy

22   court's authority does so unlawfully. *Id.*

23       Here, in addition to the Receiver being required to turn over all estate assets to the Debtors,

24   including all proceeds, products, rents and profits therefrom, the Receiver is to also file a real

25   accounting with the Court of any property of the Debtors, and the proceeds, products, offspring,

26   rents, or profits of such property, that at any time came into his possession, custody or control.

27   *See* 11 U.S.C. § 543(b).

28       The only exceptions to 11 U.S.C. §§ 543(a) and (b) are found in § 543(d). If the Receiver

Stephen R. Harris, Esq.
Harris Law Practice LLC
6151 Lakeside Drive
Suite 2100
Reno, NV 89511

7

seeks to be excused from compliance with §§ 543(a) and (b), he is required to expeditiously seek this Court's order excusing his compliance after notice and a hearing. *See* 11 U.S.C. § 543(d); *In re 245 Associates*, 188 B.R. at 753.

But the Receiver has not filed a motion seeking to be excused from complying with §§ 543(a) and (b). As communicated by his counsel, the Receiver simply believes he is not required to comply with the Bankruptcy Code, and he has unlawfully retained the Debtors' assets for the last four weeks. The Receiver apparently will only answer to a California Article III court, ignoring the plain language of 28 U.S.C. § 1334(e) which grants the <u>Nevada</u> district courts exclusive jurisdiction of the Debtors' property, <u>wherever located</u> as of the commencement of the Chapter 11 cases. *See* 28 U.S.C. § 1334(e) (emphasis added). What is more, the Debtors' Chapter 11 cases were automatically referred to the Nevada bankruptcy judges who now, with Nevada's Article III judges, exercise exclusive jurisdiction over the Debtors' property wherever located. *See* 11 U.S.C. §§ 151 and 157; Local Rule 1001(b). Put simply, as of October 19, 2021, California's district courts no longer have jurisdiction over the Debtors' Radio Station assets which are property of these Chapter 11 estates.

Finally, as previously stated, the Receiver has failed to pay a single creditor and few, if any, radio station expenses during his tenure; he simply exists to incur compensation and expenses for his own sake. The Receiver's continued appointment is inconceivably illogical considering the scope of his appointment was solely to pay the Judgment which was paid directly by the Civil Action's Defendants over a year ago. The Debtors and other Defendants were punished in the Civil Action for daring to question the Receiver's appointment and his actions. But regardless, the record clearly indicates that the Civil Action Defendants paid the Judgment, Second Amended Judgment, and Third Amended Judgments long ago.

At this juncture, the Receiver himself is simply another unsecured creditor who has, in a cloak of secrecy, administered the Debtors' Radio Station assets by: (1) commingling them, (2) failing to distinguish alleged creditors of distinct legal entities, and (3) failing to account for any of the Radio Stations' income and disbursements. Moreover, the only creditor the Receiver seeks to pay from the Debtors' assets is himself and his professionals who bill at exorbitant rates without

1  even having the capacity to prepare and file a proper accounting of the receivership. The Receiver

2  has long outlived his utility, even given the benefit of the doubt that he ever served any legitimate

3  purpose.

4                                      **CONCLUSION**

5          Based on the foregoing, the Debtors respectfully request this Court enter its order directing

6  the Receiver in the Civil Action, W. Lawrence Patrick, to immediately cease exercising control

7  over the Debtors' Radio Station assets, wherever located, including the related FCC licenses, and

8  immediately deliver all assets to the Debtors, including all profits and proceeds therefrom

9  pursuant to 11 U.S.C. §§ 543(a) and (b), and to file a proper accounting with this Court concerning

10  such property. Debtors also respectfully request that this Court determine if the Receiver should

11  be sanctioned for his willful disregard of 11 U.S.C. § 543 and schedule a later hearing on that

12  issue, giving the parties the opportunity to brief the appropriateness of sanctions against the

13  Receiver for violating § 543 or § 362(a).

14          DATED this 16th day of November 2021.

15                                              HARRIS LAW PRACTICE LLC

16

17

18                                              STEPHEN R. HARRIS, ESQ.

19                                              Attorney for Debtors

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

Stephen R. Harris, Esq.
Harris Law Practice LLC
6151 Lakeside Drive
Suite 2100
Reno, NV 89511

Case 5:16-cv-00600-JGB-SP    Document 284    Filed 07/06/20    Page 1 of 5    Page ID #:5752

FILED
CLERK, U.S. DISTRICT COURT

**7/6/2020**

CENTRAL DISTRICT OF CALIFORNIA
BY:      MG         DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WB MUSIC CORP., et al. | ) Case No: 5:16-cv-00600-JGB (SPx) |
| | ) |
| Plaintiffs, | ) **ORDER APPOINTING W.** |
| | ) **LAWRENCE PATRICK AS** |
| v. | ) **RECEIVER IN AID OF** |
| | ) **POST-JUDGMENT EXECUTION** |
| ROYCE INTERNATIONAL | ) |
| BROADCASTING CORP., et al., | ) **Jury Verdict: March 13, 2018** |
| | ) |
| Defendants. | ) Date:        July 6, 2020 |
| | ) Time:        9:00 am |
| | ) Judge:        Hon. Jesus G. Bernal |
| | ) Courtroom:    1 |

**ORDER**

1       Plaintiffs WB Music Corp., But Father, I Just Want to Sing Music, Hunterboro

2   Music, Universal Polygram International Publishing, Inc., Sony/ATV Tunes LLC,

3   Obverse Creation Music, Nice Hair Publishing, Party Rock Music, Yeah Baby Music,

4   ESKAYWHY Publishing, Uh Oh Entertainment, Divine Mill Music, Fingaz Goal

5   Music, EMI April Music Inc., Hi Mom I Did It, Chebra Music, and Universal Music

6   Corp. (collectively "Plaintiffs") Renewed Motion to Appoint a Receiver in Aid of

7   Post-Judgment Execution, pursuant to Rules 66 and 69 of the Federal Rules of Civil

8   Procedure and California Civil Procedure Code § 708.620, is **GRANTED**.

9       It is hereby **ORDERED** that:

10           A.    W. Lawrence Patrick of Patrick Communications, LLC is hereby

11   appointed receiver (the "Receiver") over Defendants' radio-stations-related

12   assets for radio stations KFRH-FM, KREV-FM, and KRCK-FM ("Defendants'

13   Radio Stations");

14           B.    The Receiver shall have the power and authority to take charge of

15   and manage Defendants' Radio Stations' assets, businesses, and affairs, to

16   bring and defend actions in his own name, as Receiver; to take and keep

17   possession of Defendants' Radio Stations' assets; to receive rents, and collect

18   accounts receivable and other debts; to take all steps necessary to operate and

19   manage Defendants' Radio Stations, including the authority to appoint an agent

20   or agents under him, and to do all other acts which may be necessary and

21   proper to operate and manage the stations;

22           C.    The Receiver is authorized to retain an accounting firm, subject to

23   approval of the Court, to conduct an independent analysis of Defendants'

24   financial statements and affairs;

- 2 -

Case 5:16-cv-00600-JGB-SP    Document 284    Filed 07/06/20    Page 3 of 5    Page ID #:5754

1           D.     The Receiver is authorized to: solicit offers for the sale of

2   Defendants' Radio Stations' assets, including but not limited to the broadcast

3   licenses issued by the Federal Communications Commission for Defendants'

4   Radio Stations (the "FCC Licenses"), according to normal and customary

5   industry practices; and report to the Court any firm offers for purchase, with

6   recommendations regarding the offer.

7           E.     Any sale of Defendants' Radio Stations' assets shall be subject to

8   the approval of the Court;

9           F.     Any sale of one or more of the FCC Licenses shall be subject to

10  the approval of the Court as well as the Federal Communications Commission;

11          G.    The Receiver must report to the Court on a monthly basis, and

12  may seek approval for any other powers or authority not granted herein which

13  he deems necessary to the exercise of his responsibilities under this order;

14          H.    The Receiver shall post a bond of $10,000.00 within (10) business

15  days of this Court's order, pursuant to California Code of Civil Procedure §

16  567;

17          I.     The fees of the Receiver will be Seven Thousand Five Hundred

18  Dollars ($7,500.00) per month plus reasonable travel expenses to the stations.

19  These fees shall be considered operating expenses to be deducted from the

20  gross receivables of the respective stations; and

21          J.     The Receiver shall receive a brokerage commission of five percent

22  (5%) on the first Three Million Dollars ($3.0 million) and two percent (2%) on

23  the consideration paid above the Three Million Dollar ($3.0 million) threshold

24  on the sale of any of the stations involved in this action.

25  Dated: June 6, 2020

26                               Hon. Jesus G. Bernal
                                 United States District Judge

27

28

- 3 -

## <u>CERTIFICATE OF CERTIFICATE</u>

I am over eighteen years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 777 South Figueroa Street, Forty-Fourth Floor, Los Angeles, California  90017-5844.

I hereby certify that on February 10, 2020 I electronically filed the documents entitled **[PROPOSED] ORDER APPOINTING W. LAWRENCE PATRICK AS RECEIVER IN AID OF POST-JUDGMENT EXECUTION** with the Clerk of the Court using the CM/ECF system and said document was served in the manner stated below:

☐    **<u>By Mail (CCP § 1013.a, et seq.):</u>**  I enclosed said document(s) in a seal envelope or package to each addressee listed below.  I placed said envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. postal service with postage fully prepaid.

☑    **<u>By Court Via Notice of Electronic Filing (NEF)</u>**:  The document(s) was served by the court via NEF and hyperlink to the document.  On **February 10, 2020,** I checked the CM/ECF docket for this case or adversary proceeding and determined that the person(s) listed below is/are on the Electronic Mail Notice List to receive NEF transmission at the email addresses indicated below:

Dariush G. Adli                     adli@adlilaw.com

Drew Harris Sherman                 drew.sherman@adlilaw.com

☑    **<u>By Electronic Service (E-mail)  (CRC § 2.251(c)(3))</u>**:

☑  I caused the document(s) to be sent from e-mail address vicky.apodaca@arnoldporter.com to each addressee's email address as set forth above or on the attached service list.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐  I caused the document(s) to be served upon the above-interested party(ies) using a court approved electronic filing service provider to the electronic service address.

- 4 -

☐   **By Overnight Delivery (CCP §§ 1013(c)(d), et seq.:** I enclosed said document(s) in a sealed envelope or package provided by an overnight delivery carrier to the following address(es). I placed the envelope or package, delivery fees paid for, for collection and overnight delivery at our office for pick up by the carrier on the same day.

☐   **By Personal Service:** I enclosed said document(s) in a sealed envelope or package to the following address(es). I provided them to a professional messenger service for service to be delivered by hand to the offices of the addressee(s).

☐   **State** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☑   **Federal**: I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Dated: February 10, 2020        Signature:     *Vicky Apodaca*

                                                          Vicky Apodaca

- 5 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B



1   FRED D. HEATHER - State Bar No. 110650
    fheather@glaserweil.com
2   RORY S. MILLER - State Bar No. 238780
    rmiller@glaserweil.com
3   GLASER WEIL FINK HOWARD
        AVCHEN & SHAPIRO LLP
4   10250 Constellation Boulevard, 19th Floor
    Los Angeles, California 90067
5   Telephone:   (310) 553-3000
    Facsimile:   (310) 556-2920
6
    Attorneys for
7   Court-Appointed Receiver
    W. Lawrence Patrick
8
9                    UNITED STATES DISTRICT COURT
10                  CENTRAL DISTRICT OF CALIFORNIA
11                         EASTERN DIVISION
12   WB MUSIC CORP. et al.,                CASE NO.: 5:16-cv-00600-JGB (SPx)
13                   Plaintiffs,           Hon. Jesus G. Bernal
14   v.                                    **RECEIVER W. LAWRENCE
                                           PATRICK'S ACCOUNTING**
15   ROYCE INTERNATIONAL
     BROADCASTING CORP., et al.,
16
                     Defendants.
17
18
19
20
21
22
23
24
25
26
27
28

1    Pursuant to the Court's June 2, 2021 order (dkt. no. 432), the Court-Appointed

2    Receiver W. Lawrence Patrick hereby submits the attached accounting and supporting

3    exhibits.

4    The Receiver's accounting, set forth in Exhibit 1, is divided into several

5    sections, each identifying the relevant exhibits where backup for the accounting may

6    be found.  These are:

7    (1) Receiver's Fees and Expenses (Exhibits 2-11), with a subtotal of

8    $852,190.10;

9    (2) Unpaid Judgments Against Stolz (Exhibits 12-14), with a subtotal of

10   $400,240.68; and

11   (3) Creditor/Vendor Claims[1] Against Stolz (Exhibits 15-19), with a subtotal of

12   $1,295,808.62.

13   In total, these three categories represent total debts of the receivership estate of

14   $2,548,239.40, and the Receiver respectfully requests that the Court order these debts

15   satisfied prior to releasing any of defendants' assets from receivership, and, further,

16   that the Court set a date certain by which the entirety of these debts are either paid

17   independently by defendants or the sale of the receivership assets to VCY America be

18   concluded so that these debts may be paid out of the proceeds, with the balance

19   returned to defendants.

20   ///

21   ///

22   ///

23   ///

24

25   _____

26   [1] These totals reflect amounts that the Receiver has been made aware of, been
provided backup for, and, in his opinion as Receiver, are properly debts of the
27   receivership estate.  Additional creditors may come forward, and the Receiver has
instructed, and will continue to instruct, any such creditors to directly make their
claims to the Court.  Additionally, the Receiver understands that VCY America
28   intends to make claims against the receivership estate.

1

RECEIVER'S ACCOUNTING

1

DATED:  July 16, 2021

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Glaser Weil

GLASER WEIL FINK HOWARD
AVCHEN & SHAPIRO LLP

By

FRED D. HEATHER
RORY S. MILLER
Attorneys for
Court-Appointed Receiver
W. Lawrence Patrick

---

2

RECEIVER'S ACCOUNTING

# Exhibit 1

# Receiver's Accounting Report of W. Lawrence Patrick

# Receiver's Accounting Report of W. Lawrence Patrick in the KFRH(FM), North Las Vegas, NV; KREV(FM), Alameda, CA; and KRKC(FM), Mecca, CA Receivership Litigation

Receiver's Fees and Expenses:

| | |
|---|---|
| Receiver's Bond premium—8/3/2020 and renewal on 6/30/21 **[Exhibit 2]** | $ 200.00 |
| 13 months of Receiver fees at $7,500.00 per month from July, 2020 through July, 2021 | $ 97,500.00 |
| Brokerage fee due Patrick Communications [Five percent (5%) on the first $3.0 million and two percent (2% on the balance of the sale price. This is a standard broadcast brokerage commission.] | $ 210,000.00 |

Reimbursements for travel to the stations or hearings:  **[Exhibit 3]**

| | |
|---|---|
| July 15-19, 2020 | $ 2,145.23 |
| August 15-18, 2020 | $ 1,885.87 |
| Sept. 29-Oct. 2, 2020 | $ 4,197.82 |

| | |
|---|---|
| Payment of FCC filing fee for STA for KRKC-FM **[Exhibit 4]** | $ 200.00 |
| Payment of FCC Regulatory Fees for the Royce stations—9/28/20 **[Exhibit 5]** | $ 21,100.00 |

1

Case 21-14978-abl    Doc 30    Entered 11/17/21 16:43:51    Page 22 of 32
Case 5:16-cv-00600-JGB-SP    Document 453-1    Filed 07/16/21    Page 3 of 75    Page ID
#:8741

Payment of BLM User fee proration for
   KFRH(FM), on Black Mountain, Arden Peak
   **[Exhibit 6]**                                      $    3,543.14

KFRH(FM) license renewal regulatory fee
   **[Exhibit 7]**                                        $      200.00

Legal Fees due to Glaser Weil Fink Howard
   Avchen & Shapiro, LLP  (Receivership counsel)   $  333,680.54
   **[Exhibit 8]**

Legal fees due Scarrino & Shubert (FCC counsel)   $  117,537.50
   **[Exhibit 9]**

Compensation due James Palomares for consulting
   work for the stations  **[Exhibit 10]**        $   40,000.00

Compensation due Albert Ramirez for consulting
   work for the stations  **[ Exhibit 11]**      $   20,000.00

Sub-total of Receivership fees              $   852,190.10

Case 21-14978-abl    Doc 30    Entered 11/17/21 16:43:51    Page 23 of 32
Case 5:16-cv-00600-JGB-SP    Document 453-1    Filed 07/16/21    Page 4 of 75    Page ID
#:8742

<u>Judgments Against Stolz:</u>

Judgment to Bellaire Tower Homeowners
   Association, Daniel Kelly, Esq.              $   338,978.09
   **[Exhibit 12]**

Judgment to Hans Peterson Fleischner, Esq.      $    27,120.00
   **[Exhibit 13]**

Judgment owed to John J. Rueda, Esq.            $    34,142.59
   **[Exhibit 14]**

Sub-total of Judgment Claims                    $   400,240.68

**3**

Case 21-14978-abl   Doc 30   Entered 11/17/21 16:43:51   Page 24 of 32
Case 5:16-cv-00600-JGB-SP   Document 453-1   Filed 07/16/21   Page 5 of 75   Page ID
#:8743

<u>Creditor/Vendor Claims Against Stolz:</u>

| | |
|---|---|
| Rent for the Crown Castle transmitter site on Mt. Petosi, Las Vegas, Nevada **[Exhibit 15]** | $ 822,270.32 |
| Building rent for studio/office space in Palm Desert, California owed to Shah Management **[Exhibit 16]** | $ 178,430.12 |
| Rent for the transmitter site for KREV(FM), Alameda, California owed to Chuck Hass **[Exhibit 17]** | $ 205,619.02 |
| Past due balance owed to Broadcast Music, Inc. from 2017 forward including arbitration award balances as well as license fees for that period when Mr. Stolz did not execute a BMI license for his stations.[1] **[Exhibit 18]** | $ 85,489.16 |
| Balance owed to SoundExchange for payment of streaming mandatory fees 2018-2021 **[Exhibit 19]** | $ 4,000.00 |
| Sub-total of Creditor Claims | $ 1,295,808.62 |

---

[1] BMI is another performance rights organization like ASCAP, the original Plaintiff in this proceeding.

**4**

**Total of all fees, reimbursements, judgments and
Claims against the Stolz radio stations**                $   2,548,239.40

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

# EXHIBIT C

27
28

Stephen R. Harris, Esq.
Harris Law Practice LLC
6151 Lakeside Drive
Suite 2100
Reno, NV 89511

# HARRIS LAW PRACTICE LLC
## ATTORNEY AND COUNSELOR AT LAW
### STEPHEN R. HARRIS, ESQ.
6151 LAKESIDE DRIVE, SUITE 2100
RENO, NEVADA 89511
(775) 786-7600
steve@harrislawreno.com

November 3, 2021

*Via Email*
Fred H. Heather, Esq. fheather@glaserweil.com
Rory S. Miller, Esq. rmiller@glaserweil.com
Glaser Weil Fink Howard Avchen & Shapiro LLP
10250 Constellation Blvd., 19th Floor
Los Angeles, CA 90067

Re:    **Silver State Broadcasting, LLC Chapter 11 Case No. 21-14978**
           **Golden State Broadcasting, LLC Chapter 11 Case No. 21-14979**
           **Major Market Radio LLC Chapter 11 Case No. 21-14980**

Dear Sirs:

This law firm represents the above-referenced Debtors in Chapter 11 bankruptcy cases filed in Las Vegas, Nevada, early on October 19, 2021. Enclosed please find copies of the Notice of Bankruptcy Case Filing for each Debtor.

It is my understanding that you represent W. Lawrence Patrick, as receiver (the "Receiver") appointed in a U.S. District court case pending in the Central District of California as WB Music Corp. et al. v. Royce International Broadcasting Corp. et al., Case No. EDCV 16-600 JGB. Specifically, the Receiver is in control of the Debtors' radio station assets for radio stations identified by the call letters KFRH-FM, KREV-FM, and KRCK-FM (collectively the "Assets").

In that regard, this letter serves as notice of the 11 U.S.C. § 362(a) automatic stay that is now in effect with respect to the Debtors and their assets. Additionally, pursuant to 11 U.S.C. § 543(a) and (b), the Receiver: (1) may not take any further action in the administration of the Assets other than as required to preserve the Assets; (2) shall deliver to the Debtors all of the Assets, and (3) must file an accounting of the Assets for the time they were in the Receiver's custody or control.

The Assets are property of the Debtors' Chapter 11 estates, under the jurisdiction of the Nevada Bankruptcy Court, and the Receiver must deliver the Assets to the Debtors promptly. Please contact me immediately to arrange for an orderly turnover of the Assets. Thank you.

Very truly yours,

STEPHEN R. HARRIS, ESQ.

SRH/ng
Encl.
cc: Edward Stolz (via email)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT D**

Stephen R. Harris, Esq.
Harris Law Practice LLC
6151 Lakeside Drive
Suite 2100
Reno, NV 89511

## Steve Harris

| | |
|---|---|
| **From:** | Rory Miller <rmiller@glaserweil.com> |
| **Sent:** | Wednesday, November 3, 2021 7:55 PM |
| **To:** | Steve Harris |
| **Cc:** | Fred Heather; Edward Stolz |
| **Subject:** | Re: Silver State Broadcasting, LLC/ Golden State Broadcasting, LLC/ Major Market Radio LLC - Chapter 11 Cases 21-14978, 21-14979, 21-14980 |
| **Attachments:** | doc00434120211103184853.pdf |

Steve:

We will do no such thing. Apart from answering exclusively to an Article III court, at no point in your letter do you grapple with the fact that Edward Stolz is singularly unfit to have anything to do with the properties, whether within or without the bankruptcy process. In fact, I could think of no clearer example of facts where "the interests of creditors . . would be better served by permitting a custodian to continue in possession, custody or control of such property" as provided in 11 U.S.C. 543(d)(1), and note that the receivership has been in place now for more than a full year, subjecting the receivership estate to the mandatory excuse provisions of 11 U.S.C. 543(d)(2).

RSM

> On Nov 3, 2021, at 6:56 PM, Steve Harris <steve@harrislawreno.com> wrote:
>
> Dear Counsel,
>
> Enclosed please find correspondence for your immediate review.
>
> Thank you,
> Steve Harris
>
> **Stephen R. Harris, Esq.**
> **Harris Law Practice LLC**
> 6151 Lakeside Drive, Suite 2100
> Reno, Nevada 89511
> 775-786-7600
> steve@harrislawreno.com

Although some Glaser Weil attorneys and staff still are working remotely in order to reduce the risks associated with COVID-19, we all will continue doing our utmost to provide prompt, professional service to and on behalf of our clients.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT E

Stephen R. Harris, Esq.
Harris Law Practice LLC
6151 Lakeside Drive
Suite 2100
Reno, NV 89511

14

## Steve Harris

| | |
|---|---|
| **From:** | Rory Miller <rmiller@glaserweil.com> |
| **Sent:** | Thursday, November 4, 2021 11:10 AM |
| **To:** | Steve Harris |
| **Cc:** | Fred Heather; Edward Stolz |
| **Subject:** | RE: Silver State Broadcasting, LLC/ Golden State Broadcasting, LLC/ Major Market Radio LLC - Chapter 11 Cases 21-14978, 21-14979, 21-14980 |

We disagree with your positions, and would be violating the Receiver's obligations to the Court and the fiduciary responsibilities to the estate were we to surrender an iota of control to Mr. Stolz, and we will not do so absent a direct court order.

**From:** Steve Harris <steve@harrislawreno.com>
**Sent:** Thursday, November 4, 2021 11:08 AM
**To:** Rory Miller <rmiller@glaserweil.com>
**Cc:** Fred Heather <fheather@glaserweil.com>; Edward Stolz <edward_stolz@comcast.net>
**Subject:** RE: Silver State Broadcasting, LLC/ Golden State Broadcasting, LLC/ Major Market Radio LLC - Chapter 11 Cases 21-14978, 21-14979, 21-14980

Mr. Miller,

Thank you for your prompt response. You are of course entitled to your opinion and are free to tell the Nevada bankruptcy judge, or Nevada Article III judge, that you do not have to answer to them with respect to Chapter 11 cases pending in their courts.

That said, the Receiver's duty to turnover property of the estate under § 543(b) is mandatory, not permissive, and the Receiver has had notice of the Chapter 11 cases for approximately two weeks. Section 543(d) only excuses the Receiver's duty to turnover property of the estate upon the court's order after notice and a hearing. To date, the Receiver has not filed a motion in the bankruptcy court seeking to excuse his compliance with §§ 543(a) and (b). Thus, the Receiver is required to comply with §§ 543 (a) and (b).

Thank you,
Steve Harris

**Stephen R. Harris, Esq.**
**Harris Law Practice LLC**
6151 Lakeside Drive, Suite 2100
Reno, Nevada 89511
775-786-7600
steve@harrislawreno.com

**From:** Rory Miller <rmiller@glaserweil.com>
**Sent:** Wednesday, November 3, 2021 7:55 PM
**To:** Steve Harris <steve@harrislawreno.com>
**Cc:** Fred Heather <fheather@glaserweil.com>; Edward Stolz <edward_stolz@comcast.net>
**Subject:** Re: Silver State Broadcasting, LLC/ Golden State Broadcasting, LLC/ Major Market Radio LLC - Chapter 11 Cases 21-14978, 21-14979, 21-14980

Steve:

We will do no such thing. Apart from answering exclusively to an Article III court, at no point in your letter do you grapple with the fact that Edward Stolz is singularly unfit to have anything to do with the properties, whether within or without the bankruptcy process. In fact, I could think of no clearer example of facts where "the interests of creditors . . would be better served by permitting a custodian to continue in possession, custody or control of such property" as provided in 11 U.S.C. 543(d)(1), and note that the receivership has been in place now for more than a full year, subjecting the receivership estate to the mandatory excuse provisions of 11 U.S.C. 543(d)(2).

RSM

On Nov 3, 2021, at 6:56 PM, Steve Harris <steve@harrislawreno.com> wrote:

Dear Counsel,

Enclosed please find correspondence for your immediate review.

Thank you,
Steve Harris

**Stephen R. Harris, Esq.**
**Harris Law Practice LLC**
6151 Lakeside Drive, Suite 2100
Reno, Nevada 89511
775-786-7600
steve@harrislawreno.com

Although some Glaser Weil attorneys and staff still are working remotely in order to reduce the risks associated with COVID-19, we all will continue doing our utmost to provide prompt, professional service to and on behalf of our clients.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.