STEPHEN R. HARRIS, ESQ.
Nevada Bar No. 001463
HARRIS LAW PRACTICE LLC
6151 Lakeside Drive, Suite 2100
Reno, Nevada 89511
Telephone: (775) 786-7600
E-Mail: steve@harrislawreno.com
Attorney for Debtors

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEVADA

* * * * *

IN RE:

SILVER STATE BROADCASTING, LLC,

    Debtor.

☐ AFFECTS THIS DEBTOR

☐ AFFECTS GOLDEN STATE BROADCASTING, LLC

☐ AFFECTS MAJOR MARKET RADIO LLC

☒ AFFECTS ALL DEBTORS

_____/

Case No. 21-14978-abl
(Chapter 11)

Jointly Administered with:

| 21-14979-abl | Golden State Broadcasting, LLC |
| 21-14980-abl | Major Market Radio LLC |

**DECLARATION OF EDWARD R. STOLZ IN SUPPORT OF EMERGENCY JOINT MOTION FOR ORDER DIRECTING COURT APPOINTED RECEIVER TO TURNOVER PROPERTY PURSUANT TO 11 U.S.C. §§ 543(a) AND (b)**

Hearing Date: TBD per OST
Hearing Time: TBD per OST

EDWARD R. STOLZ, under penalty of perjury, declares and states as follows:

1. I am over the age of 18 years, am mentally competent and have personal knowledge of the matters set forth in this Declaration. If called upon as a witness, I could and would competently testify to these matters.

2. I am the manager and sole member of Silver State Broadcasting, LLC, Golden State Broadcasting, LLC, and Major Market LLC, all Nevada limited liability companies which own certain FCC radio station licenses identified under call signs KFRH-FM, KREV-FM, and KRCK-FM (collectively the "Radio Stations"). I have owned and operated radio stations in

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE: (775) 786-7600

1

California and Nevada for over 40 years. I am not just an owner; I am also a broadcast engineer who has constructed many broadcasting stations, from the ground up. In addition to installing, calibrating, operating and maintaining broadcast equipment to strict FCC compliance over the years, I have built each of these stations (KFRH, KREVand KRCK) essentially from the ground up.

3.  I have read the Debtors' EMERGENCY JOINT MOTION FOR ORDER DIRECTING COURT APPOINTED RECEIVER TO TURNOVER PROPERTY PURSUANT TO 11 U.S.C. §§ 543(a) AND (b) ("Motion") and attest that the facts stated therein, and exhibits attached thereto, are true and correct to the best of my knowledge and belief.

4.  The Receiver appointed in the Civil Action, W. Lawrence Patrick, was appointed to oversee the Debtors' FCC licenses and other related radio station assets in July 2020. During the time of the receivership, the Receiver has not paid any of the Debtors' creditors and none, if any, of the Debtors' own operating expenses. The Receiver has also run up his own operating expenses for the duration of his own operations, for which the Debtors are being billed and from whom the Receiver's obligations are being collected.

5.  For example, Silver State leases studio / office space in Las Vegas on Via Austi Drive. The Via Austi location is home for KFRH-FM and also for KBET- AM, another radio station owned by Silver State and not subject to the Receivership. Mr. Patrick made it known that he would not pay any rent. I was personally forced to pay the entire $20,000 / month rent every month during the receivership until the present. The Receiver has never paid a cent towards the Via Austi lease, or any of the other studio leases. Debtor Golden State has also received billing invoices from PG&E for utilities to transmitter lease locations that the Receiver apparently never paid either.

6.  On July 16, 2021, the Receiver filed a paper in the Civil Action titled "W. Lawrence Patrick's Accounting." *See* District Court DE 453. However, this paper did not resemble any accounting I have ever seen. Conspicuously absent was a showing of any income or accounting of how the Radio Station assets were administered during the receivership, despite the Receiver having operated three FM Radio Stations for nearly a year at that point. The

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE: (775) 786-7600

"accounting" consists only of the Receiver's purported fees and expenses and alleged debts against "Stolz." The alleged debts against "Stolz" are in fact claims asserted against various of the Civil Action Defendants. Yet the Receiver has simply commingled the claims all as if they are purported debts of the same entities or as if the Radio Stations are all owned by the same entity rather than three separate legal entities.

7. Shortly after that July 16, 2021 purported "accounting," several other entities filed motions seeking awards against the Receivership, all at Mr. Patrick's instruction. VCY America filed a claim for over $400,000 despite the clear fact that VCY is not a creditor. Similarly, Crown Castle filed a claim for over $1 million. While there is pending litigation between Crown Castle and Silver State, that matter is in discovery, and not yet set for trial. The Debtors' prior attorney, Darisuh Adli (Adli Law Group), also filed a claim for over $1 million, though I have paid him every penny I owe. In my opinion, there is no possible way any of these entities could properly be considered allowed creditors.

8. On August 21, 2021, all of those aforementioned claims against the Receivership - Crown Castle, VCY America, and Darisuh Adli - were denied. There were two more attempted claims by others, which the judge in the Civil Action refused to even consider. But the mere fact that Mr. Patrick invited such frivolous claims gives me pause to question whose interest he serves.

9. After taking over the three Radio Stations in March 2021, nearly nine (9) months after the Receiver's appointment in July 2020, the Receiver has shown $0 revenue as indicated by his "accounting." In March 2021, the Receiver executed a Local Marketing Agreement ("LMA") with a nonprofit organization VCY America ("VCY") under which VCY is permitted to exclusively operate and program all three Radio Stations for $5,000 per month, or $60,000 per year.

10. At the time the Receiver took over the operation of the Radio Stations, they were generating approximately $50,000 per month in revenue. I realize that is perhaps less than they could generate. However, the cost, time and focus of the litigation has detracted from the re-building and re-branding effort I was undertaking daily. Even so, this was ten times the amount of revenue specified in the Receiver's LMA.

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE: (775) 786-7600

3

11. According to media properties valuation expert William Redpath, who filed a declaration in the Civil Action, based on populations data and comps, the LMA for these particular three Radio Stations should realize in excess of $1 million per year. *See* District Court DE 465.

12. Mr. Patrick and his firm Patrick Communications, LLC, is a well-known broker of media properties. In February 2017, over three years prior to being appointed as Receiver, and before any judgment had been entered in the federal case, Mr. Patrick's firm approached me and offered to broker a sale of the San Francisco station KREV-FM. I was interested to possibly sell that one station on behalf of Golden State, and I agreed that Mr. Patrick's firm could solicit bids. At that time, Mr. Patrick and his firm requested confidential documents from me related to KREV-FM, and I supplied them to Mr. Patrick and his firm. As far as I knew, Mr. Patrick began shopping KREV-FM as Golden State's broker at that time. I believe that Mr. Patrick owed Golden State a fiduciary duty beginning in February 2017. Mr. Patrick's firm never withdrew as Golden State's broker, nor did Mr. Patrick or his firm produce any bids as promised.

13. On November 9, 2020, I personally paid over $1.3 million into the District Court's registry, fully satisfying the then-operative First Amended Judgment. For reasons unknown to me, the money was not disbursed to the Creditors, and a "satisfaction of judgment" was not entered onto the record at that time. Seven weeks later, Mr. Patrick entered into an Asset Purchase Agreement to sell the radio stations to VCY America for a total of $6 million.

14. It is my understanding that if the sale of the Radio Stations were to go through, Patrick would make a commission of over $200,000. In my personal opinion that creates a conflict of interest, especially considering his prior acts as Golden State's broker for the potential sale of KREV-FM in 2017.

15. Recently, in or about August 2021, somebody went to the transmitter site atop Mt. Potosi, Nevada and absconded with expensive pieces of radio equipment including as an "HD exciter" and amplifier. The HD exciter/amplifier is owned by me personally, and was not in service at the time. I discovered it and other items of my personal property were missing when I went up to Mt. Potosi to attend to technical matters related to KBET-AM. I reported this as a theft to the police department in Las Vegas. I also reported it to the insurance carrier.

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE: (775) 786-7600

4

16. Sometime later, I had to go up to Indio Peak, California, another transmitter site, to check on my news and talk stations. To my shock and surprise, there I discovered the missing HD exciter/amplifier, which had now been incorporated into the setup that VCY America was using. This equipment is mine personally, and is not equipment associated with any of the three Radio Stations subject to the receivership. My attorneys reached out to counsel for Mr. Patrick, asking to see a copy of the inventory or equipment list covered under the receivership. Counsel indicated that Mr. Patrick had not prepared any such inventory or equipment list.

17. I believe that Mr. Patrick instructed and authorized some individual to take my HD exciter and other personal property owned by me and move it across state lines from Nevada to California, so that VCY could use it.

18. It is my understanding that the Receiver was ordered to report to the Court on a monthly basis. I have not seen any reports. Counsel for the Receiver indicates that such reports were made in chambers.

19. After the Chapter 11 filings, the Receiver has also failed and refused to return control of the Debtors' radio station assets and FCC licenses to the Debtors. I have also been informed by third parties that the Receiver has proceeded to attempt to sell the FCC licenses even after the Debtors' Chapter 11 filings.

20. For all of these reasons, I believe that Mr. Patrick is acting in his own self-interest, and in the interest of VCY America, and not in the interest of the Debtors' legitimate creditors, nor in the interest of the Debtors either.

DATED this 16 day of November 2021.

_____
Edward R. Stolz

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE: (775) 786-7600

5