STEPHEN R. HARRIS, ESQ.
Nevada Bar No. 001463
HARRIS LAW PRACTICE LLC
6151 Lakeside Drive, Suite 2100
Reno, NV 89511
Telephone:  (775) 786-7600
E-Mail: steve@harrislawreno.com
Proposed Attorneys for Jointly Administered Debtors

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

*****

IN RE:

SILVER STATE BROADCASTING, LLC

☐ AFFECTS THIS DEBTOR.

☐ AFFECTS GOLDEN STATE
BROADCASTING, LLC

☐ AFFECTS MAJOR MARKET RADIO LLC

☒ AFFECTS ALL DEBTORS.

Debtors.

_____/

Case No. 21-14978-abl
(Chapter 11)

Jointly Administered with:

| 21-14979-abl | Golden State Broadcasting, LLC |
| 21-14980-abl | Major Market Radio LLC |

**EX PARTE APPLICATION FOR ORDER
AUTHORIZING JOINTLY ADMINISTERED
DEBTORS TO EMPLOY BANKRUPTCY
ATTORNEYS UNDER A GENERAL
RETAINER
[HARRIS LAW PRACTICE LLC]**

Hearing Date:   n/a
Hearing Time:   n/a

COMES NOW, SILVER STATE BROADCASTING, LLC, GOLDEN STATE BROADCASTING, LLC and MAJOR MARKET RADIO LLC, by and through their proposed attorneys, STEPHEN R. HARRIS, ESQ., of HARRIS LAW PRACTICE LLC, and hereby file their EX PARTE APPLICATION FOR ORDER AUTHORIZING JOINTLY ADMINISTERED DEBTORS TO EMPLOY BANKRUPTCY ATTORNEYS UNDER A GENERAL RETAINER [HARRIS LAW PRACTICE LLC], to act as their general bankruptcy counsel, and represent and state as follows:

      1.    Debtors SILVER STATE BROADCASTING, LLC ("Silver State"), GOLDEN STATE BROADCASTING, LLC ("Golden State") and MAJOR MARKET RADIO LLC ("Major Market"),  each filed voluntary Chapter 11 Petitions on October 19, 2021.

2.    On November 5, 2021, Debtors each filed a MOTION FOR JOINT ADMINISTRATION OF CHAPTER 11 BANKRUPT ESTATES PURSUANT TO F.R.B.P. 1015(b) ("Motion"), seeking to jointly administer these Chapter 11 cases under Lead Case Silver State Broadcasting, LLC.  The Motion was approved by the Court on November 16, 2021.

3.    No trustee has been appointed and Debtors act as Debtors-in-Possession herein. Debtors are not sufficiently familiar with the rights and duties of debtors-in-possession as to be able to plan and conduct proceedings, and pursue plan confirmation, without the aid of competent counsel.  Specifically, the retention of attorneys is necessary in connection with the following matters:

   a)  the examination and preparation of records and reports as required by the Bankruptcy Code, Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules;

   b)  the preparations of applications and proposed orders to be submitted to the Court;

   c)  the identification and prosecution of claims and causes of action assertable by Applicant on behalf of the estate herein;

   d)  the examination of proofs of claim anticipated to be filed herein and the possible prosecution of objections to certain of such claims;

   e)  advising the Debtors and preparing documents in connection with the contemplated ongoing operation of the Debtors' businesses, if any;

   f)  assisting and advising the Debtors in performing other official functions as set forth in Section 521, et seq., of the Bankruptcy Code; and

   g)  advising and preparing a Plan of Reorganization, and related documents, and confirmation of said Plan, as provided in Section 1189, et seq., of the Bankruptcy Code.

3.  The Debtors have conferred with, and now desire to retain and employ, STEPHEN R. HARRIS, ESQ., and his law firm of HARRIS LAW PRACTICE LLC, as their bankruptcy attorneys under a general retainer to perform all the above-described legal services necessary and desirable in the administration and reorganization of their estates, pursuant to 11 U.S.C. §327(a).

4.  The Debtors have selected as their attorneys STEPHEN R. HARRIS, ESQ., and the law firm of HARRIS LAW PRACTICE LLC, because of the extensive experience and knowledge of the firm's members in the field of bankruptcy, reorganization, and debtor's and creditors' rights. Accordingly, the Debtors believe that these attorneys are well qualified to represent them in these

Chapter 11 reorganization cases.

5.    It is necessary and essential that the Debtors employ the attorneys under a general retainer based on time and standard billable charges. An advance retainer of $4,000.00 for Silver State, $4,000.00 for Golden State and $4,000.00 for Major Market, for a total of $12,000.00 was paid personally by Edward Stolz, the Co-Manager of the Debtors, with an additional $16,000.00 to be paid on behalf of each Debtor entity for a total of $48,000.00 owing, per a Letter Agreement by and between Stephen R. Harris, Esq. and Edward Stolz. The law firm shall be paid for its normal actual time charges and disbursements, with all fees and costs, subject to approval by the Court. Debtors have agreed that HARRIS LAW PRACTICE LLC be compensated for services at the following rates: Stephen R. Harris' current rate is $550.00 per hour, and paraprofessional services at $150.00 to $300.00 per hour, depending on the expertise and skill of the paraprofessional.  The compensation is authorized by 11 U.S.C. §§ 328(a) and 331.

6.    These hourly rates are subject to periodic adjustments to reflect economic and other conditions, and on occasion, to reflect each attorney's or paraprofessional's increased experience and expertise in the area of bankruptcy law.  This basis of compensation is expressly authorized pursuant to Sections 328(a), 330 and 331 of the Bankruptcy Code.

7.    STEPHEN R. HARRIS, ESQ., and his law firm of HARRIS LAW PRACTICE LLC has indicated its willingness to act on the Debtors' behalf and to be compensated in accordance with the terms and conditions set forth in Paragraph 5 herein, and as set forth in the parties' retainer agreements attached hereto and incorporated herein as **Exhibit A** for Silver State, **Exhibit B** for Golden State and **Exhibit C** for Major Market.

8.    To the best of Applicant's knowledge, STEPHEN R. HARRIS, ESQ., of the firm of HARRIS LAW PRACTICE LLC, does not have any connection with the Debtors, their creditors or any other party in interest, or their respective attorneys or accountants, the United States Trustee, or any person in the office of the United States Trustee.  STEPHEN R. HARRIS, ESQ., and HARRIS LAW PRACTICE LLC represent no interest adverse to the estates.

**WHEREFORE,** Debtors request the entry of an order authorizing them to employ and retain STEPHEN R. HARRIS, ESQ., and the law firm of HARRIS LAW PRACTICE LLC,

pursuant to and under a general retainer on the terms and conditions recited above, to represent them in these jointly administered Chapter 11 case as their general bankruptcy counsel pursuant to 11 U.S.C. §327(a), and for such other and further relief as the Court deems just under the circumstances.

DATED this 19th day of November 2021.

HARRIS LAW PRACTICE LLC

*/s/ Stephen R. Harris*

STEPHEN R. HARRIS, ESQ.
Proposed Attorneys for Jointly
Administered Debtors

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

# HARRIS LAW PRACTICE LLC
## ATTORNEY AND COUNSELOR AT LAW
### STEPHEN R. HARRIS, ESQ.
6151 LAKESIDE DRIVE, SUITE 2100
RENO, NEVADA 89511
(775) 786-7600
steve@harrislawreno.com

October 13, 2021

*Via Email - edward.stolz@comcast.net*
Silver State Broadcasting, LLC
Attention: Edward Stolz, Manager
6767 West Tropicana Ave., Suite 229
Las Vegas, NV 89103

>   **Re:    Silver State Broadcasting, LLC, a Nevada limited liability company –**
>   **Chapter 11 reorganization proceeding**

Dear Mr. Stolz:

You have requested that STEPHEN R. HARRIS, ESQ., of HARRIS LAW PRACTICE LLC, represent SILVER STATE BROADCASTING, LLC, a Nevada limited liability company, in a Chapter 11 reorganization proceeding to be filed in the United States Bankruptcy Court for the District of Nevada (Las Vegas, Nevada). Pursuant to your request, this letter is to set forth the nature of our compensation, the scope of our legal representation, to describe to you our law firm's billing practices, and those things which will need to be done in the Chapter 11 context.

Specifically, the legal services already rendered and to be rendered by this law firm are as follows:

1.  With respect to the voluntary petition which I will prepare and will be filing, a certified copy should be recorded in the County of Clark, State of Nevada. Additionally, I would suggest that we deliver a copy of the voluntary petition to any title company which is currently scheduled to conduct any pending foreclosure action(s), if any.

2.  We must file an alphabetical list of creditors, which includes unsecured as well as secured creditors. We will also file an alphabetical list of equity security holders (shareholders).

3.  From the list of creditors, we must file what is commonly referred to as a mailing matrix or mailing list, which is a mailing label list of creditors who are to receive notice of the bankruptcy petition filing and who will receive from the Bankruptcy Court a notice of hearing of a first meeting of creditors held in accordance with 11 U.S.C. §341.

4.  Finally, we will prepare and file an alphabetical list of the 20 largest unsecured creditors, excluding insiders, which the Bankruptcy Court will use to solicit participants for a committee of unsecured creditors. You will pay for attorneys' fees and costs incurred by the duly appointed attorney for the Unsecured Creditors' Committee, after notice and a hearing on a request to be paid.

Additionally, we request that by executing the enclosed copy of this letter, you empower our law firm to take all steps in your case deemed by us to be advisable, including any steps needed to effect any compromise which may be in the best interests of the estate and to institute such legal

Silver State Broadcasting, LLC
Attention: Edward Stolz
October 13, 2021
Page 2

proceedings as may be in your best interests.

In consideration of our rendering these legal services, SILVER STATE BROADCASTING, LLC, shall tender to this firm an advance retainer of Twenty Thousand Dollars ($20,000.00), payable $4,000.00 prior to the commencement of the case, and the additional $16,000.00 paid per a Letter Agreement by and between STEVEN R. HARRIS, ESQ. and EDWARD STOLTZ personally. For your information, legal services rendered on behalf of SILVER STATE BROADCASTING, LLC ("Debtor") will be billed and charged against the retainer at an hourly rate of $550.00 per hour for Stephen R. Harris, Esq., and $150.00 to $300.00 per hour for paraprofessional services, depending on each paraprofessional's experience, plus reimbursement of reasonable and necessary costs and out-of-pocket expenses, such as photocopy costs, court filing fees, process server fees, conference call telephone charges and mail charges. Specifically, I bill and charge my paralegal Norma Guariglia at an hourly rate of $300.00 per hour, based on her 27-plus years of experience in the field of bankruptcy law. SILVER STATE BROADCASTING, LLC has agreed to compensate STEPHEN R. HARRIS, ESQ., and members of his law firm HARRIS LAW PRACTICE LLC, on an hourly basis at the rates customarily charged by attorneys and legal assistants who render professional services on behalf of HARRIS LAW PRACTICE LLC.

You have deposited with my law firm's trust account the sum of Four Thousand Dollars ($4,000.00) as partial payment of the advance retainer for said legal services and costs. This retainer shall be held in my law firm trust account and applied towards payment of my law firm's legal fees and costs upon filing of the voluntary petition for Chapter 11 relief for SILVER STATE BROADCASTING, LLC. Any surplus will be held in my client trust account until approval of interim and/or final fee application by the Bankruptcy Court. In the interim period, HARRIS LAW PRACTICE LLC will provide monthly invoices to SILVER STATE BROADCASTING, LLC, which invoices shall be due and payable by SILVER STATE BROADCASTING, LLC within 30 days, although such payments shall also be deposited and held in our law firm trust account and only disbursed after approval by the Bankruptcy Court of our interim and/or final fee and cost applications. I estimate that the total legal fees and costs incurred by the firm in this bankruptcy reorganization case to be $50,000.00 to $100,000.00, or more, depending on the complexity of the legal issues and the problems encountered at the plan confirmation hearing, which legal fees and costs are to be billed to SILVER STATE BROADCASTING, LLC.

Application for approval of fees and costs will need to be made to the Bankruptcy Court periodically, and we will also need to disclose our fee agreement to the Bankruptcy Court by the filing of a Disclosure Statement of Compensation under Federal Rule of Bankruptcy Procedure 2016(b).

While providing legal services on behalf of you, I am sure you realize that we must rely on your representations and statements as to facts and circumstances within your knowledge and the correctness of any and all documents delivered to the firm by you or your agents. Also, please know that we will utilize our best efforts in representing you.

You, or HARRIS LAW PRACTICE LLC may, of course, terminate the employment of the law firm at any time. Upon such termination, the firm will charge against and pay from the retainer its unpaid fees and expenses and refund the remainder of the retainer, if any, to you. Additionally, we reserve the right to withdraw from representation of a client where our fees and expenses are not paid in the normal course. We generally do not prepare a periodic statement of account, only monthly accounts. If you ever have any questions whatsoever regarding any aspect of your monthly bill, please call.

/ / /

Silver State Broadcasting, LLC
Attention: Edward Stolz
October 13, 2021
Page 3

Our charges are not contingent upon the successful conclusion, but are charged without regard to the outcome. Accordingly, we will look solely to you for payment, and our charges will not be dependent or contingent upon payment by any other party.

Within fourteen (14) days following the filing of the petition, the Debtor is required to file with the Court, a Statement of Financial Affairs and Schedule of Assets and Liabilities. (See discussion below.) Also, it will be necessary to open new bank accounts reflecting that the maker of the checks is a debtor-in-possession. Alternatively, it is permissible to keep your existing account(s) and stamp all unused checks with a debtor-in-possession stamp, on condition that we provide the U.S. Trustee with a bank statement that shows an ending balance as of the date of the filing of the bankruptcy petition and a copy of the bank signature card indicating "Debtor-in-Possession." There should be a bank employee in the new accounts department who is familiar with this type of arrangement and should be able to help you.

In addition to the Schedules and Statements, there is a monthly operating report required to be filed with the Bankruptcy Court which will generally reflect the receipts and disbursements of the debtor-in-possession. It is my suggestion that the first monthly operating report be filed no later than the 20th day of the month. I would also request, rather than waiting until the 20th day of each month, that we make an attempt to submit the monthly operating reports no later than the 10th day of each month. In connection with this monthly accounting information, let me reiterate that it is extremely important that proper accounting controls and proper accounting records be maintained and prepared. Lack of proper accounting for receipts received during the pendency of the bankruptcy would be a prime reason for a creditor to request the appointment of a trustee and removal of the debtor-in-possession. I am sure you can understand that this is not something with which we need to contend.

One of the items necessary to be filed with the Bankruptcy Court in the early days is a copy of the insurance policy which covers the property(s) in question. Additionally, it is extremely important during the pendency of the bankruptcy that all taxes be maintained current, i.e., payroll taxes and any income taxes owed to the Internal Revenue Service. This includes any sales tax payments required by the State of Nevada. It is not critical that the property taxes be maintained current, although to the extent that they are not paid they become a priority lien against the property.

<u>THE SCHEDULES</u>

There are certain documents to be filed within fourteen (14) days of the filing of the bankruptcy. These are generally known as "the schedules" and consist of the Schedule of Assets and Liabilities and Statement of Financial Affairs. The Schedules must be filed with the Bankruptcy Court fourteen (14) days after the petition is filed. <u>Failure to file schedules by the deadline will result in the case being dismissed by the Court without notice.</u>

<u>THE MONTHLY REPORT AND HIRING OF PROFESSIONALS</u>

I have enclosed for you a copy of the monthly report form which is required by the Bankruptcy Court. If you believe after inspection of the monthly report form that you will be able to generate it yourself, please let me know. If you believe that it will be necessary to hire an accountant to take care of this for you, please let me know so I can apply to the Court for authorization to hire such an accountant. The application for authorization to hire and pay an accountant is similar to that needed to retain an attorney. Please do not hire or pay an accountant for either pre- or post-petition work until I obtain Court authorization. In addition, as we have discussed, <u>do not pay any estate funds to this firm or any other law firm after the bankruptcy filing without prior Court authorization,</u> unless payments

Silver State Broadcasting, LLC
Attention: Edward Stolz
October 13, 2021
Page 4

are made to that professional's trust account and disbursed to the general account only after receiving Court approval to make said transfer(s).

<u>THE TWO ACCOUNTS</u>

You will be required to open two (2) separate bank accounts, assuming you are engaged in a business that has employees:

(a) a general account in which all cash receipts shall be deposited; withdrawals from this account shall require the signature of an authorized officer; and

(b) the payroll account, into which funds will be transferred from the general account; withdrawals from this account shall require the signature of an authorized officer.

It will be necessary to deposit into the payroll account all withholding, social security, unemployment, excise, sales, use or other taxes collected or received, withheld, for or on behalf of the United States, any State, or any political subdivision thereof.

Unfortunately, the requirement of two accounts is one which is seldom waived. Since it may be necessary to have some flexibility, and since we may need a favor from the Court in the future, I would rather not "go back to the well" too often on a matter which is not absolutely critical to the administration of the estate. [If you are not engaged in a business that has employees, then maintaining one (1) "debtor-in-possession" general bank account will be satisfactory with the Court.]

<u>UTILITIES</u>

Your utility companies, upon receiving notification of the Chapter 11 case, will "close out" your accounts. If at all possible, the utilities should be current when the case is filed. The utility companies are not able to shut off service to you for non-payment of pre-petition accounts. However, they are able to demand a deposit for continuation of service to you if you are delinquent upon filing.

Pursuant to 11 U.S.C. §366(b), if you are not able to reach an agreement with the utilities within twenty (20) days after the date of filing, they <u>may</u> attempt to shut off service unless you pay the unreasonably high deposit which they may demand.

Pursuant to that same statute, however, we can petition the Court for a reduction in the size of the deposit which will be demanded by the utility service. It has been my experience that I can sometimes negotiate a reduced deposit or deposit terms which can be lived with.

<u>ORDINARY COURSE OF BUSINESS TRANSACTIONS</u>

A debtor-in-possession is no longer required to obtain authorization from the Court to continue operating the business. It is presumed that the ordinary Chapter 11 case will involve a debtor-in-possession who is operating a business which existed pre-petition. However, for any new, major or serious business transactions, which are even <u>arguably</u> outside the ordinary course of business, it will be necessary to obtain prior authorization of the Bankruptcy Court. If you have any questions as to whether a particular transaction or change in the way you do business may be outside the ordinary course of business, <u>please</u> give me a call and we will discuss the matter. If, for instance, an entity should propose to buy the entire business, that matter would be subject to the approval of the Bankruptcy Court after appropriate notice and hearing; obtaining or paying back loans would in many

Silver State Broadcasting, LLC
Attention: Edward Stolz
October 13, 2021
Page 5

cases also require Court approval.

## CASH COLLATERAL

Most deeds of trust have a provision for an assignment of rents. Rental income may, therefore, be cash collateral. Do not use any such income without Court approval. You must, immediately upon filing the Voluntary Petition, obtain the written consent of secured creditors, or alternatively, authorization from the United States Bankruptcy Court, pursuant to 11 U.S.C. §363(c)(2), to use or sell cash collateral interests in the accounts receivable, cash inventory, general intangibles and/or equipment now owned by SILVER STATE BROADCASTING, LLC. Use of cash collateral, whether it is income from accounts receivable or rental income, without Court approval MAY RESULT IN PERSONAL LIABILITY OF THE RESPONSIBLE PARTY FOR THE DEBTOR-IN-POSSESSION FOR THE FUNDS USED.

## LEASEHOLD INTERESTS IN REAL PROPERTY

Most leasehold interests in real property terminate within one hundred twenty (120) days of filing the petition unless we take affirmative action. Make sure we discuss any real property interests of the estate long before the time has elapsed.

## OTHER

Other matters we will need to discuss are those connected with the payment of unsecured pre-petition debts (the general rule is, don't pay them). As to any unsecured pre-petition debts which you believe may cause a problem, please call me and we will discuss them. Payments of those amounts will normally require Court authorization. I will see if I can obtain such authorization. As to payment of post-petition amounts, these amounts should be paid promptly and in the ordinary course of business. Please contact me immediately if there is any question in your mind as to whether a particular payable is partially pre- and partially post-petition, and if so, how it should be dealt with. Further, do not pay any dividends/distributions to shareholders/members until all creditors' claims are paid in full according to a confirmed Plan of Reorganization.

You will need to comply with the normal paperwork and reporting requirements of State and Federal taxing authorities. For instance, W-2 forms for all employees must be completed and distributed in a timely fashion. The filing of a petition in bankruptcy does not obviate requirements of this nature. Other issues involving taxes may need to be discussed after complete information regarding your particular situation is gathered and analyzed, and more than likely, a tax accountant professional will be hired to perform the necessary work in filing tax returns.

Another matter which we will discuss at greater length after I have reviewed the Statement of Affairs, which you have filled out, is the issue of preferences. It is at least possible that certain of your creditors who were paid within ninety (90) days of the bankruptcy petition may be forced to disgorge those amounts back to the estate. However, this will require further discussion and analysis.

Another matter which will require discussion is the state of your insurance policies. It is necessary to maintain insurance on the property of the estate, so that no diminution of estate property may occur as a result of a fire or similar event. We will discuss this matter further. I will continue to keep you informed of the progress of the case. We will need to stay in fairly close communication. I hope this is a quickly concluded, successful reorganization.

/ / /

Silver State Broadcasting, LLC
Attention: Edward Stolz
October 13, 2021
Page 6

## TRUSTEE'S FEES

Since 1988, there has been a quarterly fee charged to Chapter 11 debtors, the purpose of which is to help defray the cost of operating the Bankruptcy Court system. The fee is based upon the quarterly disbursements of the Debtor in the following categories:

| TOTAL QUARTERLY DISBURSEMENTS | THE FEE, PER QUARTER, IS: |
|---|---|
| $0 to $62,624 | $250 |
| $62,625 to $999,999 | 0.4% of quarterly disbursements |
| $1,000,000 to $31,249,937 | 0.8% of quarterly disbursements |
| $31,249,938 or more | $250,000 |

The fee is payable on the last day of the calendar month following the calendar quarter for which the fee is owed. The requirement for a Debtor-in-Possession to pay the quarterly fee terminates upon the entry of an Order closing your Chapter 11 case or dismissing the case. Failure to pay the quarterly Trustee's fee within a timely fashion may result in the U.S. Trustee filing a MOTION TO DISMISS OR CONVERT TO CHAPTER 7 the Chapter 11 proceeding. It will be your responsibility to comply with the quarterly reporting requirements imposed by the Office of the U.S. Trustee.

By signing below, you also acknowledge that you understand that it is possible for SILVER STATE BROADCASTING, LLC to file its Chapter 11 case in southern Nevada because it owns radio stations in Las Vegas, Nevada.

Lastly, please be advised that HARRIS LAW PRACTICE LLC represents the legal interests of SILVER STATE BROADCASTING, LLC and the bankrupt estate in this Chapter 11 proceeding, and not the legal interests of any individual members or other insiders of the Debtor.

If you find that the foregoing constitutes a correct and complete statement of the agreement under which you have retained HARRIS LAW PRACTICE LLC, please indicate your agreement in the space provided below. Feel free to contact me regarding any questions you might have. Thank you.

Very truly yours,

STEPHEN R. HARRIS, ESQ.

CONTENTS OF THIS RETAINER LETTER
READ, ACCEPTED AND ACKNOWLEDGED
BY:

Dated this 18th day of October, 2021.

EDWARD STOLZ, Manager of
SILVER STATE BROADCASTING, LLC,
a Nevada limited liability company

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B

# HARRIS LAW PRACTICE LLC
ATTORNEY AND COUNSELOR AT LAW
STEPHEN R. HARRIS, ESQ.
6151 LAKESIDE DRIVE, SUITE 2100
RENO, NEVADA 89511
(775) 786-7600
steve@harrislawreno.com

October 13, 2021

*Via Email - edward.stolz@comcast.net*
Golden State Broadcasting, LLC
Attention: Edward Stolz, Manager
6767 West Tropicana Ave., Suite 229
Las Vegas, NV 89103

>       **Re:    Golden State Broadcasting, LLC, a Nevada limited liability company –
>               Chapter 11 reorganization proceeding**

Dear Mr. Stolz:

You have requested that STEPHEN R. HARRIS, ESQ., of HARRIS LAW PRACTICE LLC, represent GOLDEN STATE BROADCASTING, LLC, a Nevada limited liability company, in a Chapter 11 reorganization proceeding to be filed in the United States Bankruptcy Court for the District of Nevada (Las Vegas, Nevada). Pursuant to your request, this letter is to set forth the nature of our compensation, the scope of our legal representation, to describe to you our law firm's billing practices, and those things which will need to be done in the Chapter 11 context.

Specifically, the legal services already rendered and to be rendered by this law firm are as follows:

1. With respect to the voluntary petition which I will prepare and will be filing, a certified copy should be recorded in the County of Clark, State of Nevada. Additionally, I would suggest that we deliver a copy of the voluntary petition to any title company which is currently scheduled to conduct any pending foreclosure action(s), if any.

2. We must file an alphabetical list of creditors, which includes unsecured as well as secured creditors. We will also file an alphabetical list of equity security holders (shareholders).

3. From the list of creditors, we must file what is commonly referred to as a mailing matrix or mailing list, which is a mailing label list of creditors who are to receive notice of the bankruptcy petition filing and who will receive from the Bankruptcy Court a notice of hearing of a first meeting of creditors held in accordance with 11 U.S.C. §341.

4. Finally, we will prepare and file an alphabetical list of the 20 largest unsecured creditors, excluding insiders, which the Bankruptcy Court will use to solicit participants for a committee of unsecured creditors. You will pay for attorneys' fees and costs incurred by the duly appointed attorney for the Unsecured Creditors' Committee, after notice and a hearing on a request to be paid.

Additionally, we request that by executing the enclosed copy of this letter, you empower our law firm to take all steps in your case deemed by us to be advisable, including any steps needed to effect any compromise which may be in the best interests of the estate and to institute such legal

Golden State Broadcasting, LLC
Attention: Edward Stolz
October 13, 2021
Page 2

proceedings as may be in your best interests.

In consideration of our rendering these legal services, GOLDEN STATE BROADCASTING, LLC, shall tender to this firm an advance retainer of Twenty Thousand Dollars ($20,000.00), payable $4,000.00 prior to the commencement of the case, and the additional $16,000.00 paid per a Letter Agreement by and between STEVEN R. HARRIS, ESQ. and EDWARD STOLTZ personally. For your information, legal services rendered on behalf of GOLDEN STATE BROADCASTING, LLC ("Debtor") will be billed and charged against the retainer at an hourly rate of $550.00 per hour for Stephen R. Harris, Esq., and $150.00 to $300.00 per hour for paraprofessional services, depending on each paraprofessional's experience, plus reimbursement of reasonable and necessary costs and out-of-pocket expenses, such as photocopy costs, court filing fees, process server fees, conference call telephone charges and mail charges. Specifically, I bill and charge my paralegal Norma Guariglia at an hourly rate of $300.00 per hour, based on her 27-plus years of experience in the field of bankruptcy law. GOLDEN STATE BROADCASTING, LLC has agreed to compensate STEPHEN R. HARRIS, ESQ., and members of his law firm HARRIS LAW PRACTICE LLC, on an hourly basis at the rates customarily charged by attorneys and legal assistants who render professional services on behalf of HARRIS LAW PRACTICE LLC.

You have deposited with my law firm's trust account the sum of Four Thousand Dollars ($4,000.00) as partial payment of the advance retainer for said legal services and costs. This retainer shall be held in my law firm trust account and applied towards payment of my law firm's legal fees and costs upon filing of the voluntary petition for Chapter 11 relief for GOLDEN STATE BROADCASTING, LLC. Any surplus will be held in my client trust account until approval of interim and/or final fee application by the Bankruptcy Court. In the interim period, HARRIS LAW PRACTICE LLC will provide monthly invoices to GOLDEN STATE BROADCASTING, LLC, which invoices shall be due and payable by GOLDEN STATE BROADCASTING, LLC within 30 days, although such payments shall also be deposited and held in our law firm trust account and only disbursed after approval by the Bankruptcy Court of our interim and/or final fee and cost applications. I estimate that the total legal fees and costs incurred by the firm in this bankruptcy reorganization case to be $50,000.00 to $100,000.00, or more, depending on the complexity of the legal issues and the problems encountered at the plan confirmation hearing, which legal fees and costs are to be billed to GOLDEN STATE BROADCASTING, LLC.

Application for approval of fees and costs will need to be made to the Bankruptcy Court periodically, and we will also need to disclose our fee agreement to the Bankruptcy Court by the filing of a Disclosure Statement of Compensation under Federal Rule of Bankruptcy Procedure 2016(b).

While providing legal services on behalf of you, I am sure you realize that we must rely on your representations and statements as to facts and circumstances within your knowledge and the correctness of any and all documents delivered to the firm by you or your agents. Also, please know that we will utilize our best efforts in representing you.

You, or HARRIS LAW PRACTICE LLC may, of course, terminate the employment of the law firm at any time. Upon such termination, the firm will charge against and pay from the retainer its unpaid fees and expenses and refund the remainder of the retainer, if any, to you. Additionally, we reserve the right to withdraw from representation of a client where our fees and expenses are not paid in the normal course. We generally do not prepare a periodic statement of account, only monthly accounts. If you ever have any questions whatsoever regarding any aspect of your monthly bill, please call.

/ / /

Golden State Broadcasting, LLC
Attention:  Edward Stolz
October 13, 2021
Page 3

Our charges are not contingent upon the successful conclusion, but are charged without regard to the outcome.  Accordingly, we will look solely to you for payment, and our charges will not be dependent or contingent upon payment by any other party.

Within fourteen (14) days following the filing of the petition, the Debtor is required to file with the Court, a Statement of Financial Affairs and Schedule of Assets and Liabilities.  (See discussion below.)  Also, it will be necessary to open new bank accounts reflecting that the maker of the checks is a debtor-in-possession.  Alternatively, it is permissible to keep your existing account(s) and stamp all unused checks with a debtor-in-possession stamp, on condition that we provide the U.S. Trustee with a bank statement that shows an ending balance as of the date of the filing of the bankruptcy petition and a copy of the bank signature card indicating "Debtor-in-Possession."  There should be a bank employee in the new accounts department who is familiar with this type of arrangement and should be able to help you.

In addition to the Schedules and Statements, there is a monthly operating report required to be filed with the Bankruptcy Court which will generally reflect the receipts and disbursements of the debtor-in-possession.  It is my suggestion that the first monthly operating report be filed no later than the 20th day of the month.  I would also request, rather than waiting until the 20th day of each month, that we make an attempt to submit the monthly operating reports no later than the 10th day of each month.  In connection with this monthly accounting information, let me reiterate that it is extremely important that proper accounting controls and proper accounting records be maintained and prepared.  Lack of proper accounting for receipts received during the pendency of the bankruptcy would be a prime reason for a creditor to request the appointment of a trustee and removal of the debtor-in-possession.  I am sure you can understand that this is not something with which we need to contend.

One of the items necessary to be filed with the Bankruptcy Court in the early days is a copy of the insurance policy which covers the property(s) in question.  Additionally, it is extremely important during the pendency of the bankruptcy that all taxes be maintained current, <u>i.e.</u>, payroll taxes and any income taxes owed to the Internal Revenue Service.  This includes any sales tax payments required by the State of Nevada.  It is not critical that the property taxes be maintained current, although to the extent that they are not paid they become a priority lien against the property.

<u>THE SCHEDULES</u>

There are certain documents to be filed within fourteen (14) days of the filing of the bankruptcy.  These are generally known as "the schedules" and consist of the Schedule of Assets and Liabilities and Statement of Financial Affairs.  The Schedules must be filed with the Bankruptcy Court fourteen (14) days after the petition is filed.  <u>Failure to file schedules by the deadline will result in the case being dismissed by the Court without notice.</u>

<u>THE MONTHLY REPORT AND HIRING OF PROFESSIONALS</u>

I have enclosed for you a copy of the monthly report form which is required by the Bankruptcy Court.  If you believe after inspection of the monthly report form that you will be able to generate it yourself, please let me know.  If you believe that it will be necessary to hire an accountant to take care of this for you, please let me know so I can apply to the Court for authorization to hire such an accountant.  The application for authorization to hire and pay an accountant is similar to that needed to retain an attorney.  Please do not hire or pay an accountant for either pre- or post-petition work until I obtain Court authorization.  In addition, as we have discussed, <u>do not pay any estate funds to this firm or any other law firm after the bankruptcy filing without prior Court authorization,</u> unless payments

Golden State Broadcasting, LLC
Attention: Edward Stolz
October 13, 2021
Page 4

are made to that professional's trust account and disbursed to the general account only after receiving Court approval to make said transfer(s).

<u>THE TWO ACCOUNTS</u>

You will be required to open two (2) separate bank accounts, assuming you are engaged in a business that has employees:

    (a) a general account in which all cash receipts shall be deposited; withdrawals from this account shall require the signature of an authorized officer; and

    (b) the payroll account, into which funds will be transferred from the general account; withdrawals from this account shall require the signature of an authorized officer.

It will be necessary to deposit into the payroll account all withholding, social security, unemployment, excise, sales, use or other taxes collected or received, withheld, for or on behalf of the United States, any State, or any political subdivision thereof.

Unfortunately, the requirement of two accounts is one which is seldom waived. Since it may be necessary to have some flexibility, and since we may need a favor from the Court in the future, I would rather not "go back to the well" too often on a matter which is not absolutely critical to the administration of the estate. [If you are not engaged in a business that has employees, then maintaining one (1) "debtor-in-possession" general bank account will be satisfactory with the Court.]

<u>UTILITIES</u>

Your utility companies, upon receiving notification of the Chapter 11 case, will "close out" your accounts. If at all possible, the utilities should be current when the case is filed. The utility companies are not able to shut off service to you for non-payment of pre-petition accounts. However, they are able to demand a deposit for continuation of service to you if you are delinquent upon filing.

Pursuant to 11 U.S.C. §366(b), if you are not able to reach an agreement with the utilities within twenty (20) days after the date of filing, they <u>may</u> attempt to shut off service unless you pay the unreasonably high deposit which they may demand.

Pursuant to that same statute, however, we can petition the Court for a reduction in the size of the deposit which will be demanded by the utility service. It has been my experience that I can sometimes negotiate a reduced deposit or deposit terms which can be lived with.

<u>ORDINARY COURSE OF BUSINESS TRANSACTIONS</u>

A debtor-in-possession is no longer required to obtain authorization from the Court to continue operating the business. It is presumed that the ordinary Chapter 11 case will involve a debtor-in-possession who is operating a business which existed pre-petition. However, for any new, major or serious business transactions, which are even <u>arguably</u> outside the ordinary course of business, it will be necessary to obtain prior authorization of the Bankruptcy Court. If you have any questions as to whether a particular transaction or change in the way you do business may be outside the ordinary course of business, <u>please</u> give me a call and we will discuss the matter. If, for instance, an entity should propose to buy the entire business, that matter would be subject to the approval of the Bankruptcy Court after appropriate notice and hearing; obtaining or paying back loans would in many cases also require Court approval.

Golden State Broadcasting, LLC
Attention: Edward Stolz
October 13, 2021
Page 5

## CASH COLLATERAL

Most deeds of trust have a provision for an assignment of rents. Rental income may, therefore, be cash collateral. Do not use any such income without Court approval. You must, immediately upon filing the Voluntary Petition, obtain the written consent of secured creditors, or alternatively, authorization from the United States Bankruptcy Court, pursuant to 11 U.S.C. §363(c)(2), to use or sell cash collateral interests in the accounts receivable, cash inventory, general intangibles and/or equipment now owned by GOLDEN STATE BROADCASTING, LLC. Use of cash collateral, whether it is income from accounts receivable or rental income, without Court approval MAY RESULT IN PERSONAL LIABILITY OF THE RESPONSIBLE PARTY FOR THE DEBTOR-IN-POSSESSION FOR THE FUNDS USED.

## LEASEHOLD INTERESTS IN REAL PROPERTY

Most leasehold interests in real property terminate within one hundred twenty (120) days of filing the petition unless we take affirmative action. Make sure we discuss any real property interests of the estate long before the time has elapsed.

## OTHER

Other matters we will need to discuss are those connected with the payment of unsecured pre-petition debts (the general rule is, don't pay them). As to any unsecured pre-petition debts which you believe may cause a problem, please call me and we will discuss them. Payments of those amounts will normally require Court authorization. I will see if I can obtain such authorization. As to payment of post-petition amounts, these amounts should be paid promptly and in the ordinary course of business. Please contact me immediately if there is any question in your mind as to whether a particular payable is partially pre- and partially post-petition, and if so, how it should be dealt with. Further, do not pay any dividends/distributions to shareholders/members until all creditors' claims are paid in full according to a confirmed Plan of Reorganization.

You will need to comply with the normal paperwork and reporting requirements of State and Federal taxing authorities. For instance, W-2 forms for all employees must be completed and distributed in a timely fashion. The filing of a petition in bankruptcy does not obviate requirements of this nature. Other issues involving taxes may need to be discussed after complete information regarding your particular situation is gathered and analyzed, and more than likely, a tax accountant professional will be hired to perform the necessary work in filing tax returns.

Another matter which we will discuss at greater length after I have reviewed the Statement of Affairs, which you have filled out, is the issue of preferences. It is at least possible that certain of your creditors who were paid within ninety (90) days of the bankruptcy petition may be forced to disgorge those amounts back to the estate. However, this will require further discussion and analysis.

Another matter which will require discussion is the state of your insurance policies. It is necessary to maintain insurance on the property of the estate, so that no diminution of estate property may occur as a result of a fire or similar event. We will discuss this matter further. I will continue to keep you informed of the progress of the case. We will need to stay in fairly close communication. I hope this is a quickly concluded, successful reorganization.

## TRUSTEE'S FEES

Since 1988, there has been a quarterly fee charged to Chapter 11 debtors, the purpose of which

Golden State Broadcasting, LLC
Attention: Edward Stolz
October 13, 2021
Page 6

is to help defray the cost of operating the Bankruptcy Court system. The fee is based upon the quarterly disbursements of the Debtor in the following categories:

| TOTAL QUARTERLY DISBURSEMENTS | THE FEE, PER QUARTER, IS: |
|---|---|
| $0 to $62,624 | $250 |
| $62,625 to $999,999 | 0.4% of quarterly disbursements |
| $1,000,000 to $31,249,937 | 0.8% of quarterly disbursements |
| $31,249,938 or more | $250,000 |

The fee is payable on the last day of the calendar month following the calendar quarter for which the fee is owed. The requirement for a Debtor-in-Possession to pay the quarterly fee terminates upon the entry of an Order closing your Chapter 11 case or dismissing the case. Failure to pay the quarterly Trustee's fee within a timely fashion may result in the U.S. Trustee filing a MOTION TO DISMISS OR CONVERT TO CHAPTER 7 the Chapter 11 proceeding. It will be your responsibility to comply with the quarterly reporting requirements imposed by the Office of the U.S. Trustee.

By signing below, you also acknowledge that you understand that it is possible for GOLDEN STATE BROADCASTING, LLC to file its Chapter 11 case in Nevada because it is a related case to Silver State Broadcasting LLC, which entity owns radio stations in Las Vegas, Nevada, and is filing its own Chapter 11 case.

Lastly, please be advised that HARRIS LAW PRACTICE LLC represents the legal interests of GOLDEN STATE BROADCASTING, LLC and the bankrupt estate in this Chapter 11 proceeding, and not the legal interests of any individual members or other insiders of the Debtor.

If you find that the foregoing constitutes a correct and complete statement of the agreement under which you have retained HARRIS LAW PRACTICE LLC, please indicate your agreement in the space provided below. Feel free to contact me regarding any questions you might have. Thank you.

Very truly yours,

STEPHEN R. HARRIS, ESQ.

CONTENTS OF THIS RETAINER LETTER
READ, ACCEPTED AND ACKNOWLEDGED
BY:

Dated this 18th day of October, 2021.

EDWARD STOLZ, Manager of
GOLDEN STATE BROADCASTING, LLC,
a Nevada limited liability company

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT C

# HARRIS LAW PRACTICE LLC
## ATTORNEY AND COUNSELOR AT LAW
### STEPHEN R. HARRIS, ESQ.
6151 LAKESIDE DRIVE, SUITE 2100
RENO, NEVADA 89511
(775) 786-7600
steve@harrislawreno.com

October 13, 2021

*Via Email - edward.stolz@comcast.net*
Major Market Radio LLC
Attention: Edward Stolz, Manager
6767 West Tropicana Ave., Suite 229
Las Vegas, NV 89103

       **Re:**    **Major Market Radio LLC, a Nevada limited liability company –**
                **Chapter 11 reorganization proceeding**

Dear Mr. Stolz:

You have requested that STEPHEN R. HARRIS, ESQ., of HARRIS LAW PRACTICE LLC, represent MAJOR MARKET RADIO LLC, a Nevada limited liability company, in a Chapter 11 reorganization proceeding to be filed in the United States Bankruptcy Court for the District of Nevada (Las Vegas, Nevada). Pursuant to your request, this letter is to set forth the nature of our compensation, the scope of our legal representation, to describe to you our law firm's billing practices, and those things which will need to be done in the Chapter 11 context.

Specifically, the legal services already rendered and to be rendered by this law firm are as follows:

1. With respect to the voluntary petition which I will prepare and will be filing, a certified copy should be recorded in the County of Clark, State of Nevada. Additionally, I would suggest that we deliver a copy of the voluntary petition to any title company which is currently scheduled to conduct any pending foreclosure action(s), if any.

2. We must file an alphabetical list of creditors, which includes unsecured as well as secured creditors. We will also file an alphabetical list of equity security holders (shareholders).

3. From the list of creditors, we must file what is commonly referred to as a mailing matrix or mailing list, which is a mailing label list of creditors who are to receive notice of the bankruptcy petition filing and who will receive from the Bankruptcy Court a notice of hearing of a first meeting of creditors held in accordance with 11 U.S.C. §341.

4. Finally, we will prepare and file an alphabetical list of the 20 largest unsecured creditors, excluding insiders, which the Bankruptcy Court will use to solicit participants for a committee of unsecured creditors. You will pay for attorneys' fees and costs incurred by the duly appointed attorney for the Unsecured Creditors' Committee, after notice and a hearing on a request to be paid.

Additionally, we request that by executing the enclosed copy of this letter, you empower our law firm to take all steps in your case deemed by us to be advisable, including any steps needed to effect any compromise which may be in the best interests of the estate and to institute such legal

Major Market Radio LLC
Attention: Edward Stolz
October 13, 2021
Page 2

proceedings as may be in your best interests.

In consideration of our rendering these legal services, MAJOR MARKET RADIO LLC, shall tender to this firm an advance retainer of Twenty Thousand Dollars ($20,000.00), payable $4,000.00 prior to the commencement of the case, and the additional $16,000.00 paid per a Letter Agreement by and between STEVEN R. HARRIS, ESQ. and EDWARD STOLTZ personally. For your information, legal services rendered on behalf of MAJOR MARKET RADIO LLC ("Debtor") will be billed and charged against the retainer at an hourly rate of $550.00 per hour for Stephen R. Harris, Esq., and $150.00 to $300.00 per hour for paraprofessional services, depending on each paraprofessional's experience, plus reimbursement of reasonable and necessary costs and out-of-pocket expenses, such as photocopy costs, court filing fees, process server fees, conference call telephone charges and mail charges. Specifically, I bill and charge my paralegal Norma Guariglia at an hourly rate of $300.00 per hour, based on her 27-plus years of experience in the field of bankruptcy law. MAJOR MARKET RADIO LLC has agreed to compensate STEPHEN R. HARRIS, ESQ., and members of his law firm HARRIS LAW PRACTICE LLC, on an hourly basis at the rates customarily charged by attorneys and legal assistants who render professional services on behalf of HARRIS LAW PRACTICE LLC.

You have deposited with my law firm's trust account the sum of Four Thousand Dollars ($4,000.00) as payment of the advance retainer for said legal services and costs. This retainer shall be held in my law firm trust account and applied towards payment of my law firm's legal fees and costs upon filing of the voluntary petition for Chapter 11 relief for MAJOR MARKET RADIO LLC. Any surplus will be held in my client trust account until approval of interim and/or final fee application by the Bankruptcy Court. In the interim period, HARRIS LAW PRACTICE LLC will provide monthly invoices to MAJOR MARKET RADIO LLC, which invoices shall be due and payable by MAJOR MARKET RADIO LLC within 30 days, although such payments shall also be deposited and held in our law firm trust account and only disbursed after approval by the Bankruptcy Court of our interim and/or final fee and cost applications. I estimate that the total legal fees and costs incurred by the firm in this bankruptcy reorganization case to be $50,000.00 to $100,000.00, or more, depending on the complexity of the legal issues and the problems encountered at the plan confirmation hearing, which legal fees and costs are to be billed to MAJOR MARKET RADIO LLC.

Application for approval of fees and costs will need to be made to the Bankruptcy Court periodically, and we will also need to disclose our fee agreement to the Bankruptcy Court by the filing of a Disclosure Statement of Compensation under Federal Rule of Bankruptcy Procedure 2016(b).

While providing legal services on behalf of you, I am sure you realize that we must rely on your representations and statements as to facts and circumstances within your knowledge and the correctness of any and all documents delivered to the firm by you or your agents. Also, please know that we will utilize our best efforts in representing you.

You, or HARRIS LAW PRACTICE LLC may, of course, terminate the employment of the law firm at any time. Upon such termination, the firm will charge against and pay from the retainer its unpaid fees and expenses and refund the remainder of the retainer, if any, to you. Additionally, we reserve the right to withdraw from representation of a client where our fees and expenses are not paid in the normal course. We generally do not prepare a periodic statement of account, only monthly accounts. If you ever have any questions whatsoever regarding any aspect of your monthly bill, please call.

Our charges are not contingent upon the successful conclusion, but are charged without regard to the outcome. Accordingly, we will look solely to you for payment, and our charges will not be dependent or contingent upon payment by any other party.

Major Market Radio LLC
Attention: Edward Stolz
October 13, 2021
Page 3

Within fourteen (14) days following the filing of the petition, the Debtor is required to file with the Court, a Statement of Financial Affairs and Schedule of Assets and Liabilities. (See discussion below.) Also, it will be necessary to open new bank accounts reflecting that the maker of the checks is a debtor-in-possession. Alternatively, it is permissible to keep your existing account(s) and stamp all unused checks with a debtor-in-possession stamp, on condition that we provide the U.S. Trustee with a bank statement that shows an ending balance as of the date of the filing of the bankruptcy petition and a copy of the bank signature card indicating "Debtor-in-Possession." There should be a bank employee in the new accounts department who is familiar with this type of arrangement and should be able to help you.

In addition to the Schedules and Statements, there is a monthly operating report required to be filed with the Bankruptcy Court which will generally reflect the receipts and disbursements of the debtor-in-possession. It is my suggestion that the first monthly operating report be filed no later than the 20th day of the month. I would also request, rather than waiting until the 20th day of each month, that we make an attempt to submit the monthly operating reports no later than the 10th day of each month. In connection with this monthly accounting information, let me reiterate that it is extremely important that proper accounting controls and proper accounting records be maintained and prepared. Lack of proper accounting for receipts received during the pendency of the bankruptcy would be a prime reason for a creditor to request the appointment of a trustee and removal of the debtor-in-possession. I am sure you can understand that this is not something with which we need to contend.

One of the items necessary to be filed with the Bankruptcy Court in the early days is a copy of the insurance policy which covers the property(s) in question. Additionally, it is extremely important during the pendency of the bankruptcy that all taxes be maintained current, i.e., payroll taxes and any income taxes owed to the Internal Revenue Service. This includes any sales tax payments required by the State of Nevada. It is not critical that the property taxes be maintained current, although to the extent that they are not paid they become a priority lien against the property.

<u>THE SCHEDULES</u>

There are certain documents to be filed within fourteen (14) days of the filing of the bankruptcy. These are generally known as "the schedules" and consist of the Schedule of Assets and Liabilities and Statement of Financial Affairs. The Schedules must be filed with the Bankruptcy Court fourteen (14) days after the petition is filed. <u>Failure to file schedules by the deadline will result in the case being dismissed by the Court without notice.</u>

<u>THE MONTHLY REPORT AND HIRING OF PROFESSIONALS</u>

I have enclosed for you a copy of the monthly report form which is required by the Bankruptcy Court. If you believe after inspection of the monthly report form that you will be able to generate it yourself, please let me know. If you believe that it will be necessary to hire an accountant to take care of this for you, please let me know so I can apply to the Court for authorization to hire such an accountant. The application for authorization to hire and pay an accountant is similar to that needed to retain an attorney. Please do not hire or pay an accountant for either pre- or post-petition work until I obtain Court authorization. In addition, as we have discussed, <u>do not pay any estate funds to this firm or any other law firm after the bankruptcy filing without prior Court authorization</u>, unless payments are made to that professional's trust account and disbursed to the general account only after receiving Court approval to make said transfer(s).

/ / /

<u>THE TWO ACCOUNTS</u>

Major Market Radio LLC
Attention: Edward Stolz
October 13, 2021
Page 4

You will be required to open two (2) separate bank accounts, assuming you are engaged in a business that has employees:

(a) a general account in which all cash receipts shall be deposited; withdrawals from this account shall require the signature of an authorized officer; and

(b) the payroll account, into which funds will be transferred from the general account; withdrawals from this account shall require the signature of an authorized officer.

It will be necessary to deposit into the payroll account all withholding, social security, unemployment, excise, sales, use or other taxes collected or received, withheld, for or on behalf of the United States, any State, or any political subdivision thereof.

Unfortunately, the requirement of two accounts is one which is seldom waived. Since it may be necessary to have some flexibility, and since we may need a favor from the Court in the future, I would rather not "go back to the well" too often on a matter which is not absolutely critical to the administration of the estate. [If you are not engaged in a business that has employees, then maintaining one (1) "debtor-in-possession" general bank account will be satisfactory with the Court.]

## UTILITIES

Your utility companies, upon receiving notification of the Chapter 11 case, will "close out" your accounts. If at all possible, the utilities should be current when the case is filed. The utility companies are not able to shut off service to you for non-payment of pre-petition accounts. However, they are able to demand a deposit for continuation of service to you if you are delinquent upon filing.

Pursuant to 11 U.S.C. §366(b), if you are not able to reach an agreement with the utilities within twenty (20) days after the date of filing, they may attempt to shut off service unless you pay the unreasonably high deposit which they may demand.

Pursuant to that same statute, however, we can petition the Court for a reduction in the size of the deposit which will be demanded by the utility service. It has been my experience that I can sometimes negotiate a reduced deposit or deposit terms which can be lived with.

## ORDINARY COURSE OF BUSINESS TRANSACTIONS

A debtor-in-possession is no longer required to obtain authorization from the Court to continue operating the business. It is presumed that the ordinary Chapter 11 case will involve a debtor-in-possession who is operating a business which existed pre-petition. However, for any new, major or serious business transactions, which are even arguably outside the ordinary course of business, it will be necessary to obtain prior authorization of the Bankruptcy Court. If you have any questions as to whether a particular transaction or change in the way you do business may be outside the ordinary course of business, please give me a call and we will discuss the matter. If, for instance, an entity should propose to buy the entire business, that matter would be subject to the approval of the Bankruptcy Court after appropriate notice and hearing; obtaining or paying back loans would in many cases also require Court approval.

## CASH COLLATERAL

Most deeds of trust have a provision for an assignment of rents. Rental income may, therefore,

Major Market Radio LLC
Attention: Edward Stolz
October 13, 2021
Page 5

be cash collateral. Do not use any such income without Court approval. You must, immediately upon filing the Voluntary Petition, obtain the written consent of secured creditors, or alternatively, authorization from the United States Bankruptcy Court, pursuant to 11 U.S.C. §363(c)(2), to use or sell cash collateral interests in the accounts receivable, cash inventory, general intangibles and/or equipment now owned by MAJOR MARKET RADIO LLC. Use of cash collateral, whether it is income from accounts receivable or rental income, without Court approval <u>MAY RESULT IN PERSONAL LIABILITY OF THE RESPONSIBLE PARTY FOR THE DEBTOR-IN-POSSESSION FOR THE FUNDS USED.</u>

## LEASEHOLD INTERESTS IN REAL PROPERTY

Most leasehold interests in real property terminate within one hundred twenty (120) days of filing the petition unless we take affirmative action. Make sure we discuss any real property interests of the estate long before the time has elapsed.

## OTHER

Other matters we will need to discuss are those connected with the payment of unsecured pre-petition debts (the general rule is, don't pay them). As to any unsecured pre-petition debts which you believe may cause a problem, please call me and we will discuss them. Payments of those amounts will normally require Court authorization. I will see if I can obtain such authorization. As to payment of <u>post</u>-petition amounts, these amounts should be paid promptly and in the ordinary course of business. Please contact me immediately if there is any question in your mind as to whether a particular payable is partially pre- and partially post-petition, and if so, how it should be dealt with. Further, do not pay any dividends/distributions to shareholders/members until all creditors' claims are paid in full according to a confirmed Plan of Reorganization.

You will need to comply with the normal paperwork and reporting requirements of State and Federal taxing authorities. For instance, W-2 forms for all employees must be completed and distributed in a timely fashion. The filing of a petition in bankruptcy does not obviate requirements of this nature. Other issues involving taxes may need to be discussed after complete information regarding your particular situation is gathered and analyzed, and more than likely, a tax accountant professional will be hired to perform the necessary work in filing tax returns.

Another matter which we will discuss at greater length after I have reviewed the Statement of Affairs, which you have filled out, is the issue of preferences. It is at least possible that certain of your creditors who were paid within ninety (90) days of the bankruptcy petition may be forced to disgorge those amounts back to the estate. However, this will require further discussion and analysis.

Another matter which will require discussion is the state of your insurance policies. It is necessary to maintain insurance on the property of the estate, so that no diminution of estate property may occur as a result of a fire or similar event. We will discuss this matter further. I will continue to keep you informed of the progress of the case. We will need to stay in fairly close communication. I hope this is a quickly concluded, successful reorganization.

## TRUSTEE'S FEES

Since 1988, there has been a quarterly fee charged to Chapter 11 debtors, the purpose of which is to help defray the cost of operating the Bankruptcy Court system. The fee is based upon the quarterly disbursements of the Debtor in the following categories:

Major Market Radio LLC
Attention: Edward Stolz
October 13, 2021
Page 6

| TOTAL QUARTERLY DISBURSEMENTS | THE FEE, PER QUARTER, IS: |
| --- | --- |
| $0 to $62,624 | $250 |
| $62,625 to $999,999 | 0.4% of quarterly disbursements |
| $1,000,000 to $31,249,937 | 0.8% of quarterly disbursements |
| $31,249,938 or more | $250,000 |

The fee is payable on the last day of the calendar month following the calendar quarter for which the fee is owed. The requirement for a Debtor-in-Possession to pay the quarterly fee terminates upon the entry of an Order closing your Chapter 11 case or dismissing the case. Failure to pay the quarterly Trustee's fee within a timely fashion may result in the U.S. Trustee filing a MOTION TO DISMISS OR CONVERT TO CHAPTER 7 the Chapter 11 proceeding. It will be your responsibility to comply with the quarterly reporting requirements imposed by the Office of the U.S. Trustee.

By signing below, you also acknowledge that you understand that it is possible for MAJOR MARKET RADIO LLC to file its Chapter 11 case in Nevada because it is a related case to Silver State Broadcasting LLC, which entity owns radio stations in Las Vegas, Nevada, and is filing its own Chapter 11 case.

Lastly, please be advised that HARRIS LAW PRACTICE LLC represents the legal interests of MAJOR MARKET RADIO LLC and the bankrupt estate in this Chapter 11 proceeding, and not the legal interests of any individual members or other insiders of the Debtor.

If you find that the foregoing constitutes a correct and complete statement of the agreement under which you have retained HARRIS LAW PRACTICE LLC, please indicate your agreement in the space provided below. Feel free to contact me regarding any questions you might have. Thank you.

Very truly yours,

STEPHEN R. HARRIS, ESQ.

CONTENTS OF THIS RETAINER LETTER READ, ACCEPTED AND ACKNOWLEDGED BY:

Dated this ___ day of October, 2021.

EDWARD STOLZ, Manager of
MAJOR MARKET RADIO LLC,
a Nevada limited liability company