1  TERRI H. DIDION (State Bar No. CA 133491)
   Assistant United States Trustee
2  JOHN W. NEMECEK (State Bar No. MI P71371)
   Trial Attorney
3  UNITED STATES DEPARTMENT OF JUSTICE
   Office of the U.S. Trustee
4  300 Las Vegas Boulevard So., Suite 4300
   Las Vegas, Nevada 89101
5  Telephone:  (702) 388-6600
   Facsimile:   (702) 388-6658
6  Email: john.nemecek@usdoj.gov

7  Attorney for TRACY HOPE DAVIS
   United States Trustee for Region 17

8

9              UNITED STATES BANKRUPTCY COURT
                   DISTRICT OF NEVADA
10

11 In re                              )  Case No. BK-S-21-14978-ABL
                                      )
12 **SILVER STATE BROADCASTING,**      )  Jointly Administered with:
   **LLC**                             )  Case No. BK-S-21-14979-ABL
13                    Debtor.          )  Case No. BK-S-21-14980-ABL
                                      )
14 **GOLDEN STATE BROADCASTING,**      )
   **LLC**                             )
15                                    )  Chapter 11
           Jointly Administered Debtor.)
16                                    )
   **MAJOR MARKET RADIO, LLC**         )
17                                    )
           Jointly Administered Debtor.)
18                                    )  Date:  December 20, 2021
                                      )  Time: 9:30
19

20        **UNITED STATES TRUSTEE'S OPPOSITION TO EMERGENCY**
   **MOTION TO EXCUSE TURNOVER IN FAVOR OF RECEIVER AND TO DISMISS/**
21 **ABSTAIN, OR, ALTERNATIVELY, FOR STAY RELIEF AND/ OR CONVERSION;**
                     **AND RESERVATION OF RIGHTS**
22
   To the Honorable August B. Landis, United State Bankruptcy Judge:
23
           Tracy Hope Davis, United States Trustee for Region 17 ("United States Trustee"), by and
24
   through her undersigned counsel, hereby files this opposition and reservation of rights to the
25
   *Emergency Motion to Excuse Turnover in Favor of Receiver and to Dismiss/ Abstain, or,*
26

27

28

                                      1

*Alternatively, for Stay Relief and/ or Conversion* [ECF No. 45] ("Motion") filed by W. Lawrence Patrick ("Receiver" or "Mr. Patrick"), the receiver appointed by the U.S. District Court. [1]

## I.    INTRODUCTION

The Court should deny that portion of the Motion requesting that the Receiver be excused from complying with Section 543(d) for several reasons.  First, only chapter 11 trustees and debtors-in-possession may manage the affairs of chapter 11 debtors.  The Debtors are currently controlled by W. Lawrence Patrick, the court appointed Receiver.  Second, the Receiver appears to be a custodian, and as such, he is required under the Bankruptcy Code to turn over all estate property to the Debtors or obtain a court order excusing this requirement.  Third, even if the Bankruptcy Court excuses the Receiver from complying with the turnover obligation, the Receiver's rights would be limited to maintaining physical custody and care of the Debtors' assets.  Excusal from turnover does not instill a custodian with the powers of a trustee or debtor-in-possession.  On the contrary, Section 105(b) prohibits the appointment of a receiver under any circumstance.  The United States Trustee reserves all of her rights under the Bankruptcy Code, Bankruptcy Rules, and applicable law, including, but not limited to, the right to seek relief under sections 1104 and 1112.

## II.    SUMMARY OF THE BANKRUTPCY CASE

### A.    Background Facts and Procedural Posture.

1.    On October 19, 2021, Silver State Broadcasting, LLC, Golden State Broadcasting, LLC and Major Market Media, LLC (collectively, the "Debtors") each filed voluntary Chapter 11 petitions.[2]  [ECF No. 1].[3]

---

[1] Hereinafter, all references to "Section" in the Opposition are to provisions of the Bankruptcy Code, 11 U.S.C. section 101 *et. seq.*, unless otherwise indicated.  All references to "FRBP" are to the Federal Rules of Bankruptcy Procedure.

[2] The U.S. Trustee respectfully requests that the Court take judicial notice of the Debtors' Petition, Schedules, Statement of Financial Affairs, and other documents filed therewith, and any amendments thereto which are in the Court's file in this case pursuant to Fed. R. Evid. 201, as made applicable by Fed. R. Bankr. P. 9017.  The information contained in these documents, signed under penalty of perjury by Debtors, are admissions of the Debtors pursuant to Fed. R. Evid. 801(d).

[3] "ECF No." refers to the main bankruptcy docket for case number 21-14978.

2.      No Official Committee of Unsecured Creditors has yet been appointed by the United States Trustee.

3.      On November 19, 2021, the Court entered an Order Granting Joint Administration of Debtors' cases.  [ECF No. 27].

4.      Debtors' business includes the operation of AM and FM band radio stations in Nevada and California.

5.      Prior to the Debtors' bankruptcy filings, Mr. Patrick was appointed as Receiver of the Debtors assets by the U.S. District Court for the Central District of California. [ECF No. 30, Exhibit A].

6.      The Receiver Order provides that Mr. Patrick "shall have the power and authority to take charge of and manage defendant's radio stations, assets, businesses, and affairs."  [ECF No. 30, Exhibit A, page 2, ¶15-16].

8.      Prior to Debtors commencement of these bankruptcy cases, the Receiver had negotiated a sale of the radio stations for $6.0 million, all cash.  [ECF No. 46, page 4, ¶13-14].

7.      On November 23, 2021, the Receiver filed an emergency Motion to Excuse Turnover in Favor of Receiver and to Dismiss/ Abstain, or, Alternatively, for Stay Relief and/ or Conversion.  [ECF No. 45].  In his motion, the Receiver requests that he be excused from complying with Section 543(d) of the Bankruptcy Code primarily to allow for the consummation of a sale the Debtors' radio stations to VCY.  [ECF No. 45, page 12, ¶12-14].

III.    **MEMORANDUM OF POINTS AND AUTHORITIES**

      A. **Only debtors in possession and chapter 11 trustees may manage the affairs of a chapter 11 debtor.**

9.      As defined by section 1101(1), a debtor in possession "means debtor except" when a trustee is serving in the case.  The Bankruptcy Code at sections 1106, 1107 and 1108 sets forth the rights, powers and duties of a debtor in possession and any trustee appointed by the Court. The options available for control of the debtor under chapter 11 are limited to a trustee or

3

the debtor in possession.  *In re Briar Hill Foods, LLC*, 2017 Bankr. LEXIS 3342 (Bankr. N.D. Ohio Sept. 29, 2017) citing *In re Roxwell Performance Drilling, LLC*,  2013 Bankr. LEXIS 5345 (Bankr. N.D. Tex. Dec. 20, 2013); *Matter of Plantation Inn Partners*, 142 B.R. 561, 564 (Bankr. S.D. Ga. 1992)(granting UST's motion to appoint a chapter 11 trustee and opining that the Bankruptcy Code contemplates that administration of a chapter 11 case be managed by a trustee or a debtor in possession, not a hybrid created by judicial fiat).

10.    While the Receiver in this case took control of Debtors' radio stations and has a sale pending to a third party, the Bankruptcy Code expressly provides that a chapter 11 bankruptcy case may only proceed under the direction of a debtor in possession.  As such, the Receiver is required by statute to relinquish control and turn over any and all property necessary to effectuate a proper chapter 11 bankruptcy proceeding and allow the debtors in possession to fulfill their obligations under the Bankruptcy Code.

**B.  The Receiver is a custodian and is subject to the turnover provision in section 543 of the Bankruptcy Code.**

11.    A "custodian" is defined in section 101(11) as a receiver appointed in a non-bankruptcy case. 11 U.S.C. §101(11)(A).  Applying the plain language of the statute, courts routinely find that receivers appointed by both federal and state court are bankruptcy custodians. *In re San Vicente Medical Partners, Ltd.*, 962 F.2d 1402 (9th Cir. 1992).  *In re Ute Lake Ranch, Inc.* 2016 Bankr. LEXIS 4613 (Bankr. D. Co. Sept. 14, 2016).   The Bankruptcy Code places strict limitations on a custodian's involvement with a debtor's bankruptcy estate after a petition is filed.

> A custodian with knowledge of the commencement of a case under this title concerning the debtor may not make any disbursement from, or take any action in the administration of, property of the debtor, proceeds, product, offspring, rents of profits of such property, or property of the estate, in the possession, custody, or control of such custodian, except that as is necessary to preserve such property.

11 U.S.C. §543(a).  The additional provisions of section 543 detail the turnover process.

12.    Here, Mr. Patrick was appointed Receiver over the Debtors' radio stations by the

U.S. District Court.  By definition, Mr. Patrick is a "custodian" and is subject to the requirements of section 543.  As such, Mr. Patrick is obligated to turn over all estate property to a debtor in possession or trustee.  *See* 11 U.S.C. §§543(b)(1) and 1107 (a).

### C. Excusal from compliance under section 543(d) is limited in scope and does not benefit all creditors of the bankruptcy estate.

13.    The bankruptcy court has discretion under section 543(d) to excuse a receiver from the mandatory turnover obligation under section 543(b).  *See In re Picacho Hills Util. Co.,* 2013 Bankr. LEXIS 1733 at *7 (Bankr. D.N.M. April 26, 2013).  A party seeking such relief has the burden of establishing "by a preponderance of the evidence that the best interests of creditors, [and if the debtor is insolvent, the best interest of equity security holders of the Debtor] are served by permitting a custodian to retain control of the estate.  *Id.*

14.    Section 543(d) provides limited exceptions to a custodian's turnover obligations. The maximum relief available merely allows a custodian "to continue in possession, custody, or control of such property." 11 U.S.C. §543(d)(1).  And this limited scope is supported by the Supreme Court's holding in *Taylor v. Sternberg* because upon the filing of a bankruptcy case "the jurisdiction of the bankruptcy court becomes paramount and exclusive." *Taylor v. Sternberg,* 293 U.S. 470, 472 (1935).  *Taylor* further held that the "power of the state court…ceased; and its order fixing the compensation of the receiver and his counsel was a nullity because [it was] made without jurisdiction, such jurisdiction then having passed to the bankruptcy court." *Id.* at 473.

15.    In determining whether this burden has been satisfied concerning whether a custodian should be excused from turn over, courts have reviewed the following:

> a.    The likelihood of reorganization, and whether funds held by the receiver are required for reorganization;
>
> b.    Whether the debtor mismanaged the property;
>
> c.    Whether turn over would injure creditors;
>
> d.    Whether the debtor would use the property for the creditors' benefit;

e. Whether there are avoidance issues raised with respect to property retained by a receiver, because a receiver does not possess avoiding powers for the benefit of the estate; and

f. The fact that the automatic stay has deactivated the state court Receiver Action.

*Id.* at *20-21. And regardless of what factors are used to aid the court in its decision, the paramount concern is the interests of all creditors. *In re Falconridge, LLC,* Bankr. LEXIS 3755 at *7 (Bankr. N.D. Ill. Nov. 8, 2007).

16. In the instant case, the Receiver has requested in the Motion that Mr. Patrick remain in place as a custodian. The primary purpose for this request is to allow Mr. Patrick to proceed with a sale of the Debtors' radio stations. As set forth above, the Receiver has not met his burden of proof in determining whether Mr. Patrick, as custodian, should be excused from compliance with section 543. Moreover, to the extent that the Court finds the Receiver has met his burden, section 543 does not permit a custodian to sell or otherwise liquidate bankruptcy estate assets.

### D. The Bankruptcy Court may not appoint Mr. Patrick as Receiver using its inherent powers under 11 U.S.C. §105.

17. 11 U.S.C. §105(b) expressly prohibits a Bankruptcy Court from appointing receivers in any case under Title 11. "The Bankruptcy Code has ample provision for the appointment of trustees when needed. Any appointment of a receiver would simply circumvent the established procedures." H.R. Rep. No. 595, 95th Cong., 1st Sess. 316 (1977).

18. When taken together, sections 105(b) and 543 demonstrate that the "authority under chapter 11 to manage the debtor's assets and affairs lies exclusively with either the debtor as debtor in possession or a chapter 11 trustee." *Roxwell Performance Drilling, LLC*, 2013 Bankr. LEXIS 5345 at *4.

19. If a fiduciary is necessary in this case due to a lack of confidence concerning the Debtors' ability to manage the operations of the radio stations or to alleviate uncertainty

6

regarding the Debtors being able to fulfill their fiduciary duties under the Bankruptcy Code, the Court should order that a trustee be appointed by the United State Trustee.

### E. United States Trustee's Reservation of Rights

20.     If the Court grants that portion of the Motion excusing the Receiver from the turnover provisions of section 543(d), the UST reserves all of her rights under the Bankruptcy Code, Bankruptcy Rules, and applicable law, including, but not limited to, the right to seek relief under sections 1104 and 1112 of the Bankruptcy Code.

### IV.    <u>CONCLUSION</u>

**WHEREFORE**, the United States Trustee hereby requests that the Court deny the portion

of the Receiver's motion requesting that Mr. Patrick be excused from complying with 11 U.S.C. §543.  The United States Trustee reserves the right to seek other relief as may be appropriate under the Bankruptcy Code and Rules including, without limitation, relief under 11 U.S.C. §§1104 and 1112(b).

Dated: December 13, 2021

Respectfully submitted,

   /s/   John W. Nemecek

John W. Nemecek, Trial Attorney
Attorney for Tracy Hope Davis
 United States Trustee

7

1
2
3
4

## CERTIFICATE OF SERVICE

5
6
7
8

      I, JOHN W. NEMECEK, under penalty of perjury declare:  That declarant is, and was when the herein described service took place, a citizen of the United States, over 18 years of age, and not a party to nor interested in, the within action; that on December 13, 2021, I caused a copy of the foregoing **UNITED STATES TRUSTEE'S OPPOSITION TO EMERGENCY MOTION TO EXCUSE TURNOVER IN FAVOR OF RECEIVER AND TO DISMISS/ ABSTAIN, OR, ALTERNATIVELY, FOR STAY RELIEF AND/ OR CONVERSION; AND RESERVATION OF RIGHTS** to be served on the following parties:

9
10

☑     a.  ECF System (attach Notice of Electronic Filing or list of persons & addresses):

11
12
13
14

- BRETT A. AXELROD            baxelrod@foxrothschild.com
- STEPHEN R. HARRIS         steve@harrislawreno.com
- OGONNA M. BROWN         OBrown@lrrc.com
- THOMAS H. FELL              tfell@fclaw.com
- DAVID MINCIN                 dmincin@mincinlaw.com
- JOHN M. NAYLOR           jnaylor@naylorandbrasterlaw.com
- U.S. TRUSTEE - LV - 7       USTPRegion17.LV.ECF@usdoj.gov

15
16

      b.  U.S. Mail, postage fully prepaid:

17
18

NICHOLAS A. KOFFROTH
10250 CONSTELLATION BLVD., SUITE 900
LOS ANGELES, CA 90067

19
20

      I declare under penalty of perjury that the foregoing is true and correct.

      Signed: December 13, 2021

21
22

               */s/ John W. Nemecek*
               JOHN W. NEMECEK

23
24
25
26
27
28