STEPHEN R. HARRIS, ESQ.
Nevada Bar No. 001463
HARRIS LAW PRACTICE LLC
6151 Lakeside Drive, Suite 2100
Reno, Nevada 89511
Telephone: (775) 786-7600
E-Mail: steve@harrislawreno.com
Attorney for Debtors

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEVADA

* * * * *

IN RE:

SILVER STATE BROADCASTING, LLC,

Debtor.

☐ AFFECTS THIS DEBTOR

☐ AFFECTS GOLDEN STATE BROADCASTING, LLC

☐ AFFECTS MAJOR MARKET RADIO LLC

☒ AFFECTS ALL DEBTORS

_____/

Case No. 21-14978-abl
(Chapter 11)

Jointly Administered with:

| 21-14979-abl | Golden State Broadcasting, LLC |
| 21-14980-abl | Major Market Radio LLC |

**DECLARATION OF EDWARD R. STOLZ IN SUPPORT OF DEBTORS' OPPOSITION TO EMERGENCY MOTION TO EXCUSE TURNOVER IN FAVOR OF RECEIVER AND TO DISMISS/ABSTAIN, OR ALTERNATIVELY, FOR STAY RELIEF AND/OR CONVERSION**

Hearing Date: December 20, 2021
Hearing Time: 9:30 a.m.

EDWARD R. STOLZ, under penalty of perjury, declares and states as follows:

1. I am over the age of 18 years, am mentally competent and have personal knowledge of the matters set forth in this Declaration. If called upon as a witness, I could and would competently testify to these matters.

2. I am the manager and sole member of Royce International Broadcasting Corp., sole member of Silver State Broadcasting, LLC, Golden State Broadcasting, LLC, and Major Market LLC, all Nevada limited liability companies which own certain FCC radio station licenses identified under call signs KFRH-FM, KREV-FM, and KRCK-FM (collectively the "Radio

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE: (775) 786-7600

1

Stations"). I have owned and operated radio stations in California and Nevada for over 40 years. I am not just an owner; I am also a broadcast engineer who has constructed many broadcasting stations, from the ground up. In addition to installing, calibrating, operating, and maintaining broadcast equipment to over the years, I have built each of these stations (KFRH, KREV and KRCK) essentially from the ground up.

3. I have read the DEBTORS' OPPOSITION TO EMERGENCY MOTION TO EXCUSE TURNOVER IN FAVOR OF RECEIVER AND TO DISMISS/ABSTAIN, OR, ALTERNATIVELY, FOR STAY RELIEF AND/OR CONVERSION ("Opposition") and attest that the facts stated therein, and exhibits attached thereto, are true and correct to the best of my knowledge and belief.

4. The Receiver appointed in the Civil Action, W. Lawrence Patrick, was appointed to oversee the Debtors' FCC licenses and other related Radio Station assets in July 2020. During the time of the receivership, the Receiver has not paid any of the Debtors' creditors and few, if any, of the Stations' own operating expenses. The Receiver and VCY have also run up their own operating expenses for the duration of his own operations. For many of these, the Debtors are being billed and the Debtors are paying such obligations despite being deprived of all station revenue.

5. On July 16, 2021, the Receiver filed a paper in the Civil Action titled "W. Lawrence Patrick's Accounting." *See* District Court DE 453. However, this paper did not resemble any accounting I have ever seen. Conspicuously absent was a showing of any income or accounting of how the Radio Station assets were administered during the receivership The "accounting" consists only of the Receiver's purported fees and expenses and alleged debts against "Stolz." The alleged debts against "Stolz" are in fact claims asserted against various of the Civil Action Defendants. Yet the Receiver has simply commingled the claims all as if they are purported debts of the same entities or as if the Radio Stations are all owned by the same entity rather than three separate legal entities.

6. Shortly after that July 16, 2021 purported "accounting," several other entities filed motions seeking awards against the Receivership, all at Mr. Patrick's instruction. VCY America

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE: (775) 786-7600

2

filed a claim for over $400,000 despite the clear fact that VCY is not a creditor. Similarly, Crown Castle filed a claim for over $1 million. While there is pending litigation between Crown Castle and Silver State, that matter is in discovery, and not yet set for trial. The Debtors' prior attorney, Darisuh Adli (Adli Law Group), also filed a claim for over $1 million, though I have paid him every penny I owe. In my opinion, there is no possible way any of these entities could properly be considered allowed creditors.

7. On August 21, 2021, all of those aforementioned claims against the Receivership—Crown Castle, VCY America, and Darisuh Adli—were denied. There were two more attempted claims by others, which the judge in the Civil Action refused to even consider. But the mere fact that Mr. Patrick invited such frivolous claims gives me pause to question whose interest he serves.

8. After taking over the three Radio Stations the Receiver has shown $0 revenue as indicated by his "accounting." In March 2021, the Receiver executed a Local Marketing Agreement ("LMA") with a nonprofit organization VCY America ("VCY") under which VCY is permitted to exclusively operate and program all three Radio Stations for $5,000 per month, or merely $60,000 per year.

9. At the time the Receiver took over the operation of the Radio Stations, they were generating approximately $50,000 per month in revenue. I realize that is perhaps less than they could generate. However, the cost, time and focus of the litigation has detracted from the re-building and re-branding effort I was undertaking daily, and the Covid19 pandemic also hurt the stations' revenues. Even so, this was ten times the amount of revenue specified in the Receiver's LMA.

10. According to media properties valuation expert William Redpath, who filed a declaration in the Civil Action, based on populations data and comparables, the LMA for these particular three Radio Stations should realize in excess of $1 million per year. *See* District Court DE 465.

11. Mr. Patrick and his firm Patrick Communications, LLC, is a well-known broker of media properties. In February 2017, over three years prior to being appointed as Receiver, and

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE: (775) 786-7600

3

before any judgment had been entered in the federal case, Mr. Patrick's firm approached me and offered to broker a sale of the San Francisco area station KREV-FM. I was interested to possibly sell that one station on behalf of Golden State, and I agreed that Mr. Patrick's firm could solicit bids. At that time, Mr. Patrick and his firm requested confidential documents from me related to KREV-FM, and I supplied them to Mr. Patrick and his firm. As far as I knew, Mr. Patrick began shopping KREV-FM as Golden State's broker at that time. I believe that Mr. Patrick owed Golden State a fiduciary duty beginning in February 2017. Mr. Patrick's firm never withdrew as Golden State's broker, nor did Mr. Patrick or his firm produce any bids as promised.

12. On November 9, 2020, I personally paid over $1.3 million into the District Court's registry, fully satisfying the then-operative First Amended Judgment. For reasons unknown to me, the money was not disbursed to the Creditors, and a "satisfaction of judgment" was not entered onto the record at that time. Seven weeks later, Mr. Patrick entered into an Asset Purchase Agreement to sell the radio stations to VCY America for a total of $6 million.

13. It is my understanding that if the sale of the Radio Stations were to go through, Patrick would make a commission of over $200,000. In my personal opinion that creates a conflict of interest, especially considering his prior acts as Golden State's broker for the potential sale of KREV-FM in 2017.

14. It is my understanding that the Receiver was ordered to report to the Court on a monthly basis. I have not seen any reports. Counsel for the Receiver indicates that such reports were made in chambers.

15. After the Chapter 11 filings, the Receiver has also failed and refused to return control of the Debtors' radio station assets and FCC licenses to the Debtors. I have also been informed by third parties that the Receiver has proceeded to attempt to sell the FCC licenses even after the Debtors' Chapter 11 filings.

16. For all of these reasons, I believe that Mr. Patrick is acting in his own self-interest, and in the interest of VCY America, and not in the interest of the Debtors' legitimate creditors, nor in the interest of the Debtors either.

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE: (775) 786-7600

17. Once the Radio Stations are returned to the Debtors' control, I intend to manage their operations to maximize their going concern value. I will have to assess the status of the Radio Station operations because they have been in the Receiver's control and I have not seen any operating reports during his appointment. After I can make a reasonable projection of the Radio Stations' future revenues and expenses, I will work with Debtors' counsel to formulate a feasible plan of reorganization which will pay allowed creditors from one or a combination of, business revenues, liquidation of assets, injection of capital, or new value.

18. I personally own real estate assets valued well in excess of $1 million, which have already been listed on the market. If, in the interest of expediency, it is necessary to satisfy the remaining creditors by some means other than using the Radio Station assets, then I am willing to sell my properties, or alternatively to borrow against the equity in those properties to infuse capital into the Debtors to promptly pay the creditors.

DATED this 13th day of December 2021.

*Edward R. Stolz*