BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Appearing *Pro Hac Vice*
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
         nkoffroth@foxrothschild.com
*Counsel for W. Lawrence Patrick*

Electronically Filed December 22, 2021

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>SILVER STATE BROADCASTING, LLC,<br><br>☐ Affects Silver State Broadcasting, LLC<br>☐ Affects Golden State Broadcasting, LLC<br>☐ Affects Major Market Radio, LLC<br>☒ Affects all Debtors | Case No. BK-21-14978-abl<br><br>Jointly Administered with:<br>Case No. BK-S-21-14979-abl<br>Case No. BK-S-21-14980-abl<br><br>Chapter 11<br><br>**RECEIVER'S OPPOSITION TO APPLICATION FOR ORDER AUTHORING JOINTLY ADMINISTERED DEBTORS TO EMPLOY BANKRUPTCY ATTORNEYS UNDER A GENERAL RETAINER [HARRIS LAW PRACTICE LLC]**<br><br>Hearing Date:   January 5, 2022<br>Hearing Time:   1:30 p.m. |

128595242.1

W. Lawrence Patrick (the "Receiver"), the receiver of substantially all of the assets of the above-captioned the debtors and debtors-in-possession (collectively, the "Debtors"),[1] hereby files this opposition (the "Opposition") to the *Application for Order Authorizing Jointly Administered Debtors to Employ Bankruptcy Attorneys Under a General Retainer [Harris Law Practice LLC]* [Docket No. 41] (the "Application") filed by the Debtors. In support of the Opposition, the Receiver references the *Declaration of Proposed Attorney to Be Employed by Jointly Administered Debtors [Harris Law Practice]* [Docket No 42] (the "Harris Declaration"), the papers and pleadings on file with the Court, and respectfully states as follows:

## I.

## INTRODUCTION[2]

The Debtors admit that Harris Law holds a prepetition claim against both the Debtors and their principal and ultimate equity holder—Mr. Stolz. The Compensation Disclosure represents that Harris Law received $4,000 prepetition from each Debtor for preparation of the Debtors' Bankruptcy Cases and lists the outstanding balance of prepetition fees as "unknown." However, the SOFA (filed the same day) admits that the outstanding balance owing to Harris Law is $16,000 for each Debtor. Rather than write-off the outstanding balance for prepetition services, Harris Law obtained (with respect to each Debtor) a "[p]romise to pay $16,000 when Co-Manager Ed Stolz'[s], house(s) sell" in addition to the $12,000 prepetition cash payments. As a result, Harris Law not disinterested because the deal renders Harris Law both a prepetition creditor of the Debtors and materially adverse to the Debtors' principal and ultimate equity holder. Moreover, the Debtors' boilerplate Application and the supporting Harris Declaration do not provide full disclosure of the deal. Accordingly, as set

---

[1] The Debtors are Silver State Broadcasting, LLC ("Silver State"), Golden State Broadcasting, LLC ("Golden State"), and Major Market Radio, LLC ("Major Market"). Unless otherwise set forth herein, all "Docket" references are to the docket of the Silver State Bankruptcy Case. The docket of the Golden State Bankruptcy Case is referred to herein as the "Golden State Docket" and the docket of the Major Market Bankruptcy Case is referred to herein as the "Major Market Docket." To the extent applicable, the Receiver respectfully requests that the Court take judicial notice of the filings on the dockets of the Bankruptcy Cases, pursuant to Rule 201(b) of the Federal Rules of Evidence.

[2] Unless otherwise defined herein, the capitalize terms used in this Introduction have the definitions set forth elsewhere in this Opposition.

1

128595242.1

forth more fully below, the Application must be denied because Harris Law cannot satisfy the disinterestedness requirements necessary for employment by the Debtors' estates.

## II.

## STATEMENT OF FACTS

A.  **General Background**

1. On October 19, 2021 (the "Petition Date"), the Debtors filed voluntary petitions [Docket No. 1] (the "Petitions") for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code")[3] with the United States Bankruptcy Court for the District of Nevada (the "Court"), which initiated the above-captioned chapter 11 bankruptcy cases (the "Bankruptcy Cases"). To date, no official committee or examiner has been appointed by the Office of the United States Trustee in these Bankruptcy Cases.

2. On November 4, 2021, the Debtors filed motions to jointly administer the above-captioned cases. *See, e.g.*, Docket No. 14. On November 19, 2021, the Court entered an order [Docket No. 37] granting joint administration of the Bankruptcy Cases.

3. On November 19, 2021, the Debtors filed the Application. The Application seeks, *inter alia*, an order employing the Harris Law Practice LLC ("Harris Law") as bankruptcy counsel for the Debtors' estates, pursuant to § 327(a).

B.  **The Employment and Compensation Disclosures**

4. The Debtors' disclosures concerning their prepetition and postpetition compensation agreements with Harris Law raise serious concerns. On November 15, 2021, the Debtors filed the *Disclosure of Compensation for Attorney for Debtor(s)* [Docket No. 28] (the "Compensation Disclosure"). *See also* Golden State Docket No. 31; Major Market Docket No. 29. As set forth more fully in the Compensation Disclosure, Harris Law received $4,000 prepetition for "Actual Fees/Costs." However, the Compensation Disclosure omits whether Harris Law held any outstanding prepetition claim against the Debtors on account of actual prepetition fees and costs—the Debtors only provide that there was an "unknown" balance owing to Harris Law prepetition. *See id.*

---

[3] Unless otherwise set forth herein, all references to "Section" and "§" are to sections of the Bankruptcy Code.

2

128595242.1

5. The Debtors' additional filings confirm that Harris Law holds a prepetition claim against the Debtors. On November 15, 2021, the Debtors filed the *Statement of Financial Affairs of Non-Individuals Filing for Bankruptcy* [Docket No. 28] (the "SOFA"). *See also* Golden State Docket No. 31; Major Market Docket No. 29. The SOFA confirms that Harris Law received $4,000 from each Debtor for prepetition services ***in addition to*** a "[p]romise to pay $16,000 when Co-Manager Ed Stolz'[s], house(s) sell" on account of the outstanding $48,000 owing from the Debtors. SOFA, § 11.1 at 3. Conflictingly, by comparison to the Compensation Disclosure, the SOFA indicates that Stephen R. Harris ("Mr. Harris"), individually, received the $12,000 prepetition payments and the prepetition interest in Mr. Stolz's houses. *See id.*

6. The Harris Declaration in support of the Application departs markedly from the Debtors' disclosures. The *pro forma* Harris Declaration simply provides that "[n]either I, nor the firm of HARRIS LAW PRACTICE, LLC, or any member or associate thereof, insofar as I have been able to ascertain, represent any interest adverse to that of the Debtors' estates." Harris Decl., ¶ 3 at 2. As set forth more fully below, Harris Law's apparent outstanding prepetition claim against the Debtors and Mr. Harris's admitted interest in the sale of real property owned by the Debtors' co-manager and ultimate equity holder, Mr. Stolz, renders the employment of Harris Law irreconcilably at odds with the requirements of § 327(a).

## III.

## ARGUMENT

**A.** **The Standards Applicable to the Employment of Estate Professionals Require That Such Professionals Do Not Hold an Interest Adverse to the Estate and Are Disinterested.**

Section 327 of the Bankruptcy Code provides in pertinent part as follows:

> (a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

*See* 11 U.S.C. § 327(a).

The Bankruptcy Code imposes significant restrictions on professionals who are employed or

compensated by a bankruptcy estate so as to prevent professionals from representing interests adverse to the estate. The overarching goals of these restrictions are to ensure undivided loyalty to the estate and to preserve public confidence in the fairness of the bankruptcy system. *In re Sundance Self Storage-El Dorado LP*, 482 B.R. 613, 624-625 (Bankr. E.D Cal. 2012).  "[T]he [debtor-in-possession], with the court's approval, may employ one or more attorneys . . . that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor-in-possession] in carrying out the [debtor-in-possession]'s duties under this title." 11 U.S.C. §§ 327(a) and 1107(a); *see also DeRonde v. Shirlely (In re Shirley)*, 134 B.R. 940, 943 (B.A.P. 9th Cir. 1992) (holding that Section 327 "is made equally applicable to a debtor in possession as it is to a trustee by § 1107(a)").  A professional in a chapter 11 estate may remain disinterested if it holds a prepetition claim solely based on services rendered to the debtor; however, holding a prepetition claim and another adverse relationship to the estate supports a finding the professional is not disinterested. *See, e.g.*, *In re Essential Therapeutics, Inc.*, 295 B.R. 203, 207-208 (Bankr. D. Del. 2003) ("[S]ection 1107(b) must be narrowly construed and is not meant to eliminate all the specific tests for disqualification enumerated in section 101(14) *except* the mere fact of prior employment or retention. In this case, the disqualification is not simply because Bingham served as counsel to the Debtors pre-petition, it is because Mr. Vega also served as an officer of the Debtors within two years of the petition.") (emphasis in original).

The term "disinterested person" is defined in the Bankruptcy Code to include one who is not a creditor and "does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason." 11 U.S.C. §101(14)(A) & (C). A person who is disinterested is one that can make unbiased decisions, free from personal interest, in any matter pertaining to the debtor's estate. *Shat v Kistler (In re Shat)*, 2009 WL 7809004, at *6 (B.A.P. 9th Cir. 2009).  The phrase to "hold or represent an interest adverse to the estate" has been given meaning by case law. A generally accepted definition of "adverse interest" is the (1) possession or assertion of an economic interest that would tend to lessen the value of the bankruptcy estate; or (2) possession or assertion of an economic interest that would create either an actual or potential

4

1  dispute in which the estate is a rival claimant; or (3) possession of a predisposition under circumstances that create a bias against the estate. *Dye v. Brown (In re AFI Holding, Inc.) (AFI Holding I)*, 355 18 B.R. 139, 148-49 (B.A.P. 9th Cir. 2006); *see also In re Martin*, 817 F.2d 175, 180 (1st Cir. 1987) (stating that a bankruptcy court must inquire whether the connection created "either a meaningful incentive to act contrary to the best interests of the estate and its sundry creditors-an incentive sufficient to place those parties at more than acceptable risk-or the reasonable perception of one").

In the Ninth Circuit, "[t]o represent an adverse interest means to serve as an attorney for an entity holding such an adverse interest. For the purposes of disinterestedness, a lawyer has an interest materially adverse to the interest of the estate if the lawyer either holds or represents such an interest." *Tevis v. Wilke, Fleury, Holffelt, Gould & Birney, LLP (In re Tevis)* 347 B.R. 679, 688 (B.A.P. 9th Cir. 2006) (citations omitted). The "adverse interest" language under § 327(a) and the "material adverse interest" prong of the "disinterested person" definition under § 101(14)(C) "telescope into what amounts to a single hallmark." *In re Martin*, 817 F.2d at 180. This unitary hallmark is designed to filter out conflicts that may jeopardize a fair and equitable administration of the bankruptcy estate. *In re Sundance Self Storage -El Dorado LP, 482 B.R. 613, 626* (Bankr. E.D Cal. 2012).

A conflict need not be actual to be disqualifying. "An actual conflict mandates disqualification of a professional to serve in a bankruptcy case. A potential conflict also provides sufficient grounds for a court to deny a professional's employment." *Shat*, 2009 WL 7809004 at *6 (citation omitted); *see also In re B.E.S. Concrete Prods., Inc.*, 93 B.R. 228, 236 (Bankr. E.D. Cal. 1988) ("Appearances count. Even conflicts more theoretical than real will be scrutinized.")

B.  **Harris Law Is Not Disinterested Because It Is A Prepetition Creditor of the Debtors and Holds an Interest Materially Adverse to the Debtors' Co-Manager and Ultimate Equity Holder..**

The Debtors' disclosures demonstrate that Harris Law is not eligible for employment by the Debtors' estates. The Debtors admit that Harris Law performed $48,000 of prepetition work on behalf of the Debtors for which Harris Law has not been compensated. *See* SOFA, § 11.1 at 3; *see also* Appl. at 3. As a result of this arrangement, Harris Law holds a claim against the Debtors' estates and

5

128595242.1

is a creditor. *See* 11 U.S.C. § 101(5)(A), (10)(A); *see also In re Carter*, 116 B.R. 123, 125-126 (E.D. Wis. 1990). The analysis does not change simply because Mr. Stolz has agreed to pay for the Debtors' prepetition debt to Harris Law—the debt remains a liability of the Debtors as of the Petition Date. Further, Harris Law is not disinterested because it holds a claim against Mr. Stolz—namely the right to obtain payment from the sale of Mr. Stolz's house or houses. *See Shat v Kistler (In re Shat)*, 2009 WL 7809004, at *6 (B.A.P. 9th Cir. 2009) (holding that a person who is disinterested is one that can make unbiased decisions, free from personal interest, in any matter pertaining to the debtor's estate). Mr. Stolz is both the co-manager of the Debtors and the Debtors' ultimate equity holder. Given Mr. Stolz is the sole control person of the Debtors, Harris Law's interest in the sale of Mr. Stolz's house presents a clear interest adverse to the Debtors by virtue of his direct creditor relationship and indirect interest in the personal assets of Mr. Stolz.

Importantly, the Application and Harris Declaration do not provide forthright disclosure of these disqualifying interests. Full disclosure is an essential prerequisite for both employment and compensation. *Neben & Starrett, Inc. v. Chartwell Fin. Corp. (In re Park–Helena Corp.)*, 63 F.3d 877, 881 (9th Cir. 1995). A professional has a duty to make full, candid and complete disclosure of all facts concerning his transactions with the debtor, and must disclose all connections with the debtor, creditors, and parties in interest, no matter how irrelevant or trivial those connections may seem. *Mehdipour v. Marcus & Millichap (In re Mehdipour)*, 202 B.R. 474, 480 (B.A.P. 9th Cir. 1996). Failure to disclose relevant information is relevant to the disqualification analysis. *See Shat*, 2009 WL 7809004, at *10 ("[W]hile the bankruptcy court eventually got the facts, and many not until the employment hearing, withholding disclosures to the court until forced to do so in response to the UST's opposition is not stellar conduct of a bankruptcy attorney."). As discussed, above, the Harris Declaration offers only boilerplate allegations and assertions that Harris Law and Mr. Harris are disinterested and makes no effort to disclose the outstanding $48,000 prepetition claim, the interest in the sale of Mr. Stolz's houses, or their impact on Harris Law's disinterestedness. The Application discloses the outstanding prepetition claim and references a "Letter Agreement" with Mr. Stolz, but does not attach the Letter Agreement or disclose that it (presumably) grants Harris Law and interest in Mr. Stolz's real property. Accordingly, taken together, Harris Law and Mr. Harris are not

6

128595242.1

disinterested under the relevant standards for employment as professionals in these Bankruptcy Cases.

## IV.
## CONCLUSION

For all the foregoing reasons, Receiver respectfully requests that the Court enter an order (i) denying the Motion in its entirety and (ii) granting the Reciever such other and further relief as is just and appropriate under the circumstances.

DATED this 22nd day of December 2021.

**FOX ROTHSCHILD LLP**

By *s/Brett A. Axelrod*
    BRETT A. AXELROD, ESQ.
    Nevada Bar No. 5859
    NICHOLAS A. KOFFROTH, ESQ.
    Appearing *Pro Hac Vice*
    1980 Festival Plaza Drive, Suite 700
    Las Vegas, Nevada 89135
    *Counsel for W. Lawrence Patrick*

128595242.1