STEPHEN R. HARRIS, ESQ.
Nevada Bar No. 001463
HARRIS LAW PRACTICE LLC
6151 Lakeside Drive, Suite 2100
Reno, NV 89511
Telephone: (775) 786-7600
E-Mail: steve@harrislawreno.com
Attorney for Debtors

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

*****

IN RE:

SILVER STATE BROADCASTING, LLC,

    Debtor.

☐   AFFECTS THIS DEBTOR

☐   AFFECTS GOLDEN STATE BROADCASTING, LLC

☐   AFFECTS MAJOR MARKET RADIO LLC

☒   AFFECTS ALL DEBTORS

_____/

Case No. 21-14978-abl
(Chapter 11)

Jointly Administered with:

| 21-14979-abl | Golden State Broadcasting, LLC |
| 21-14980-abl | Major Market Radio LLC |

**REPLY TO RECEIVER'S OPPOSITION TO APPLICATION FOR ORDER AUTHORIZING JOINTLY ADMINISTERED DEBTORS TO EMPLOY BANKRUPTCY ATTORNEYS UNDER A GENERAL RETAINER**
**[HARRIS LAW PRACTICE LLC]**

Hearing Date: January 5, 2022
Hearing Time: 1:30 p.m.

    COME NOW, SILVER STATE BROADCASTING, LLC, GOLDEN STATE BROADCASTING, LLC, and MAJOR MARKET RADIO LLC, Jointly Administered Debtors and Debtors-in-Possession herein (collectively "Debtors"), by and through their attorney, STEPHEN R. HARRIS, ESQ., of HARRIS LAW PRACTICE LLC, and respond to the RECEIVER'S OPPOSITION TO APPLICATION FOR ORDER AUTHORING[SIC] JOINTLY ADMINISTERED DEBTORS TO EMPLOY BANKRUPTCY ATTORNEYS UNDER A GENERAL RETAINER [HARRIS LAW PRACTICE LLC] [DE 94] ("Opposition"), filed by federal receiver W. Lawrence Patrick ("Receiver").

1. On November 19, 2021, the Debtors filed their EX PARTE APPLICATION FOR ORDER AUTHORIZING JOINTLY ADMINISTERED DEBTORS TO EMPLOY BANKRUPTCY ATTORNEYS UNDER A GENERAL RETAINER [HARRIS LAW PRACTICE LLC] [DE 41] ("Application").

2. The Receiver subsequently filed his Opposition on December 22, 2021. *See* DE 94. Receiver's specious Opposition is based entirely on the false premise that Harris Law Practice LLC ("Harris Law") "performed $48,000 of prepetition work on behalf of the Debtors for which Harris Law has not been compensated." *See Opposition* 5:26–27. This is not only untrue, but also not supported by any of the papers filed in these cases. The Receiver simply made this up.

3. The Debtors each agreed to pay Harris Law a $20,000 advance retainer for legal representation in these Chapter 11 cases, of which $4,000 was paid prepetition by Edward Stolz. Edward Stolz also agreed to personally pay the remaining $16,000 advance retainer for each Debtor from his personally-owned property. The only prepetition work performed for the Debtors by Harris Law consisted of preparing for and filing the Chapter 11 petitions—something that is required of all corporate debtor's counsel because the petitions cannot prepare themselves.

4. The Receiver alleges that the "Compensation Disclosure represents that Harris Law received $4,000 pre-petition from each Debtor for preparation of the Debtors' Bankruptcy Cases and lists the outstanding balance of <u>prepetition</u> fees as 'unknown.'" *See Opposition* 1:12–14 (emphasis added). Yet that is NOT what the Compensation Disclosure states. Instead, the Compensation Disclosure discloses that Harris Law has agreed to be compensated for its actual fees and costs (rather than some flat fee) for "services rendered <u>or to be rendered</u> on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case." *See Compensation Disclosure* DE 28 (emphasis added). The balance due for fees and costs to be rendered by Harris Law is "unknown" because it is a future event.

5. Harris Law also correctly disclosed that it received payment of $4,000 from Edward Stolz on behalf of each Debtor prior to the Chapter 11 filings. *See id.* Moreover, paragraph 5 of the Application disclosed the advance retainer arrangement, which was also disclosed in the detailed retainer agreements between the Debtors and Harris Law which are attached to the

Stephen R. Harris, Esq.
Harris Law Practice LLC
6151 Lakeside Drive
Suite 2100
Reno, NV 89511

Application. *See* DE 41 Ex. A, B, and C.

6. Page 2 of Harris Law's retainer agreements plainly discloses that "[i]n consideration of our rendering these [chapter 11] legal services [Debtor] shall tender to this firm an <u>advance retainer</u> of Twenty Thousand Dollars ($20,000), payable $4,000 prior to the commencement of the case, and the additional $16,000 paid per a Letter Agreement." *See* DE 41, Ex. A, B, and C at 2 (emphasis added).

7. The date of the retainer agreements is October 13, 2021, only six days before the Chapter 11 petitions were filed on October 19, 2021. Thus, it is quite evident that the $16,000 sum referenced in the Compensation Disclosure and Question 11 of the SOFA refers to the remaining portion of the <u>advance</u> retainer which Mr. Stolz agreed to pay post-petition on behalf of the Debtors—not an outstanding balance for prepetition work as the Receiver alleges.

8. What is more, the Debtors' Statement of Financial Affairs ("SOFA") correctly disclosed in Question 11 that Harris Law was paid $4,000 for each Debtor prior to the Chapter 11 filings, with Edward Stolz promising to pay an additional $16,000 for each Debtor post-petition. *See* DE 28 at 15. But Question 11 of the SOFA does not say anywhere that Harris Law is owed $16,000, or $20,000 for <u>prepetition legal work</u>, nor does Question 11 ask about any unpaid balance of prepetition legal fees. The SOFA only asks about prepetition <u>payments</u>, which obviously includes all prepetition retainers paid for representation of the Debtors in their Chapter 11 cases.

9. If the Receiver and his counsel are not familiar enough with bankruptcy forms to understand the SOFA or Compensation Disclosure, then they should have asked Debtors' counsel to explain before filing the Opposition. Debtors' counsel did not disclose the existence of a $48,000 balance for prepetition legal work because none exists. Indeed, the Receiver's Opposition is just another example of why the Civil Action[1] receivership dragged on for a year after Mr. Stolz paid the Civil Action Judgment and why the Receiver has incurred approximately $600,000 in fees and costs even though he did not pay the Civil Action Judgment or any other creditor.

---

[1] *WB Music Corp., et al. v. Royce International Broadcasting Corp., Playa Del Sol Broadcasters, Silver State Broadcasting, LLC, Golden State Broadcasting, LLC, and Edward R. Stolz, II*, Case No. 5:16-cv-00600-JGB (Dist. C.D. Cal. 2016) (the "Civil Action").

Stephen R. Harris, Esq.
Harris Law Practice LLC
6151 Lakeside Drive
Suite 2100
Reno, NV 89511

10. Ironically, it is the Receiver's counsel that has a disqualifying conflict in these cases. Debtors' principal, Edward Stolz, has advised Harris Law that Fox Rothschild LLP briefly represented the Debtors and other defendants in the federal Civil Action. *See Declaration of Edward Stolz* filed in support of this Reply. The Civil Action Defendants' insurance carrier hired Fox Rothschild to defend the Defendants in the Civil Action—the same Civil Action which led to the appointment of the Receiver. Fox Rothschild obtained confidential information from the Defendants during a period of approximately three weeks in preparing for filing the answer to the Civil Action complaint. Just before filing the answer, Fox Rothschild suddenly declined the representation citing a conflict of interest, thus causing the insurance company to appoint new counsel. But when Fox Rothschild decided to represent the Receiver against its own former clients in these Chapter 11 cases, it never sought an informed consent or waiver from any of the Civil Action Defendants, in what appears to be a violation of several Nevada Rules of Professional Conduct, including Rules 1.6, 1.9, and 1.10.

11. In summary, Harris Law properly disclosed its payment arrangement with the Debtors and Edward Stolz for the Debtors' advance retainers. Harris Law does not have any connection with the Debtors or their creditors other than the disclosed payment arrangement with Edward Stolz, nor does Harris Law represent any interest adverse to the estate.

## **LEGAL ARGUMENT**

The Receiver alleges, without any basis, that Harris Law performed $48,000 worth of prepetition legal services for the Debtors, and as a result, Harris Law allegedly "holds a claim against the Debtors' estates and is a creditor." *Opposition* 5:25–28. As previously explained, Harris Law did not provide legal services to the Debtors other than to prepare and file the Chapter 11 petitions, which every debtor's counsel has to do. Moreover, technically speaking every debtor's attorney holds a claim against the debtor as soon as it starts representing the debtor because debtor's counsel becomes an administrative creditor. Thus, debtors could never employ any professionals in their Chapter 11 cases if those professionals were disqualified simply for "holding a claim against the Debtors' estates" as the Receiver alleges.

As disclosed in the Application, SOFA, and Compensation Disclosure, Harris Law does

Stephen R. Harris, Esq.
Harris Law Practice LLC
6151 Lakeside Drive
Suite 2100
Reno, NV 89511

have an agreement with a third party, Edward Stolz, for payment of the remaining portion of the Debtors' advance retainers. But payment of fees by a third party is not disqualifying under Section 327(a). Indeed, legal fees or retainers for many closely held companies are paid by principals when those companies lack the necessary liquid assets to retain bankruptcy counsel.

A majority of courts do not find that payment by a third party is a per se rule to deem a professional not disinterested. *In re 7677 E. Berry Ave. Assocs., L.P.*, 419 B.R. 833, 844 (Bankr. D. Colo. 2009) (citations omitted); *In re Lotus Props. LP*, 200 B.R. 388 (Bankr. C.D. Cal. 1996). To determine disinterestedness in the context of third-party payments, courts apply a five-part test which requires: (1) the arrangement must be fully disclosed to the debtor/client and the third party payor/insider; (2) the debtor must expressly consent to the arrangement; (3) the third party payor/insider must retain independent legal counsel and must understand that the attorney's duty of undivided loyalty is owed exclusively to the debtor/client; (4) the factual and legal relationship between the third party payor/insider, the debtor, the respective attorneys, and their contractual arrangement concerning the fees, must be fully disclosed to the court at the outset of the debtor' bankruptcy representation; and (5) the debtor's attorney/applicant must demonstrate and represent to the court's satisfaction the absence of facts which would otherwise create non-disinterestedness, actual conflict, or impermissible potential for a conflict of interest. *7677 E. Berry Ave. Assocs.*, 419 B.R. at 844 (citing *In re Kelton*, 109 B.R. 641, 658 (Bankr. D. Vt. 1989)).

Here, the payment arrangement with Mr. Stolz was disclosed to all parties as set forth in detail in Harris Law's Application and retainer agreements. *See* DE 42. Second, the Debtors also expressly consented to the arrangement in their signed retainer agreements which are attached to the Application as Exhibits A, B, and C. *Id.* Third, Mr. Stolz is personally represented by attorney Donald Schwartz, Esq. and understands that Harris Law owes a duty of undivided loyalty exclusively to the Debtors. Fourth, all factual and legal relationships between Harris Law and Mr. Stolz have been disclosed in the Application. *See* DE 42. Lastly, there are no actual conflicts or impermissible potentials for a conflict of interest because Mr. Stolz's interests are aligned with those of the Debtors to maximize the estates' assets. The Debtors also do not have any potential claims against Mr. Stolz because they are solvent with assets far exceeding their liabilities. Thus,

Stephen R. Harris, Esq.
Harris Law Practice LLC
6151 Lakeside Drive
Suite 2100
Reno, NV 89511

any recovery for claims against Mr. Stolz, if any existed, would only go to the Debtors' parent company, Royce International Broadcasting, which in turn is owned 100% by Mr. Stolz.

Moreover, the term "actual conflict" is not defined in the Bankruptcy Code, but some courts have concluded an actual conflict exists where there is "an active competition between two interests, in which one interest can only be served at the expense of the other." *7677 E. Berry Ave. Assocs.*, 419 B.R. at 845 (citations omitted). Here, the Debtors' estates do not have a competing interest with each other or with Mr. Stolz. In fact, their interests are aligned because they all have the same goal of retaking control of the Radio Station assets to maximize their value, and Mr. Stolz will preserve his equity in the Debtors' estates if they are reorganized effectively.

In summary, payment of a portion of Harris Law's advance retainer by a third party, Edward Stolz, does not create an actual or potential conflict or cause Harris Law to not be disinterested.

**CONCLUSION**

Based on the foregoing, Harris Law qualifies as a disinterested party under the Code and can be employed by the Debtors under 11 U.S.C. § 327(a). In conclusion, the Debtors respectfully request that the Receiver's Opposition be overruled, and the Court enter its order approving Harris Law's Application.

DATED this 29th day of December 2021.

HARRIS LAW PRACTICE LLC

*/s/ Stephen R. Harris*
_____
STEPHEN R. HARRIS, ESQ.
Attorney for Debtors