_____
Honorable August B. Landis
United States Bankruptcy Judge



Entered on Docket
February 07, 2022

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

\* \* \* \* \* \*

| | |
|---|---|
| In re: | Case No.: 21-14978-abl |
| SILVER STATE BROADCASTING, LLC, | Jointly Administered with:<br>Case No.: 21-14979-abl |
| Debtor. | Case No.: 21-14980-abl |
| GOLDEN STATE BROADCASTING, LLC, | Chapter 11 |
| Jointly Administered Debtor. | Hearing Date: January 31, 2022<br>Hearing Time: 1:30 p.m. |
| MAJOR MARKET RADIO, LLC, | |
| Jointly Administered Debtor. | |

**ORDER GRANTING DEBTOR'S EMERGENCY MOTION FOR TURNOVER**

On January 31, 2022, the Court issued its oral ruling regarding an Emergency Joint Motion for Order Directing Court Appointed Receiver to Turnover Property Pursuant to 11 U.S.C. §§ 543(a) and (b) (the "Turnover Motion") (ECF No. 30).[1] The Turnover Motion was filed on behalf of Silver State Broadcasting, LLC, Golden State Broadcasting, LLC, and Major Market Radio, LLC, the debtors in these jointly administered chapter 11 bankruptcy cases (collectively "Debtors").

---

[1] In this Order, all references to "ECF No." are to the numbers assigned to the documents filed in the above-captioned bankruptcy case as they appear on the docket maintained by the Clerk of the Court.

At the January 31, 2022 oral ruling, attorney Stephen Harris appeared telephonically on behalf of Debtors. Attorney Barry Wood appeared as Debtors' FCC counsel. Attorney Nicholas A. Koffroth appeared telephonically on behalf of prebankruptcy receiver, W. Lawrence Patrick ("Receiver"). Attorney Daniel J. Kelly appeared telephonically on behalf of creditor Bellaire Tower Homeowners Association. Attorney Thomas Fell appeared telephonically on behalf of creditor Crown Castle MG Networks, Inc. Attorney Ogonna M. Brown appeared telephonically on behalf of party in interest, VCY America, Inc. Attorney John Nemecek appeared telephonically on behalf of the United States Trustee. Other telephonic appearances were noted on the record.

To the extent that the Court made findings of fact and conclusions of law in the course of its oral ruling on January 31, 2022, those findings of fact and conclusions of law are incorporated into this Order by this reference pursuant to FED. R. CIV. P. 52, made applicable in this contested matter pursuant to FED. R. BANKR. P. 9014(a) and (c) and 7052.

For the reasons stated on the record:

**IT IS ORDERED** that the Debtor's Turnover Motion is **GRANTED**.

**IT IS FURTHER ORDERED** that, under 11 U.S.C. § 543(a), Receiver shall not make any disbursement from, or take any action in the administration of property of the Debtors, proceeds, product, offspring, rents, or profits of such property, or property of the Debtors' bankruptcy estate, in Receiver's possession, custody, or control, except such action as is necessary to preserve such property. For clarity, avoidance of any doubt, and without limitation, Receiver shall not take any action in an effort to alienate or sell any or all of the radio broadcast licenses issued to any of the Debtors by the Federal Communications Commission ("FCC").

**IT IS FURTHER ORDERED** that, under 11 U.S.C. § 543(b)(1) Receiver shall deliver to Debtors, through their managing member Edward R. Stolz, any property of the Debtors held by or transferred to Receiver, or proceeds, product, offspring rents, or profits of such property, that was in Receiver's possession, custody, or control on or after November 9, 2021.[2]

---

[2] Receiver acquired knowledge of Debtors' bankruptcy filing no later than November 9, 2021, when counsel for Receiver filed a Notice of Appearance and Request for Special Notice. ECF No. 23.

**IT IS FURTHER ORDERED** that, under 11 U.S.C. § 543(b)(2), Receiver shall prepare, sign, and file with this Court an accounting of any property of the Debtors, or proceeds, product, offspring, rents or profits of such property that, at any time came into the possession, custody, or control of the Receiver (the "Accounting"). The Accounting required by this Order shall:

1. Separately address each month during the period commencing with the Receiver's initial appointment on July 6, 2020[3] and ending with the filing of the Accounting with this Court pursuant to this Order (the "Accounting Period");

2. For each month of the Accounting Period, separately disclose as to each Debtor, at a minimum, all of the information required in UST Form 11-MOR (12/01/2021) Chapter 11 Monthly Operating Report, available at this link: Chapter 11 Operating Reports | UST | Department of Justice; and

---

[3] Receiver was first appointed by an order entered July 6, 2020, in a copyright violation case then pending in the United States District Court for the Central District of California, captioned <u>WB Music Corp., But Father I Just Want to Sing Musi, Hunterforo Music, Universal Polygram International Publishing, Inc., Sony/ATV Tunes, LLC, Obverse Creation Music, Nice Hair Publishing, Party Rock Music, Yeah Baby Music, Eskay Why Publishing, UH Oh Entertainment, Divine Mill Music, Fingaz Goal Music, EMI April Music, Inc., Hi Mom I Did It, Chebra Music, and Universal Music Corp., Plaintiffs, v. Royce International Broadcasting Corporation, Playa Del Sol Broadcasters, Silver State Broadcasting, LLC, Golden State Broadcasting, LLC, and Edward R. Stolz, II, Defendants</u>, Case No. 5:16-cv-00600-JGB-SP.  *See* ECF 47, Exhibit I, pp. 54-66 of 190.  He was later appointed under an *ex parte* order entered by the California Superior Court for San Francisco County on October 22, 2020, in an unrelated state court breach of contract lawsuit case captioned <u>Bellaire Tower Homeowners Association, Plaintiff, v. Golden State Broadcasting, LLC, Defendants</u>, Case No. CGC-12-526-191.  *See* ECF 47, Exhibit A, pp. 8 – 11 of 190.

3.  Disclose the status, as shown on the FCC's Universal Licensing System, of each and all of the radio broadcast licenses issued to the Debtors by the FCC at the end of each month covered by the Accounting Period.

**IT IS FURTHER ORDERED that Receiver shall sign and file the Accounting, covering the full Accounting Period and containing all information specified in this Order, under penalty of perjury on or before <u>April 8, 2022</u>.**

**IT IS SO ORDERED.**

Copies sent to all parties via CM/ECF Electronic Filing.

# # #