BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Appearing *Pro Hac Vice*
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
        nkoffroth@foxrothschild.com
*Counsel for W. Lawrence Patrick*

Electronically Filed February 25, 2022

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>SILVER STATE BROADCASTING, LLC,<br><br>☐ Affects Silver State Broadcasting, LLC<br>☐ Affects Golden State Broadcasting, LLC<br>☐ Affects Major Market Radio, LLC<br>☒ Affects all Debtors | Case No. BK-21-14978-abl<br><br>Jointly Administered with:<br>Case No. BK-S-21-14979-abl<br>Case No. BK-S-21-14980-abl<br><br>Chapter 11<br><br>**RECEIVER'S STATUS REPORT**<br><br>Hearing Date: March 3, 2022<br>Hearing Time: 1:30 p.m. |

131227950.1

W. Lawrence Patrick (the "Receiver"), the receiver of substantially all of the assets of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"),[1] hereby files this status report (the "Status Report") in anticipation of the Continued Status Conference to be held on March 3, 2022 at 1:30 p.m.

**BACKGROUND**

1. On October 19, 2021 (the "Petition Date"), the Debtors individually filed Voluntary Petitions for Relief under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

2. On November 19, the Court entered its Order Authorizing Joint Administration of Cases [ECF No. 37], designating Silver State Broadcasting as the lead case.

3. On November 17, 2021, Debtors filed their Emergency Joint Motion for Order Directing Court Appointed Receiver to Turnover Property Pursuant To 11 U.S.C. §§ 543(A) And (B) [ECF No. 30].

4. On February 7, 2022, the Court entered its Order Granting Debtor's Motion for Turnover (the "Turnover Order") [ECF No. 115], thereby requiring the Receiver to (i) deliver to the Debtor's, through their managing member Edward R. Stolz ("Mr. Stolz"), any property held by the Receiver; (ii) refrain from making any disbursement or taking any action in the administration of the property, and (iii) prepare an accounting (the "Accounting") of any property of the Debtors, including proceeds, product, offspring, rents, and profits that at any time were under the possession or control of the Receiver. The Court ordered the Accounting to be filed on or before April 8, 2022.

**TRANSFER OF LICENSES**

5. The Debtors are three Nevada limited-liability companies that operated three FM radio stations and one AM radio station (the "Radio Stations")—with call signs commonly known as KFRH-FM, KREV-FM, KRCK-FM, and KBET-AM—that operate under Federal Communications

---

[1] The Debtors are Silver State Broadcasting, LLC ("Silver State"), Golden State Broadcasting, LLC ("Golden State"), and Major Market Radio, LLC ("Major Market"). Unless otherwise set forth herein, all "Docket" references are to the docket of the Silver State Bankruptcy Case. The docket of the Golden State Bankruptcy Case is referred to herein as the "Golden State Docket" and the docket of the Major Market Bankruptcy Case is referred to herein as the "Major Market Docket." To the extent applicable, the Receiver respectfully requests that the Court take judicial notice of the filings on the dockets of the Bankruptcy Cases, pursuant to Rule 201(b) of the Federal Rules of Evidence.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

Commission (the "FCC") licenses (collectively, the "Licenses"). The Licenses are the Debtors' primary assets of value. The three FM Licenses were under the control of the Receivership through the District Court and approval of the FCC. The FCC has exclusive jurisdiction and control over the assignment of the Licenses.

6. Upon the Court's entering the Turnover Order, on February 11, 2022 the Receiver filed with the FCC applications for an involuntary assignment of the FM Licenses to the Debtors' (the "Assignment Applications"). The Assignment Applications were accepted for filing by Public Notice of the FCC on February 15, 2022.

7. On February 22, 2022, the FCC granted the Assignment Applications, and the Receiver filed the notices of consummation of the involuntary assignment of the Licenses on that same day. Accordingly, as a result of the Receiver's expeditious compliance with the Turnover Order, the Debtor is now in possession of its principal assets—the FM Licenses.

**TRANSFER OF REMAINING ASSETS**

8. On February 11, 2022, the Receiver's counsel received a letter from Debtors' counsel containing a list of thirty-seven (37) pieces of equipment and other assets that the Debtors allege to be under the possession or control of the Receiver. The Receiver is currently in the process of reconciling the February 11 list with the Receiver's records of the non-License assets the Receiver obtained through the receivership; however, it appears a material number of the identified items never came into the possession of the Receiver. The Receiver is likewise reconciling his records with the on-site property of VCY America, Inc. that was being utilized under the parties' interim agreement (pending FCC approval of the VCY sale) to ensure the Receiver does not turnover non-Debtor property.

9. On February 23, 2022, the Receiver's counsel received an additional letter from Debtors' counsel containing two additional lists containing a combined sixty-three (63) pieces of equipment, assets, and various potential labor costs for professionals, that the Debtors allege to be under the possession or control of the Receiver.[2] As with the February 11 list, the Receiver is

---

[2] The February 11 and February 23 lists also allege the purported condition and value of the assets that are allegedly in the Receiver's possession. The alleged asset valuations (which are unsupported)

2

131227950.1

reconciling these new lists with his records and has identified a material number of items that never came into the Receiver's possession. Assuming the Debtors do not provide further lists for investigation, the Receiver anticipates that the reconciliation process will be completed within a week.

10. Importantly, the Receiver understands that any equipment or other assets that came into the possession of the receivership estate were never removed from their original, pre-receivership locations. Accordingly, the Debtors will be in possession of any non-License receivership assets once the Debtors coordinate with the Receiver to take possession of any leased real property.

## CONCLUSION

In conclusion, the Receiver has worked diligently to ensure the Licenses were promptly assigned to the Debtors and is working expeditiously to respond to the lists received by the Debtors' counsel. The Receiver remains on pace file the Accounting with the Court on or before April 8, 2022.

DATED this 25th day of February 2022.

**FOX ROTHSCHILD LLP**

By *s/Brett A. Axelrod*
BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Appearing *Pro Hac Vice*
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
*Counsel for W. Lawrence Patrick*

---

and asset condition (which appear inaccurate) have added unnecessary complication to the accounting process. Given the distrust among the parties, the Receiver is documenting the condition of the remaining assets in the event of any dispute concerning the foregoing.

3

131227950.1