STEPHEN R. HARRIS, ESQ.
Nevada Bar No. 001463
HARRIS LAW PRACTICE LLC
6151 Lakeside Drive, Suite 2100
Reno, Nevada 89511
Telephone: (775) 786-7600
E-Mail: steve@harrislawreno.com
Attorney for Debtors

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEVADA

* * * * *

IN RE:

SILVER STATE BROADCASTING, LLC,

          Debtor.

☐ AFFECTS THIS DEBTOR

☐ AFFECTS GOLDEN STATE BROADCASTING, LLC

☐ AFFECTS MAJOR MARKET RADIO LLC

☒ AFFECTS ALL DEBTORS

_____/

Case No. 21-14978-abl
(Chapter 11)

Jointly Administered with:

| 21-14979-abl | Golden State Broadcasting, LLC |
| 21-14980-abl | Major Market Radio LLC |

**DECLARATION OF EDWARD R. STOLZ IN SUPPORT OF JOINTLY ADMINISTERED DEBTORS' FIRST MOTION TO EXTEND EXCLUSIVITY PERIODS UNDER 11 U.S.C. § 1121(D)(1)**

Hearing Date: March 16, 2022
Hearing Time: 1:30 p.m.

EDWARD R. STOLZ, under penalty of perjury, declares and states as follows:

1. I am over the age of 18 years, am mentally competent and have personal knowledge of the matters set forth in this Declaration. If called upon as a witness, I could and would competently testify to these matters.

2. I am the manager and sole shareholder of Royce International Broadcasting Corp., sole member of Silver State Broadcasting, LLC, Golden State Broadcasting, LLC, and Major Market LLC, all Nevada limited liability companies which own certain FCC radio station licenses identified under call signs KFRH, KREV, KRCK-FM, KBET(AM) and several FM translator

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE: (775) 786-7600

1

stations (collectively the "Radio Stations"). I have owned and operated radio stations in California and Nevada for over 40 years. I am not just an owner; I am also a broadcast engineer who has constructed many broadcasting stations, from the ground up. In addition to designing, installing, calibrating, operating, and maintaining broadcast equipment over the years, I have built each of the FM stations (KFRH, KREV and KRCK and the translators) essentially from the ground up.

3. I have read the Debtors' REPLY TO OBJECTION TO JOINTLY ADMINISTERED DEBTORS' FIRST MOTION TO EXTEND EXCLUSIVITY PERIODS UNDER 11 U.S.C § 1121(D)(1) ("Reply") and attest that the facts stated therein are true and correct to the best of my knowledge and belief.

4. Long before W. Lawrence Patrick was appointed as Receiver over the Debtor's FM Stations, he convinced me to hire him to market FM station KREV in the San Francisco market for sale. He and his associate obtained extensive information about the Station in the course of that engagement, but they never presented a serious offer for the station. Instead, he switched sides and convinced the plaintiffs in the California District Court litigation to have him appointed as Receiver for the Debtors' stations.

5. More recently, in my attempts to retake control of the Debtors' Radio Station assets from the Receiver, I have found some of the physical assets have been vandalized, parted out, and burned/ charred, with wiring severed, and equipment torn out of housings and strewn about the transmitter room. I also located some assets across state lines at different locations even though the Receiver never gave notice to me or the Debtors that he was moving those assets.

6. The Receiver dismantled the Debtors' Radio Stations operations as they existed before his appointment, and he has refused to return the assets in the condition in which they were when he took control. Thus, I have worked diligently to try to rebuild the Radio Stations. I have restored the Palm Springs station and it is currently back on the air with news/talk programming. The Radio Stations' prior regular music programming requires new programming personnel and agreements which the Receiver cancelled when he took control of the Radio Stations. Thus, I am working on restoring those relationships and agreements.

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE: (775) 786-7600

2

7. I am also diligently working on reconstructing the Las Vegas station and expect to have that station back on the air in approximately twenty days. During the Receiver's tenure, the San Francisco station lost its studio facility, its communication links, and its regular programming. Thus, after I get the Las Vegas station back on air, I will focus on restoring San Francisco's operations and expect to have that station back on the air in early April. It is almost unheard of in the industry to rebuild and have stations back on air this quickly considering the condition in which I have found everything.

8. I am prepared to use my own personal assets to rebuild and fund the Debtors' Radio Stations as necessary to maximize their value for the Debtors' proposed plan of reorganization. The Debtors will be able to fund their ultimate plan either through my contribution of new value, ongoing business revenues, partial liquidation of assets, or a combination of revenues and liquidation. The Radio Stations are located in top broadcasting markets, and with the right marketing, they have the ability to command significantly more value than what the Receiver has proposed.

9. The Debtors' request for a reasonable extension of their plan exclusivity periods is not intended to unduly delay these reorganizations. Instead, the Debtors require additional time simply because we are trying to get up to speed about the Debtors' assets and liabilities after the Receiver's control over the Radio Station operations.

DATED this 9th day of March 2022.

Edward R. Stolz

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE: (775) 786-7600