STEPHEN R. HARRIS, ESQ.
Nevada Bar No. 001463
HARRIS LAW PRACTICE LLC
6151 Lakeside Drive, Suite 2100
Reno, NV 89511
Telephone: (775) 786-7600
Email: steve@harrislawreno.com
Attorneys for Jointly Administered Debtors

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEVADA

* * * * *

IN RE:

SILVER STATE BROADCASTING, LLC

☒ AFFECTS THIS DEBTOR.

☐ AFFECTS GOLDEN STATE BROADCASTING, LLC

☐ AFFECTS MAJOR MARKET RADIO LLC

☐ AFFECTS ALL DEBTORS.
_____/

Case No. 21-14978-abl
(Chapter 11)

Jointly Administered with:

| 21-14979-abl | Golden State Broadcasting, LLC |
| 21-14980-abl | Major Market Radio LLC |

**STIPULATION REGARDING EXTENSION OF TIME FOR DEBTOR TO VACATE LEASED PREMISES**

Hearing Date: N/A
Hearing Time:

This Stipulation regarding extension of time for Debtor to vacate leased premises (the "Stipulation") is entered into by and between the following parties, through their respective counsel: (1) Debtor and Debtor In Possession Silver State Broadcasting, LLC (the "Debtor") and (2) interested party and landlord DIG MCC, LLC (the "Landlord," and together with the Debtor, the "Parties"). The Stipulation is based upon the following recitals:

## Recitals

1. The Landlord is the landlord and the Debtor is the tenant under that certain *Lease Agreement* dated November 10, 2010, as amended by those certain *Amendment No. 1* dated February 9, 2011, *Confirmation of Commencement Date* dated March 1, 2011, *Amendment No. 2* dated February 17, 2012, *Amendment No. 3* dated March 1, 2016, and *Amendment No. 4* dated February 1, 2019 (collectively, the "Lease").

2. Under the Lease, the Landlord has leased to the Debtor certain premises commonly referred to as Suite 200 of the Marnell Corporate Center, Building 3, located at 6725 Via Austi Parkway, Las Vegas, Nevada 89119 (the "Premises").

3. In connection with the Lease, the Landlord is currently in possession of a security deposit in the amount of $15,000 (the "Security Deposit").

4. On October 19, 2021, the Debtor filed a voluntary petition under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), commencing the bankruptcy case captioned as *In re Silver State Broadcasting, LLC* and bearing Case No. 21-14978-abl (the "Bankruptcy Case").

5. At the time that the Debtor's petition was filed, the Lease was unexpired, with the term of the Lease set to expire on February 28, 2022 (the "Expiration Date"), and for the period from March 1, 2021, to February 28, 2022, the Debtor was obligated to pay $19,838.34 in Base Monthly Rent (as that term is defined in the Lease), as well as the monthly common area maintenance ("CAM") charges in an amount determined by the Landlord.

6. Prior to the filing of the Debtor's petition, the Landlord and the Debtor attempted to negotiate a further extension of the Lease's term, and the Landlord presented the Debtor with that certain proposed *Amendment No. 5*. Under that proposal, the Lease's term would be extended to February 28, 2025, and the Base Monthly Rent for the first year would be increased to $21,469.04, which was generally consistent with the rent increases agreed to by the Parties under each amendment to the Lease. However, the Parties ultimately did not reach an agreement on an extension of the Lease.

Stephen R. Harris, Esq.
Harris Law Practice LLC
6151 Lakeside Drive, Suite 2100
Reno, NV 89511
775 786 7600

7.     On February 15, 2022, on account of the amounts owed in connection with the Lease, the Landlord timely filed a proof of claim in the Bankruptcy Case, designated as Proof of Claim No. 4, asserting a nonpriority unsecured claim against the Debtor in the amount of $29,847.50, which represented the prepetition amounts owed by the Debtor under the Lease (the "<u>Prepetition Claim</u>"). The Debtor disputes the allowed amount of the Landlord's Prepetition Claim.

8.     The Landlord also asserts an administrative claim against the Debtor in the amount of $19,117.38 as of February 28, 2022, representing unpaid stub rent under the Lease (i.e., the prorated Base Monthly Rent and monthly CAM charges owed for the postpetition period from October 20 to 31, 2021), postpetition attorneys' fees as allowed under the Lease, and postpetition late fees (the "<u>Administrative Claim</u>"). The Debtor disputes the allowed amount of the Landlord's Administrative Claim.

9.     Prior to the Expiration Date, the Landlord informed the Debtor in writing that no further extensions of the Lease's term would be granted and that the Landlord expected the Debtor to fully surrender and vacate the Premises by the Expiration Date, and, in response, the Debtor requested a one-month extension of the Lease's term.

10.    Since then, the Parties have engaged in negotiations regarding the Debtor's requested extension and a broader resolution of the other issues relating to the Lease. Notwithstanding the passing of the Expiration Date and the present lack of an automatic stay against any acts by the Landlord to obtain possession of the Premises under § 362(b)(10) of the Bankruptcy Code, the Landlord has not exercised its rights and remedies to obtain possession of the Premises and has continued to, in good faith, negotiate with the Debtor. The Parties have now reached an agreement, the terms of which have been memorialized in this Stipulation.

<u>**Stipulation**</u>

Based on the foregoing, and subject to the Court's approval hereof, the Parties stipulate and agree as follows:

1.     The term of the Lease shall be extended for a period of one month, with the Expiration Date under the Lease extended to March 31, 2022 (the "<u>Extended Expiration Date</u>"),

and the provisions of the Lease not otherwise modified by this Stipulation remaining in effect and binding on the Parties.

2. The Debtor shall fully and finally surrender and vacate possession of the Premises by no later than 11:59 p.m. on the Extended Expiration Date, including by (a) turning over to the Landlord any keys or security codes for the Premises, (b) leaving the Premises in a broom-swept condition, and (c) removing any and all of the Debtor's furniture, equipment, and other personal property from the Premises and repairing any damage arising or resulting from such removal (collectively, the "Surrender Conditions").

3. Within one business day following the Court's entry of an order approving this Stipulation, the Debtor shall remit, by wire transfer, to the Landlord a payment in the amount of $22,029.04 (the "March Rent Payment"), representing the Base Monthly Rent of $21,469.04 and the monthly CAM charges of $560 under the Lease for the period from March 1 to 31, 2022.

4. In the event that either (a) the Debtor fails to timely remit the March Rent Payment to the Landlord or (b) the Debtor fails to surrender or vacate possession of the Premises by the Extended Expiration Date, including by failing to abide by any of the Surrender Conditions, then (x) the Landlord is authorized to immediately file a declaration in the Bankruptcy Case indicating such failure by the Debtor and requesting the relief permitted herein, (y) the Court may, without further notice to the Debtor or a hearing, enter an order compelling the Debtor and any other person or entity claiming a right to possession under or through the Debtor, or otherwise, to forthwith vacate and surrender possession of the Premises (notwithstanding the Extended Expiration Date, in the case of the Debtor's failure to timely remit the March Rent Payment), which order shall also serve as a writ of execution, assistance, or possession directing the United States Marshal, the Clark County Sheriff, or any other law enforcement officer to take possession of the Premises and restore the same to the Landlord, and (z) the Landlord is entitled to assert and recover an administrative claim against the Debtor for the rent for the period of the Debtor's possession of the Premises and for the Landlord's costs and expenses, including reasonable attorneys' fees, incurred in obtaining possession of the

Premises from the Debtor and, if applicable, removing and storing the Debtor's furniture, equipment, and other personal property from the Premises. By this Stipulation, the Debtor expressly consents that such writ of execution, assistance, or possession may issue in favor of the Landlord without notice to the Debtor following the Extended Expiration Date and expressly waives any right it may have to relief from forfeiture.

  5. The Landlord's Prepetition Claim shall be allowed in the reduced amount of $15,000, and the Landlord waives the remainder of its asserted Prepetition Claim; <u>provided, however</u>, that the Landlord's Prepetition Claim shall be allowed in the amount of $29,847.50, as asserted in its proof of claim, in the event that (a) the Debtor fails to timely remit the March Rent Payment to the Landlord or (b) the Debtor fails to surrender or vacate possession of the Premises by the Extended Expiration Date, including by failing to abide by any of the Surrender Conditions.

  6. The Debtor waives any and all right, title, or interest in or to the Security Deposit, and by this Stipulation, the Parties jointly request that the Court enter an order terminating the automatic stay under § 362 of the Bankruptcy Code to allow the Landlord to draw down on the Security Deposit to satisfy any portion of its allowed Prepetition Claim.

  7. The Landlord waives the Administrative Claim with respect to any postpetition amounts under the Lease that accrued through February 28, 2022; <u>provided, however</u>, the Landlord's Administrative Claim through February 28, 2022, shall be allowed in the amount of $19,117.38 in the event that (a) the Debtor fails to timely remit the March Rent Payment to the Landlord or (b) the Debtor fails to surrender or vacate possession of the Premises by the Extended Expiration Date, including by failing to abide by any of the Surrender Conditions.

*[SIGNATURES APPEAR ON THE FOLLOWING PAGE]*

Stephen R. Harris, Esq.
Harris Law Practice LLC
6151 Lakeside Drive, Suite 2100
Reno, NV 89511
775 786 7600

DATED this 11th day of March, 2022

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE LLC

_____
Attorneys for Silver State Broadcasting, LLC

DATED this 11th day of March, 2022

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP

_____
Matthew D. Pham
Attorneys for DIG MCC, LLC

**AGREED and ACCEPTED:**

_____
Edward Stolz, Co-Manager of Debtor
Silver State Broadcasting, LLC