Terri H. Didion, Assistant United States Trustee
State Bar No. CA 133491
Justin C. Valencia, Trial Attorney
State Bar No. NE 25375 | State Bar No. IA AT0012006
United States Department of Justice
Office of the U.S. Trustee
300 Las Vegas Boulevard So., Suite 4300
Las Vegas, Nevada 89101
Telephone: (702) 388-6600
Facsimile: (702) 388-6658
Email: justin.c.valencia@usdoj.gov

Attorney for TRACY HOPE DAVIS
United States Trustee for Region 17

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No. BK-21-14978-ABL |
| SILVER STATE BROADCASTING, LLC, | Chapter 11 |
| AFFECTS THIS DEBTOR ☐ | *Jointly administered with*: |
| AFFECTS GOLDEN STATE BROADCASTING, LLC ☐ | Golden State Broadcasting, LLC, Case No. 21-14979-ABL |
| AFFECTS MAJOR MARKET RADIO, LLC ☐ | Major Market Radio, LLC, Case No. 21-14980-ABL |
| AFFECTS ALL DEBTORS ☒ | Hearing Date: *OST Requested* |
| Debtor(s). | Hearing Time: *OST Requested* Location: *OST Requested* |

## UNITED STATES TRUSTEE'S MOTION TO APPOINT CHAPTER 11 TRUSTEE UNDER 11 U.S.C. § 1104(a), OR, IN THE ALTERNATIVE, TO CONVERT CASES TO CHAPTER 7 PURSUANT TO 11 U.S.C. § 1112(b); AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT AND RESERVATION OF RIGHTS

1

## Table of Contents

Page

I.      INTRODUCTION.................................................................................................. 7

II.     JURISDICTION AND VENUE.......................................................................... 9

III.    BACKGROUND FACTS AND PROCEDURAL POSTURE ......................... 9

    A.  Initial Case Filings....................................................................................... 9

    B.  The Debtors' Scheduled Assets and Liabilities ...................................... 10

        i.        Silver State Broadcasting, LLC.................................................... 10

        ii.       Golden State Broadcasting, LLC.................................................. 10

        iii.      Major Market Radio, LLC ........................................................... 11

    C.  The Debtors' Attempts to Confirm a Chapter 11 Plan of Reorganization ............... 11

    D.  Bankruptcy Counsel Harris' Withdrawal ................................................ 12

    E.  Current Motion to Appoint a Chapter 11 Trustee and Joinders............................ 13

    F.  Monthly Operating Reports and UST Quarterly Fees ............................. 13

    G.  Net Operating Losses for the Debtors...................................................... 14

    H.  Lack of Evidence of Insurance for Silver State Broadcasting, LLC......................... 14

IV.    MEMORANDUM OF POINTS AND AUTHORITIES ................................. 15

    A.  The Appointment of Chapter 11 Trustee is Warranted............................ 15

        1.  The Controlling Statutory Framework.............................................. 15

        2.  The Burden of Proof ........................................................................ 16

        3.  Cause Exists of Appoint a Chapter 11 Trustee Under 11 U.S.C. § 1104(a)(1).... 17

        4.  Appointment of a Trustee is in the Interests of Creditors and the Estates .......... 19

    B.  In the Alternative, "Cause" Exists to Convert the Cases to Chapter 7..................... 21

V.     RESERVATION OF RIGHTS AND REQUEST TO RETAIN JURISDICTION.......... 26

VI.    CONCLUSION.................................................................................................... 26

Table of Authorities

Page(s)

Cases

*Bay Area Material Handling v. United States Trustee (In re Bay Area Material Handling)*,
   1996 U.S. App. LEXIS 2272, at *3 (9th Cir. Jan. 25, 1996)...................................................24

*Biltmore Assoc., LLC v. Twin City Fire Ins. Co.*,
   572 F.3d 663 (9th Cir. 2009).........................................................................................18

*Grogan v. Garner*,
   498 U.S. 279 (1991)..............................................................................................16, 17

*Halo Elec., Inc. v. Pulse Elec., Inc.*,
   136 S. Ct. 1923 (2016).................................................................................................16

*Herman & MacLean v. Huddleston*,
   459 U.S. 375 (1983).....................................................................................................17

*In re Adelphia Communication Corp.*,
   336 B.R. 610 (Bankr. S.D.N.Y. 2006)...........................................................................19

*In re Babayoff*,
   445 B.R. 64 (Bankr. E.D.N.Y. 2011)..............................................................................25

*In re Bellevue Place Associates*,
   171 B.R. 615 (N.D. Ill. 1994)........................................................................................17

*In re Blixseth*,
   2009 WL 1525994 (Bankr. D. Mont. May 29, 2009)......................................................22

*In re Caroline Desert Disco, Inc.*,
   5 B.R. 536 (Bankr. C.D. Cal. 1980)...............................................................................19

*In re Child Life*,
   126 B.R. 51 (Bankr. N.D. Ohio 1991)............................................................................24

*In re Corona Care Convalescent Corp.*,
   527 B.R. 379 (Bankr. C.D. Cal. 2015)............................................................................16

*In re CWNevada LLC*,
   602 B.R. 717 (Bankr. D. Nev. 2019)..............................................................................24

*In re Draft Bars LLC*,
   2018 Bankr. LEXIS 1606 at *8-9 (Bankr. Nev. March 29, 2018)....................................16

*In re Eichorn*,
   5 B.R. 755 (Bankr. D.Mass. 1980).................................................................................17

*In re Euro-American Lodging Corp.*,
   365 B.R. 421 (Bankr. S.D.N.Y. 2007)............................................................................20

*In re Geothermal Resources Intern., Inc.*,
   93 F.3d 648 (9th Cir. 1996)...........................................................................................16

*In re Gilroy*,
   2008 WL 4531982 (B.A.P. 1st Cir. Aug. 4, 2008)..........................................................22

*In re Global Const. & Supply, Inc.*,
   126 B.R. 573 (Bankr. E.D. Missouri 1991)....................................................................24

*In re Las Colinas Develop. Corp.*,
   585 F.2d 7 (1st Cir. 1978)..............................................................................................24

*In re Microwave Prods. Of Am., Inc.,*
  102 B.R. 666 (Bankr. W.D. Tenn. 1989)...........................................................................17
*In re Milford Connecticut Assocs.,*
  389 B.R. 303 (Bankr. D. Conn. 2008)................................................................................25
*In re Pacesetter Designs, Inc.,*
  114 B.R. 731 (Bankr. D. Colo. 1990).................................................................................18
*In re Pasadena Adult Residential Care,*
  2015 LEXIS 3601 at *44-45 (Bankr. C.D. Cal. October 23, 2015)....................................16
*In re Perez,*
  2014 WL 2003197 (Bankr. E.D. Cal. May 14, 2014)........................................................22
*In re Rivermeadows Assocs., Ltd.,*
  185 B.R. 615 (Bankr. D. Wyo. 1995).................................................................................18
*In re Sillerman,*
  605 B.R. 631 (Bankr. S.D.N.Y. 2019)...............................................................................17
*In re Stratesec, Inc.,*
  324 B.R. 158 (Bankr. D.C. 2004).......................................................................................19
*In re te Velde,*
  2018 Bankr. LEXIS 2810, at *4 (Bankr. E.D. Cal. Sept. 12, 2018)...................................16
*In re Taub,*
  427 B.R. 208 (Bankr. E.D.N.Y. 2010)...............................................................................19
*In re Van Brunt,*
  46 B.R. 29 (Bankr. W.D. Wisc. 1984)...............................................................................25
*Johnston v. Jem Dev. Co. v. Johnston (In re Johnston),*
  149 B.R. 158 (B.A.P. 9th Cir. 1992)..................................................................................21
*Lowenschuss v. Selnick (In re Lowenschuss),*
  171 F.3d 673 (9th Cir. 1999)..............................................................................................15
*Octane Fitness, LLC v. ICON Health & Fitness, Inc.,*
  572 U.S. 545, 34 S. Ct. 1749 (2014)..................................................................................16
*Official Comm. Of Asbestos Pers. Injury Claimants v. Sealed Air Corp. (In re W.R. Grace & Co.),* 285 B.R. 148 (Bankr. D. Del. 2002)....................................................................17
*Pioneer Liquidating Corp. v. United States Trustee (In re Consolidated Pioneer Mortgage Entities),* 248 B.R. 368, 375 (B.A.P. 9th Cir. 2000) aff'd, 264 F.3d 803 (9th Cir. 2001).........21
*Rand v. Porsche Fin. Servs. (In re Rand),*
  2010 Bankr. LEXIS 5076, 2010 WL 6259960 n.14 (B.A.P. 9th Cir. Dec. 7, 2010)...............25
*Resorts Int'l, Inc. v. Lowenschuss (In re Lowenschuss),*
  67 F.3d 1394 (9th Cir. 1995)..............................................................................................16
*Salman v. Newell,*
  110 Nev. 1333 (1994).........................................................................................................24
*Sanders v. United States Trustee (In re Sanders),*
  2013 Bankr. LEXIS 4681 at *27 (B.A.P. 9th Cir. April 11, 2013)....................................23
*Schuster v. Dragone,*
  266 B.R. 268 (D. Conn. 2001)............................................................................................20
*In re Sharon Steel Corp.,*
  871 F.2d 1217 (3d Cir. 1989).............................................................................................17
*Sullivan v. Harnisch (In re Sullivan),*
  522 B.R. 604 (B.A.P. 9th Cir. 2014).............................................................................21-22

*Tighe v. Celebrity Home Entm't, Inc. (In re Home Entm't, Inc.)*,
   210 F.3d 995, 998 (9th Cir. 2000)................................................................23
*Tradex Corp. v. Morse*,
   339 B.R. 823, 827 (D. Mass. 2006)............................................................17
*YBA Nineteen, LLC v. IndyMac Venture, LLC (In re YBA Nineteen, LLC)*,
   505 B.R. 289 (S.D. Cal. 2014)........................................................22, 23

<u>Statutes</u>

11 U.S.C. §§ 101-1532 ....................................................................................7
11 U.S.C. § 307 ...............................................................................................9
11 U.S.C. § 327 .............................................................................................24
11 U.S.C. § 329 .............................................................................................26
11 U.S.C. § 330 .............................................................................................26
11 U.S.C. § 1104(a) .............................................................1, 13, 16, 21
11 U.S.C. § 1104(a)(1) ........................................................7, 8, 15, 17
11 U.S.C. § 1104(a)(2) ........................................................7, 15, 19, 20
11 U.S.C. § 1104(d) .....................................................................................16
11 U.S.C. § 1112(b) ...........................................................1, 8, 21, 24
11 U.S.C. § 1112(b)(1) ....................................................21, 24, 25
11 U.S.C. § 1112(b)(4) ....................................................21, 23, 25
11 U.S.C. § 1112(b)(4)(B) ..........................................................................22
11 U.S.C. § 1112(b)(4)(C) .................................................................15, 22
11 U.S.C. § 1112(b)(4)(E) ..........................................................................23
11 U.S.C. § 1112(b)(4)(F) ..........................................................................22
11 U.S.C. § 1112(b)(4)(H) ..........................................................................22
11 U.S.C. § 1112(b)(4)(K) ....................................................................22, 23
11 U.S.C. § 1121(d)(1) ................................................................................11
28 U.S.C. § 123 .............................................................................................23
28 U.S.C. § 157 ...............................................................................................9
28 U.S.C. § 157(b)(2)(A) ...............................................................................9
28 U.S.C. § 157(b)(2)(O) ...............................................................................9
28 U.S.C. § 586(a)(3) .....................................................................................9
28 U.S.C. § 1334 .............................................................................................9
28 U.S.C. § 1408 .............................................................................................9
28 U.S.C. § 1409 .............................................................................................9
28 U.S.C. § 1930(a)(6) .................................................................................23

<u>Rules</u>

Fed. R. Evid. 201 ...........................................................................................7
Fed. R. Evid. 801(d)(2) .................................................................................7
Fed. R. Bankr. P. 1017 ...................................................................................9
Fed. R. Bankr. P. 2014 .................................................................................26
Fed. R. Bankr. P. 2015(a)(5) ......................................................................23
Fed. R. Bankr. P. 2015(a)(6) ......................................................................13
Fed. R. Bankr. P. 2016 .................................................................................26

Fed. R. Bankr. P. 2017.................................................................................... 26
Fed. R. Bankr. P. 9010.................................................................................... 24
Fed. R. Bankr. P. 9014...................................................................................... 9
Fed. R. Bankr. P. 9017...................................................................................... 7
L.R. 2015....................................................................................................... 23
L.R. 2015.4............................................................................................... 13, 22
L.R. 9010................................................................................................... 12, 24

Other Authorities

7 Collier on Bankruptcy at ¶ 1104.02[1] Alan. N. Resnick & Henry J. Sommer, eds., 16th ed., 2010.......................................................................................................... 15
7 Collier on Bankruptcy at ¶ 1112.04[7] Alan. N. Resnick & Henry J. Sommer, eds., 16th ed., 2010.......................................................................................................... 25
1 Kathleen P. March et al., California Practice Guide – Bankruptcy, ¶ 4:2001 (2014).............. 16

To the Honorable AUGUST B. LANDIS, Chief United States Bankruptcy Judge:

Tracy Hope Davis, the United States Trustee for Region 17 (the "UST"), by and through her undersigned counsel, hereby files her *United States Trustee's Motion to Appoint Chapter 11 Trustee Under 11 U.S.C. § 1104(a), or, in the Alternative, to Convert Cases to Chapter 7 Pursuant to 11 U.S.C. § 1112(b); and Memorandum of Points and Authorities in Support and Reservation of Right* ("Motion").[1]

## **INTRODUCTION**

The UST seeks an order under 11 U.S.C. § 1104(a) directing the appointment of a chapter 11 trustee for jointly administered Debtors Silver State Broadcasting, LLC, Golden State Broadcasting, LLC, and Major Market Radio, LLC (the "Debtors")[2] or, in the alternative, to convert the cases to chapter 7 pursuant to 11 U.S.C. § 1112(b).

There is cause to appoint a trustee in these cases under 11 U.S.C. § 1104(a)(1), and it is in the best interests of creditors under 11 U.S.C. § 1104(a)(2). Specifically, the Debtors have failed to: (1) comply with their duties, including the timely filing and filing of monthly operating reports ("MOR"); (2) provide evidence of insurance; (3) pay estimated fees to the UST in a

---

[1] "Section" refers to section of the Bankruptcy Code, 11 U.S.C. §§ 101-1532 as amended, unless otherwise noted, and "FRBP" refers to the Federal Rules of Bankruptcy Procedure. "FRE" refers to the Federal Rules of Evidence; "LR" refers to the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Nevada; and "ECF No." refers to the main docket case filings in the above-captioned lead case, Case No. 21-14978-abl. The UST requests that the Court take judicial notice of the pleadings and documents filed in these cases, pursuant to FRBP 9017 and FRE 201. To the extent the Motions contains factual assertions predicated upon statements made by Debtors, their agents, attorneys, professionals, or employees, the UST submits that such factual assertions are supported by admissible evidence in the form of admissions of a party opponent under FRBP 9017 and FRE 801(d)(2).

[2] On November 19, 2021, the Court entered an Order Authorizing Joint Administration of Cases for Silver State Broadcasting, LLC [Case No. 21-14978-abl], Golden State Broadcasting, LLC [Case No. 21-14979-abl], and Major Market Radio, LLC [Case No. 21-14980-abl] with Silver State Broadcasting, LLC denominated as the lead case. [ECF No. 37]. Collectively, they may be referred to as the "Debtors."

combined amount of $1,503.91; (4) obtain bankruptcy counsel to represent the Debtors; (5) confirm a plan of reorganization; and (6) prosecute these cases. As discussed in greater detail below, the Debtors ongoing efforts to further their own interests at the expense of creditors jeopardizes any realistic prospects of successfully reorganizing.

Under the circumstances, the proper statutory remedy in these cases is the appointment of an independent trustee, appointed by the UST and approved by the Court. The appointment of a trustee would be in the best interests of the Debtors estate and creditors and will provide creditors with the transparency needed concerning all the Debtors' assets, liabilities, and financial information.

For these reasons, and for the reasons set forth herein, the UST requests that the Court find that the UST has satisfied the burden to show that cause exists to grant this Motion and direct the UST to appoint a chapter 11 trustee in accordance with sections 1104(a)(1), (2).

In the alternative, if the Court determines that the appointment of a chapter 11 trustee is not warranted, the UST requests that the Court convert these cases to one under chapter 7 under section 1112(b).

The Motion is based upon the entire record in the cases, the following memorandum of points and authorities, and the Declaration of Bankruptcy Analyst, Kristine R. Kinne ("Kinne Decl.") and Exhibit 1 filed herewith.

Consistent with her independent duties, the UST reserves all rights with respect to this matter, including, but not limited to her right to take any appropriate action under the Bankruptcy Code, the FRBP, and the local rules of the U.S. Bankruptcy Court.

///

///

**JURISDICTION AND VENUE**

The Bankruptcy Court has jurisdiction over the bankruptcy cases pursuant to 28 U.S.C. §§ 1334 and 157(b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). Venue is proper under 28 U.S.C. §§ 1408 and 1409. The UST brings this Motion pursuant to her statutory duty to monitor bankruptcy cases under 28 U.S.C. § 586(a)(3). The UST has standing to prosecute the Motion pursuant to 11 U.S.C. §§ 307, 1104 and 1112, and Bankruptcy Rules 1017 and 9014.

**BACKGROUND FACTS AND PROCEDURAL POSTURE**

**A.    Initial Case Filings.**

1.    On October 19, 2021 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code. [*See* ECF No. 1]. Mr. Edward R. Stolz signed the voluntary petitions on behalf of the Debtors ("Debtors Representative"). [*Id*., p. 5 of 16; *see also* ECF No. 2]. The Debtors' business includes the operation of FM and AM radio stations in Nevada and California. [*See* ECF No. 31 at ¶ 2]. [3]

2.    No trustee, examiner or official committee has been appointed in the cases. [*See* Bankruptcy Docket *generally*].

3.    The 341 meeting of creditors was concluded. [*See* ECF Nos. 29, 36, 61, 97, 104].

4.    On November 19, 2021, the Court entered an Order Granting Joint Administration of the Debtors' cases. [*See* ECF No. 37].

---

[3] Debtors Golden State Broadcasting, LLC and Major Market Radio, LLC are listed as affiliates of the Debtor Silver State Broadcasting, LLC. [*See, e.g.*, Case No. 21-14978, ECF No. 1, p. 6 of 16].

5.    Stephen R. Harris, Esq. and Harris Law Practice, LLC ("Harris") was authorized to be employed by the Debtors as bankruptcy counsel on January 20, 2022 ("Bankruptcy Counsel"). [*See* ECF Nos. 106, 114].

**B.    The Debtors' Scheduled Assets and Liabilities.**

**i.    Silver State Broadcasting, LLC**

6.    According to Schedule A/B for Debtor Silver State Broadcasting, LLC, the Debtor represents that its assets have a value of $32,000,000 consisting of: (a) a landlord security deposit with an unknown value; (b) radio licenses for K276 GW, KFRH FM, and KBET AM with an estimated value of $20,000,000; and (c) claims against Jerry Whitehead, Esq., Dariush G. Adli, Esq., and W. Lawrence Patrick collectively valued at or around $12,000,000. [*See* Case No. 21-14978, ECF No. 28; *see also* Kinne Decl.].

7.    Schedule D reflects no secured creditors. [*Id.*]. Schedule E/F reflects six non-priority unsecured claims totaling $590,340.00, for legal fees, lease payments, and receiver fees. [*Id.*].  Amended Schedule E/F reflects six non-priority unsecured claims totaling $1,034,324.00, for a judgment, pending litigation, and utilities. [*See* ECF No. 382; *see also* Kinne Decl.].

8.    The Statement of Financial Affairs ("SOFA") does not list any revenue for this Debtor. [*See* ECF No. 28; *see also* Kinne Decl.].

**ii.    Golden State Broadcasting, LLC**

9.    According to Schedule A/B for Debtor Golden State Broadcasting, LLC, the Debtor represents that its assets have a value of $27,016,000 consisting of: (a) a landlord security deposit with a $16,000 value; (b) a radio license for KREV FM with an estimated value of $15,000,000; and (c) claims against Dariush G. Adli, Esq. and W. Lawrence Patrick collectively valued at or around $12,000,000. [*See* Case No. 21-14979, ECF No. 31; *see also* Kinne Decl.].

10. Schedule D reflects no secured creditors. [*Id*.] Schedule E/F reflects five non-priority unsecured claims totaling $934,324.00, for a judgment, lease payments, legal fees, utilities, and receiver fees. [*Id*.].

11. The SOFA does not list any revenue for this Debtor. [*Id*.].

### iii. Major Market Radio, LLC

12. According to Schedule A/B for Debtor Major Market Radio, LLC, the Debtor represents that its assets have a value of $17,000,000 consisting of: (a) a landlord security deposit with an unknown value; (b) radio licenses for KRCK FM, K238AK, and K251BX with an estimated value of $5,000,000; and (c) claims against Dariush G. Adli, Esq. and W. Lawrence Patrick collectively valued at or around $12,000,000. [*See* Case No. 21-14980, ECF No. 29; *see also* Kinne Decl.].

13. Schedule D reflects no secured creditors. [*Id*.]. Schedule E/F reflects three non-priority unsecured claims totaling $590,340.00, for legal fees, lease payments, and receiver fees. [*Id*.].

14. The SOFA does not list any revenue for this Debtor. [ECF No. 31].

### C. The Debtors' Attempts to Confirm a Chapter 11 Plan of Reorganization.

15. The Chapter 11 Plan ("Plan") was due on February 16, 2022. [ECF No. 1].

16. On February 16, 2022, the Debtors filed a *Motion to Extend the Exclusivity Periods under 11 U.S.C. § 1121(d)(1)* ("Extension Motion") requesting a 180-day extension to file a Plan. [ECF No. 124].

17. The Court entered an Order granting the Extension Motion on April 8, 2022, extending the time for the Debtors to file a Plan to May 2, 2022, and denying any further extensions of the exclusivity period. [ECF No. 151].

18.     The Debtors filed their Plan on May 2, 2022, followed by an Amended Plan on August 29, 2022, and Second Amended Plan on September 28, 2022. [*See* ECF Nos. 161, 298, 336; *see also* Kinne Decl.].

19.     To date, the Second Amended Plan has not been confirmed by the Court in these cases. [*See* Kinne Decl.; *see also* Bankruptcy Docket *generally*].

20.     By the time this Motion is heard, these cases would have been pending for 498 days without the confirmation of a Plan. [*See* Kinne Decl.; *see also* Bankruptcy Docket *generally*].

**D.     Bankruptcy Counsel Harris' Withdrawal.**

21.     On November 23, 2022, Bankruptcy Counsel filed a motion to withdraw as counsel for the Debtors because of serious illness requiring immediate treatment. ("Withdrawal Motion"). [*See* ECF No. 366 at ¶ 8].[4]

22.     After a notice and hearing, the Court entered an Order on December 21, 2022, approving the Withdrawal Motion, vacating scheduled hearings (including the confirmation hearing originally set for February 6, 2023), and setting a status conference for February 10, 2023, at 3:00 p.m. [*See* ECF No. 388].[5]

23.     As of the date of this Motion, the Debtors do not have bankruptcy counsel as required by LR 9010. [*See* Kinne Decl.; *see also* Bankruptcy Docket *generally*].

///

///

---

[4] Non-oppositions to the Withdrawal Motion were filed on behalf of creditors W. Lawrence Patrick and VCY America, Inc. [ECF Nos. 379, 381].

[5] On February 10, 2023, the Court continued the status conference to March 1, 2023, to coincide with several other hearings on the same date and time. [*See* Bankruptcy Docket *generally*].

**E.        Current Motion to Appoint a Chapter 11 Trustee and Joinders.**

24.        On January 27, 2023, Creditor Mincin Law, PLLC filed a motion for the appointment of a Chapter 11 trustee under 11 U.S.C. § 1104(a). ("1104 Motion") [ECF No. 393]. No declaration or other evidence was filed in support of the 1104 Motion.  [*See* Kinne Decl.; *see also* Bankruptcy Docket *generally*].

25.        Joinders to the 1104 Motion were filed on February 13, 2023, by W. Lawrence Patrick and VCY American, Inc., respectively. ("Joinders") [ECF Nos. 399-401].

26.        The 1104 Motion and Joinders refer to a Letter of Intent filed by VCY America, Inc. [ECF No. 350, 393, 399-401].  Collectively, these pleadings describe an offer to purchase KRCK-FM, KREV (FM), and KFRH (FM) ("Assets") for $4.5 million. [*Id.*]

27.        The Debtors have not filed any motion to sell or a bidding procedures motion with respect to these Assets. [*See* ECF No. 350; *see also* Kinne Decl. *and* Bankruptcy Docket *generally*].

**F.        Monthly Operating Reports and UST Quarterly Fees.**

28.        The UST set the Initial Debtor Interview ("IDI") for November 10, 2021. [*See* Kinne Decl.].  The Debtors' Representative was advised of the requirement to timely file MORs prior to and during the IDI. [*See* Kinne Decl.].[6]

29.        The Debtors have failed to file MORs for the months of November 2022 and December 2022. [*See* Kinne Decl.; *see also* Bankruptcy Docket *generally*].  The January 2023 MOR will be due on February 21, 2023. [*Id.*].

---

[6] Section 1106(a) and FRBP 2015(a)(6) require a debtor to file with the Court and serve on the UST, monthly operating reports. LR 2015.4 requires the filing of operating reports in regular chapter 11 cases to be filed no later than the 21st day of the following month.

30.     Further, the Debtors have untimely filed MORs 34 out of 37 times since the Petition Date. [*See* Kinne Decl.; *see also* Bankruptcy Docket *generally*].

31.     The Court entered an Order for the joint administration of the Debtors' cases stating, "that the Debtors *shall* continue to file operating reports in their respective cases." [*See* ECF No. 37 at p.2, ls. 14-15; *see also* Kinne Decl.]. (Emphasis added).

32.     The MORs for all three Debtors have been filed only in the lead case since the Petition Date. [*See* Kinne Decl.; *see also* Bankruptcy Docket *generally*].

33.     As of the date of this Motion, the Debtors owe estimated quarterly fees to the United States Trustee in the aggregate amount of $1,503.91.[7] [*See* Kinne Decl.; *see also* Bankruptcy Docket *generally*].

**G.     Net Operating Losses for the Debtors.**

34.     With regards to the last MOR's filed through October 31, 2022: Silver State Broadcasting, LLC has a negative $7,817 cumulative net cash flow; Golden State Broadcasting, LLC has a positive $7,529 cumulative net cash flow; and, Major Market Radio, LLC has a $432 cumulative net cash flow. [*See* Kinne Decl.; *see also* Bankruptcy Docket *generally*].

**H.     Lack of Evidence of Insurance for Silver State Broadcasting, LLC.**

35.     The Debtors' Representative was also advised prior to and during the IDI of the Debtors' responsibility to provide proof of insurance to the UST. [*See* Kinne Decl.].

---

[7] Silver State Broadcasting, LLC, owes $500.79; Golden State Broadcasting, LLC, owes $501.56; and, Major Market Radio, LLC owes $501.56. [*Id.*].

36.     As of the date of this Motion, the Debtor's Representative has failed to respond to and provide the UST with a current proof of insurance for Debtor Silver State Broadcasting, LLC. [*See* Kinne Decl.].[8]

## MEMORANDUM OF POINTS AND AUTHORITIES

**A.     The Appointment of Chapter 11 Trustee is Warranted.**

**1.   The Controlling Statutory Framework.**

The Bankruptcy Code provides two bases for the appointment of a trustee in a chapter 11 case. First, under 11 U.S.C. § 1104(a)(1), the bankruptcy court must appoint a trustee if a movant, after notice and a hearing, demonstrates "cause." 11 U.S.C. § 1104(a)(1) ("[T]he court shall order the appointment of a trustee . . ."). Section 1104(a)(1) provides four non-exclusive circumstances constituting "cause" for the appointment of a trustee "including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause." *Id*.

Section 1104(a)(2) authorizes a bankruptcy court to appoint a chapter 11 trustee, without a showing of cause, "if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor." 11 U.S.C. § 1104(a)(2). *See also* 7 Collier on Bankruptcy at ¶ 1104.02[1].

Whether cause exists for appointment is within the court's discretion. *Lowenschuss v. Selnick (In re Lowenschuss)*, 171 F.3d 673, 685 (9th Cir. 1999). If the court orders the

---

[8] The UST's Guidelines are clear that a debtor is required to maintain and provide the UST evidence of insurance. *See* Region 17: United States Trustee Guidelines, available at https://www.justice.gov/ust-regions-r17/region-17-general-information#ch11 (last visited February 16, 2023). Failure to maintain insurance that poses a risk of loss to the estate or the public is cause for conversion or dismissal of the case. *Id.; see also* 11 U.S.C. § 1112(b)(4)(C).

appointment of a trustee, the UST, after consultation with parties in interest, appoints the trustee. 11 U.S.C. § 1104(d).

Once cause is established, the Bankruptcy Code, in the specific and mandatory language of Section 1104(a), provides only for the appointment of a trustee or examiner. 11 U.S.C. § 1104(a). The bankruptcy court's equitable powers and general provisions of the Bankruptcy Code cannot provide the legal basis for alternative relief, regardless of the practicalities of the case. *In re Geothermal Resources Intern., Inc.*, 93 F.3d 648, 651 (9th Cir. 1996), citing *Resorts Int'l, Inc. v. Lowenschuss (In re Lowenschuss)*, 67 F.3d 1394, 1401-02 (9th Cir. 1995).

### 2.  **The Burden of Proof.**

As a preliminary matter, the UST notes that the preponderance of the evidence is the correct standard for the Court to apply here.[9] The Supreme Court has consistently held that the presumptive standard of proof in civil cases is preponderance of the evidence unless a fundamental right is implicated or there is contrary Congressional direction. *See Halo Elec., Inc. v. Pulse Elec., Inc.*, 136 S. Ct. 1923, 1934 (2016) (rejecting heightened burden for award of enhanced damages for patent infringement); *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 34 S. Ct. 1749, 1758 (2014) (rejecting heightened burden for attorneys' fees

---

[9] Bankruptcy court decisions within this circuit have held that "parties seeking appointment of a chapter 11 trustee under . . . 1104(a) have the burden of proving appropriate grounds exist for such appointment by the preponderance of the evidence." *In re Corona Care Convalescent Corp.*, 527 B.R. 379, 382 (Bankr. C.D. Cal. 2015). The *Corona Care* court cited the Supreme Court's decision in *Grogan v. Garner*, 498 U.S. 279 (1991) and the California Practice Guide for Bankruptcy, which states that "the preponderance of the evidence standard of proof applies" and that cases to the contrary "either precede or do not mention the Supreme Court's decision in Grogan[.]" 1 Kathleen P. March et al., California Practice Guide – Bankruptcy, ¶ 4:2001 (2014) (available on Westlaw). *See also In re Pasadena Adult Residential Care*, 2015 LEXIS 3601 at *44-45 (Bankr. C.D. Cal. October 23, 2015) and *In re Draft Bars LLC*, 2018 Bankr. LEXIS 1606 at *8-9 (Bankr. Nev. March 29, 2018). However, a court in the Eastern District of California assumed, without deciding, that the clear and convincing evidence standard applied. *See In re te Velde*, 2018 Bankr. LEXIS 2810, at *4 (Bankr. E.D. Cal. Sept. 12, 2018) (ordering appointment of Chapter 11 Trustee under the standard more favorable to the debtor in possession).

award in patent litigation); *Grogan v. Garner*, 498 U.S. 279 (1991) (rejecting heightened burden for exceptions to discharge); *Herman & MacLean v. Huddleston*, 459 U.S. 375, 389-390 (1983) (rejecting heightened burden for securities fraud).

Under the Bankruptcy Code, a debtor in possession is allowed to operate its business and control its estate but must act as a fiduciary of the estate and its creditors. *In re Sillerman*, 605 B.R. 631, 648 (Bankr. S.D.N.Y. 2019). Although there is a presumption that a debtor will remain in possession, subsection (a)(1) "reflects criteria which mandate the appointment of a trustee for cause. [...] Under this subsection the court's discretionary powers are circumscribed and are limited to a judicial determination of whether 'cause,' as defined, exists." *See Tradex Corp. v. Morse*, 339 B.R. 823, 827 (D. Mass. 2006), *quoting In re Eichorn*, 5 B.R. 755, 757 (Bankr. D.Mass. 1980).

### 3. <u>Cause Exists to Appoint a Chapter 11 Trustee Under 11 U.S.C. § 1104(a)(1).</u>

Subsection (1) of section 1104(a) addresses management's pre- and post-petition misdeeds or mismanagement, while subsection (2) provides the court with "particularly wide discretion" to appoint a trustee even absent wrongdoing or mismanagement. *In re Bellevue Place Associates,* 171 B.R. 615, 623 (N.D. Ill. 1994); *In re Microwave Prods. Of Am., Inc.,* 102 B.R. 666, 671 (Bankr. W.D. Tenn. 1989) (courts may consider prepetition, as well as post-petition conduct in determining the necessity of a trustee). Where the court finds either that cause exists or that appointment is in the interest of the parties, an order for the appointment of a trustee is mandatory. *Official Comm. Of Asbestos Pers. Injury Claimants v. Sealed Air Corp. (In re W.R. Grace & Co.)*, 285 B.R. 148, 158 (Bankr. D. Del. 2002). The determination of whether cause exists must be taken on a case-by-case basis, taking into account all relevant factors. *In re Sharon Steel Corp., 871 F.2d 1217, 1225 (3d Cir. 1989)*. Pre-petition conduct alone may provide

17

the basis for a court to appoint a trustee. *See In re Rivermeadows Assocs., Ltd.,* 185 B.R. 615, 619 (Bankr. D. Wyo. 1995).

The Debtors' actions in these cases thus far demonstrate gross mismanagement of the estates.

First, the Debtors have failed to confirm a Plan or otherwise prosecute the cases by filing a motion to sell or a bidding procedures motion with respect to the Assets while showing minimal net cash flow.  [*See* Kinne Decl., *see also* e.g., ECF Nos. 161, 298, 336, 350, 393, 399-401, *and* Bankruptcy Docket *generally*]. Further, Debtors are languishing in these cases without retaining new Counsel. [*Id.*]. The Debtors, each a debtor-in-possession, is a fiduciary to the estate and its creditors. *See Biltmore Assoc., LLC v. Twin City Fire Ins. Co.,* 572 F.3d 663, 673 (9th Cir. 2009) ("Visitalk became the debtor in possession of the bankruptcy estate, empowered to act as a trustee and required to act as a fiduciary for its creditors"). The Debtors have failed to act as a fiduciary for their creditors in carrying out their duties and responsibilities under the Bankruptcy Code and Rules.

Second, Debtor Silver State Broadcasting, LLC has not provided evidence of insurance to the UST.  See *In re Pacesetter Designs, Inc*., 114 B.R. 731, 735 (Bankr. D. Colo. 1990) ("failures to protect and preserve the assets and interests of the estate, creates inferences of negligence, recklessness, breach of fiduciary duty, or other wrongdoing by persons in control of the Debtor-in-Possession.")

Third, the Debtors have repeatedly failed to comply with the administrative requirements in the above-named jointly administered cases, including the filing or timely filing of MORs, payment of UST fees, or providing evidence of insurance. [*See* Kinne Decl.]. While the UST has made repeated efforts to obtain the timely filing of MORs, payment of fees, and evidence of

insurance, the Debtors have not complied with the UST's requests. [*See* Kinne Decl.]. The lack of financial transparency in the cases due to the Debtors' failure to meet its statutory obligations to provide necessary financial information to the UST and creditors satisfies the UST's burden to show that cause exists to appoint an independent fiduciary. *See In re Caroline Desert Disco, Inc.*, 5 B.R. 536, 537 (Bankr. C.D. Cal. 1980) ("failure to comply with the Court's rules on . . . reports to the U.S. Trustee constitutes incompetence or gross mismanagement, justifying . . . appointment of a Trustee.").

Based on the foregoing, the Debtors' current management cannot be depended upon to carry out the fiduciary duties of the estates, and Section 1104 requires appointment of a Chapter 11 trustee in the cases. *In re Stratesec, Inc.*, 324 B.R. 158, 160 (Bankr. D.C. 2004) (where "a fiduciary is plainly necessary to take complete control of the debtor's estate, and where the debtor itself has decided against pursuing the powers of a debtor in possession, the Bankruptcy Code generally contemplates that the office of trustee will be employed").

### 4.  Appointment of a Trustee is in the Interests of Creditors and the Estates.

Section 1104(a)(2) provides an alternative to "cause" as grounds for the Court to order the appointment of a trustee: "(2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate." 11 U.S.C. § 1104(a)(2).

Under Section 1104(a)(2), courts "'eschew rigid absolutes and look to the practical realities and necessities.'" *See In re Taub*, 427 B.R. 208, 227 (Bankr. E.D.N.Y. 2010) (*quoting In re Adelphia Communication Corp.*, 336 B.R. 610, 658 (Bankr. S.D.N.Y. 2006)). In determining whether the appointment of a trustee is in the best interests of creditors, a bankruptcy court must necessarily resort to its broad equity powers. Moreover, equitable remedies are a special blend of

what is necessary, what is fair and what is workable. *Schuster v. Dragone,* 266 B.R. 268, 272-73 (D. Conn. 2001) (quotations omitted).

The factors considered by the courts in assessing motions brought under this section include: (1) the trustworthiness of the debtor; (2) the debtor's past and present performance and prospects for rehabilitation; (3) the confidence - or lack thereof - of the business community and of creditors in present management; and (4) the benefits derived from the appointment of a trustee, balanced against the cost of the appointment. *See In re Euro-American Lodging Corp.*, 365 B.R. 421, 427 (Bankr. S.D.N.Y. 2007).

The appointment of a trustee in the above-named jointly administered cases is in the best interest of creditors and the respective estates pursuant to section 1104(a)(2). The most critical factor that weighs in favor of the appointment of a trustee under section 1104(a)(2) is the need for creditors to have confidence that an independent trustee will be managing the Debtors. This factor is bolstered given the lack of MOR's, non-payment of UST's, lack of insurance, failure to retain new bankruptcy counsel, the inability to confirm a Plan or otherwise prosecute these cases in a timely manner. [*See* Kinne Decl.] Further, a motion seeking the appointment of a chapter 11 trustee has been filed by one creditor and joined by a second. [ECF Nos. 393 and 399]. The appointment of a trustee will provide creditors with the independent scrutiny and transparency needed in these cases concerning all Debtors' assets, liabilities, and financial information.

With respect to the benefits of a chapter 11 trustee balanced against the cost of appointment, redressing the concern that the Debtors be managed by an untainted fiduciary outweighs the cost of appointment of a chapter 11 trustee. Where, as here, the continuation of current management could result in further mismanagement, the appointment of a trustee is the only cure.

Based on the foregoing, it is clearly in the best interests of the Debtors' estates and their creditors to take management control out of the hands of current management and appoint an independent trustee who will comply with the fiduciary duties mandated by the Bankruptcy Code. Further, the appointment of a trustee will provide creditors with the transparency needed in these cases concerning all Debtors' assets, liabilities, and financial information.

**B.      In the Alternative, "Cause" Exists to Convert the Cases to Chapter 7.**

Grounds also exist to convert the cases under 11 U.S.C. § 1112(b)(4). Section 1112(b)(1) provides that:

> Except as provided in paragraph (2) and subsection (c), on request . . . the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

Section 1112(b) includes a non-exclusive list of what constitutes "cause;" however, the court should "consider other factors as they arise, and use its equitable power to reach the appropriate result." *Pioneer Liquidating Corp. v. United States Trustee (In re Consolidated Pioneer Mortgage Entities)*, 248 B.R. 368, 375 (B.A.P. 9th Cir. 2000) aff'd, 264 F.3d 803 (9th Cir. 2001). The bankruptcy court has broad discretion to determine what constitutes "cause" adequate for dismissal or conversion under § 1112(b). *Id*.

As movant, the UST bears the burden of establishing by preponderance of the evidence that cause exists. *Sullivan v. Harnisch (In re Sullivan)*, 522 B.R. 604, 614 (B.A.P. 9th Cir. 2014) (citation omitted). Where reorganization or rehabilitation is unrealistic or futile, a chapter 11 case may be dismissed or converted even at its outset. *Johnston v. Jem Dev. Co. v. Johnston (In re Johnston)*, 149 B.R. 158, 162 (B.A.P. 9th Cir. 1992). And, if a bankruptcy court determines that there is cause to convert or dismiss, it must also: (1) decide whether dismissal, conversion is in

the best interests of creditors and the estate; and (2) identify whether there are unusual circumstances that establish that dismissal or conversion is not in the best interests of creditors and the estate. *In re Sullivan*, 522 B.R. at 612.

First, grounds exist for conversion of the cases under Section 1112(b)(4)(B) as result of the gross mismanagement of the Debtors' estates by current management as set forth above.

Second, grounds exist for conversion of the cases under Section 1112(b)(4)(F) because the Debtors have failed to file and timely file MORs. [*See* Kinne Decl.; *see also* Bankruptcy Docket *generally*]. Additionally, pursuant to Rule 2015.4, the Debtor is required to file MORs by the 21st day of the following month. *See* LR 2015.4. *See YBA Nineteen, LLC v. IndyMac Venture, LLC (In re YBA Nineteen, LLC)*, 505 B.R. 289, 303 (S.D. Cal. 2014) (MORs and the financial disclosures contained in them "are the life blood of the Chapter 11 process" and are more than "mere busy work.")

Third, grounds exist for conversion of the cases under Section 1112(b)(4)(C) and (H) because the Debtors have failed to maintain and provide evidence of insurance. [*See* Kinne Decl.]. Specifically, the Debtor, Silver State Broadcasting, LLC, has not provided evidence of insurance to the UST which is still outstanding as of the date of this Motion. [*Id*.]. Therefore, there is cause to convert these cases. *See, e.g., In re Blixseth*, 2009 WL 1525994, at *3, *5-6 (Bankr. D. Mont. May 29, 2009); *In re Perez*, 2014 WL 2003197, at *1 (Bankr. E.D. Cal. May 14, 2014); *In re Gilroy*, 2008 WL 4531982, at *5 (B.A.P. 1st Cir. Aug. 4, 2008).

Fourth, grounds exist for conversion of the cases under 11 U.S.C. § 1112(b)(4)(K) because the Debtors failed to pay quarterly fees to the UST. Here, the Debtors have not paid the estimated quarterly fees of $1,503.91 to the UST. [*See* Kinne Decl.]. The UST is authorized by law to collect a mandatory quarterly fee from every debtor who files a chapter 11 bankruptcy

22

case. *See* 28 U.S.C. § 1930(a)(6); *Sanders v. United States Trustee (In re Sanders),* 2013 Bankr. LEXIS 4681 at *27 (B.A.P. 9th Cir. April 11, 2013) *citing Tighe v. Celebrity Home Entm't, Inc. (In re Home Entm't, Inc.)*, 210 F.3d 995, 998 (9th Cir. 2000). Quarterly fees are calculated based on the amount of disbursements made by a debtor during each quarter that the case is pending. If a chapter 11 debtor makes no disbursements during any quarter, the minimum fee that must be paid is $250.00 for that quarter. *See* 28 U.S.C. § 1930(a)(6), FRBP 2015(a)(5), and LR 2015. Section 1112(b)(4)(K) states that a case shall be dismissed or converted if a debtor has failed to pay any fees or charges required under 28 U.S.C. § 123. The UST's quarterly fees are included in this section. *In re Sanders*, 2013 Bankr. LEXIS 4681 at *15-16.

Fifth, grounds exist for conversion of these cases under 11 U.S.C. § 1112(b)(4)(E) because the Debtors failed to comply with an order of the Court. Here, the Court entered an Order for the joint administration of the Debtors' cases stating, "that the Debtors *shall* continue to file operating reports in their respective cases." [*See* ECF No. 37 at p.2, ls. 14-15; *see also* Kinne Decl.] (Emphasis added). The MORs for all three Debtors have been filed only in the lead case since the Petition Date. [*See* Kinne Decl.; *see also* Bankruptcy Docket *generally*]. Failure to comply with an order of the court may constitute "cause" to dismiss or convert a chapter 11 case. *See* 11 U.S.C. § 1112(b)(4)(E); *see also YBA Nineteen, LLC v. IndyMac Venture, LLC (In re YBA Nineteen, LLC),* 505 B.R. 289, 302 (S.D. Cal. 2014) (failure to comply with a single order of the court is sufficient to find cause).

Sixth, the Debtors have failed to confirm a Plan after multiple attempts or file any motion to sell or a bidding procedures motion with respect to the Assets. [*See* ECF Nos. 161, 298, 336, 350; *see also* Kinne Decl. *and* Bankruptcy Docket *generally*]. Any sale of the assets described in the schedules would likely fund a Plan. [*Id.*] As the cases do not appear to be progressing to

confirmation of a plan, conversion appears appropriate. *See Bay Area Material Handling v. United States Trustee (In re Bay Area Material Handling)*, 1996 U.S. App. LEXIS 2272, at *3 (9th Cir. Jan. 25, 1996) (Under § 1112(b)(4), cause exists where "a debtor's failure to file an acceptable plan after reasonable time indicates its inability to do so[,]" regardless of the reasons for that failure).

Seventh, grounds exist for conversion of the cases under 11 U.S.C. § 1112(b)(1) because the Debtors are each a limited liability company and have failed to retain replacement bankruptcy counsel. Only individuals can appear on their own behalf in bankruptcy proceedings. Corporations must be represented by a licensed attorney. *See* FRBP 9010; LR 9010*; and In re Las Colinas Develop. Corp.*, 585 F.2d 7 (1st Cir. 1978) (corporation's appearance through non-lawyer majority stockholder prohibited); *Salman v. Newell*, 110 Nev. 1333 (1994) (under Nevada law, a corporation must be represented in court by a licensed attorney). Therefore, a non-attorney may not file a bankruptcy petition on behalf of a corporate entity or otherwise represent a corporate entity. *See In re Global Const. & Supply, Inc.*, 126 B.R. 573 (Bankr. E.D. Missouri 1991). Here, the Debtors are, respectively, each a limited liability company, and "[a] limited liability company is treated as a 'corporation' under Section 101(9)(A)(iv)." *In re CWNevada LLC*, 602 B.R. 717, 725 (Bankr. D. Nev. 2019). A corporate debtor's failure to retain counsel to represent it in a chapter 11 bankruptcy case constitutes "cause" to dismiss or convert the case pursuant to 11 U.S.C. § 1112(b). *See In re Child Life*, 126 B.R. 51 (Bankr. N.D. Ohio 1991).[10]

---

[10] *See* https://www.nvb.uscourts.gov/filing/filing-pro-se/general-warning/ (last visited February 16, 2023). Currently, there is no motion or order on file seeking or allowing the employment of new bankruptcy counsel for the Debtors under 11 U.S.C. § 327. [*See* Kinne Decl.; *see also* Bankruptcy Docket *generally*].

Eighth, grounds exist for conversion of the cases because the Debtors have failed to expeditiously prosecute these cases under 11 U.S.C. §§ 1112(b)(1) and 1112(b)(4). *In re Babayoff*, 445 B.R. 64, 79 (Bankr. E.D.N.Y. 2011) (holding that because "[a] debtor's failure to make meaningful and substantive progress toward the confirmation of a plan . . . is nearly always prejudicial to creditors [,] . . . a debtor cannot wallow in chapter 11.") (quotations and citations omitted); *In re Milford Connecticut Assocs.*, 389 B.R. 303, 309 (Bankr. D. Conn. 2008) ("Chapter 11 debtors cannot 'have their cake and eat it too'; the extraordinary relief provided by the bankruptcy laws comes with a price . . . includ[ing] the responsibility to pursue an open and expeditious reorganization."); *In re Van Brunt*, 46 B.R. 29, 30 (Bankr. W.D. Wisc. 1984) ("The Chapter 11 debtor is a fiduciary of his creditors. . . and is obligated to prosecute his bankruptcy proceeding in an expeditious manner.") (citations omitted).

Conversion of the cases to Chapter 7 is an appropriate remedy because of the available assets in these estates as described in the Debtors' Schedules. [*See* Kinne Decl.; *see also* Case No. 21-14978, ECF Nos. 28, Case No. 21-14979, ECF No. 31, and Case No. 21-14980, ECF No. 29]. The appointment of a chapter 7 trustee may effectively liquidate, recover, and/or administer these assets and any other remaining assets for distribution to creditors. *See Rand v. Porsche Fin. Servs. (In re Rand)*, 2010 Bankr. LEXIS 5076, 2010 WL 6259960, *10 n.14 (B.A.P. 9th Cir. Dec. 7, 2010) (citing 7 Collier on Bankruptcy ¶ 1112.04[7] (Alan N. Resnick & Henry J. Sommer, eds., 16th ed., 2010)) (noting that one factor supporting conversion in lieu of dismissal is "[t]he ability of the trustee in a chapter 7 case to reach assets for the benefit of creditors.").

///

///

///

25

**RESERVATION OF RIGHTS AND REQUEST TO RETAIN JURISDICTION**

The UST reserves her rights to take any appropriate action under the Bankruptcy Code, the FRBP, and the local rules of the U.S. Bankruptcy Court and requests that that the Court retain jurisdiction over issues arising under 11 U.S.C. §§ 329, 330 and FRBP 2014, 2016 and 2017, related to payments made to professionals in the event the Court dismisses these cases.

**CONCLUSION**

**WHEREFORE**, based on the foregoing, the UST respectfully requests this Court enter an order directing the appointment of a chapter 11 trustee, or in the alternative, enter an order converting the cases to chapter 7, and other relief as the Court deems appropriate.

Date: February 17, 2023        Respectfully Submitted,

TRACY HOPE DAVIS
UNITED STATES TRUSTEE

By:     */s/ Justin C. Valencia*
        Justin C. Valencia
        Trial Attorney for the United States Trustee

26