Terri H. Didion, Assistant United States Trustee
State Bar No. CA 133491
Justin C. Valencia, Trial Attorney
State Bar No. NE 25375 | State Bar No. IA AT0012006
United States Department of Justice
Office of the U.S. Trustee
300 Las Vegas Boulevard So., Suite 4300
Las Vegas, Nevada 89101
Telephone: (702) 388-6600
Facsimile: (702) 388-6658
Email: justin.c.valencia@usdoj.gov

Attorney for TRACY HOPE DAVIS
United States Trustee for Region 17

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No. BK-21-14978-ABL |
| SILVER STATE BROADCASTING, LLC, | Chapter 11 |
|    AFFECTS THIS DEBTOR ☐ | *Jointly administered with*: |
|    AFFECTS GOLDEN STATE BROADCASTING, LLC ☐ |    Golden State Broadcasting, LLC, Case No. 21-14979-ABL |
|    AFFECTS MAJOR MARKET RADIO, LLC ☐ |    Major Market Radio, LLC, Case No. 21-14980-ABL |
|    AFFECTS ALL DEBTORS ☒ | Hearing Date: *OST Requested* |
|              Debtor(s). | Hearing Time: *OST Requested* |
| | Location: *OST Requested* |

## DECLARATION OF KRISTINE R. KINNE IN SUPPORT OF UNITED STATES TRUSTEE'S MOTION TO APPOINT CHAPTER 11 TRUSTEE UNDER 11 U.S.C. § 1104(a), OR, IN THE ALTERNATIVE, TO CONVERT CASES TO CHAPTER 7 PURSUANT TO 11 U.S.C. § 1112(b); AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT AND RESERVATION OF RIGHTS

I, Kristine R. Kinne, declare as follows:

    1.    I am employed as a Bankruptcy Analyst in the Reno, Nevada Office of the United

States Trustee, Region 17 (the "UST").

2.     I am the Bankruptcy Analyst assigned to the above-captioned jointly administered chapter 11 cases, and I make this declaration in support of the UST's Motion.[1]

3.     I am over the age of 18 and I have personal knowledge of the facts set forth herein, and I assert that all such facts are true and correct to the best of my knowledge based on my personal knowledge. To the extent I base my testimony upon information and belief or upon admissible evidence other than my personal knowledge, I will specifically so state.

4.     The UST is an official of the United States Department of Justice, charged by statute with the duty to oversee and supervise the administration of bankruptcy cases and take action to ensure that all reports, schedules, and fees required under Title 11 are properly and timely filed pursuant to 28 U.S.C. § 586.

5.     This declaration is based upon facts of which I have personal knowledge, as well as facts subject to judicial notice, such as filing dates, apparent from the court's records in this proceeding. This declaration is made in my official capacity as a representative of the United States Trustee, without waiving the attorney client privilege or the work product privilege.

6.     As part of my duties as a Bankruptcy Analyst, I am responsible for the supervision of chapter 11 cases in the Office of the UST, Region 17. This supervision includes: monitoring chapter 11 cases; reviewing petitions, schedules, statements and related documents, and pleadings filed by a chapter 11 debtor and other parties in interest; conducting the Initial Debtor Interview ("IDI") and requesting documents related to the IDI; reviewing pre-confirmation monthly operating reports ("MORs"); reviewing post-confirmation quarterly operating reports ("PCRs");

---

[1] Capitalized terms in this declaration shall have the same meaning ascribed to them in the Motion.

monitoring plans and disclosure statements; monitoring final decree motions; reviewing the Chapter 11 Quarterly Fee Information and Collection System (FICS); monitoring compliance with the UST's rule entitled *Uniform Periodic Reports in Cases Filed Under Chapter 11 of Title 11*, published at 28 C.F.R. § 58.8, and the UST's information posted on its public facing website regarding the new Chapter 11 Operating Reports; and other such other actions as the UST deems appropriate.

7.    In the course and scope of my regular duties, I reviewed the case dockets for the above-named jointly administered cases, including, but not limited to the Debtors' voluntary petition, schedules, statement of financial affairs ("SOFA"), various filed pleadings, and MORs in each of the cases.

8.    Based upon my review of the Court's official bankruptcy docket, Mr. Edward Stolz ("Debtor's Representative") signed the voluntary petitions filed on behalf of the Debtors.

9.    Based upon my review of the Court's official bankruptcy docket and the schedules and SOFA filed in Silver State Broadcasting, LLC, Case No. 21-14978 ("Lead case"), ECF Nos. 28, 382, this Debtor represents in Schedule A/B that its assets have a value of $32,000,000 consisting of: (a) a landlord security deposit with an unknown value; (b) radio licenses for K276 GW, KFRH FM, and KBET AM with an estimated value of $20,000,000; and (c) claims against Jerry Whitehead, Esq., Dariush G. Adli, Esq., and W. Lawrence Patrick collectively valued at or around $12,000,000. [ECF No. 28]. Schedule D reflects no secured creditors. [*Id.*]. Schedule E/F reflects six non-priority unsecured claims held by Crown Castle MU, LLC; Dariush G. Adli, Esq.; David Mincin, Esq.; DIG MCC, LCC; Jeffrey Whitehead, Esq., and W. Patrick Lawrence totaling $590,340.00. [*Id.*]. Amended Schedule E/F reflects six non-priority unsecured claims held by Bellaire Towers Homeowners Association; C&E Haas Development Company, LLC; Dariush G.

3

Adli, Esq.; PG&E; Philadelphia Indemnity Insurance Company; and W. Patrick Lawrence totaling $1,034,324.00.  [ECF No. 382.]. The SOFA does not list any revenue for this Debtor. [ECF No. 28.].

10.    Based upon my review of the Court's official bankruptcy docket and the schedules and SOFA filed in Golden State Broadcasting, LLC, Case No. 21-14979, ECF No. 31, this Debtor represents in Schedule A/B that its assets have a value of $27,016,000 and consisting of: (a) a landlord security deposit with a $16,000 value; (b) a radio license for KREV FM with an estimated value of $15,000,000; and (c) claims against Dariush G. Adli, Esq. and W. Lawrence Patrick collectively valued at or around $12,000,000. [ECF No. 31.]. Schedule D reflects no secured creditors. [*Id.*]. Schedule E/F reflects five non-priority unsecured claims held by Bellaire Towers Homeowners Association; Chuck and Ellen Haas; Dariush G. Adli, Esq.; PG&E; and W. Patrick Lawrence totaling $934,324.00.  [*Id.*]. The SOFA does not list any revenue for this Debtor.  [*Id.*].

11.    Based upon my review of the Court's official bankruptcy docket and the schedules and SOFA filed in Major Market Radio, LLC, Case No. 21-14980, ECF No. 29, this Debtor represents in Schedule A/B that its assets have a value of $17,000,000 and consisting of: (a) a landlord security deposit with an unknown value; (b) radio licenses for KRCK FM, K238AK, and K251BX with an estimated value of $5,000,000; and (c) claims against Dariush G. Adli, Esq. and W. Lawrence Patrick collectively valued at or around $12,000,000. Schedule D reflects no secured creditors. [ECF No. 29.]. Schedule E/F reflects three non-priority unsecured claims held by Dariush G. Adli, Esq.; Shah Management; and W. Patrick Lawrence totaling $590,340.00. [*Id.*]. The SOFA does not list any revenue for this Debtor. [*Id.*].

12.     Based upon my review of the Court's official bankruptcy docket in the Debtors cases, the Debtors filed a Plan on May 2, 2022, followed by an Amended Plan on August 29, 2022, and a Second Amended Plan on September 28, 2022. [ECF Nos. 161, 298, 336.].

13.     Based upon my review of the Court's official bankruptcy docket in the Debtors cases, the Second Amended Plan has not been confirmed by the Court in these cases.

14.     Based upon my review of the Court's official bankruptcy docket in the Debtors cases, the Debtors filed their voluntary petitions on October 19, 2021. Therefore, these cases would have been pending for 498 days without the confirmation of a Plan by the time the UST's Motion is heard on shortened time by this Court on March 1, 2023.

15.     Based upon my review of the Court's official bankruptcy docket in the Debtors cases, the Debtors do not have bankruptcy counsel and there is no motion or order on file seeking or allowing the employment of new bankruptcy counsel for the Debtors under 11 U.S.C. § 327. [ECF Nos. 366, 388.].

16.     Based upon my review of the Court's official bankruptcy docket in the Debtors cases, a Motion to appoint a Chapter 11 trustee filed by Creditor Mincin Law, PLLC ("1104 Motion") is pending before the Court with a hearing date set for March 1, 2023. However, there does not appear to be any declaration or exhibit filed in support of the 1104 Motion. [ECF No. 393.].

17.     Based upon my review of the Court's official bankruptcy docket in the Debtors cases, the Debtors have not filed any motion to sell or a bidding procedures motion with respect to any of their assets described in the schedules and SOFA in relation to the Letter of Intent filed on November 8, 2022. [ECF No. 350.].

18.     The UST set the Initial Debtor Interview ("IDI") for November 10, 2021. Prior to and during the IDI, the Debtors' Representative was advised of the Debtors' responsibility to timely file MORs and to provide proof of insurance to the UST.

19.     Based upon my review of the Court's official bankruptcy docket in the Debtors cases, the Debtors have failed to file MORs for the months of November 2022 and December 2022. The January 2023 MOR will be due on February 21, 2023.

20.     Based upon my review of the Court's official bankruptcy docket in the Debtors cases, the Debtors have untimely filed MORs 34 out of 37 times since the Petition Date. A summary of the untimely filed MORs is reflected in a spreadsheet I compiled which is attached as **Exhibit 1** and incorporated as if set forth herein.

21.     Based upon my review of the Court's official bankruptcy docket in the Debtors cases, the Court entered an order stating "that the Debtors *shall* continue to file operating reports in their respective cases" in the Lead Case. [ECF No. 37].

22.     Based upon my review of the Court's official bankruptcy docket in the Debtors cases, the MORs for all three Debtors have been filed <u>only</u> in the Lead case since the Petition Date.

23.     On February 17, 2023, I accessed the Chapter 11 Quarterly Fee Information and Collection System ("FICS"), which calculates quarterly fees based on the Debtors' MOR disbursements. I ran the current Account Reconciliation report, which reports estimated fees due and unpaid of a cumulative $1,503.91 for the Debtors (Silver State Broadcasting, LLC owes $500.79; Golden State Broadcasting, LLC owes $501.56; and, Major Market Radio, LLC owes $501.56).

24.     Because the Debtors have failed to file the two above-referenced MORs, the UST cannot calculate the precise amount of fees due. The Debtors' disbursements are required for this

6

calculation and are part of the information set forth in MORs. The fees are estimated due to the Debtors' failure to file MORs for the periods referenced herein.

25.     The last MORs dated October 31, 2022, filed by Debtors reflects the following: Silver State Broadcasting, LLC has a negative $7,817 cumulative net cash flow; Golden State Broadcasting, LLC has a positive $7,529 cumulative net cash flow; and, Major Market Radio, LLC has a negative $432 cumulative net cash flow. A summary of the cumulative net cash flow shown by the last filed MORs are reflected in a spreadsheet I compiled which is attached as **Exhibit 1** and incorporated as if set forth herein.

26.     On February 14, 2023, I emailed the Debtor's Representative a request to provide current proof of insurance for Debtor Silver State Broadcasting, LLC.

27.     As of the date of my declaration, the Debtors' Representative has failed to respond to and provide the UST with a current proof of the insurance for Silver State Broadcasting, LLC.

I declare under penalty of perjury that the foregoing statements are true and correct. Executed in Reno, Nevada on February 17, 2023.

*/s/ Kristine R. Kinne*
Kristine R. Kinne
Bankruptcy Analyst
for the United States Trustee

7