GARMAN TURNER GORDON LLP
GREGORY GARMAN, ESQ.
Nevada Bar No. 6654
Email: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
Email: tgray@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: 725.777.3000
[Proposed] *Attorneys for Michael Carmel,
Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>SILVER STATE BROADCASTING, LLC,<br><br>☐ AFFECTS THIS DEBTOR<br><br>☐ AFFECTS GOLDEN STATE BROADCASTING, LLC<br><br>☐ AFFECTS MAJOR MARKET RADIO, LLC<br><br>☒ AFFECTS ALL DEBTORS | CASE NO. BK-21-14978-ABL<br><br>Chapter 11<br><br>*Jointly Administered with:*<br><br>Golden State Broadcasting, LLC<br>Case No. 21-14979-ABL<br><br>Major Market Radio, LLC<br>Case No. 21-14980-ABL<br><br>Hearing Date:<br>Date:  May 1, 2023<br>Time: 1:30 p.m. |

**APPLICATION FOR ORDER APPROVING EMPLOYMENT OF
GARMAN TURNER GORDON LLP AS ATTORNEYS FOR MICHAEL CARMEL,
<u>CHAPTER 11 TRUSTEE</u>**

Michael Carmel, as the Chapter 11 trustee ("<u>Trustee</u>") for the bankruptcy estates of Silver State Broadcasting, LLC, Golden State Broadcasting, LLC and Major Market Radio, LLC (the "<u>Debtors</u>"), hereby applies to this Court for entry of an order approving the employment of Garman Turner Gordon LLP ("<u>GTG</u>") as attorneys for the Trustee.  This application (the "<u>Application</u>") is made and based upon the points and authorities provided herein, the declarations of Michael Carmel (the "<u>Carmel Decl.</u>") and Talitha Gray Kozlowski (the "<u>Gray Kozlowski Decl.</u>"), both of which are filed herewith, as well as the papers and pleadings on file herein, judicial notice of which

is respectfully requested, and any argument of counsel entertained by the Court at the time of the hearing on the Application.

# I.
# INTRODUCTION

1. On October 19, 2021 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under Chapter[1] 11 of the Bankruptcy Code, thereby commencing the above-captioned bankruptcy cases (the "Chapter 11 Case"). See ECF No. 1.

2. On November 19, 2021, this Court entered its *Order Authorizing Joint Administration of Cases* directing that "the Chapter 11 case of SILVER STATE BROADCASTING, LLC (Case No. 21-14978-abl), shall be jointly administered with the Chapter 11 cases of GOLDEN STATE BROADCASTING, LLC (Case No. 21-14979-abl) and MAJOR MARKET RADIO LLC (Case No. 21-14980-abl), with SILVER STATE BROADCASTING, LLC designated as the Lead Case ("Lead Case"), and all papers relating to the above referenced Debtors shall be docketed in the Lead Case (Case No. 21-14978-abl)." See ECF No. 37.

3. On March 6, 2023, this Court entered its *Order on United States Trustee's Motion to Appoint Chapter 11 Trustee Under 11 U.S.C. § 1112(b); and Memorandum of Point and Authorities in Support and Reservation of Rights [ECF No. 405], and Creditor Mincin Law, PLLC's Motion for Appointment of Chapter 11 Trustee [ECF No. 393]*, thereby directing the appointment of a Chapter 11 trustee for the Debtors' estates. See ECF No. 419.

4. On March 10, 2023, Tracy Hope Davis, the United States Trustee for Region 17, appointed the Trustee as the Chapter 11 trustee for the Debtors' estates. See ECF No. 420.

5. On March 10, 2023, the Court entered its *Order Approving Appointment of Chapter 11 Trustee,* thereby approving the Trustee's appointment. See ECF No. 422.

---

[1] All references to "Section" herein shall be to the Bankruptcy Code appearing in Title 11 of the U.S. Code; all references to a "Bankruptcy Rule" shall refer to the Federal Rules of Bankruptcy Procedure; and all references to a "Local Rule" shall refer to the Local Rules of Bankruptcy Practice of the U.S. District Court for the District of Nevada.

6. On March 13, 2023, the Trustee filed his *Notice of Acceptance of Appointment of Chapter 11 Trustee* accepting appointment as the Chapter 11 trustee for the Debtors' estates. See ECF No. 424.

## II.
## JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1134. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue of the Debtors' Chapter 11 Cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This Application is a "core proceeding" which the Court has jurisdiction to decide pursuant to pursuant to 28 U.S.C. § 157(b)(2)(A).

8. The statutory basis for the relief sought herein arises from Sections 327, 328, 1107 and 1108 of the Bankruptcy Code and Bankruptcy Rule 2014.

9. Pursuant to LR 9014.2, the Trustee consents to entry of final order(s) or judgment(s) by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders for judgment consistent with Article III of the United States Constitution.

## III.
## RELIEF REQUESTED

10. The Trustee seeks Court approval pursuant to Section 327(a) of the Bankruptcy Code to employ and retain GTG as his attorneys in connection with the Chapter 11 Cases. Pursuant to Sections 327(a), 328(a), 330, and 331 of the Bankruptcy Code, the Trustee requests that the Court approve the retention and compensation of GTG as his attorneys to perform the legal services that will be necessary during the Chapter 11 Cases in accordance with GTG's normal hourly rates in effect when the services are rendered and normal reimbursement policies.

## IV.
## RETENTION

11. The Trustee has selected GTG as his attorneys because of the firm's extensive experience in cases under Chapter 11 of the Bankruptcy Code and significant experience representing Chapter 11 trustees. Members of GTG have been actively involved in many of the most complex bankruptcy cases filed in this District during the last several decades. GTG's

attorneys have represented debtors, trustees, committees, and other parties-in-interest in bankruptcy cases of national significance, and are well-qualified to represent the Trustee in these Chapter 11 Cases. The attorneys employed by GTG are duly-admitted to practice before this Court. See Gray Kozlowski Decl. ¶ 3; see also Carmel Decl. ¶ 3.

12. The terms of GTG's retention are set forth in the Legal Retention Agreement (the "Retention Agreement") attached to the Gray Kozlowski Decl. as **Exhibit "1."** The Retention Agreement provides GTG's hourly rates and charges to the Trustee. See id. ¶ 4.

13. It is proposed that GTG be employed to render the following professional services:

    a. advise the Trustee with respect to the rights, powers, and duties as trustee;

    b. prepare on behalf of the Trustee all necessary or appropriate motions, applications, answers, orders, reports, and other papers in connection with the administration of the Debtors' estates;

    c. advise and assist the Trustee with all actions he may take to collect and recover property for the benefit of the Debtors' estates;

    d. to take all necessary or appropriate actions in connection with any sale, plan, disclosure statement, and all related documents, and such further actions as may be required in connection with the administration of the Debtors' estates;

    e. take all necessary actions to protect and preserve the Debtors' estates, including the prosecution of actions on the Debtors' behalf, the defense of any actions commenced against the Debtors, the negotiation of disputes in which the Debtors are involved, and the preparation of objections to claims filed against the Debtors' estates; and

    f. perform all other necessary legal services in connection with the prosecution and administration of the Debtors' Chapter 11 Cases.

See id. ¶ 5.

. . .

. . .

. . .

## V.
## DISINTERESTEDNESS

14. To the best of GTG's knowledge, neither GTG nor any of its partners or associates have any present or prior connection with the Debtors, the Debtors' creditors, or other parties-in-interest, except as set forth herein. To the best of GTG's knowledge, GTG and its partners and associates do not hold or represent any interest adverse to the Debtors' estates and GTG and its partners and associates are disinterested persons within the meaning of Sections 101(14) and 327 of the Bankruptcy Code, as modified by Section 1107(b). Additionally, GTG does not have any connection with the Office of the United States Trustee or any persons employed in the Office of the United States Trustee. GTG's representation of the Trustee will not be adverse to the Debtors' estates. See id. ¶ 6.

15. Prior to commencing representation of Trustee, GTG reviewed the Debtors' schedules and statements, proofs of claim, and matrices to determine any previous or present representations of creditors or parties-in-interest. See id. ¶ 7.

16. Pursuant to Bankruptcy Rule 2014, GTG makes the following disclosures, none of which render GTG not disinterested or render GTG's proposed representation of the Trustee adverse to the Debtors' estates:

    a. GTG's attorneys have worked with and/or been opposed to the following counsel appearing in these Chapter 11 Cases: Stephanie R. Harris (Debtors' prior counsel); Ogonna Brown and other lawyers at her firm, Brett Axelrod and other lawyers at her firm, Steven Scow, John Naylor, Candace Carlyon and other lawyers at her firm, Thomas Fell and other lawyers at his firm, and potentially other attorneys that have or may appear in the Chapter 11 Cases. GTG does not believe these professional relationships affect its qualification to serve as counsel to the Trustee.

    b. GTG's attorneys have represented debtors, trustees, and creditors in unrelated bankruptcy and litigation cases in which such representation was adverse to creditors in these Chapter 11 Cases. GTG has specifically identified the Internal Revenue Service and Digg MCC, LLC.

c. GTG has also represented other parties in unrelated bankruptcy cases in which the Trustee was a trustee or mediator. GTG has never previously represented the Trustee. See id. ¶ 8.

17. GTG will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise, and if any new relevant facts or relationships are discovered, GTG will supplement its disclosure to the Court. See id. ¶ 9.

## VI. COMPENSATION

18. The compensation of GTG's attorneys and paraprofessionals are proposed at varying rates currently ranging from $100.00 per hour to $275.00 per hour for paraprofessionals, ranging from $355.00 per hour to $450.00 per hour for associates, and from $500.00 per hour to $895.00 per hour for partners of GTG, subject to change from time to time as provided for in the Retention Agreement, and all subject to application and approval by this Court pursuant to Sections 330 and 331 of the Bankruptcy Code. GTG respectfully submits that such rates are reasonable in light of the high quality of the services being provided and the specialized nature of the services being provided. Additionally, GTG's rates are consistent with the market. In the normal course of business, GTG adjusts its hourly rates on an annual basis. GTG will also seek reimbursement of its expenses pursuant to its policies set forth in the Retention Agreement, which generally involve passing through all properly reimbursable expenses to the client. See id. ¶ 10.

19. No payments have been made or promised to GTG for services rendered in connection with these Chapter 11 Cases. See id. ¶ 11.

20. There is no agreement between GTG and any other entity for the sharing of compensation to be received for services in connection with these Chapter 11 Cases. See id. ¶ 12.

21. GTG hereafter intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, including, but not limited to Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Guidelines for Professional Compensation established by the Office of the United States Trustee, and further orders of this Court, for all services performed and expenses

incurred after the Petition Date.  It is further contemplated that GTG may seek interim compensation during this case as permitted by Section 331 of the Bankruptcy Code and Bankruptcy Rule 2016.  GTG understands that its compensation is subject to prior Court approval.  See id. ¶ 13.

## VII.
## CONCLUSION

WHEREFORE, the Trustee respectfully requests entry of an order in substantially the form attached hereto as **Exhibit "1,"** thereby authorizing the employment of GTG as the Trustee's attorneys to render the legal services described herein, with compensation and reimbursement of expenses to be paid as an administrative expense in such amounts as may be allowed by the Court, pursuant to the provisions of Sections 330 and 331 of the Bankruptcy Code.

Dated this 20th day of March, 2023.

GARMAN TURNER GORDON LLP

By: /s/ Gregory E. Garman
    GREGORY E. GARMAN, ESQ.
    TALITHA GRAY KOZLOWSKI, ESQ.
    7251 Amigo Street, Suite 210
    Las Vegas, Nevada 89119
    [Proposed] *Attorneys for Michael Carmel, Chapter 11 Trustee*