BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
*Pro Hac Vice*
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
       nkoffroth@foxrothschild.com
*Counsel for W. Lawrence Patrick*

Electronically Filed March 23, 2023

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

In re

SILVER STATE BROADCASTING, LLC,

☐ Affects Silver State Broadcasting, LLC
☐ Affects Golden State Broadcasting, LLC
☐ Affects Major Market Radio, LLC
☒ Affects all Debtors

Case No. BK-21-14978-abl

Jointly Administered with:
Case No. BK-S-21-14979-abl
Case No. BK-S-21-14980-abl

Chapter 11

**RECEIVER W. LAWRENCE PATRICK'S MOTION FOR ALLOWANCE OF ADMINISTRATIVE CLAIM PURSUANT TO 11 U.S.C. §§ 503(b)(3)(E), 503(b)(4) & 543(c)(2)**

Hearing Date: May 1, 2023
Hearing Time: 1:30 p.m.

W. Lawrence Patrick ("Receiver"), former receiver of certain assets of the above-captioned jointly administered debtors and debtors in possession (the "Debtors"), hereby files this motion (the "Motion") pursuant to sections 503(b)(3)(E), 503(b)(4) & 543(c)(2) of title 11 of the United States Code (the "Bankruptcy Code"), seeking entry of an order from this Court allowing the Receiver an administrative claim in the aggregate amount of (i) the Receiver's prepetition fees and expenses (including compensation of his professionals) as authorized and/or approved by the United States

1

139377813.4

District Court for the Central District of California (the "District Court"), and (ii) the Receiver's postpetition expenses (including compensation of his professionals) incurred in connection with the turnover of the receivership assets to the Debtors and the filing of his final accountings.[1]

This Motion is based upon the *Declaration of W. Lawrence Patrick* (the "Patrick Declaration"), the *Declaration of Brett A. Axelrod* (the "Axelrod Declaration"), the *Declaration of Fred D. Heather* (the "Heather Declaration"), and the *Declaration of Dawn M. Sciarrino* (the "Sciarrino Declaration") filed in support hereof, all other papers and pleadings filed in the Chapter 11 Cases, and the Memorandum of Points and Authorities attached hereto.

DATED this 23rd day of March 2023.

**FOX ROTHSCHILD LLP**

By:  /s/ Brett A. Axelrod
BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Appearing *Pro Hac Vice*
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
*Counsel for W. Lawrence Patrick*

---

[1] This Motion is without prejudice to the Receiver's right to seek allowance of any and all other administrative claims, including but limited to an administrative claim for the fees and expenses incurred in preparing this Motion and/or making a substantial contribution to the Debtors' chapter 11 cases.

139377813.4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion, pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B). The statutory predicates for the relief sought herein are sections 503(b)(3)(E), 503(b)(4) & 543(b) of the Bankruptcy Code.

## II.

## STATEMENT OF FACTS

**A.   Receiver's Appointment**

2. On July 6, 2020 (the "Appointment Date"), the District Court entered its *Order Appointing W. Lawrence Patrick as Receiver in Aid of Post-Judgement Execution* (the "Appointment Order"), a true and correct copy of which is annexed as **Exhibit 1** to the Patrick Declaration.[2] Patrick Declaration, ¶ 3 & Exhibit 1.

3. Among other things, the Appointment Order appointed the Receiver to facilitate judgement against the Debtors by managing certain of their radio stations (the "Assets") and soliciting offers for their sale. The Appointment Order granted the Receiver authority to do all acts "which may be necessary and proper to operate and manage the stations," and approved the Receiver's fees of $7,500 per month, plus a brokerage commission on any sale of the Assets. Patrick Declaration, ¶ 4 & Exhibit 1.

4. On August 4, 2020, the District Court entered its Order on *Receiver W. Lawrence Patrick's Emergency Ex Parte Application for: (1) Order to Show Cause re: Defendants' Ongoing Refusal to Comply with Execution of Judgment and Interference with Receiver's Duties; and (2) Authority to Appoint Receiver's Counsel* (the "Counsel Order"), a true and correct copy of which is annexed as **Exhibit 2** to the Patrick Declaration. Among other things, the Counsel Order authorized the Receiver to retain the law firm of Glaser, Weil, Fink, Howard, Avchen & Shapiro, LLP ("Glaser

---

[2] For a description of the litigation leading up to the Appointment Order, *see Emergency Motion to Excuse Turnover in Favor of Receiver and to Dismiss/Abstain, or, Alternatively, for Stay Relief and/or Conversion* [Docket No. 45].

Weil") in order to assist with securing Mr. Stolz's compliance with the Receiver, as well as for such other purposes that the Receiver determined were reasonably necessary to further the interests of the Receivership. Patrick Declaration, ¶ 5 & Exhibit 2.

**B.     Receiver's Fees And Expenses Approved By The District Court For The Period From The Appointment Date To July 11, 2021**

5.     On July 16, 2021, the Receiver filed an accounting with the District Court (the "Receiver Initial Accounting"), detailing his fees and expenses from the Appointment Date through July 11, 2021 (the "Initial Period"), a true and correct copy of which is annexed as **Exhibit 3** to the Patrick Declaration. Patrick Declaration, ¶ 6 & Exhibit 3.

6.     On August 2, 2021, the Receiver filed *Receiver W. Lawrence Patrick's Motion for Fees and Costs from the Receivership Estate* (the "Receiver Initial Fee Motion"), a true and correct copy of which is annexed as **Exhibit 4** to the Patrick Declaration. Among other things, the Receiver Initial Fee Motion demonstrated that the Receiver's counsel's hourly rates and the hours they spent providing services to the Receivership were reasonable under the circumstances. Patrick Declaration, ¶ 7 & Exhibit 4.

7.     On August 26, 2021, the District Court granted the Receiver Initial Fee Motion in part in its order (the "Initial Award Order"), a true and correct copy of which is annexed as **Exhibit 5** to the Patrick Declaration. Patrick Declaration, ¶ 8 & Exhibit 5.

8.     The Initial Award Order awarded the Receiver (a) $34,122.06 in out-of-pocket expenditures, (b) $105,000.00 in monthly fees, (c) $60,000.00 as a stay bonus, and (d) $451,218.04 in counsel fees ($333,680.54 incurred by Glaser Weil, and $117,537.50 incurred by the Receiver's FCC counsel, Sciarrino & Shubert, PLLC ("Sciarrino & Shubert")), for a total of $650,340.10 for the Initial Period (collectively, the "Initial Awarded Compensation"). Patrick Declaration, ¶ 9 & Exhibit 5, p. 4; Sciarrino Declaration, ¶¶ 3 & 6; Heather Declaration, ¶¶ 3 & 8.

9.     To date, the Debtors have not paid the Receiver any of the Initial Awarded Compensation. Patrick Declaration, ¶ 10.

4

139377813.4

**C.     Receiver's Fees And Expenses Incurred For The Period July 12, 2021 To The Petition Date.**

10.     On October 19, 2021 (the "Petition Date"), the Debtors filed their petitions for relief under chapter 11 of the Bankruptcy Code.

11.     From July 12, 2021 to the Petition Date (the "Prepetition Period"), the Receiver incurred $22,500.00 in monthly Receiver Fees ($7,500 per month for three months).  In addition, in furtherance of his duties to the Receivership Estate, the Receiver incurred: (a) $71,681.25 in professional fees and $863.25 in expenses to Glaser Weil, as detailed in the Heather Declaration, ¶¶ 5 & 8 & Exhibit 1 thereto; and (b) $33,437.50 in professional fees to Sciarrino & Shubert, as detailed in the Sciarrino Declaration, ¶¶ 4 & 6 & Exhibit 1 thereto.  Patrick Declaration, ¶ 11.

12.     In sum, the Receiver incurred a total of $128,482.00 in fees and expenses in furtherance of his duties to the Receivership Estate during the Prepetition Period (the "Prepetition Compensation").  Patrick Declaration, ¶ 12.

13.     As discussed in Section II.E below, on February 22, 2023, the District Court entered its order approving, among other things, the Prepetition Compensation (the "Prepetition Awarded Compensation").  Patrick Declaration, ¶ 13.

14.     To date, the Debtors have not paid the Receiver any of the Prepetition Awarded Compensation.  Patrick Declaration, ¶ 14.

**D.     Receiver's Fees And Expenses Incurred After The Petition Date In Connection With The Turnover Of The Assets And Final Accounting.[3]**

15.     On November 9, 2021, the District Court entered its *Order on Receiver W. Lawrence Patrick's Emergency Ex Parte Application for Authority to Appoint Bankruptcy Counsel* (the "Bankruptcy Counsel Order"), a true and correct copy of which is annexed as **Exhibit 6** to the Patrick Declaration.  The Bankruptcy Counsel Order authorized the Receiver to retain the law firm of Fox Rothschild LLP ("Fox Rothschild") in order to assist the Receiver in responding to the Debtors'

---

[3] This Motion seeks compensation only for the services performed in connection with the Turnover during the Postpetition Period, and is without prejudice to the Receiver's right to seek allowance of any and all other administrative claims, including but limited to an administrative claim for the fees and expenses incurred in preparing this Motion and/or making a substantial contribution to the Debtors' chapter 11 cases.

bankruptcy petitions, as well as for such other purposes that the Receiver determined were reasonably necessary to further the interests of the Receivership. Patrick Declaration, ¶¶ 15-16 & Exhibit 6.

16. After the Petition Date (the "Postpetition Period"), the Receiver turned over the Assets to the Debtors and prepared, among other things, the Receiver's *Final Accounting* [ECF No. 141], *Notice of Receiver's Supplemental Accounting* [ECF No. 326], and *Declaration of W. Lawrence Patrick in support of Notice of Receiver's Supplemental Accounting* [ECF No. 327] (collectively, the "Turnover"). Patrick Declaration, ¶ 17.

17. In connection with the Turnover, the Receiver incurred: (a) $57,023.50 in professional fees to Fox Rothschild, as detailed in the Axelrod Declaration, ¶¶ 3-4 & Exhibit 1 thereto; (b) $7,425.00 in professional fees to Glaser Weil, as detailed in the Heather Declaration, ¶¶ 6-8 & Exhibit 2 thereto; and (b) $22,750.00 in professional fees to Sciarrino & Shubert as detailed in the Sciarrino Declaration, ¶¶ 5-6 & Exhibit 2 thereto. Patrick Declaration, ¶ 18.

18. In sum, the Receiver incurred a total of $87,198.50 in fees in connection with the Turnover during the Postpetition Period (the "Postpetition Turnover Compensation"). Patrick Declaration, ¶ 19.

**E.    District Court Order Approving Receiver's Final Accounting And Awarding Fees**

19. On January 18, 2023, the Receiver filed *Receiver W. Lawrence Patrick's Notice of Motion and Motion for an Order Approving of Receiver's Final Report and Accounting as to all Defendants except Silver State Broadcasting, LLC and Golden State Broadcasting and an Award of Fees and Costs* (the "Receiver Final Fee Motion"), a true and correct copy of which is annexed as **Exhibit 7** to the Patrick Declaration. Patrick Declaration, ¶ 20 & Exhibit 7.

20. The Receiver Final Fee Motion sought approval of all fees and expenses incurred by the Receiver and his counsel (Glaser Weil, Sciarrino & Shubert, and Fox Rothschild) during the Prepetition Period and the Postpetition Period, including the fees and expenses incurred in connection with the Turnover. The Receiver Final Fee Motion detailed the services provided and demonstrated that the Receiver's counsel's hourly rates and the hours they spent providing services to the Receivership were reasonable under the circumstances. Patrick Declaration, ¶ 21 & Exhibit 7.

21. On February 22, 2023, the District Court entered its order approving the Receiver Final Fee Motion (the "Final Award Order"), a true and correct copy of which is annexed to the Patrick Declaration as **Exhibit 8**. Patrick Declaration, ¶ 22 & Exhibit 8.

22. The Final Award Order reconfirmed the District Court's award of the Initial Awarded Compensation, and additionally awarded the following amounts as fees and expenses incurred in connection with the Prepetition and Postpetition Periods: (a) $120,000.00 to the Receiver; (b) $658,108.63 to Glaser Weil; (c) $91,691.67 to Sciarrino & Shubert; and (d) $617,936.55 to Fox Rothschild (collectively, the "Final Awarded Compensation"). Patrick Declaration, ¶ 23 & Exhibit 8, p. 2.

23. To date, the Receiver has not received any of the Final Awarded Compensation. Patrick Declaration, ¶ 24.

## III.

## STATUTORY BASIS FOR RELIEF REQUESTED

24. Section 543(b) provides that:

A custodian[4] shall –

(1) deliver to the trustee any property of the debtor held by or transferred to such custodian, or proceeds, product, offspring, rents, or profits of such property, that is in such custodian's possession, custody, or control on the date that such custodian acquires knowledge of the commencement of the case; and

(2) file an accounting of any property of the debtor, or proceeds, product, offspring, rents, or profits of such property, that, at any time, came into the possession, custody, or control of such custodian.

11 U.S.C. § 543(b).[5]

25. Section 543(c)(2) provides that "The court, after notice and a hearing, shall -- provide for the payment of reasonable compensation for services rendered and costs and expenses incurred by such custodian." 11 U.S.C. § 543(c)(2).

---

[4] "Custodian" is defined to include a "receiver . . . of any of the property of the debtor, appointed in a case or proceeding not under this title." 11 U.S.C. § 101(11)(A).

[5] The court may excuse compliance with section 543(b) if in the interest of creditors. *See* 11 U.S.C. § 543(d)(1).

7

139377813.4

26. "After being superseded, the custodian is entitled to apply to the bankruptcy court pursuant to 11 U.S.C. § 543(c)(2) for reasonable compensation for services rendered and costs and expenses incurred, including legal fees reasonably incurred in connection with the custodian's services. Reasonable compensation for legal services for a superseded custodian is determined in accordance with standards prescribed under the Bankruptcy Code, and 'based on the time, nature, the extent and the value of such services, and the cost of comparable services other than in a case under [the Bankruptcy Code].' 11 U.S.C. § 503(b)(4). Moreover, the Bankruptcy Code contemplates that additional legal services will be incurred in preparing the custodian's application for payment in accordance with the standards required under the Code." *In re Snergy Props., Inc.*, 130 B.R. 700, 705 (Bankr. S.D.N.Y. 1991); *see also* 5 *Collier on Bankruptcy* ("Collier") ¶ 543.04 (16th ed. 2022 rev.) ("The section 543(c)(2) 'reasonable compensation' standard has been applied in the same manner as the 'reasonable compensation' provision of section 330(a)(1)(A).").

27. In addition, section 503(b)(3)(E) provides that: "After notice and a hearing, there shall be allowed administrative expenses, . . . including -- the actual, necessary expenses . . . incurred by . . . a custodian superseded under section 543 of this title, and compensation for the services of such custodian." 11 U.S.C. § 503(b)(3)(E). "Section 503(b)(3)(E) authorizes compensation for both postpetition and prepetition services of a custodian or receiver superseded under section 543." 4 *Collier* ¶ 503.10[6].

28. Section 503(b)(4) allows administrative expenses for "reasonable compensation for professional services rendered by an attorney or an accountant of an entity whose expense is allowable under subparagraph . . . (E) of paragraph (3) of this subsection, based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under this title, and reimbursement for actual, necessary expenses incurred by such attorney or accountant." 11 U.S.C. § 503(b)(4). "Section 503(b)(4) provides administrative expense status for the cost of professional services rendered to an entity whose expenses are allowable under subsection . . . (E) of section 503(b)(3). The section also grants administrative expense status for the actual, necessary expenses incurred by such attorney or accountant." 4 *Collier* ¶ 503.11.

29. "11 U.S.C. § 503(b)(3)(E) expressly authorizes compensation for the prepetition services of a custodian or receiver superseded under 11 U.S.C. § 543 and is an exception to the general rule with respect to the allowance of compensation for exclusively postpetition activities as an administrative expense. Unlike the requirement in subsection (D) under § 503(b)(3), subsection (E), which governs superseded custodians, does not require that the services of the custodian made 'a substantial contribution' in the Chapter 11 case. Moreover, the costs and expenses of a prepetition custodian or receiver superseded under 11 U.S.C. § 543 include the expense of counsel fees incurred by the custodian or receiver, for which prior court approval is not expressed as a prerequisite for allowances." *Snergy Props*, 130 B.R. at 704.

## IV.

## SUMMARY OF DUTIES PERFORMED AND SERVICES RENDERED

**A.     Initial Period**

30.    In awarding $650,340.10 of the Receiver's fees and expenses for the Initial Period, the District Court determined that such compensation was reasonable, based on the time, the nature, the extent, and the value of such services:

> The Court is inclined to award the Receiver out-of-pocket expenditures, compensation, and counsel fees. These are provided for in the Receivership Order and in the Court's order authorizing the Receiver to appoint counsel. . . . The Receiver represents that his counsel's hourly rates range from $500-$975 an hour. This is reasonable, considering the complexity of this litigation. Additionally, the Receiver submitted sufficient accounting for his counsel's time. Because the Court is well aware of the difficulty of the Receiver's job over the course of the last year, it finds the requested rates appropriate. It therefore awards him $34,122.06 in out-of-pocket expenditures; $105,000 in monthly fees; and $451,218.04 in counsel fees. . . . Additionally, as discussed below, because the Court cannot dissolve the Receivership for at least two months, the Court approves the payment of and reimbursement for "stay bonuses" in the amount of $60,000.

Patrick Declaration, Exhibit 5.

31.    Thus, the District Court, having intimate familiarity with the Receiver's duties and his performance thereof, entered the Initial Award Order based on its consideration of factors similar to those set forth in section 503(b)(4) ("the time, the nature, the extent, and the value of such services"). *See* Patrick Declaration, ¶ 25 & Exhibit 5.

9

139377813.4

32. The Receiver respectfully requests that the Court accord the Initial Award Order deference and award the Receiver an administrative claim of $650,340.10 as reasonable compensation for services rendered and reimbursement of actual, necessary expenses incurred during the Initial Period. Patrick Declaration, ¶ 26.

**B.    Prepetition Period**

33. As set forth in the Patrick, Heather and Sciarrino Declarations and the invoices attached as Exhibits thereto (all of which were included in the Receiver Final Fee Motion), the Receiver incurred a total of $128,482.00 in fees and expenses in furtherance of his duties to the Receivership Estate during the Prepetition Period. Patrick Declaration, ¶ 27 & Exhibit 7; *see also* Heather Declaration, ¶¶ 5 & 8 & Exhibit 1 thereto; Sciarrino Declaration, ¶¶ 4 & 6 & Exhibit 1 thereto.

34. The services included, but were not limited to, (a) opposing the Debtors' efforts to prematurely discharge the receivership and (b) processing the applications for assignment of the Debtors' radio broadcast licenses issued by the FCC from the Receiver to an unrelated third party and other regulatory matters before the FCC. *See* Heather Declaration, ¶ 5 & Exhibit 1 thereto; Sciarrino Declaration, ¶ 4 & Exhibit 1 thereto.

35. The District Court, having intimate familiarity with the Receiver's duties and his performance thereof, entered the Final Fee Award, awarding the Receiver all requested compensation for services rendered and reimbursement of actual, necessary expenses incurred during the Prepetition Period. *See* Patrick Declaration, ¶ 28 & Exhibit 8.

36. The Receiver respectfully requests that the Court accord the Final Award Order deference and award the Receiver an administrative claim in the amount of $128,482.00 as reasonable compensation for services rendered and reimbursement of actual, necessary expenses incurred during the Prepetition Period. Patrick Declaration, ¶ 29.

**C.    Postpetition Period**

37. As detailed in the Patrick, Axelrod, Heather and Sciarrino Declarations and the invoices attached as Exhibits thereto, the Receiver incurred a total of $87,198.50 in fees in connection with the Turnover during the Postpetition Period. Patrick Declaration, ¶ 30; *see also* Axelrod

Declaration, ¶¶ 3-4 & Exhibit 1 thereto; Heather Declaration, ¶¶ 6-8 & Exhibit 2 thereto; Sciarrino Declaration, ¶¶ 5-6 & Exhibit 2 thereto.

38. The services included, but were not limited to, (a) preparing, filing and associated actions related to FCC applications to assign the radio broadcast licenses back to the Debtors, and (b) preparing and/or responding to the following pleadings:

- *Receiver's Accounting Pursuant to Order Granting Debtor's Emergency Motion for Turnover [Docket No. 115]* [ECF No. 141]
    - *Request for Judicial Notice in Support of Receiver's Accounting Pursuant to Order Granting Debtor's Emergency Motion for Turnover [Docket No. 115]* [ECF No. 142]
    - *Declaration of W. Lawrence Patrick in Support of Receiver's Accounting Pursuant to Order Granting Debtor's Emergency Motion for Turnover [Docket No. 115]* [ECF No. 148]

- *Debtors' Motion for Order: (1) Enforcing Receiver's Compliance with Turnover; (2) for Contempt; and (3) for Sanctions* [ECF No. 186]
    - *Opposition to Debtors' Motion for Order: (1) Enforcing Receiver's Compliance with Turnover; (2) for Contempt; and (3) for Sanctions* [ECF No. 204]
    - *Declaration of Nicholas S. Koffroth in Support of Opposition to Debtors' Motion for Order: (1) Enforcing Receiver's Compliance with Turnover; (2) for Contempt; and (3) for Sanctions* [ECF No. 205]
    - *VCY America, Inc.'s Limited Opposition to Debtors' Motion for Order: (1) Enforcing Receiver's Compliance with Turnover; (2) for Contempt; and (3) for Sanctions* [ECF No. 206]
    - *Declaration of Ogonna M. Brown, Esq. in Support of VCY America, Inc.'s Limited Opposition to Debtors' Motion for Order: (1) Enforcing Receiver's Compliance with Turnover; (2) for Contempt; and (3) for Sanctions* [ECF No. 207]
    - *Omnibus Reply to Oppositions to Debtors' Motion for Order: (1) Enforcing Receiver's Compliance with Turnover; (2) for Contempt; and (3) for Sanctions* [ECF No. 223]

- *Notice of Receiver's Supplemental Accounting* [ECF No. 326]
    - *Declaration of W. Lawrence Patrick in Support of Notice of Receiver's Supplemental Accounting and Related Exhibits* [ECF No. 327]

see also Axelrod Declaration, ¶¶ 8-9 & Exhibit 1 thereto; Heather Declaration, ¶ 6 & Exhibit 2 thereto; Sciarrino Declaration, ¶ 5 & Exhibit 2 thereto.

39. Among other things, the Receiver and his counsel were required to (a) respond to three separate letters from the Debtors with detailed information requests and lists of random assets and

139377813.4

1  equipment that the Debtors had never transferred to the Receiver, but demanded be turned over, and
2  (b) draft sixty (60) separate Monthly Operating Reports (one report for each Debtor during each
3  month of the Receivership). Axelrod Declaration, ¶ 10.

4      40.    The Receiver submits that the Postpetition Turnover Compensation is fair and
5  reasonable given (a) the complexity of the Chapter 11 Cases, (b) the time expended, (c) the nature
6  and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable
7  services in a case other than under this title. Patrick Declaration, ¶ 31.

8      41.    Further, as noted above, the District Court has approved the Postpetition Turnover
9  Compensation as part of the Final Award Order. Patrick Declaration, ¶ 32 & Exhibit 8.

10     42.    Accordingly, the Receiver respectfully requests that the Court also award the Receiver
11 an administrative claim in the amount of $87,198.50 as reasonable compensation for services
12 rendered in connection with the Turnover during the Postpetition Period. Patrick Declaration, ¶ 33.

13     43.    In sum, the aggregate amount of compensation requested in this Motion is as follows:

| Professional | Initial Period | Prepetition Period | Postpetition Period - Turnover | Grand Total: |
|---|---|---|---|---|
| Receiver Fees | $199,122.06 | $22,500.00 | $0.00 | |
| Glaser Weil | $333,680.54 | $72,544.50 | $7,425.00 | |
| Sciarrino & Shubert | $117,537.50 | $33,437.50 | $22,750.00 | |
| Fox Rothschild | $0.00 | $0.00 | $57,023.50 | |
| **Total:** | $650,340.10 | $128,482.00 | $87,198.50 | **$866,020.60** |

139377813.4

## V.

## CONCLUSION

WHEREFORE, the Receiver respectfully requests the Court to enter an order (i) awarding the Receiver an administrative claim, pursuant to Bankruptcy Code sections 503(b)(3)(E), 503(b)(4) & 543(b), in the aggregate amount $866,020.60, comprised of reasonable compensation for services rendered and reimbursement of actual, necessary expenses incurred from the Appointment Date through September 19, 2022, and (ii) granting other and further relief as this Court may deem just and proper.

DATED this 23rd day of March 2023.

**FOX ROTHSCHILD LLP**

By: _____/s/ Brett A. Axelrod_____
BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Appearing *Pro Hac Vice*
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
*Counsel for W. Lawrence Patrick*

139377813.4