GARMAN TURNER GORDON LLP
GREGORY GARMAN, ESQ.
Nevada Bar No. 6654
Email: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
Email: tgray@gtg.legal
MARY LANGSNER, PH.D.
Nevada Bar No. 13707
Email: mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: 725.777.3000
[Proposed] *Attorneys for Michael Carmel,*
*Chapter 11 Trustee*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| In re: | CASE NO. BK-21-14978-ABL |
|---|---|
| SILVER STATE BROADCASTING, LLC, | Chapter 11 |
| ☐ AFFECTS THIS DEBTOR | *Jointly Administered with:* |
| ☐ AFFECTS GOLDEN STATE BROADCASTING, LLC | Golden State Broadcasting, LLC Case No. 21-14979-ABL |
| ☐ AFFECTS MAJOR MARKET RADIO, LLC | Major Market Radio, LLC Case No. 21-14980-ABL |
| ☒ AFFECTS ALL DEBTORS | Hearing Date: **OST Requested** |

**EMERGENCY MOTION FOR MODIFICATION OF THE AUTOMATIC STAY OR, IN THE ALTERNATIVE, RELIEF FROM CURRENT STAY MODIFICATION ORDER AND TO REINSTATE AUTOMATIC STAY**

Michael Carmel, as the Chapter 11 trustee ("Trustee") of the bankruptcy estates of debtors Silver State Broadcasting, LLC, Golden State Broadcasting, LLC and Major Market Radio, LLC (collectively, the "Debtors"), hereby applies to this Court for entry of an order further modifying the automatic stay pursuant to 11 U.S.C. § 362, as to creditor C & E Haas Development Company, LLC ("C&E"), or in the alternative, affording the Trustee relief from the Court's *Order Granting in Part and Denying in Part Motion* [ECF No. 436][1] ("Stay Relief Order") pursuant to Bankruptcy

---
[1] All references to "ECF No." are to the numbers assigned to the documents filed in the lead jointly administered

Rule 9024, which Stay Relief Order previously modified the automatic stay as to C&E. This motion (the "Motion") is made and based upon the points and authorities provided herein; the declaration of Chapter 11 Trustee Michael Carmel, Esq. ("Carmel Decl."), filed contemporaneously herewith pursuant to Local Rule 9014(c); as well as the papers and pleadings on file herein, judicial notice of which is respectfully requested pursuant to FED. R. EVID. 201(b) and (c) and 1101(a) and (b); and any argument of counsel entertained by the Court at the time of the hearing on the Motion.

## I.
## INTRODUCTION

Michael Carmel was very recently appointed as the Chapter 11 Trustee for these Debtors. Since his appointment, he has been seeking turnover of the Debtors' books and records, to determine the extent of the Debtors' assets, evaluating how to best generate revenue for these Debtors, and the appropriate sale process to maximize value. The Trustee expects to bring before this Court a programming agreement that will generate revenue for the Debtors pending a sale. The FM radio station at 92.7 FM, call sign KREV, which is subject to the Lease, is a material component of any such programming agreement and sale.

C&E is currently able to terminate the automatic stay on an *ex parte* basis if certain payments are not made on April 1, 2023. As the Trustee was very recently appointed, this Motion is brought on an emergency basis to ensure that the estates do not lose a valuable asset – the FM radio station at 92.7 FM, call sign KREV – until the Trustee has sufficient time to effectuate his duties as the Chapter 11 trustee.

## II.
## PERTINENT FACTS

1. Prepetition, Golden State Broadcasting, LLC (the "Golden State Debtor") entered into a Transmitter Site Use Agreement with Golden State Broadcasting, LLC (the "Lease"), which Lease provides for the Golden State Debtor to utilize non-residential real property consisting of a

---

bankruptcy case, Bankr. D. Nev. Case No. 21-14978-ABL ("Lead Case") as they appear on the Lead Case docket ("Docket") maintained by the Clerk of Court of the United States Bankruptcy Court for the District of Nevada. The bankruptcy cases jointly administered under the Lead Case are referenced, collectively, as the "Bankruptcy Cases".

1  transmitter site located at 1 Bayview Park Road, San Francisco, California (the "Site"), for use as an auxiliary transmitter site for radio broadcast station KREV.

2. From a review of the Docket, it appears that a copy of the Lease has previously been submitted to the Court under seal, pursuant to stipulation by and between C&E and the Debtors. *See* ECF Nos. 281, 284. In an abundance of caution, therefore, no copy of the Lease is attached hereto.

3. On October 19, 2021 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under Chapter[2] 11 of the Bankruptcy Code, thereby commencing the above-captioned bankruptcy cases (collectively, the "Chapter 11 Cases"). *See, e.g.*, ECF No. 1.

4. On November 19, 2021, this Court entered its *Order Authorizing Joint Administration of Cases* [ECF No. 37], directing that "the Chapter 11 case of SILVER STATE BROADCASTING, LLC (Case No. 21-14978-abl), shall be jointly administered with the Chapter 11 cases of GOLDEN STATE BROADCASTING, LLC (Case No. 21-14979-abl) and MAJOR MARKET RADIO LLC (Case No. 21-14980-abl), with SILVER STATE BROADCASTING, LLC designated as the Lead Case ("Lead Case"), and all papers relating to the above referenced Debtors shall be docketed in the Lead Case (Case No. 21-14978-abl)[.]" *See* ECF No. 37 at p. 2 of 4.

5. On October 19, 2022, this Court entered its *Order Granting in Part and Denying in Part Motion* [ECF No. 346] ("Stay Relief Order").

6. *Inter alia*, the Stay Relief Order granted relief from the automatic stay to C&E as follows:

> **IT IS ORDERED** that the Motion is **GRANTED IN PART** and **DENIED IN PART**.
>
> 1. The Motion is **GRANTED** to the extent that is seeks relief from the automatic stay for cause under 11 U.S.C. §362(d)(1), and automatic stay

---

[2] All references to "Section" herein shall be to the Bankruptcy Code appearing in Title 11 of the U.S. Code; all references to "Bankruptcy Rule" shall refer to the Federal Rules of Bankruptcy Procedure; all references to "Civil Rule" shall refer to the Federal Rules of Civil Procedure; and all references to a "Local Rule" shall refer to the Local Rules of Bankruptcy Practice of the U.S. District Court for the District of Nevada.

shall remain in effect subject to each and all of the following conditions:

* * *

c. As additional adequate protection under 11 U.S.C. §§ 362(d)(1) and 361(a)(1) going forward, Golden State shall remit to Haas Development the full contractual Basic Payment amount[] and any adjustments thereto[] when due each month under the terms of the Agreement during the pendency of this case prior to confirmation; and

* * *

e. Should Golden State fail to timely and fully satisfy any of these conditions, upon the filing of an *ex parte* motion by Haas Development, supported by admissible evidence, the automatic stay shall terminate without further notice or opportunity for hearing.

*See* Stay Relief Order, ECF No. 346 at 2:15 to 3:10 (emphases as in original).

7. On March 6, 2023, this Court entered its *Order on United States Trustee's Motion to Appoint Chapter 11 Trustee Under 11 U.S.C. § 1104(a), or, in the Alternative, to Convert Cases to Chapter 7 Pursuant to 11 U.S.C. § 1112(b); and Memorandum of Point and Authorities in Support and Reservation of Rights [ECF No. 405], and Creditor Mincin Law, PLLC's Motion for Appointment of Chapter 11 Trustee [ECF No. 393]*, thereby directing the appointment of a Chapter 11 trustee for the Debtors' estates. *See* ECF No. 419.

8. On March 10, 2023, Tracy Hope Davis, the United States Trustee for Region 17, appointed the Trustee as the Chapter 11 trustee for Debtors' estates. *See* ECF No. 420.

9. On March 10, 2023, the Court entered its *Order Approving Appointment of Chapter 11 Trustee* [ECF No. 422], thereby approving the Trustee's appointment.

10. On March 13, 2023, the Trustee filed his *Notice of Acceptance of Appointment of Chapter 11 Trustee*, accepting his appointment as the Chapter 11 trustee for the Debtors' estates. *See* ECF No.424.

11. Shortly after his appointment, the Trustee demanded turnover of the Debtors' books and records from both Debtors' former counsel and Mr. Stolz. Yesterday, Debtors' former counsel provided a copy of the Lease and advised that the next monthly payment on behalf of the Golden State Debtor is April 1, 2023 ("April Payment"). *See* Carmel Decl. ¶ 4.

12. The Trustee's investigation is just beginning; however, from his initial review of the scant materials that have been turned over since his appointment, it appears that the Golden State Debtor does not have sufficient funds to make the April Payment. Specifically, after repeated requests, yesterday, I received draft monthly operating reports signed by Mr. Stolz for November 2022, December 2022, and January 2023. As of January 31, 2023, the bank statement reflects $4,487.13. *See* Carmel Decl. ¶ 5.

13. The Trustee's preliminary investigations also indicate that the FM radio station at 92.7 FM, call sign KREV ("SF Radio Station"), signal for which is transmitted at the Site, may be a valuable assets of the Debtors' estates. *See* Carmel Decl. ¶ 6.

14. The Trustee is in discussions regarding a programming agreement for among others, the SF Radio Station, which (if approved by the Court) will generate revenue for the Debtors' estates in the short term, which would allow the Trustee to make post-petition payments under the Lease. *See* Carmel Decl. ¶ 7.

15. Additionally, the Trustee has already had conversations with potential purchasers expressing interest in acquiring one or more of the Debtors' assets and, therefore, is in the process of formulating bidding procedures for a potential 11 U.S.C. § 363 auction and sale process to generate revenue for the Debtors' estates. *See* Carmel Decl. ¶ 8. However, successfully closing on any sale of assets of the Debtors will take time.

16. Although the stay relief order modified the automatic stay as to C&E, in the event the Golden State Debtor "fail[s] to timely and fully" remit the next monthly payment due to C&E, the automatic stay "shall terminate without further notice or opportunity for hearing[]" upon the filing of an *ex parte* motion by C&E (supported by admissible evidence). *See* Stay Relief Order ECF No. 346 at 3:7-10.

17. To date, C&E has not filed its *ex parte* motion. *See* Docket.[3]

---

[3] Counsel for the Trustee and C&E have a call scheduled on April 3, 2023, to discuss the Lease. The Trustee is hopeful this stay relief issue can be consensually resolved. However, because the Stay Relief Order provides for *ex parte* relief and potential harm to the Estates, it was necessary to immediately file this Motion.

18. As the Trustee was appointed merely weeks ago, the Trustee needs additional time to evaluate the Lease and determine its value to the estates and necessity in connection with any sale.

### III.
### JURISDICTION AND VENUE

19. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), (G), and (O). Venue of the Debtors' Chapter 11 Cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This Application is a "core proceeding" over which the Court has jurisdiction to render a decision.

20. The statutory bases for the relief sought herein arise from Sections 362 and 105 of the Bankruptcy Code and Bankruptcy Rule 9024.

21. Pursuant to Local Rule 9014.2, the Trustee consents to entry of final order(s) or judgment(s) by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders for judgment consistent with Article III of the United States Constitution.

### IV.
### RELIEF REQUESTED

**A. Modification of the Automatic Stay Under Section 362(d) Is Warranted to Allow the Trustee an Opportunity to Generate Revenue From the SF Radio Station to Pay Creditors.**

22. U.S.C. § 362(d)(1) provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay— (1) for cause, including the lack of adequate protection of an interest in property of such party in interest[.]

23. Here, the Court's Stay Relief Order previously modified the automatic stay as to creditor C&E, to provide that, *inter alia*, the Golden State Debtor shall, as adequate protection, "remit to [C&E] the full contractual Basic Payment amount[] and any adjustments thereto[] when due each month under the terms of the Agreement during the pendency of this case prior to

confirmation[.]" See Stay Relief Order ECF No. 346 at 2:26 to 3:3 (footnotes omitted[4]). The Stay Relief Order also provides C&E with a mechanism to terminate the automatic stay in the event the Golden State Debtor fails to timely and fully satisfy the requirement of ongoing adequate protection payments. *See id.* at 3:7-10.

24. As of the filing of this Motion, the automatic stay has not been terminated. *See* Docket. However, the Trustee is advised that the Golden State Debtor's deadline to make the April Payment will pass this weekend, on or about April 1, 2023. *See* Carmel Decl. ¶ 4.

25. Cause exists to further modify the automatic stay pursuant to 11 U.S.C. § 362(d)(1), because the Trustee was appointed in the time between the due dates for consecutive monthly adequate protection payments owed to C&E (March 1, 2023, and April 1, 2023). *See* Docket.

26. As such, the April Payment is the very first such adequate protection deadline the Trustee is encountering.

27. Cause also exists to modify the automatic stay to afford the Trustee breathing room to generate immediate revenue for the Debtors' estates by negotiating a programming agreement and, separately, to generate and long-term value for the Debtors' estates through a robust auction and sale process that includes one of the Debtors' most valuable assets (the SF Radio Station, broadcast at the Site).

28. If the April Payment deadline passes without timely payment, the Estate runs the risk of potentially losing a valuable asset through termination of the automatic stay.

29. Therefore, the Trustee requests the Court further modify the automatic stay in these Chapter 11 Cases, as to C&E *only*, to provide that the automatic stay remains in place regardless of the timing of the April Payment and any monthly payments due thereafter pursuant to ¶ 1.c. of the Court's Stay Relief Order (collectively, the "Paused Payments"), and that the C&E shall have an administrative expense claim *as to any Paused Payments*, which administrative expense claim

---

[4] Footnotes 2 and 3 of the Court's Stay Relief Order reference Sections 5.1 and 5.2 of the Agreement, respectively. *See* ECF No. 346 at p. 3 of 3.

shall be paid by the Trustee within ten (10) business days of the Debtors' estates having sufficient funds to pay the Paused Payments.[5]

**B.    In the Alternative, the Trustee Requests Relief From the Stay Relief Order Pursuant to FED. R. BANKR. P. 9024.**

30.    Bankruptcy Rule 9024 provides that, except in certain circumstances inapplicable here, "Rule 60 F.R.Civ.P. applies in cases under the Code . . ."

31.    Civil Rule 60(b) provides in pertinent part, "On motion and just terms, the court may relieve a part or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (6) any other reason that justifies relief."

> Under Civil Rule 60(b), the bankruptcy court can relieve a party from a final order for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

*In re Nations First Capital, LLC*, 2020 WL 3071983, *5 (B.A.P. 9th Cir. June 5, 2020).

32.    Here, the only applicable provision for the relief requested is Civil Rule 60(b)(6). Relief is justified here because there are significantly changed circumstances in the Chapter 11 Cases since the time the Stay Relief Order entered, the most impactful of which is the Trustee's appointment over the Debtors' estates.

---

[5] For clarity and the avoidance of doubt, the Trustee takes no position respecting assumption or rejection of the Lease, nor does the Trustee take any position at this time with respect to any proof of claim filed by C&E. The relief requested herein is without prejudice to addressing such issues as they arise in connection with case administration in the ordinary course in these Chapter 11 Cases. This Motion is brought solely to address the immediate, emergency impending risk of loss the Estate faces in the event the stay is terminated as to the Site at a time when the Trustee is working diligently to generate immediate revenue.

33. "[A] court may reconsider its own order granting relief from stay." *In re Rodriguez Camacho*, 361 B.R. 294, 300 (B.A.P. 1st Cir. 2007) (citations, footnote, and internal quotations omitted).

34. The Trustee has been contacted by potential purchasers expressing interest in acquiring one or more of the Debtors' assets and, therefore, is in the process of formulating bidding procedures for a potential 11 U.S.C. § 363 auction and sale process to generate revenue for the Debtors' estates. *See* Carmel Decl. ¶ 8.

35. Although the Trustee is less than three weeks into his appointment in these Chapter 11 Cases, his investigations indicate that the SF Radio Station, whose signal is transmitted at the Site, is a valuable assets of the Debtors' estates. *See* Carmel Decl. ¶ 6.

36. The Trustee is negotiating a programming agreement, which includes the SF Radio Station, that if approved by the Court will generate revenue for the Debtors' estates in the very near future. *See* Carmel Decl. ¶ 7.

37. Specifically, the Trustee asks this Court to amend the language of ¶ 1.c. of the Stay Relief order as follows:

*from*:

> As additional adequate protection under 11 U.S.C. §§ 362(d)(1) and 361(a)(1) going forward, Golden State shall remit to Haas Development the full contractual Basic Payment Amount [fn2: As defined in Section 5.1 of the Agreement] and any adjustments thereto [fn3: As defined in Section 5.2 of the Agreement] when due each month under the terms of the Agreement during the pendency of this case prior to confirmation; and

*to*:

> As additional adequate protection under 11 U.S.C. §§ 362(d)(1) and 361(a)(1) <u>from and after April 1, 2023, Haas Development shall have an allowed administrative expenses claim in the amount of the contractual Basic Payment Amount pursuant to Section 5.1 of the Agreement plus any adjustments pursuant to Section 5.2 of the Agreement (but not for attorney fees, interest, or other fees not expressly allowed pursuant to Sections 5.1 and 5.2 of the Agreement), for any monthly payments from and after April 1, 2023, which are not paid in fully on the date due (collectively, "Paused Payments"), which Paused Payments shall be payable by</u>

the appointed Chapter 11 Trustee within ten (10) business days of the Debtors' estates having sufficient funds to make Paused Payments during the pendency of this case prior to confirmation; and

C. **To the Extent the Automatic Stay Is Terminated as of the Hearing on This Motion, Reinstatement of the Automatic Stay Is Appropriate**

38. Although the automatic stay has not been terminated as of the filing of this Motion, the terms of the Stay Relief Order appear to provide C&E with a mechanism to seek stay termination between the filing of this Motion and any hearing the Court conducts on this Motion. As such, in the event the automatic stay is terminated before a hearing can be held on this instant Motion, the Trustee respectfully requests this Court conduct a hearing on this Motion and reinstate the automatic stay to the extent the stay may at that time be terminated.

39. "[A] party may seek relief from a bankruptcy court order lifting the automatic stay by filing amotion pursuant to Rule 9024 and 60(b) . . ." *In re Gledhill*, 76 F.3d 1070, 1079 (collecting cases). For the reasons and analysis set forth herein respecting Bankruptcy Rule 9024, the Trustee requests that the automatic stay be reinstated as to creditor C&E.

V.
**CONCLUSION**

WHEREFORE, the Trustee respectfully requests the Court modify the automatic stay under Section 362 as set forth herein, or, in the alternative, grant the Trustee relief from the Stay Relief Order by modifying the order's language as set forth herein. In the event the automatic stay has been terminated as of the hearing on this Motion, the Trustee requests the automatic stay be reinstated.

Dated this 31st day of March 2023.

GARMAN TURNER GORDON LLP

By: */s/ Gregory E. Garman*
    GREGORY E. GARMAN, ESQ.
    TALITHA GRAY KOZLOWSKI, ESQ.
    MARY LANGSNER, PH.D.
    7251 Amigo Street, Suite 210
    Las Vegas, Nevada 89119
    [Proposed] *Attorneys for Michael Carmel, Chapter 11 Trustee*