GARMAN TURNER GORDON LLP
GREGORY GARMAN, ESQ.
Nevada Bar No. 6654
Email: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
Email: tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: 725.777.3000
[Proposed] *Attorneys for Michael Carmel, Chapter 11 Trustee*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| In re:<br><br>SILVER STATE BROADCASTING, LLC,<br><br>☐ AFFECTS THIS DEBTOR<br>☐ AFFECTS GOLDEN STATE BROADCASTING, LLC<br>☐ AFFECTS MAJOR MARKET RADIO, LLC<br>☒ AFFECTS ALL DEBTORS | CASE NO. BK-21-14978-ABL<br><br>Chapter 11<br><br>*Jointly Administered with:*<br><br>Golden State Broadcasting, LLC<br>Case No. 21-14979-ABL<br><br>Major Market Radio, LLC<br>Case No. 21-14980-ABL<br><br>Hearing Date:<br>Date: OST Requested<br>Time: OST Requested |
|---|---|

**MOTION FOR ORDER DIRECTING THE DEBTORS OUT OF POSSESSION TO TURNOVER DEBTORS' BOOKS AND RECORDS AND ASSETS TO CHAPTER 11 TRUSTEE**

Michael Carmel, in his capacity as the Chapter 11 trustee ("Trustee") of the bankruptcy estates of Silver State Broadcasting, LLC, Golden State Broadcasting, LLC, and Major Market Radio, LLC (collectively, the "Debtors"), hereby applies to this Court for entry of an order directing the debtors-out-of-possession, by and through their principal Mr. Edward R. Stolz (altogether, "Stolz"), to turnover the Debtors' books and records and assets to the Trustee. This motion (the "Motion") is made and based upon the points and authorities provided herein; the

declaration of Chapter 11 Trustee Michael Carmel, Esq. ("Carmel Decl.") filed contemporaneously herewith pursuant to Local Rule 9014(c); as well as the papers and pleadings on file herein, judicial notice of which is respectfully requested pursuant to Fed. R. Evid. 201(b) and (c) and 1101(a) and (b); and any argument of counsel entertained by the Court at the time of the hearing on the Motion.

## I.
## INTRODUCTION

Michael Carmel was very recently appointed as the Chapter 11 Trustee for these Debtors. Since his appointment, he has been seeking turnover of the Debtors' books and records to determine the extent of the Debtors' assets, evaluating how to best generate revenue for these Debtors' estates, and the appropriate sale process to maximize value. Immediately after he was appointed, the Trustee spoke with the Debtors' principal, Mr. Edward R. Stolz, and asked for turnover of the Debtors' books and records, keys, bank statements, bank accounts and access thereto, and property or equipment of any kind belonging to the Debtors that is in Mr. Stolz's possession. *See* Carmel Decl. at ¶ 4. To date, the Debtors' books and records and property have not been turned over to the Trustee. *See* Carmel Decl. at ¶ 5.

The Trustee's access to the Debtors' books and records and property is imperative to his administration of these Chapter 11 Cases. The Trustee needs to be apprised of all assets of the Debtors' jointly administered estates and, without immediate turnover of the Debtors' books and records and any other property of the Debtors in Mr. Stolz's control, the Trustee's investigation is hindered. As the Trustee was very recently appointed, this Motion is brought on an immediate basis to ensure that the Trustee is granted immediate turnover of the requisite books, records, and property so that he can evaluate assets of the Debtors' estates and determine how best to formulate a path forward in these Chapter 11 Cases.

## II.
## PERTINENT FACTS

1. On October 19, 2021 (the "Petition Date"), the Debtors filed their voluntary

petitions for relief under Chapter[1] 11 of the Bankruptcy Code, thereby commencing the above-captioned bankruptcy cases (collectively, the "Chapter 11 Cases"). *See, e.g.*, ECF No. 1.

2. On November 19, 2021, this Court entered its *Order Authorizing Joint Administration of Cases* [ECF No. 37], directing that "the Chapter 11 case of SILVER STATE BROADCASTING, LLC (Case No. 21-14978-abl), shall be jointly administered with the Chapter 11 cases of GOLDEN STATE BROADCASTING, LLC (Case No. 21-14979-abl) and MAJOR MARKET RADIO LLC (Case No. 21-14980-abl), with SILVER STATE BROADCASTING, LLC designated as the Lead Case ("Lead Case"), and all papers relating to the above referenced Debtors shall be docketed in the Lead Case (Case No. 21-14978-abl)[.]" *See* ECF No. 37 at p. 2 of 4.

3. On March 6, 2023, this Court entered its *Order on United States Trustee's Motion to Appoint Chapter 11 Trustee Under 11 U.S.C. § 1104(a), or, in the Alternative, to Convert Cases to Chapter 7 Pursuant to 11 U.S.C. § 1112(b); and Memorandum of Point and Authorities in Support and Reservation of Rights [ECF No. 405], and Creditor Mincin Law, PLLC's Motion for Appointment of Chapter 11 Trustee [ECF No. 393]*, thereby directing the appointment of a Chapter 11 trustee for the Debtors' estates. *See* ECF No. 419.

4. On March 10, 2023, Tracy Hope Davis, the United States Trustee for Region 17, appointed the Trustee as the Chapter 11 trustee for Debtors' estates. *See* ECF No. 420.

5. On March 10, 2023, the Court entered its *Order Approving Appointment of Chapter 11 Trustee* [ECF No. 422], thereby approving the Trustee's appointment.

6. On March 13, 2023, the Trustee filed his *Notice of Acceptance of Appointment of Chapter 11 Trustee*, accepting his appointment as the Chapter 11 trustee for the Debtors' estates. *See* ECF No.424.

---

[1] All references to "Section" herein shall be to the Bankruptcy Code appearing in Title 11 of the U.S. Code; all references to "Bankruptcy Rule" shall refer to the Federal Rules of Bankruptcy Procedure; all references to "Civil Rule" shall refer to the Federal Rules of Civil Procedure; and all references to a "Local Rule" shall refer to the Local Rules of Bankruptcy Practice of the U.S. District Court for the District of Nevada.

7. The Trustee's investigation is just beginning; scant materials have been turned over to him since his appointment. *See* Carmel Decl. at ¶ 6.

8. More specifically, on March 21, 2023, shortly after his appointment, the Trustee had a conversation with the Debtors' principal, Mr. Edward Stolz, and David Winterton, who Mr. Stolz has retained, whereby the Trustee sought turnover of the Debtors' books and records, keys, bank statements, bank accounts and access thereto, assets, and property or equipment of any kind belonging to the Debtors that is in Mr. Stolz's possession. *See* Carmel Decl. at ¶ 4.

9. The Trustee and his proposed counsel have repeatedly followed up on the Trustee's demand for turnover. However, to date, the requested documents, information, and materials have not been turned over to the Trustee. *See* Carmel Decl. at ¶ 7.

10. The Trustee's access to the Debtors' books and records and property is imperative to his administration of these Chapter 11 Cases. *See* Carmel Decl. at ¶ 8.

11. The Trustee needs to be apprised of all assets of the Debtors' jointly administered estates and, without immediate turnover of the Debtors' books and records and any other property of the Debtors in Mr. Stolz's control, the Trustee's investigation is hindered. *See* Carmel Decl. at ¶ 9.

12. As the Trustee was very recently appointed, this Motion is brought on an immediate basis to ensure that the Trustee is granted immediate turnover of the requisite books, records, and property in Mr. Stolz's possession so that the Trustee can evaluate assets of the Debtors' estates and determine how best to formulate a path forward in these Chapter 11 Cases. *See* Carmel Decl. at ¶ 10.

### III.
### JURISDICTION AND VENUE

13. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (E), and (O). Venue of the

Debtors' Chapter 11 Cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This Application is a "core proceeding" over which the Court has jurisdiction to render a decision.

14. The statutory basis for the relief requested herein arises from Section 542 of the Bankruptcy Code and Bankruptcy Rule 7001.

15. Pursuant to LR 9014.2, the Trustee consents to entry of final order(s) or judgment(s) by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders for judgment consistent with Article III of the United States Constitution.

## IV.
## RELIEF REQUESTED

11 U.S.C. § 542(a) provides:

> Except as [in circumstances inapplicable here], an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

Here, the Court should order Stolz to immediately turn over the Debtors' books and records, keys, bank statements, bank accounts and access thereto, assets, and all property or equipment of any kind belonging to the Debtors that is in Mr. Stolz's possession. Section 542(a) of the Bankruptcy Code requires turnover by an entity that is in "possession, custody, or control" of property that can be used sold or leased by the trustee during the Chapter 11 Cases. 11 U.S.C. § 542(a). The Court's jurisdiction and authority to demand turnover extends to wherever such property of the estate is found, regardless of location. 11 U.S.C. § 541(a).

"The failure to return property of the estate with a knowledge of the bankruptcy is a violation of both the automatic stay and of the turnover requirements of the Bankruptcy Code." *In re Cinevision Int'l, Inc.*, BAP No. CC-15-1227-FCTa, 2016 WL 638729, *3 (B.A.P. 9th Cir. Feb. 17, 2016),[2] citing *In re Mwangi*, 432 B.R. 812, 823 (9th Cir. B.A.P. 2010), citing *In re Abrams*,

---

[2] Ultimately, *Cinevision* was reversed and remanded on other grounds, for application of the civil contempt standard. *See In re Cinevision Interna'l, Inc.*, 697 Fed. Appx. 542, 543 (9th Cir. 2017).

127 B.R. 239, 242-43 (9th Cir. B.A.P. 1991) (*Mwangi* was *disapproved on other grounds in later appeal*, 473 B.R. 802 (D. Nev. 2012) (*aff'd*, 764 F.3d 1168 (9th Cir. 2014))).

This Motion is brought on an immediate basis to ensure that the Trustee is granted immediate turnover of the requisite books, records, and property in Mr. Stolz's possession so that the Trustee can evaluate assets of the Debtors' estates and determine how best to formulate a path forward in these Chapter 11 Cases. As scant materials have been turned over to the Trustee since his appointment, it is imperative that Mr. Stolz immediately turn over to the Trustee the Debtors' books and records, keys, bank statements, bank accounts and access thereto, assets, and all property or equipment of any kind belonging to the Debtors that is in Mr. Stolz's possession.

## V.
## CONCLUSION

WHEREFORE, the Trustee respectfully requests entry of an order directing the debtors-out-of-possession, by and through their principal, Edward R. Stolz, to turn over the Debtors' books and records, keys, bank statements, bank accounts and access thereto, assets, and all property or equipment of any kind belonging to the Debtors that is in Mr. Stolz's possession, within five days of entry of an order approving this Motion, and for all other relief this Court deems just and proper

Dated this 4th day of April, 2023.

GARMAN TURNER GORDON LLP

By: */s/ Mary Langsner*
 GREGORY E. GARMAN, ESQ.
 TALITHA GRAY KOZLOWSKI, ESQ.
 MARY LANGSNER, Ph.D.
 7251 Amigo Street, Suite 210
 Las Vegas, Nevada 89119
 [Proposed] *Attorneys for Michael Carmel, Chapter 11 Trustee*