GARMAN TURNER GORDON LLP
GREGORY GARMAN, ESQ.
Nevada Bar No. 6654
Email: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
Email: tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: 725.777.3000
[Proposed] *Attorneys for Michael Carmel,*
*Chapter 11 Trustee*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| In re:<br><br>SILVER STATE BROADCASTING, LLC,<br><br>☐ AFFECTS THIS DEBTOR<br>☐ AFFECTS GOLDEN STATE BROADCASTING, LLC<br>☐ AFFECTS MAJOR MARKET RADIO, LLC<br>☒ AFFECTS ALL DEBTORS | CASE NO. BK-21-14978-ABL<br><br>Chapter 11<br><br>*Jointly Administered with:*<br><br>Golden State Broadcasting, LLC<br>Case No. 21-14979-ABL<br><br>Major Market Radio, LLC<br>Case No. 21-14980-ABL<br><br>Hearing Date:<br>Date: ***OST Requested***<br>Time: ***OST Requested*** |
|---|---|

### MOTION FOR ORDER DIRECTING HARRIS LAW PRACTICE LLC TO TURN OVER DEBTORS' BOOKS AND RECORDS AND ASSETS TO CHAPTER 11 TRUSTEE

Michael Carmel, in his capacity as the Chapter 11 trustee ("Trustee") of the bankruptcy estates of Silver State Broadcasting, LLC, Golden State Broadcasting, LLC, and Major Market Radio, LLC (collectively, the "Debtors"), hereby applies to this Court for entry of an order directing former counsel to the Debtors, Harris Law Practice LLC ("Harris Law"), to turn over the Debtors' books and records and assets to the Trustee. This motion (the "Motion") is made and based upon the points and authorities provided herein; the declaration of Chapter 11 Trustee Michael Carmel, Esq. ("Carmel Decl.") filed contemporaneously herewith pursuant to Local Rule

9014(c); as well as the papers and pleadings on file herein, judicial notice of which is respectfully requested pursuant to FED. R. EVID. 201(b) and (c) and 1101(a) and (b); and any argument of counsel entertained by the Court at the time of the hearing on the Motion.

## I.
## INTRODUCTION

Michael Carmel was very recently appointed as the Chapter 11 Trustee for these Debtors. Since his appointment, he has been seeking turnover of the Debtors' books and records to determine the extent of the Debtors' assets, evaluating how to best generate revenue for these Debtors' estates, and the appropriate sale process to maximize value. Immediately after the Trustee was appointed, his proposed counsel asked for turnover of the Debtors' files in Harris Law's possession. While Harris Law has provided selected portions of the Debtors' files to the Trustee, Harris Law has raised limited objections to turning over the balance of the file. To date, the Debtors' complete file has not been turned over.

The Trustee's access to the Debtors' books and records and property, including the Debtors' files in Harris Law's possession, is imperative to his administration of these Chapter 11 Cases. As the Trustee was very recently appointed, this Motion is brought on an expedited basis to ensure that the Trustee is granted immediate turnover of the requisite books, records, and property so that he can evaluate assets of the Debtors' estates and determine how best to formulate a path forward in these Chapter 11 Cases.

## II.
## PERTINENT FACTS

1. On October 19, 2021 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under Chapter[1] 11 of the Bankruptcy Code, thereby commencing the above-captioned bankruptcy cases (collectively, the "Chapter 11 Cases"). *See, e.g.*, ECF No. 1.

2. On November 19, 2021, this Court entered its *Order Authorizing Joint*

---

[1] All references to "Section" herein shall be to the Bankruptcy Code appearing in Title 11 of the U.S. Code; all references to "Bankruptcy Rule" shall refer to the Federal Rules of Bankruptcy Procedure; all references to "Civil Rule" shall refer to the Federal Rules of Civil Procedure; and all references to a "Local Rule" shall refer to the Local Rules of Bankruptcy Practice of the U.S. District Court for the District of Nevada.

*Administration of Cases* [ECF No. 37], directing that "the Chapter 11 case of SILVER STATE BROADCASTING, LLC (Case No. 21-14978-abl), shall be jointly administered with the Chapter 11 cases of GOLDEN STATE BROADCASTING, LLC (Case No. 21-14979-abl) and MAJOR MARKET RADIO LLC (Case No. 21-14980-abl), with SILVER STATE BROADCASTING, LLC designated as the Lead Case ("Lead Case"), and all papers relating to the above referenced Debtors shall be docketed in the Lead Case (Case No. 21-14978-abl)[.]"  *See* ECF No. 37 at p. 2 of 4.

3. On March 6, 2023, this Court entered its *Order on United States Trustee's Motion to Appoint Chapter 11 Trustee Under 11 U.S.C. § 1104(a), or, in the Alternative, to Convert Cases to Chapter 7 Pursuant to 11 U.S.C. § 1112(b); and Memorandum of Point and Authorities in Support and Reservation of Rights [ECF No. 405], and Creditor Mincin Law, PLLC's Motion for Appointment of Chapter 11 Trustee [ECF No. 393]*, thereby directing the appointment of a Chapter 11 trustee for the Debtors' estates. *See* ECF No. 419.

4. On March 10, 2023, Tracy Hope Davis, the United States Trustee for Region 17, appointed the Trustee as the Chapter 11 trustee for Debtors' estates. *See* ECF No. 420.

5. On March 10, 2023, the Court entered its *Order Approving Appointment of Chapter 11 Trustee* [ECF No. 422], thereby approving the Trustee's appointment.

6. On March 13, 2023, the Trustee filed his *Notice of Acceptance of Appointment of Chapter 11 Trustee*, accepting his appointment as the Chapter 11 trustee for the Debtors' estates. *See* ECF No.424.

7. While Harris Law has provided selected portions of the Debtors' files to the Trustee, Harris Law has raised limited objections to turning over the balance of the file, citing concerns regarding maintaining the attorney-client privilege and an attorney lien for unpaid services. To date, the Debtors' complete file has not been turned over, thereby necessitating this Motion. *See* Carmel Decl. at ¶ 4.

8. It is indisputable that the Chapter 11 Trustee needs immediate access to the Debtors' post-petition files. Without immediate turnover of the Debtors' file at Harris Law, the Trustee's investigation is hindered. *See* Carmel Decl. at ¶ 6.

9. As the Trustee was very recently appointed, this Motion is brought on an expedited basis to ensure that the Trustee is granted immediate turnover of the Debtors' file including books, documents, records, and papers (including communications) relating to the Debtors' property or financial affairs, as well as any books and records, assets, and property or equipment of any kind belonging to the Debtors that is in Harris Law's possession—so that the Trustee can evaluate assets of the Debtors' estates and determine how best to formulate a path forward in these Chapter 11 Cases. *See* Carmel Decl. at ¶ 7.

### III.
### JURISDICTION AND VENUE

10. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (E), and (O). Venue of the Debtors' Chapter 11 Cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This Application is a "core proceeding" over which the Court has jurisdiction to render a decision.

11. The statutory basis for the relief requested herein arises from Section 542 of the Bankruptcy Code and Bankruptcy Rule 7001.

12. Pursuant to LR 9014.2, the Trustee consents to entry of final order(s) or judgment(s) by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders for judgment consistent with Article III of the United States Constitution.

### IV.
### RELIEF REQUESTED

11 U.S.C. § 542(a) provides:

> Except as [in circumstances inapplicable here], an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

And, specific to professionals, Section 542(e) provides:

> Subject to any applicable privilege, after notice and a hearing, the court may order an attorney, accountant, or other person that holds recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs, to turn

over or disclose such recorded information to the trustee.

As property of the estate, the Trustee is entitled to the turnover of the Debtors' files and related communications. *See Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 351 (1985). "The legislative history of § 542(e) establishes that this subsection 'was intended to restrict, not expand, the ability of accountants and attorneys to withhold information from the trustee.'" *In re Avery*, 2007 WL 178249, *1 (Bankr. D. Alaska 2007) (footnotes omitted). "As a matter of law, documents prepared while representing a debtor-corporation are property of the estate, as are documents, records, or papers relating to property of the estate." *In re C.W. Mining Co.*, 442 B.R. 44, 47 (Bankr. D. Utah 2010).

In its communications with Trustee's proposed counsel regarding the Trustee's turnover demand, Harris Law raised concerns about confidentiality and applicable privilege related to its file for the Debtors. However, the law is clear that, upon the Trustee's appointment, the Trustee holds the privilege. *Cf. Commodity Futures*, 471 U.S. at 358. Additionally, Harris Law contends that it may hold an attorney lien against the Debtors' file. However, this contention is not appropriate here, because (i) Harris Law has not obtained an order from this Court approving its fees on a final basis, (ii) Harris Law is entitled to seek administrative expense priority in these Chapter 11 Cases for payment of any outstanding (Court approved) attorney fees incurred in connection with its representation of the Debtors in the Chapter 11 Cases, and (iii) Harris Law cannot withhold the Debtors' file from the Court-appointed Trustee due to any outstanding (or alleged outstanding) obligations the Debtors may owe it.

The Court should order Harris Law to immediately turn over the entirety of the Debtors' file including books, documents, records, and papers (including communications) relating to the Debtors' property or financial affairs, to the Trustee, and any books and records, assets, and property or equipment of any kind belonging to the Debtors that is in Harris Law's possession.

Section 542(a) of the Bankruptcy Code requires turnover by an entity that is in "possession, custody, or control" of property that can be used, sold, or leased by the trustee during the Chapter 11 Cases. 11 U.S.C. § 542(a). The Court's jurisdiction and authority to demand turnover extends

to wherever such property of the estate is found, regardless of location.  11 U.S.C. § 541(a).

"The failure to return property of the estate with a knowledge of the bankruptcy is a violation of both the automatic stay and of the turnover requirements of the Bankruptcy Code." *In re Cinevision Int'l, Inc.*, BAP No. CC-15-1227-FCTa, 2016 WL 638729, *3 (B.A.P. 9th Cir. Feb. 17, 2016),[2] citing *In re Mwangi*, 432 B.R. 812, 823 (9th Cir. B.A.P. 2010), citing *In re Abrams*, 127 B.R. 239, 242-43 (9th Cir. B.A.P. 1991) (*Mwangi* was *disapproved on other grounds in later appeal*, 473 B.R. 802 (D. Nev. 2012) (*aff'd*, 764 F.3d 1168 (9th Cir. 2014))).

Here, while certain information has been cooperatively provided by Debtors' former bankruptcy counsel Harris Law, objections have been raised to turning over the Debtors' entire file.  *See* Carmel Decl. at ¶ 5.  The Trustee agrees that Harris Law's turnover to him is not a waiver of privilege.  However, the Trustee will not agree that he is precluded from releasing information he receives if he is so required by his fiduciary obligations as Trustee of the Debtors' estates.

## V.
## CONCLUSION

WHEREFORE, the Trustee respectfully requests entry of an order directing Harris Law Practice LLC to turn over the Debtors' entire file, including books, documents, records, and papers (including communications) relating to the Debtors' property or financial affairs, to the Trustee, and any books and records, assets, and property or equipment of any kind belonging to the Debtors that is in Harris Law's possession, within five days of entry of any order granting this Motion, and for all other relief this Court deems just and proper.

Dated this 5th day of April, 2023.

                                              GARMAN TURNER GORDON LLP

                                              By:  */s/ Mary Langsner*
                                                    GREGORY E. GARMAN, ESQ.
                                                    TALITHA GRAY KOZLOWSKI, ESQ.
                                                    MARY LANGSNER, Ph.D.
                                                    7251 Amigo Street, Suite 210
                                                    Las Vegas, Nevada 89119
                                                    [Proposed] *Attorneys for Michael Carmel, Chapter 11 Trustee*

---

[2] Ultimately, *Cinevision* was reversed and remanded on other grounds, for application of the civil contempt standard.  *See In re Cinevision Internat'l, Inc.*, 697 Fed. Appx. 542, 543 (9th Cir. 2017).