John A. White, Jr., Esq., SB#1741
WHITE LAW CHARTERED
335 West First St.
Reno, NV, 89503
775-322-8000
795-322-1228 (fax)
john@whitelawchartered.com
Attorney for Debtors

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

*****

| | |
|---|---|
| IN RE: SILVER STATE BROADCASTING, LLC<br><br>___ AFFECTS THIS DEBTOR.<br>___ AFFECTS GOLDEN STATE BROADCASTING, LLC<br>___ AFFECTS MAJOR MARKET RADIO LLC<br> X  AFFECTS ALL DEBTORS. | Case No. 21-14978-abl (Chapter 11)<br>Jointly Administered with:<br>21-14979-abl Golden State Broadcasting, LLC<br>21-14980-abl Major Market Radio LLC<br>**RESPONSE OF EDWARD STOLZ TO TRUSTEE'S TURNOVER MOTION (signed).**<br>Hearing Date: April 17, 2023<br>Hearing Time: 9:30 a.m. |

Comes now Debtors herein, by counsel, who respond to the Trustee's Turnover Motion (Docket 455) as follows:

In the Introduction to his Motion, Trustee Carmel's new counsel states that the Trustee spoke with Mr. Stolz (Debtors' principal) "Immediately after he was appointed . . .". Respectfully, undersigned notes that Mr. Stolz does not believe that he has ever spoken with Trustee Carmel. This is likely because, as noted in the Motion, both the Trustee and counsel for the Trustee are new to this case. This is sufficient explanation as far as undersigned is concerned. Mr. Stolz is quite anxious that he and the Trustee

1

1 cooperate as this case progresses. It is hoped that the Trustee is expecting to also depose the District Court Receiver, Lawrence Patrick. Debtors' principal will facilitate the Trustee's eventual examination of Mr. Patrick, and, perhaps Debbie McKay[1], an earlier repository of Debtor documents.

Concerning the merits, Mr. Stolz, as Principal of each of the three Debtors in this consolidated case, notes that he plans to fully cooperate with the Trustee and his counsel, in the hopes of keeping Trustee expenses at a minimum while reaching an appropriate conclusion to this case.

At paragraph 8 of the Trustee's turnover motion, the Trustee notes that he had a conversation with Mr. Stolz and David Winterton, Esq., an attorney whom Mr. Stolz recently retained to represent the Debtors in this case. Mr. Stolz has no recollection of being present during this conversation. It is true that Mr. Stolz retained Mr. Winterton but that relationship lasted only a week or two due to problems between Mr. Winterton and the office of Mr. Stolz's former attorney (Harris). In any event, the relationship between Mr. Stolz and Mr. Winterton has been severed, without Mr. Winterton having made his appearance in this case. Mr. Stolz regrets this interruption.

It is suggested that the Trustee will not need to resort to this Court to obtain the Debtors' assets and records and that such will become clear at Mr. Stolz's deposition, to wit: at the Stolz deposition it will become clear to the Trustee that the Receiver[2], rather than Mr. Stolz, is in possession of many, if not most, of the records and assets the Trustee needs to perform his duties.

[3]

---

[1] She is out of town until May.

[2] Mr. Patrick acquired control of the Debtors in March 15, 2022, and kept control until February 7, 2022 (Major Market Radio), April 2022 (Silver State Broadcasting) and September of 2022 (Golden State).

[3] **Caveat** As undersigned just agreed this evening to the Debtors' request, made last week, that he represent them, he is concerned that he might, out of ignorance, waive any rights Mr. Stolz might have to prevent turnover of certain documents should such appear necessary. The Harris firm, Debtors' previous counsel, filed an opposition to a similar Turnover motion earlier this evening, which motion also seeks Debtors' assets and records.

2

Respectfully submitted this 16th day of April, 2023.

        WHITE LAW CHARTERED

By:____/s/ John White___

John A. White, Jr.
Attorney for the Debtors

---

Debtors hereby adopt and incorporate the Harris firm's said opposition herein by reference. To the extent of any inconsistency between the Debtors' foregoing response to the turnover motion and the said Harris' opposition, Debtors adopt the position taken by the Harris firm regarding turnover of documents and assets, without prejudice to its right to, with Court permission, further amend this Opposition at a later date when undersigned is more familiar with the facts.

3