John A. White, Jr., Esq., SB#1741
WHITE LAW CHARTERED
335 West First St.
Reno, NV, 89503
775-322-8000
795-322-1228 (fax)
john@whitelawchartered.com
Attorney for Debtors

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

*****

| | |
|---|---|
| IN RE: SILVER STATE BROADCASTING, LLC<br><br>___ AFFECTS THIS DEBTOR.<br>___ AFFECTS GOLDEN STATE BROADCASTING, LLC<br>___ AFFECTS MAJOR MARKET RADIO LLC<br> X  AFFECTS ALL DEBTORS. | Case No. 21-14978-abl (Chapter 11)<br>Jointly Administered with:<br>21-14979-abl Golden State Broadcasting, LLC<br>21-14980-abl Major Market Radio LLC<br>**OPPOSITION TO RECEIVER'S MOTION FOR ALLOWANCE OF ADMINISTRATIVE CLAIM and TO STIPULATION RE SAME ENTER INTO BY TRUSTEE AND RECEIVER TODAY**<br>Hearing Date: May 1, 2023<br>Time: 1:30 p.m. |

Come now Debtors herein, by counsel, who oppose the Motion of W. Lawrence Patrick ("Receiver") as follows:

Facts:

Receiver was in place for a year to two before the Debtors filed their Chapter 11 Petition. He now seeks an order of this court requiring the Trustee to pay for his

1

services as Receiver. Undersigned has located only one circuit level case dealing expressly with the issues presented by the Receiver's motion, being *Szwak v. Earwood* (In re Bodenheimer, Jones, Szwak, & Winchell L.L.P.), 592 F.3d 664 (5th Cir. 2009). As undersigned has found no bankruptcy, district or circuit level cases in this circuit which disagree with Szwak, it will be assumed good law. The receiver seeks compensation for both his prepetition and postpetition work, without ever clearly delineating the manner in which that work benefited the Debtors' estate.

As to the receiver's pre and post-petition work, *Szwak* holds:

> Appellant David Szwak appeals the district court's order affirming the bankruptcy award to Appellee Dale Earwood of $ 45,227.53 for his services and expenses as a state-law liquidator and later as a federally superseded custodian of a now-bankrupt law firm. Because the bankruptcy court failed to consider how Earwood's services and expenses met the terms of 11 U.S.C. § 543(a) and benefited the bankruptcy estate when determining whether they qualified as an administrative expense, we hold the award to be error and an abuse of the bankruptcy court's discretion.

*Szwak,* supra p 592 F.3d 664, 666 (5th Cir. 2009)

As to a receiver's post-petition work, Szwak specifically holds:

> In conclusion, the language of § 543 clearly circumscribes the actions of superseded custodians to those which are necessary to preserve the assets of the estate once a bankruptcy petition has been filed.

and

> However, nowhere in the relevant bankruptcy statutes does it state that a superseded custodian is authorized to oppose a bankruptcy petition or to employ the estate's resources in doing so.

*Szwak*, supra p 671.

> While pre-petition services are not governed by § 543, they are governed by § 503(b)(3)(E), which allows payment from the bankruptcy estate to pre-petition custodians for services and "actual, necessary expenses." Earwood argues that because the words "benefit to the estate" are not in 503(b)(3)(E), no such requirement exists. However, we have interpreted the terms "actual" and "necessary" as requiring a benefit to the estate under a related provision of § 503, despite the fact that no corresponding language is found in that provision.

*Szwak*, supra p 672.

The receiver's motion does not delineate the services he provided which benefited the estate and therefore should be summarily rejected.

So should the stipulation reached today between the Trustee and the Receiver,[1] which allows the Receiver an $87,198.50 administrative claim, while otherwise leaving the Receiver's general unsecured claim unimpaired. The stipulation does not delineate the benefits received by the estate from the work done by counsel described therein, nor does it consider the Debtors' as yet unfiled counterclaims against the Receiver which should be offset against any viable administrative claim. The net effect of the work done by Receiver's attorneys was to hurt rather than help the Debtors. For example, the Receiver expended risk capital in an effort to get a windfall for the Receiver and his collaborator, VCY, which did not pan out. For other example Debtor has an $18,000,000 counterclaim against the Receiver for damages to Debtor's San Francisco station and another $18,000,000 claim for his damage inflicted on the Las Vegas stations, not counting some $3,000,000 in counterclaims for damages to the Palm Springs market stations.

Fox Rothchild was counsel for Mr. Stolz's parent company, Royce International Broadcasting (the insured) and represented the now Debtors' defense in the WB Music case, by assignment from Mr. Stolz's insurance carrier, Atlantic Specialty. The

---

[1] The stipulation may be subject to Rule 9014.

judgment entered against the now Debtors in the WB music case is precisely why we are here today. Fox Rothchild is clearly conflicted.

Sciarrino and Shubert represented the Receiver in his unsuccessful efforts to wrest the licenses of radio stations away from the now Debtors and resell them to VCY. Clearly Debtors should not have to now pay for this. Such would be grossly unfair.

Respectfully submitted this 17th day of April, 2023.

WHITE LAW CHARTERED

By:____/s/ John White___

John A. White, Jr.
Attorney for the Debtors

4