GARMAN TURNER GORDON LLP
GREGORY GARMAN, ESQ.
Nevada Bar No. 6654
Email: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
Email: tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
Email: mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: 725.777.3000
[Proposed] *Attorneys for Michael Carmel,*
*Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>SILVER STATE BROADCASTING, LLC,<br><br>☐ AFFECTS THIS DEBTOR<br>☐ AFFECTS GOLDEN STATE BROADCASTING, LLC<br>☐ AFFECTS MAJOR MARKET RADIO, LLC<br>☒ AFFECTS ALL DEBTORS | CASE NO. BK-21-14978-ABL<br><br>Chapter 11<br><br>*Jointly Administered with:*<br><br>Golden State Broadcasting, LLC<br>Case No. 21-14979-ABL<br><br>Major Market Radio, LLC<br>Case No. 21-14980-ABL |

**EX PARTE APPLICATION FOR ORDER SHORTENING TIME TO HEAR MOTION FOR ORDER PURSUANT TO 11 U.S.C. §§ 363 AND 105 AND BANKRUPTCY RULES 6004 AND 2002 AUTHORIZING CHAPTER 11 TRUSTEE TO ENTER INTO PROGRAMMING AGREEMENTS AND USE REVENUE GENERATED TO RECOUP OPERATIONAL COSTS OF THE RESPECTIVE STATIONS**

Michael Carmel, in his capacity as the Chapter 11 trustee ("Trustee") of the bankruptcy estates of Silver State Broadcasting, LLC, Golden State Broadcasting, LLC, and Major Market Radio, LLC (collectively, the "Debtors"), by and through proposed undersigned counsel, the law firm Garman Turner Gordon LLP, hereby submits this *Ex Parte Application for Order Shortening Time to Hear Motion for Order Pursuant to 11 U.S.C. §§ 363 and 105 and Bankruptcy Rules 6004 and 2002 Authorizing Chapter 11 Trustee to Enter Into Programming*

*Agreements and Use Revenue Generated to Recoup Operational Costs of the Respective Stations* ("Ex Parte Application")[1] seeking entry of an order shortening time to hear the *Motion for Order Pursuant to 11 U.S.C. §§ 363 and 105 and Bankruptcy Rules 6004 and 2002 Authorizing Chapter 11 Trustee to Enter Into Programming Agreements and Use Revenue Generated to Recoup Operational Costs of the Respective Stations* ("Motion"), on May 1, 2023, at 1:30 p.m. prevailing Pacific Time with other hearings currently scheduled in these Chapter 11 Cases, or at the Court's earliest availability.

This Ex Parte Application is made and based upon Fed. R. Bankr. P. 9006; the Memorandum of Points and Authorities herein; the declaration of Mary Langsner, Ph.D. ("Langsner Decl.") filed concurrently herewith pursuant to Local Rules of Bankruptcy Practice of the United States Bankruptcy Court for the District of Nevada ("LR") 9014(c)(2); the Attorney Information Sheet filed concurrently herewith; and the papers and pleading on file in the Chapter 11 Cases, judicial notice of which is respectfully requested pursuant to Fed. R. Evid. 201(b) and (c) and 1101(a) and (b).

WHEREFORE, the Trustee respectfully requests that this Honorable Court grant this Ex Parte Application and issue an order shortening time to hear the Motion on May 1, 2023, at 1:30 p.m. prevailing Pacific Time, or at the Court's earliest availability, and for such other and further relief as the Court deems just and proper.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.
### DECLARATION OF MARY LANGSNER, PH.D.

I, Mary Langsner, hereby declare under penalty of perjury under the laws of the State of Nevada and the United States of America, as follows:

1. I am over the age of 18 and am mentally competent. Garman Turner Gordon is proposed counsel to the Chapter 11 Trustee ("Trustee") of the bankruptcy estates of Silver State Broadcasting, LLC, Golden State Broadcasting, LLC, and Major Market Radio, LLC

---

[1] Unless otherwise noted herein, all capitalized undefined terms used herein shall be ascribed the meanings set forth in the Motion.

(collectively, the "Debtors").

2. I make this declaration in support of the Ex Parte Application to hear the Motion. Except as otherwise indicated, the facts set forth in this Declaration are based upon my personal knowledge or information learned from my review of relevant documents. If called upon to testify as to the content of this Declaration, I could and would do so.

3. In the Motion, the Trustee seeks entry of an order authorizing him to enter into the Agreements with the Programmer, to use revenue generated thereby to recoup expenses incurred in operating the stations subject of the Agreements, and, if sufficient revenue remains after expenses are paid, to split net revenue with the Programmer.

4. A hearing on the Motion is requested on shortened time because, if approved, the Motion enables the Trustee to move forward with generating revenue for the estates in a very short period of time, and, under such circumstances, allowing the full twenty-eight day period under Local Rule and allowing the full twenty-one day period under the applicable Bankruptcy Rule, to pass, before the Motion is heard by this Court commensurately delays the "start date" at which the estates can begin generating revenue through operation of the stations pursuant to the Agreements.

5. Presently, the status conference noticed by the Trustee and set by this Court is scheduled to take place on May 1, 2023, at 1:30 p.m. prevailing Pacific Time.

I declare under penalty of perjury of the laws of the State of Nevada and the United States of America that these facts are true to the best of my knowledge and belief.

Dated this 25th day of April, 2023.

/s/ Mary Langsner
MARY LANGSNER

## II.
## LEGAL ARGUMENT

Section 105, Title 11 United States Code (the "Bankruptcy Code") allows this Court to issue such orders as are necessary to carry out the provisions of this title. FED. R. BANKR. P. 9006(c)(1) generally permits a Bankruptcy Court, for cause shown and in its discretion, to reduce

the period during which any notice is given in accordance with the Bankruptcy Rules. Bankruptcy Rule 9006(c)(1) provides as follows:

> Except as provided in paragraph (2) of this subdivision, when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced.

11 U.S.C. § 105.  Local Rule 9006 provides further authority for shortening the time for a hearing.  According to Local Rule 9006(b), every motion for an order shortening time must be accompanied by a declaration stating the reasons for an expedited hearing.  As set forth in the Langsner Decl., there is a status conference set in these Chapter 11 Cases for May 1, 2023, at 1:30 p.m. prevailing Pacific Time.  There are compelling reasons to hear the Motion at the same date and time as the Status Conference, which is the Trustee's first Status Conference with this Court after the Trustee was appointed, as it is anticipated many if not most of the parties-in-interest will be attending the Status Conference, and, therefore, having this Motion heard at the same date and time affords the best opportunity for the Motion to be presented and argued before these parties-in-interest.  Additionally, the Estates have administrative expenses and, as such, generating revenue as soon as possible is important and in the best interests of creditors.

Local Rule 9006 requires the moving party to submit an Attorney Information Sheet indicating whether opposing counsel was provided with notice, whether opposing counsel consented to the hearing on an order shortening time, the date counsel was provided with notice and how notice was provided or attempted to be provided.  An Attorney Information Sheet has been filed contemporaneously with this Ex Parte Application.

Additionally, FED. R. BANKR. P. 6004(a) provides, *inter alia*, that "Notice of a proposed use, sale, or lease of property, other than cash collateral, not in the ordinary course of business shall be given pursuant to Rule 2002(a)(2), . . ."  FED. R. BANKR. P. 2002(a)(2) provides in pertinent part that (except in circumstances inapplicable here), at least twenty-one days' notice shall be given of "a proposed use, sale, or lease of property of the estate other than in the ordinary course of business, unless the court for cause shown shortens the time or directs another method of giving notice[.]"  Through this Ex Parte Application, the Trustee respectfully proffers

that cause exists to grant the shortening of time on the Trustee's Motion, to allow a hearing on the Motion to take place before twenty-one days after the Motion's filing, as permissible under FED. R. BANKR. P. 2002(a)(2) upon the Court's finding of cause shown. The Trustee respectfully proffers that the circumstances set forth in this Ex Parte Application, the Langsner Decl., and papers and pleadings on file in these Chapter 11 Cases, judicial notice of which is respectfully requested, warrant a finding that cause exists to shorten the time for a hearing on the Trustee's Motion, as permitted by the Rule.

## III.
## CONCLUSION

WHEREFORE, the Trustee respectfully requests that this Court grant this Ex Parte Application and issue an order substantially in the form attached hereto as **Exhibit 1**, shortening the time to hear the Motion Monday May 1, 2023, at 1:30 p.m. prevailing Pacific Time or at the Court's earliest availability; and other and further relief as the Court deems just and proper.

Dated this 25th day of April, 2023.

GARMAN TURNER GORDON LLP

By: /s/ Mary Langsner
GREGORY E. GARMAN, ESQ.
TALITHA GRAY KOZLOWSKI, ESQ.
MARY LANGSNER, Ph.D.
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
[Proposed] *Attorneys for Michael Carmel, Chapter 11 Trustee*