John A. White, Jr., Esq., SB#1741
WHITE LAW CHARTERED
335 West First St.
Reno, NV, 89503
775-322-8000
795-322-1228 (fax)
john@whitelawchartered.com
Attorney for Debtors

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

*****

| | |
|---|---|
| IN RE: SILVER STATE BROADCASTING, LLC<br><br>___ AFFECTS THIS DEBTOR.<br>___ AFFECTS GOLDEN STATE BROADCASTING, LLC<br>___ AFFECTS MAJOR MARKET RADIO LLC<br> X  AFFECTS ALL DEBTORS. | Case No. 21-14978-abl (Chapter 11)<br>Jointly Administered with:<br>21-14979-abl Golden State Broadcasting, LLC<br>21-14980-abl Major Market Radio LLC<br><br>**DECLARATION OF EDWARD STOLZ IN SUPPORT OF DEBTORS' OUT-OF-POSSESSION OPPOSITION TO TRUSTEE'S APPLICATION TO HIRE GARMAN TURNER GORDON LLP AS ATTORNEYS FOR CHAPTER 11 TRUSTEE.**<br>Hearing Date: May 1, 2023<br>Time: 1:30 p.m. |

Mr. Stolz' affidavit is attached hereto.

1

|   |   |
|---|---|
|   | WHITE LAW CHARTERED |
|   |   |
|   | By:____/s/ John White____ |
|   | John A. White, Jr.<br>Attorney for the Debtors |

STATE OF NEVADA  )
                 ) ss.
COUNTY OF WASHOE )

I, Edward Stolz hereby declare, under pain and penalty of perjury, that the following assertions are true of my own knowledge, except as to those matters stated on information and belief, and as to such matters I believe them to be true;

1. I am the managing member of Silver State Broadcasting, LLC, Golden State Broadcasting, LLC, and Major Market Radio, LLC ("Debtors").

2. I learned, during the just past Christmas holiday season, that Steven Harris, Debtors' counsel and a solo practitioner. was diagnosed with a health condition which necessitated continuing treatment. I wanted to be supportive of his personal need, and did not delay his request that he be allowed to withdraw as soon as possible.

3. During the month of March, 2023, I conversed by telephone with GERALD GORDON, and also with MARK WEISENMILLER, attorneys and partners with the law firm Garman Turner Gordon LLP ("GTG") regarding the intimate details of this case, with an intent to engage the GTG firm as counsel for the Debtors. There had been, I believe, three individual, detailed discussions with these two

partners. Thereafter, I attempted to follow-up to proceed with finalizing representation in this case, but they suddenly went silent, avoiding taking, or returning my further calls.

I believe, based upon reviewing my notebook, that I spoke with Mark Weisenmiller on two occasions, Mr, Gordon once. Thereafter, and not hearing from either, I tried to reach out to Mary Langsner, Esq. on a referral from another attorney. She never returned my calls.

4. I believe that by reason of those discussions, and circumstances, GTG and its principal partner, Gregory Garman, became prejudiced against me in some fashion or another.

5. This prejudice is revealed, in part at least, by Mr. Garman's refusal to take my 2004 exam anywhere but in person, in his Las Vegas Office, even though:

  (a) Mr. Garman is taking out-of-office Zoom depositions of other principal witnesses in this case,

  (b) Mr. Garman knows that declarant is willing to have his deposition promptly taken on Zoom,

  (c) He knows that during the California receivership which predated the Petition in this case, the Receiver abrogated all leases held by the Debtors. As a result, the Debtors honored their expiring leases, and then necessarily vacated the premises, leaving Debtors with no place of business, no radio studios, and no presence in or near Las Vegas;

  (d) that Debtors no longer have offices in Las Vegas. The Receiver did not compensate the lessors, did not compensate the Debtors' obligation thereunder, caused the closure of the Las Vegas offices and Studios, and consequently, I was forced to cancel my residential condominium in Las Vegas;

  (e) that your declarant lives in Riverside County, CA, some 300 miles from Las Vegas;

3

(f) that it is difficult and dangerous for declarant, who is in his 70s, to travel, and

(g) that declarant cannot afford to travel to Las Vegas.

6. The sole reason for this Opposition is that Mr. Garman is unreasonably refusing to cooperate with Debtors or their new Counsel, John White, until declarant's 2004 exam has been taken in person in his Las Vegas' office. He must therefore be disqualified due to prejudice. This is causing harm to the estate because bills are not being paid and the simple solution (to meet and confer) is still elusive. As the transmitting eqipment is all owned by me, I am eager to be part of the solution. Though I can provide those services, they require support (electricity, tower leases, etc) which is not being paid for by the Trustee. There is a crisis which is not being addressed.

Further declarant sayeth not.

Dated: April 28, 2023.

_____
Edward Stolz