GARMAN TURNER GORDON LLP
GREGORY GARMAN, ESQ.
Nevada Bar No. 6654
Email: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
Email: tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: 725.777.3000
[Proposed] *Attorneys for Michael Carmel,*
*Chapter 11 Trustee*

### UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

| In re: | CASE NO. BK-21-14978-ABL |
|---|---|
| SILVER STATE BROADCASTING, LLC, | Chapter 11 |
| ☐ AFFECTS THIS DEBTOR | *Jointly Administered with:* |
| ☐ AFFECTS GOLDEN STATE BROADCASTING, LLC | Golden State Broadcasting, LLC<br>Case No. 21-14979-ABL |
| ☐ AFFECTS MAJOR MARKET RADIO, LLC | Major Market Radio, LLC<br>Case No. 21-14980-ABL |
| ☒ AFFECTS ALL DEBTORS | |

### APPLICATION TO EMPLOY TIMMONS PC AS SPECIAL FCC COUNSEL TO THE CHAPTER 11 ESTATES

Michael Carmel, in his capacity as the Chapter 11 trustee ("Trustee") of the bankruptcy estates (collectively, the "Estates") of Silver State Broadcasting, LLC, Golden State Broadcasting, LLC, and Major Market Radio, LLC (collectively, the "Debtors"), hereby applies to this Court for entry of an order approving of the employment of Jeffrey L. Timmons, Esq., a licensed attorney who practices as a sole proprietor (the "Timmons Firm") as special Federal Communications Commission ("FCC") counsel to the Estates. This Application (the "Application") is made and based upon the points and authorities provided herein; the declaration of Chapter 11 Trustee

Michael Carmel, Esq. ("Carmel Decl.") filed contemporaneously herewith pursuant to Local Rule[1] 9014(c); the declaration of Jeffrey L. Timmons, Esq. of Timmons PC filed contemporaneously herewith ("Timmons Decl."); the papers and pleadings on file in these Chapter 11 Cases,[2] judicial notice of which is respectfully requested pursuant to FED. R. EVID. 201(b) and (c) and 1101(a) and (b); and any further argument of counsel or evidence considered by the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. JURISDICTION AND VENUE

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This contested matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue of the Debtors' Chapter 11 Cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This Motion is a "core proceeding" over which the Court has jurisdiction to render a decision.

The statutory bases for the relief sought herein arise from Sections 327 and 1108 of the Bankruptcy Code and FED. R. BANKR. P. 2014. Pursuant to Local Rule 9014.2, the Trustee consents to entry of final order(s) or judgment(s) by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders for judgment consistent with Article III of the United States Constitution.

### II. RELIEF REQUESTED

By this Application, the Trustee requests the entry of an order approving, pursuant to Section 327(e) of the Bankruptcy Code and Bankruptcy Rule 2014, the Estates' retention and employment of the Timmons Firm as special FCC counsel on the terms and conditions set forth in

---

[1] All references to "Section" herein shall be to the Bankruptcy Code appearing in Title 11 of the U.S. Code; all references to "Bankruptcy Rule" shall refer to the Federal Rules of Bankruptcy Procedure; all references to "Civil Rule" shall refer to the Federal Rules of Civil Procedure; and all references to a "Local Rule" shall refer to the Local Rules of Bankruptcy Practice of the U.S. District Court for the District of Nevada.

[2] Unless otherwise stated, all references to "ECF No." are to the numbers assigned to the documents filed in the lead jointly administered bankruptcy case, Bankr. D. Nev. Case No. 21-14978-ABL ("Lead Case") as they appear on the Lead Case docket ("Docket") maintained by the Clerk of Court of the United States Bankruptcy Court for the District of Nevada. The bankruptcy cases jointly administered under the Lead Case are referenced, collectively, as the "Chapter 11 Cases".

the Engagement Agreement attached as **Exhibit "1"** to the Timmons Decl. ("Engagement Agreement"), to provide advice and representation of the Estates in connection with any and all Federal Communications Commission (FCC) licensing issues, duties, and requirements for the Estates, including but not limited to maintaining currency with applicable FCC regulations respecting the handling of the valuable radio station licenses that are the Estates' most valuable assets and, as applicable, assisting with any and all transfer or other applications required by the FCC.

## III.
## PERTINENT FACTS

1. On October 19, 2021 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned bankruptcy cases (collectively, the "Chapter 11 Cases"). *See, e.g.*, ECF No. 1 ("Silver State Petition").

2. On November 19, 2021, this Court entered its *Order Authorizing Joint Administration of Cases* [ECF No. 37], directing that "the Chapter 11 case of SILVER STATE BROADCASTING, LLC (Case No. 21-14978-abl), shall be jointly administered with the Chapter 11 cases of GOLDEN STATE BROADCASTING, LLC (Case No. 21-14979-abl) and MAJOR MARKET RADIO LLC (Case No. 21-14980-abl), with SILVER STATE BROADCASTING, LLC designated as the Lead Case ("Lead Case"), and all papers relating to the above referenced Debtors shall be docketed in the Lead Case (Case No. 21-14978-abl)[.]" *See* ECF No. 37 at p. 2 of 4.

3. On March 6, 2023, this Court entered its *Order on United States Trustee's Motion to Appoint Chapter 11 Trustee Under 11 U.S.C. § 1104(a), or, in the Alternative, to Convert Cases to Chapter 7 Pursuant to 11 U.S.C. § 1112(b); and Memorandum of Point and Authorities in Support and Reservation of Rights [ECF No. 405]*, and *Creditor Mincin Law, PLLC's Motion for Appointment of Chapter 11 Trustee [ECF No. 393]*, thereby directing the appointment of a Chapter 11 trustee for the Debtors' Estates. *See* ECF No. 419.

4.  On March 10, 2023, Tracy Hope Davis, the United States Trustee for Region 17, appointed the Trustee as the Chapter 11 trustee for Debtors' Estates. *See* ECF No. 420.

5.  On March 10, 2023, the Court entered its *Order Approving Appointment of Chapter 11 Trustee* [ECF No. 422], thereby approving the Trustee's appointment.

6.  On March 13, 2023, the Trustee filed his *Notice of Acceptance of Appointment of Chapter 11 Trustee*, accepting his appointment as the Chapter 11 trustee for the Debtors' Estates. *See* ECF No.424.

7.  On March 20, 2023, the Trustee filed his *Application for Order Approving Employment of Garman Turner Gordon LLP as Attorneys for Michael Carmel, Chapter 11 Trustee*. *See* ECF No. 425 ("General Counsel Employment Application").

8.  Presently, the General Counsel Employment Application is set for a hearing May 1, 2023, before this Court. *See* ECF Nos. 428, 429.

9.  After his appointment, the Trustee (through general counsel) reached out to Mr. Barry Wood, Esq. of the law firm Wood & Maines, P.C. ("Wood Firm"), previously employed by the Debtors as *their* FCC special counsel (at a time when they were debtors-in-possession[3]). *See* Carmel Decl. ¶ 6. From this dialogue, the Trustee understands that although there should not be a conflict of interest in the Wood Firm continuing representation as FCC special counsel, Mr. Wood was not comfortable with continuing such representation of the Estates after Mr. Stoltz's removal and the Trustee's appointment. Therefore, the Trustee needed to locate new special FCC counsel. *See* Carmel Decl. ¶ 7.

10. The Trustee, through this Application, therefore seeks authorization and approval to employ the Timmons Firm as the Estates' new special FCC counsel in connection with these Chapter 11 Cases.

### IV.
### RETENTION, SCOPE OF SERVICES, QUALIFICATIONS

The services of the Timmons Firm under the Engagement Agreement are appropriate and

---

[3] *See* ECF Nos. 217 (Wood Firm's application), 218 (declaration), 242 (order granting).

necessary to enable Trustee to execute his duties faithfully as the administrator of the Estates. Although the Trustee's investigations are in their preliminary stages, these investigations consistently indicate that among the Estates' most valuable assets are a number of radio station licenses. *See* Carmel Decl. ¶ 5. In order to preserve the value of these radio station assets, the Trustee must ensure that the Estates are in compliance with all applicable FCC regulations and requirements, including but not limited to ensuring the licenses are transferred to the Trustee (as administrator of the Estates) and are otherwise in compliance with existing regulations. *See* Carmel Decl. ¶ 8. This will ensure the Estates are in the position to transfer title to the successful purchaser upon consummation of a Section 363 asset sale of one or more of the radio station licenses. In addition, the Trustee is currently seeking Court approval to generate immediate revenue for the Estates through a programming agreement with programmer AutopilotFM[4]; in the event the Court ultimately grants the Programming Motion, as a fiduciary of the Estates' assets the Trustee will still need advice from communications counsel to ensure that operations of the stations accord with FCC regulations on an ongoing basis as they generate revenue for the Estates pending a 363 sale. *See* Carmel Decl. ¶ 9.

This Application seeks approval and authorization of the Estates' employment of the Timmons Firm in order to assist with regulatory matters specific to the Federal Communications Commission, so as to ensure the Estates comply with all requisite FCC requirements and regulations. These matters require a specialized expertise in FCC practice, and, therefore, require the employment of counsel who regularly and routinely practices in FCC matters and is able to adeptly navigate any and all licensing issues, duties, and requirements for the Estates in connection with these Chapter 11 Cases and any sale(s) of assets as such may be ultimately approved by the Court. The Timmons Firm is a solo practice office led by Mr. Jeffrey L. Timmons, Esq., who specializes in communications law practice and is well capable of representing the Estates in connection with these matters.

---

[4] *See, e.g.*, ECF No. 502 ("Programming Motion").

Mr. Timmons has practiced communications law since approximately 1993 with expertise primarily advising AM and FM radio broadcasting stations, among others, on licensing and regulatory compliance matters before the FCC. *See* Timmons Decl. ¶ 8. Mr. Timmons' legal experience also includes negotiations and agreements with programming providers, contested proceedings, spectrum auctions, enforcement matters, transactions and financing, contractual matters, broadcast litigation, and general business issues. *See* Timmons Decl. ¶ 9. Based on Mr. Timmons' expertise and experience, the Trustee seeks Court authority to employ the Timmons Firm as the Estates' special counsel for FCC matters. *See* Carmel Decl. ¶ 10.

The Timmons Firm will work closely with Trustee's (proposed) general counsel, the law firm Garman Turner Gordon LLP, and the firms will delineate clearly their respective duties so as to prevent duplication of effort whenever possible. Thus, rather than resulting in extra expense to the Estates, it is anticipated that the efficient coordination of efforts of Trustee's attorneys and other professionals will greatly add to the progress and effective administration of these Chapter 11 Cases.

## V.
## NO ADVERSE INTEREST

Section 327(e) of the Bankruptcy Code, applicable to a trustee's employment of special counsel, provides as follows:

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

*See* 11 U.S.C. § 327(e).

To the best of the Timmons Firm's knowledge, neither the Timmons Firm, nor any of its partners or associates, have any present or prior connection with Debtors, Debtors' creditors, or other parties-in-interest, except as set forth herein. To the best of the Timmons Firm's knowledge, the Timmons Firm and Jeffrey Timmons, Esq. do not hold or represent any interest adverse to Debtors' estates, and the Timmons Firm and Jeffrey Timmons Esq. are disinterested persons within

the meaning of Sections 101(14) and 327 of the Bankruptcy Code, as modified by Section 1107(b). *See* Timmons Decl. ¶ 10. Additionally, the Timmons Firm does not have any connection with the Office of the United States Trustee or any persons employed in the Office of the United States Trustee. The Timmons Firm's representation of Trustee Michael Carmel, Esq. will not be adverse to Debtors' Estates. *See* Timmons Decl. ¶ 12.

Prior to commencing representation of Estates, the Timmons Firm reviewed the Debtors' creditor matrices. From such initial review, up to and including the preparation of this Application, the Timmons Firm has continued to review the information provided by Trustee to determine any previous or present representations of creditors or parties-in-interest. *See* Timmons Decl. ¶ 13.

The Timmons Firm will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise, and if any new relevant facts or relationships are discovered, the Timmons Firm will supplement its disclosure to the Court. *See* Timmons Decl. ¶ 15.

## VI.
## COMPENSATION

The compensation of the Timmons Firm's attorneys are proposed at the rate of $400.00 per hour for Mr. Jeffrey Timmons, Esq., which rate will stay at $400.00 through at least December 31, 2024, and therefore not incur an annual increase commensurate with the start of calendar year 2024, should these Estates still be open at that time. Additionally, all fees and expenses incurred by the Timmons Firm are subject to application and approval by this Court pursuant to Sections 330 and 331 of the Bankruptcy Code. Further, the Timmons Firm expressly agrees and understands that all fees and costs are subject to Bankruptcy Court approval and that the Trustee is not authorized to make a payment to the Timmons Firm without Court approval. The Trustee respectfully submits that such rates are reasonable in light of the high quality of the services being provided and the specialized nature of the expertise being provided to the Estates. Additionally, the Timmons Firm's rates are reasonable, particularly in light of Mr. Timmons' nearly thirty years of experience as a practitioner of communications law and his specific expertise with radio broadcast matters, FCC licensing, and the FCC requirements and regulations attendant to operation and sale of radio stations.

   The Timmons Firm will also seek reimbursement of its expenses pursuant to its policies set forth in the Engagement Agreement, which generally involve passing through all properly reimbursable expenses to the client. *See* Timmons Decl. ¶ 16. In particular, the Estates will be responsible for payment of out-of-pocket expenses that become necessary, including but not limited to charges for overnight courier, photocopying, postage, messenger services, computer-assisted legal research, facsimile services, postage, deposition expenses (including costs of transcripts and court reporter's appearance fees), and charges made by courts and/or governmental agencies (such as filing fees, service of legal process, subpoena costs, witness fees, etc.). However, the FCC filing fees related to the initial transfer applications, necessary to immediate transfer the applications to the name of the Trustee, and any filing fees requisite to address immediate special temporary authority (STA) status as may be necessary (collectively, the "<u>Immediate FCC Fees</u>"), shall be paid by the Estates directly. *See* Timmons Decl. ¶¶ 16, 17. *See* Carmel Decl. ¶ 11.

   No payments have been made or promised to the Timmons Firm for services rendered in connection with these Chapter 11 Cases. *See* Timmons Decl. ¶ 19.

   There is no agreement between the Timmons Firm and any other entity for the sharing of compensation to be received for services in connection with these Chapter 11 Cases. *See* Timmons Decl. ¶ 20.

   Furthermore, the Timmons Firm hereafter intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, including, but not limited to Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Guidelines for Professional Compensation established by the Office of the United States Trustee, and further orders of this Court, for all services performed and expenses incurred from the date of the firm's retention. It is further contemplated that the Timmons Firm may seek interim compensation during this case as permitted by Section 331 of the Bankruptcy Code and Bankruptcy Rule 2016. The Timmons Firm understands that its compensation is subject to prior Court approval. *See* Timmons Decl. ¶ 23.

   In sum, as the terms of the Engagement Agreement are subject to application and approval by this Court, and, furthermore, the Timmons Firm understands that not only retention but also

any compensation or expense reimbursement is subject to Bankruptcy Court approval. The Trustee respectfully submits that such retention terms are reasonable in light of the Timmons Firm's experience and the specialized nature of the services to be provided. Last, the Timmons Firm hereafter intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, including, but not limited to Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Guidelines for Professional Compensation established by the Office of the United States Trustee, and further orders of this Court, for all services performed and expenses incurred after the Petition Date, with the exception of the Immediate FCC Fees, which shall be paid directly by the Estates.

## VII.
## CONCLUSION

WHEREFORE, the Trustee respectfully requests entry of an order authorizing the employment of Timmons PC as special counsel for the Trustee to render the legal services described herein, with compensation and reimbursement of expenses to be paid as an administrative expense in such amounts as may be allowed by the Court, pursuant to the provisions of Sections 330 and 331 of the Bankruptcy Code.

Dated this 1st day of May 2023.

GARMAN TURNER GORDON LLP

By: /s/ Mary Langsner
GREGORY E. GARMAN, ESQ.
TALITHA GRAY KOZLOWSKI, ESQ.
MARY LANGSNER, Ph.D.
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
[Proposed] *Attorneys for Michael Carmel, Chapter 11 Trustee*