# EXHIBIT 1

# EXHIBIT 1

GARMAN TURNER GORDON LLP
GREGORY GARMAN, ESQ.
Nevada Bar No. 6654
Email: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
Email: tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: 725.777.3000
*Attorneys for Michael Carmel,*
*Chapter 11 Trustee*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | CASE NO. BK-21-14978-ABL |
| SILVER STATE BROADCASTING, LLC, | Chapter 11 |
| AFFECTS THIS DEBTOR ☐ | *Jointly Administered with:* |
| AFFECTS GOLDEN STATE BROADCASTING, LLC ☐ | Golden State Broadcasting, LLC Case No. 21-14979-ABL |
| AFFECTS MAJOR MARKET RADIO, LLC ☐ | Major Market Radio, LLC Case No. 21-14980-ABL |
| AFFECTS ALL DEBTORS ☒ | Current Hearing Date: Date:  July 12, 2023 Time: 1:30 p.m. Pacific Time |
| | Proposed New Hearing Date: Date: July 26, 2023 Time: 1:30 p.m. Pacific Time |

## AMENDED STIPULATION BETWEEN CHAPTER 11 TRUSTEE AND RECEIVER W. LAWRENCE PATRICK

Michael Carmel, in his capacity as the Chapter 11 trustee ("Trustee") of the bankruptcy

estates of Silver State Broadcasting, LLC, Golden State Broadcasting, LLC, and Major Market

Radio, LLC,[1] by and through his counsel of record Gregory E. Garman, Esq., Talitha Gray

---

[1] (Silver State Broadcasting, LLC, Golden State Broadcasting, LLC, and Major Market Radio, LLC collectively, the "Debtors".)

1  Kozlowski, Esq., and Mary Langsner, Ph.D. of the law firm Garman Turner Gordon LLP, and W.

2  Lawrence Patrick, former receiver over certain assets of the Debtors (the "Receiver"), by and

3  through his counsel of record Brett A. Axelrod Esq. and Nicholas A. Koffroth, Esq. of Fox

4  Rothschild LLP, stipulate and agree as follows:

5  **RECITALS**

6  1.    On March 23, 2023, Receiver filed the *Receiver W. Lawrence Patrick's Motion for*

7  *Allowance of Administrative Claim Pursuant to 11 U.S.C. §§ 503(b)(3)(E), 503(b)(4) & 543(c)(2)*

8  [ECF No. 433] (the "Application").[2]

9  2.    The Application was noticed for a hearing date of May 1, 2023, at 1:30 p.m.

10  prevailing Pacific Time ("Original Hearing"), with a commensurate opposition deadline set by

11  Local Rule of April 17, 2023 ("Trustee Response Deadline"), with any reply by the Receiver to

12  the Trustee's response due on April 24, 2023 ("Reply Deadline") (together, the "Briefing

13  Deadlines"). *See* ECF No. 438.

14  3.    Previous to the Trustee Response Deadline, the Trustee and the Receiver (together,

15  the "Parties") were in negotiations respecting both the Application and the Trustee's turnover

16  request to the Receiver. Among those negotiations was a draft resolution stipulation which had

17  been exchanged by the Parties but not approved by all Parties.

18  4.    In furtherance of continuing those negotiations, the Parties agreed to a sixty-day

19  extension of the Briefing Deadlines and the Original Hearing, to allow opportunity to continue to

20  facilitate negotiations and to avoid litigation costs of the Parties in fully briefing the Application

21  and possibly the Trustee's turnover request.

22  5.    Counsel to the Parties agreed to a simple stipulation that afforded the sixty-day

23  continuance of the Original Hearing and the Briefing Deadlines and did not resolve the substance

24  of the Application or the turnover request, as those terms were still being negotiated.

25

26

27  [2] All references to "Section" herein shall be to the Bankruptcy Code appearing in Title 11 of the U.S. Code; all
references to a "Bankruptcy Rule" shall refer to the Federal Rules of Bankruptcy Procedure; and all references to a

28  "Local Rule" shall refer to the Local Rules of Bankruptcy Practice of the U.S. District Court for the District of Nevada.

6.     However Trustee's counsel inadvertently filed the wrong stipulation. **The filed stipulation, ECF No. 490, is hereby withdrawn as it was filed erroneously**. Receiver's counsel had approved affixing of his signature only to the continuance stipulation.

7.     The correct stipulation between the Parties, and for which Receiver's counsel had authorized affixing of his signature, read as follows:

The Trustee and the Receiver (collectively, the "Parties") are dialoguing respecting the Application and seek additional time to continue their discussions; therefore the Parties respectfully request a continuance of the Briefing Deadlines and the Hearing as set forth herein:

- That the Original Hearing be continued for sixty (60) days, or to a date set by the Court in any order approving of this Stipulation ("Continued Hearing Date");

- That the Trustee Response Deadline be continued from April 17, 2023, to a date fourteen (14) days before the Continued Hearing Date; and

- That the Receiver's Reply Deadline be continued from April 24, 2023, to a date seven (7) days before the Continued Hearing Date.

8.     A continued hearing date was ultimately set for the Application, of July 12, 2023, at 1:30 p.m. prevailing Pacific Time ("Current Hearing Date"). *See* ECF No. 494.

9.     The Parties seek to continue the Current Hearing Date of July 12, 2023, at 1:30 p.m. prevailing Pacific Time to the new hearing date of **July 26, 2023, at 1:30 p.m.** ("New Hearing Date").

10.    The Parties want to maintain the briefing schedule previously agreed, in that the deadline for the Trustee to file any response in opposition to the Application, shall be continued from April 17, 2023, **to July 12, 2023**, the date fourteen (14) days before the New Hearing Date; and the deadline for the Receiver to reply in response to any Trustee's opposition shall be continued from April 24, 2023, **to July 19, 2023**, the date seven (7) days before the New Hearing Date.

**STIPULATION**

1

2        Based on the foregoing, the Trustee and the Receiver stipulate and agree to: (i) withdraw

3   the Stipulation at ECF No. 490 as an erroneous filing; (ii) continue the July 12, 2023, at 1:30 p.m.

4   Current Hearing Date on the Application to July 26, 2023, at 1:30 p.m. prevailing Pacific Time;

5   (iii) continue the Trustee Response Deadline from April 17, 2023, to July 12, 2023; (iv) continue

6   the Reply Deadline from April 24, 2023, to July 19, 2023; and (v) any Order approving of this

7   Stipulation entered by the Court vacates the *Order Approving Stipulation Between Chapter 11*

8   *Trustee and Receiver W. Lawrence Patrick Regarding Receiver W. Lawrence Patrick's Motion for*

9   *Allowance of Administrative Claim Pursuant to 11 U.S.C. §§ 503(b)(3)(E), 503(b)(4) & 543(c)(2)*

10  *[ECF 433]* entered on April 18, 2023, as ECF No. 494.

11       A proposed Order approving this Stipulation has been lodged contemporaneously

12  herewith.

13   Dated this 2nd day of May 2023.          Dated this 2md day of May 2023

14   GARMAN TURNER GORDON LLP                 FOX ROTHSCHILD LLP

15

16   By: */s/   Mary Langsner*               By: */s/ Nicholas A. Koffroth*
         GREGORY E. GARMAN, ESQ.                 BRETT A. AXELROD, ESQ.
         NBN 6654                                NBN 5859
17       TALITHA GRAY KOZLOWSKI, ESQ.            NICHOLAS A. KOFFROTH, ESQ.
         NBN 9040                                *Pro Hac Vice*
18       MARY LANGSNER, Ph.D.                    1980 Festival Plaza Drive, Suite 700
         NBN 13707                               Las Vegas, Nevada 89135
19       7251 Amigo Street, Suite 210           *Counsel for W. Lawrence Patrick*
         Las Vegas, Nevada 89119
20       *Attorneys for Michael Carmel,*
         *Chapter 11 Trustee*

21

22

23

24

25

26

27

28