John A. White, Jr., Esq., SB#1741
WHITE LAW CHARTERED
335 West First St.
Reno, NV, 89503
775-322-8000
795-322-1228 (fax)
john@whitelawchartered.com
Attorney for Out-of-Possession Debtors

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

*****

| | |
|---|---|
| IN RE: SILVER STATE BROADCASTING, LLC<br><br>___ AFFECTS THIS DEBTOR.<br>___ AFFECTS GOLDEN STATE BROADCASTING, LLC<br>___ AFFECTS MAJOR MARKET RADIO LLC<br>_X_ AFFECTS ALL DEBTORS. | Case No. 21-14978-abl (Chapter 11)<br>Jointly Administered with:<br>21-14979-abl Golden State Broadcasting, LLC<br>21-14980-abl Major Market Radio LLC<br><br>**DEBTORS OUT-OF-POSSESSION's EMERGENCY MOTION FOR ORDER DETERMINING THAT THIRD PARTIES ARE BOUND BY AUTOMATIC STAY**<br>Hearing Date: ??????<br>Time: ?????<br>Est. Time: 1 hour<br>OST Pending |

    Come now out-of-possession Debtors herein ("Debtors"), by counsel, who allege that W. Lawrence Patrick's ("Receiver") on-going attempts to collect the $2,078,076.95 judgment entered by the U.S. District Court for the Central District of California on February 22, 2023 in the case of *WB Music Corp, et al, v Royce International Broadcasting Corp, et al*, Case No. 5:16-cv-00600-JGB (SPx) (the "Judgment") by levying on assets

1

owned by non-debtor Defendants Edward Stolz and Royce International are in violation of the automatic stay imposed by 11 U.S.C §362(a)(1) and (6).

Such attempts violate the automatic stay [(11 USC §362(a)(1)] because Debtors herein have a possessory interest in property owned by non-Debtor District Court defendants Stolz and Royce, such possessory interest being property of this estate.

This motion is also grounded in 11 USC §362(a)(6) as the Receiver has attempted to have a third party court determine the amount of Receivor's claim against this estate, being, essentially, the same claim the Receiver filed herein on August 2, 2021. The sole power to determine the amount of claims against this estate belongs to this Court. The receiver was supposed to be fiduciary preserving assets. Instead of doing his best to preserve those assets and reduce expenses, he vexatiously multiplied expenses beyond reason.

In addition, Debtors seek an order to the effect that any effort by the Receiver's to publicly derogate and denigrate the radio station assets of this estate, knowing that the Trustee intends to sell them and that the Receiver or his agents intend to buy them, is a violation of the automatic stay.

This motion is based on the papers and pleadings on file in these consolidated Chapter 11 cases, as well as certain pleadings filed in the U.S. District Court for the Central District of California, the following Points and authorities and the Declaration of Edward Stolz, filed contemporaneously herewith.

Respectfully submitted this 15th day of May, 2023.

                                      WHITE LAW CHARTERED

                                      By:___/s/ John White___
                                          John A. White, Jr.
                                          Attorney for the Debtors

**POINTS AND AUTHORITIES**

# FACTS

The Debtors own radio stations which constitute the great bulk of the assets of this estate. The Debtors have been using assets owned by Edward Stolz with the consent of Mr. Stolz. See the Declaration of Edward Stolz, filed separately herewith, which Declaration contains a list of the assets being used by the Debtors. These assets, though Debtors' interest is possessory only, are still assets of this estate, as discussed below.

On July 23, 2021, Defendants satisfied the approximate one and one/half million dollar judgment in favor of WB Music Corp in the underlying case. See Satisfaction of Judgment, filed in the Central District of California on July 23, 2021, at which time the duties of the Receiver would normally cease (Exhibit 1). On February 22, 2023, the District Court of the Central District of California entered its Order Approving Receiver's Final Report and Accounting as to All Defendants Except Silver State Broadcasting, LLC and Golden State Broadcasting and Awarding Fees and Costs in the additional amount of $2,078,076.95. Exhibit 2, an amount well in excess of the underlying judgment. On May 5, 2023, the Receiver filed his Exparte Application for a Writ of Execution (Docket 509) in the District Court case, a copy of which is attached hereto as Exhibit 3[1]. At page 4, line 3 of that Application, the Receiver states, referring to Defendants' opposition: "That opposition is without merit; the writs will issue against non-debtors and the assets of non-debtors." Defendants' counsel in the District Court case opposed the Application. See Exhibit 4. The District Court granted the application. See Exhibit 5.

Therefore, despite what the Receiver told the District Court, as assets of Stolz and possibly Royce are possessed by and being used by the Debtors, the Receiver is bound

---

[1] Request is made that this Court take judicial notice of the records in case 5:16-cv-00600-JGB (SPx), presently pending in the Central District Court of California.

3

to stand down until this Court has administered the Debtors' estates.

Apart from the foregoing, 11 USC §362(a)(6) prohibits any act to "assess" any claim against the Debtors. Yet that is exactly what the Receiver is doing in the District Court. The Code contemplates that after bankruptcy is filed the bankruptcy court is charged with protecting the estate and making sure the case progresses as contemplated by the bankruptcy code. Yet here, the Receiver is having its claim assessed by the District Court, apparently believing that so long as it does not enforce the assessed claim against the Debtors, he is home free. This flies in the face of the Code's various provisions protecting the estate from interference by outsiders.

Finally, there are numerous articles circulating in the relevant press, indicating that the Debtors' radio stations are in bankruptcy and likely to be taken over. Attached to Mr. Stolz' accompaning Declaration is just one such article, saying that an "Albuquerque Programmer Likely to take over Stolz stations as bankruptcy moves forward." We have no firm knowledge of who may be behind these defamatory articles, but in the event that it is the Receiver, he should be enjoined from publicly denigrating the Debtors. The Receiver has many contacts in the industry and, at one time, was charged with trying to sell the Debtor stations.

# ARGUMENT

### A. The Receiver violated the automatic stay by proceeding with collection despite their knowledge of the bankruptcy.

Upon the filing of a bankruptcy case, § 362(a) imposes an automatic stay on all creditor collection activities against the debtor. See 11 U.S.C. § 362(a). The purpose of the automatic stay is to give the debtor a breathing spell from his or her creditors, to stop all collection efforts, harassment, and foreclosure actions. *First Nat'l Bank of Anchorage and Alaska Title Guaranty Co. (In re Roach )*, 660 F.2d 1316, 1318 (9th Cir. 1981) (citations omitted). And "functionally the automatic stay is a combination

4

of a temporary restraining order and a preliminary injunction." *In re Henry*, 266 B.R. 457 (Bankr. C.D. Cal. 2001). But most important, the automatic stay differs from a temporary restraining order and a preliminary injunction in six ways: (1) it is automatic upon the filing of a bankruptcy petition and does not require a court order; (2) a debtor is not required to carry any burden of proof or provide any level of evidence to obtain it; (3) a creditor is not entitled to be heard, or even to be given notice, before it is imposed; (4) it requires no bond; (5) it is binding on all creditors, whether or not they have notice of it, and lack of notice is chiefly a defense to punitive damages. Id. The Ninth Circuit has addressed the breadth of the automatic stay and applies it seriously, because the automatic stay plays a vital role in bankruptcy. *Schwartz v. United States (In re Schwartz)*, 954 F.2d 569, 571 (9th Cir. 1992). The automatic stay is one of the fundamental protections provided by the Bankruptcy Code, and it is meant to give the debtor a breathing spell and to stop "all collection efforts, all harassment. and foreclosure actions." Id. The Ninth Circuit has also explained that courts will not reward those who violate the automatic stay. Id. at 572. Importantly, "[t]he Bankruptcy Code does not burden the debtor with a duty to take additional steps to secure the benefit of the automatic stay." Id. If a creditor believes it has cause to continue post-petition collection efforts, then it has the burden of obtaining relief from the automatic stay. Id. (citing *In re Williams,* 124 B.R. 311, 317–18 (Bankr. C.D. Cal. 1991)).

Also, the automatic stay extends to property in which the debtor holds a mere possessory interest. *Bayview Lon Servicing LLC v. Fogarty (In re Fogarty)*, 39 F.4th 62, 71 (2d Cir. 2021) ("[W]e hold that the Bankruptcy Code's automatic stay provisions . . . are violated by the foreclosure sale of a property . . . even if the debtor holds only a possessory interest in the property."). <u>The chapter 11 debtors in this case use, and have a possessory interest in, radio station equipment owned by non-debtors Edward Stolz. Thus, a writ to levy against them could implicate these assets.</u>

In a case concurrence, Bankruptcy Judge Fenning explained that "[t]he debtor is entitled to rely on the stay. After giving notice of the bankruptcy filing, the debtor is

5

not supposed to have to go to other courts to prevent further collection or enforcement actions . . . If there is a question about the applicability or scope of the stay, the creditors are required to come to the bankruptcy court to obtain clarification or relief from the stay." *Ramirez, v. Fuselier (In re Ramirez),* 183 B.R. 583, 591 (B.A.P. 9th Cir. 1995) (emphasis in original) (citations omitted). Judge Fenning goes on to reason that "[a]ny erosion of these fundamental precepts would undercut the very attribute that accounts for the effectiveness of this power legal tool—its automatic nature. Any creditor or agent that continues collection or enforcement actions after notice of a bankruptcy filing acts at its peril." Id. (emphasis in original) (citations omitted).

## B. A debtor is not required to prove damages to sustain a claim for willful violation of the stay.

Though damages abound in this case, it is noted that a "willful violation" of 11 U.S.C. § 362 occurs when the defendant has knowledge of the automatic stay and acts intentionally to violate it. *Keith v. United States (In re Keith),* 974 F.2d 113, 115 (9th Cir. 1992). "Knowledge of the bankruptcy filing is the legal equivalent of knowledge of the automatic stay provided under § 362." *Ramirez,* 183 B.R. at 589 (citations omitted). It is also irrelevant whether the party believed in good faith that it had a right to the property at issue. Id. (citing *In re Bloom,* 875 F.2d 224, 227 (9th Cir. 1989)). "Not even a 'good faith' mistake of law or a 'legitimate dispute' as to legal rights relieve a willful violator of the consequences of his act. Id. (citing *Sansone v. Walsworth,* 99 B.R. 981, 987 (Bankr. C.D. Cal. 1989)).

## C. The Receiver's collection efforts are void *ab initio*.

The Ninth Circuit has clearly stated that acts done in violation of the automatic stay are void, rather than voidable, because merely voidable acts "would have the effect of encouraging disrespect for the stay by increasing the possibility that violators of the automatic stay may profit from their disregard for the law, provided it goes

6

undiscovered for a sufficient period of time." *Schwartz*, 954 F.2d at 569. In sum, the Debtor is not required to take any special action to avoid the effect of an act in violation of the stay. This Court can enter its order determining that the February 22, 2023 Judgment and the Writ of Execution was obtained in violation of the automatic stay and is thus void ab initio.

### D. The Receiver's action in asking the California District Court to approve its claim was in violation of 11 USC §362(a)(6).

The Declaration of the Receiver in support of the Receiver's Motion in the District Court, a copy of which is attached hereto as Exhibit 6, shows that the Receiver asked that Court to liquidate a claim which is functionally equivalent to the Claim the Receiver filed in this case. As violations of the stay are void, so is the District Court's order of February 22, 2013 as, for all intents and purposes, it essentially assessed damages against the Debtors by liquidating the Receiver's disputed claim. Any other conclusion could well result in the same Claim being allowed by this court against the Debtors in an amount which differs from the amount certified by the District Court against Stolz and Royce.

### E. Receiver should be enjoined from taking any action in an effort to alienate Debtors' radio stations.

On February 2, 2022, this Court ordered (Docket 115, page 2, line 16):

> IT IS FURTHER ORDERED that, under 11 U.S.C. § 543(a), Receiver shall not make any disbursement from, or take any action in the administration of property of the Debtors, proceeds, product, offspring, rents, or profits of such property, or property of the Debtors' bankruptcy estate, in Receiver's possession, custody, or control, except such action as is necessary to preserve such property. For clarity, avoidance of any doubt, and without limitation, <u>Receiver shall not take any action in an effort to alienate or sell any or all of the radio broadcast licenses issued to any of the Debtors by the Federal Communications Commission ("FCC")</u>.

Emphasis added.

There have been numerous news articles concerning the status of Debtors' radio stations, which the Trustee desires to sell. One of many examples is attached as exhibit 2 to Mr. Stolz' Declaration, filed separately herewith. Debtors out-of-possession believe there is a concerted effort by parties unknown to ensure that these stations are sold for less than fair market value. Debtors further believe, without having hard evidence, that the Receiver may be behind these efforts. The Receiver has indicated an intent to purchase or broker the sale of the Radio Stations. The Receiver is well positioned in the industry to help insure that the stations are sold for less than their market value. For example, the Receiver is past chairman of the ad hoc committee called the National Association of Media Brokers.

> Whether such speech or conduct with a communicative element is protected turns on the intent of the communicator. If speech is intended to violate section 362(a)(6), with a clear purpose or otherwise to interfere seriously and effectively with the Code, the courts have held that the speech is not protected under the First Amendment and that sanctions for contempt may issue.

3 Collier on Bankruptcy P 362.03 (16th 2023)

Respectfully submitted this 15th day of May, 2023.

WHITE LAW CHARTERED


By:___/s/ John White___

John A. White, Jr.
Attorney for the Debtors

8

**INDEX OF EXHIBITS**

| Exhibit No. | Description of Document | No. Pages |
|---|---|---|
| 1 | Feb. 22, 2023 Fee Judgment | 2 |
| 2 | Satisfaction of Judgment | 2 |
| 3 | Ex Parte Application for Writ of Execution | 4 |
| 4 | Schwartz Opposition to Writ application | 2 |
| 5 | Order Granting Writ of Execution | 2 |
| 6 | Patrick Declaration supporting judgment | 3 |

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on the 15th day of May, 2023, a true and correct copy of the foregoing **DEBTORS OUT-OF-POSSESSION's EMERGENCY MOTION FOR ORDER DETERMINING THAT THIRD PARTIES ARE BOUND BY AUTOMATIC STAY** was served via: (ELECTRONIC SERVICE)

    Pursuant to Administrative Order 02-1 (Rev. 8-31-04) of the United States Bankruptcy Court for the District of Nevada, the above-referenced document was electronically filed on the date noted above and served through the Notice of Electronic Filing automatically generated by the Court to the following parties:

    BRETT A. AXELROD on behalf of Other Prof. W. LAWRENCE PATRICK
    baxelrod@foxrothschild.com, pchlum@foxrothschild.com; mwilson@foxrothschild.com

    OGONNA M. BROWN on behalf of Creditor VCY AMERICA, INC.
    OBrown@lrrc.com, ogonna-brown-4984@ecf.pacerpro.com, dberhanu@lewisroca.com, ombcalendar@lewisroca.com; jhess@lewisroca.com, klopez@lewisroca.com; gmercado1@lewi gmercado@lewisroca.com

    CANDACE C CARLYON on behalf of Interested Party C & E HAAS DEVELOPMENT COMPANY, LLC
    ccarlyon@carlyoncica.com, CRobertson@carlyoncica.com; nrodriguez@carlyoncica.com; 9232006420@filin gs.docketbird.com; Dcica@carlyoncica.com

    THOMAS H. FELL on behalf of Creditor CROWN CASTLE MU LLC
    tfell@fennemorelaw.com, clandis@fennemorelaw.com; CourtFilings@fennemorelaw.com

    STEPHEN R HARRIS steve@harrislawreno.com, hannah@harrislawreno.com; norma@harr

    DAVID MINCIN on behalf of Creditor MINCIN LAW, PLLC
    dmincin@mincinlaw.com, cburke@mincinlaw.com

    DAVID MINCIN on behalf of Interested Party MINCIN LAW, PLLC
    dmincin@mincinlaw.com, cburke@mincinlaw.com

    JOHN M NAYLOR on behalf of Creditor NAYLOR & BRASTER ATTORNEYS AT LAW PLLC
    jnaylor@naylorandbrasterlaw.com, asharples@naylorandbrasterlaw.com

    TRACY M. O'STEEN on behalf of Interested Party C & E HAAS DEVELOPMENT COMPANY, LLC
    tosteen@carlyoncica.com, crobertson@carlyoncica.com; nrodriguez@carlyoncica.com; ccarlyon@carlyonci ca.com

    STEVEN B. SCOW on behalf of Creditor BELLAIRE TOWER HOMEOWNERS ASSOCIATION
    sscow@kskdlaw.com, dscow@kochscow.com

    U.S. TRUSTEE - LV - 11USTPRegion17.lv.ecf@usdoj.gov

    JUSTIN CHARLES VALENCIA on behalf of U.S. Trustee U.S. TRUSTEE - LV - 11
    justin.c.valencia@usdoj.gov

                                        /s/ Linda Mason,
                                          Linda Mason,
                                          an employee of WHITE LAW CHARTERED