GARMAN TURNER GORDON LLP
GREGORY GARMAN, ESQ.
Nevada Bar No. 6654
Email: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
Email: tgray@gtg.legal
MARY LANGSNER, PH.D.
Nevada Bar No. 13707
Email: mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: 725.777.3000
*Attorneys for Michael Carmel, Chapter 11 Trustee*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| In re: | CASE NO. BK-21-14978-ABL |
|---|---|
| SILVER STATE BROADCASTING, LLC, | Chapter 11 |
| ☐ AFFECTS THIS DEBTOR | *Jointly Administered with:* |
| ☐ AFFECTS GOLDEN STATE BROADCASTING, LLC | Golden State Broadcasting, LLC Case No. 21-14979-ABL |
| ☐ AFFECTS MAJOR MARKET RADIO, LLC | Major Market Radio, LLC Case No. 21-14980-ABL |
| ☒ AFFECTS ALL DEBTORS | Hearing Date: June 7, 2023 Hearing Time: 1:30 p.m. |

**OPPOSITION TO DEBTORS-OUT-OF-POSSESSION'S EMERGENCY MOTION FOR ORDER DETERMINING THAT THIRD PARTIES ARE BOUND BY AUTOMATIC STAY**

Michael Carmel, in his capacity as the Chapter 11 trustee ("Trustee") of the bankruptcy estates (collectively, the "Estates") of Silver State Broadcasting, LLC, Golden State Broadcasting, LLC, and Major Market Radio, LLC (collectively, the "Debtors"), hereby submits his Opposition ("Opposition") to *Debtors-Out-of-Possession's Emergency Motion for Order Determining That Third Parties Are Bound By Automatic Stay* ("Motion") [ECF No. 561][1] filed by the debtors-out-

---

[1] Unless otherwise indicated, all references to "ECF No." are to the numbers assigned to the documents filed in the lead jointly administered bankruptcy case, Bankr. D. Nev. Case No. 21-14978-ABL ("Lead Case") as they appear on

of-possession. This Opposition is supported by the following memorandum of points and authorities; the declaration or Michael Carmel filed herewith (the "Carmel Decl."), the papers and pleadings on file in these Chapter 11 Cases, judicial notice of which is respectfully requested pursuant to FED. R. EVID. 201(b) and (c) and 1101(a) and (b); and any further argument of counsel or evidence considered by the Court at the time of hearing on the Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. ANALYSIS

The Trustee's preliminary investigations indicate that the FM radio station at 92.7 FM, call sign KREV ("SF Radio Station"); the FM radio station at 104.3 FM, call sign KFRH ("Vegas FM Station"); the FM radio station at 97.7 FM, call sign KRCK ("Palm Springs Station"); the AM radio station at 790 AM, call sign KBET ("Vegas AM Station"); and their affiliated translator stations (altogether with the SF Radio Station, the Vegas FM Station, the Palm Springs Station, and the Vegas AM Station, the "Radio Stations") are valuable assets of the Debtors' Estates. *See* Carmel Decl. ¶ 4. In the Motion, Mr. Stolz contends that the equipment and personal property used to operate the Radio Stations as itemized on Exhibit 1 to the Stolz Declaration filed in support of the Motion (the "Radio Station Personal Property") is Mr. Stolz personal property that he has allowed the Debtors to use. *See* Motion, pp. 2-3.

However, based on the Trustee's investigation to date, it appears that the Radio Station Personal Property is actually the Estates' property or that the Estates have an interest in the Radio Station Personal Property. As a preliminary matter, the Trustee has asked Mr. Stolz to provide proof that the Radio Station Personal Property is Mr. Stolz's property, such as purchase receipts, invoices, and payment records to authenticate Mr. Stolz's claims, and Mr. Stolz has failed to provide a single document or other evidence that he owns the Radio Station Personal Property.

---

the Lead Case docket ("Docket") maintained by the Clerk of Court of the United States Bankruptcy Court for the District of Nevada. The bankruptcy cases jointly administered under the Lead Case are referenced, collectively, as the "Chapter 11 Cases". All references to "Section" herein shall be to the Bankruptcy Code appearing in Title 11 of the U.S. Code; all references to "Bankruptcy Rule" shall refer to the Federal Rules of Bankruptcy Procedure; all references to "Civil Rule" shall refer to the Federal Rules of Civil Procedure; and all references to a "Local Rule" shall refer to the Local Rules of Bankruptcy Practice of the United States Bankruptcy Court for the District of Nevada.

*See* Carmel Decl. ¶ 5.

Additionally, Mr. Stolz has no direct ownership in the Debtors. Rather, Mr. Stolz owns Royce International Broadcasting, Inc. ("Royce"), which holds the equity interest in Debtors. *See* ECF No. 63, in Case No. 21-14978-ABL; ECF No. 35, in Case No. 21-14979-ABL; ECF No. 33, in Case No. 21-14980-ABL. The Trustee subpoenaed copies of Royce's tax returns for 2015 to the present and obtained copies of Royce's tax returns for 2016-2019, as well as certain related financial records for Royce. Neither the tax returns for Royce nor the related financial records identify any of the Radio Station Personal Property, thereby indicating that the Radio Station Personal Property is not owned by Royce. *See* Carmel Decl. ¶ 6. Furthermore, the Trustee is informed and believes that when VCY was operating the Radio Stations pre-bankruptcy, at least some of the Radio Station Personal Property identified by Mr. Stolz was used by VCY and was contemplated to be sold in the pre-petition sale between VCY and the Receiver. *See* Carmel Decl. ¶ 7. While the Trustee's investigation is on-going, the foregoing indicates that at least some, if not all, of the Radio Station Personal Property is Estate property or that, at a minimum, the Estates hold an interest in the Radio Station Personal Property.

11 U.S.C. § 362 does not operate as a stay of collection efforts against non-debtors or non-debtor assets. *See Aerodynamics Inc. v. Caesars Entertainment Operating Co.*, 2020 WL 5995488, *2 (D. Nev. Oct. 9, 2020), citing *In re Chugach Forest Prods., Inc.*, 23 F.3d 241, 246 (9th Cir. 1994). Mr. Stolz is not a debtor. However, any and all assets related to the Radio Stations and the Radio Stations' broadcasting, including the Radio Station Personal Property and other equipment used to operate the Radio Stations (collectively, "Station Assets") are subject to Section 362(a)'s automatic stay.

The Trustee's counsel has spoken with the Receiver's counsel and understands that the Receiver is not seeking to collect against any of the Station Assets. To the extent that the Receiver is solely seeking to collect against Mr. Stolz's property and not property of the Estates, the Trustee does not believe that Section 362's automatic stay precludes such collection efforts against a non-debtor. As such, the Trustee requests that any order on the Motion include the following confirming language:

Unless the Receiver seeks and obtains relief from the automatic stay under Section 362 of the Bankruptcy Code, the Receiver shall not execute on the equipment and personal property listed on Exhibit 1 of the Stolz Declaration [ECF No. 562] or any other assets used in the operation of any radio stations owned by the Debtors, including the following radio stations: FM radio station at 92.7 FM, call sign KREV; the FM radio station at 104.3 FM, call sign KFRH; the FM radio station at 97.7 FM, call sign KRCK; the AM radio station at 790 AM, call sign KBET; and their affiliated translator stations.

Dated this 31st day of May 2023.

                GARMAN TURNER GORDON LLP

                By: /s/ Mary Langsner
                    GREGORY E. GARMAN, ESQ.
                    TALITHA GRAY KOZLOWSKI, ESQ.
                    MARY LANGSNER, PH.D.
                    7251 Amigo Street, Suite 210
                    Las Vegas, Nevada 89119
                    *Attorneys for Michael Carmel, Chapter 11 Trustee*