John A. White, Jr., Esq., SB#1741
WHITE LAW CHARTERED
335 West First St.
Reno, NV, 89503
775-322-8000
795-322-1228 (fax)
john@whitelawchartered.com
Attorney for Out-of-Possession Debtors

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

*****

| | |
|---|---|
| IN RE: SILVER STATE BROADCASTING, LLC<br><br>___ AFFECTS THIS DEBTOR.<br>___ AFFECTS GOLDEN STATE BROADCASTING, LLC<br>___ AFFECTS MAJOR MARKET RADIO LLC<br>_X_ AFFECTS ALL DEBTORS. | Case No. 21-14978-abl<br>(Chapter 11)<br>Jointly Administered with:<br>21-14979-abl Golden State Broadcasting, LLC<br>21-14980-abl Major Market Radio LLC<br><br>**DEBTORS' REPLY IN SUPPORT OF EMERGENCY MOTION FOR ORDER DETERMINING THAT THIRD PARTIES ARE BOUND BY AUTOMATIC STAY**<br>Hearing Date: June 7, 2023<br>Time: 1:30 pm |

Come now out-of-possession Debtors herein ("Debtors"), by counsel, who replies to the Oppositions filed herein on May 31, 2023, as follows:

**A. Debtors have standing to present their emergency motion.**

From Article III's limitation of the judicial power to resolving "Cases" and "Controversies," and the separation-of-powers principles underlying that limitation, we have deduced a set of requirements that together make

1

up the "irreducible constitutional minimum of standing." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992). The plaintiff must have suffered or be imminently threatened with a concrete and particularized "injury in fact" that is fairly traceable to the challenged action of the defendant and likely to be redressed by a favorable judicial decision.

Lexmark Int'l, Inc. v. Static Control Components, Inc., 572 U.S. 118, 125, 134 S. Ct. 1377, 1386 (2014).

As discussed below, Debtors meet this set of requirements. The receiver's reliance on *Moneymaker v. CoBen (In re Eisen)*, 31 F.3d 1447 (9th Cir. 1994) is misplaced as it was a Chapter 7 case. The instant matter, dealing with conduct by a Chapter 11 debtor out of possession is more analogous to the situation commonly faced by debtors in Chapter 13 or Subchapter V cases. *Eisen* is restricted to Chapter 7 cases:

> We do not question that principle, but only note that Heath and the cases cited therein do not concern the authority of debtors-in-possession under Chapter 11 or 13. The several cases cited in Heath concern the exclusive right of trustees to bring suits under Chapter 7, which, in contrast to Chapters 11 and 13, does not recognize the legal entity debtor-in-possession. See In re Perkins, 902 F.2d 1254 (7th Cir. 1990) (Chapter 7 case); Vega v. Gasper, 36 F.3d 417 (5th Cir. 1994) (Chapter 7); In re Eisen, 31 F.3d 1447 (9th Cir. 1994) (Chapter 7); Bauer, 859 F.2d 438 (Chapter 7)

*Cable v. Ivy Tech State Coll.*, 200 F.3d 467, 473 (7th Cir. 1999).

In *Rooney v. Thorson (In re Dawnwood Props. / 78)*, 209 F.3d 114 (2d Cir. 2000) the Court held that the Chapter 11 debtor not in possession had no standing to pursue a claim, at least where it had not been abandoned by the Trustee and noted that the Debtors could try to persuade the Trustee to pursue the claim and:

> . . . .. If not satisfied with the trustee's response, plaintiffs were free to bring the matter to the attention of the Bankruptcy Court for whatever directions or relief the Court thought appropriate, including a direction to the trustee either to initiate the action in question or to abandon the claims within the limitation period so as to allow the plaintiffs to pursue the claims on their own.

2

*Rooney* supra page 117.

It is noted that in the instant case the Trustee[1], without bothering to note that the Debtors had solicited his support prior to filing the motion, has filed a document entitled "Opposition" to the debtors-out-of-possessions' instant emergency motion, which "opposition" in its conclusion in fact supports the Debtors' motion at least insofar as the emergency motion seeks to protect the equipment necessary to operate the estate's radio stations from the receiver[2]. The Trustee is clearly not willing at this time to abandon the equipment (11 USC 554). It is respectfully suggested that the court set a hearing to determine who owns the equipment and that it stay collection of the District Court's judgment until that hearing can be held.

**B. The automatic stay can apply to the property of non-debtors.**

> We agree with the views expressed by the Court of Appeals for the Third Circuit in Pacor, Inc. v. Higgins, 743 F.2d 984 (1984), that "Congress intended to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate," id., at 994; see also H. R. Rep. No. 95-595, pp. 43-48 (1977), and that the "related to" language of § 1334(b) must be read to give district courts (and bankruptcy courts under § 157(a)) jurisdiction over more than simply proceedings involving the property of the debtor or the estate.

*Celotex Corp. v. Edwards,* 514 U.S. 300, 308, 115 S. Ct. 1493, 1499 (1995). See also *In re Fietz*, 852 F.2d 455 (9th Cir. 1988), adopting *Pacor.*

Under the Pacor test, a bankruptcy court may appropriately exercise its "related to" jurisdiction if:

> the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy. Thus, the proceeding need not

---

[1] Debtors, being without counsel, did not object to the appointment of a trustee in this case, See order entered March 6, 2023 (Doc 419). The Debtors' relationship with the Trustee is developing. Debtors have not yet decided to seek leave to resume their status as debtors-in-possession.

[2] The debtors' schedules filed herein on November 15, 2021 (Doc 26) clearly assert that Debtors' claim to own the rights to the radio stations' licenses only and that they do not own any broadcasting equipment. The schedules are presumptively accurate. *In re Clark*, 91 B.R. 570, 573 (Bankr. D. Colo. 1988). If Trustee claims ownership of the equipment he needs to amend the schedules.

3

> necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

*Pacor v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984) (emphasis in original).

Little more need be said re this court's "related to" jurisdiction under 28 USC §§ 1334(a)-(b).

**C. The receiver's award of fees by the District Court implicates the stay.**

The District Court had no jurisdiction to enter fee orders after October 19, 2021, when the voluntary petition in this case was filed. The receiver's August 2, 2021 and the District Court's August 26, 2021 order approving those fees in the amount of $650,340.10 were pre-petition. See Doc 433, paragraphs 6 and 7 (Receiver's Motion for Administrative fees).

The same cannot be said of the receiver's later District Court fee applications, being pre-petition fees of $128,482.00 approved by the District Court on February 22, 2023 (Doc 433, par 12) and pre and post-petition fees of $1,487,736.85, if undersigned's math is correct (Doc 433, par 22), also approved by the District Court on February 22, 2023 (over $600,000 of which was awarded in favor of Debtor's prior counsel, Fox Rothschild). See also Claim # 5 ($1,248,348.09 as of 3/4/2022) on file herein.

It will be remembered that the receiver was appointed to collect the WB Music judgment and that these fees were all incurred after that judgment had been satisfied (Satisfaction of Judgment filed in District Court on July 23, 2021 and filed herein on May 15, 2023 as exhibit 2 to this emergency motion (Doc 561-2). Debtors request that this Court take judicial notice of the records of the District Court

On October 19, 2021, when this case was filed in this Court, or at least on January 15, 2022, when the Receiver filed his claim #5 in this Case, the District Court lost jurisdiction to determine the amount of those fees. That determination belongs solely

4

with this Court.

> The concern, then, is that permitting scores of trials against the shareholders to go forward while litigation against the debtor is stayed may result in the shareholders making claims for insurance and seeking and obtaining payment from the insurers before Dow Corning is able to make any claims of its own.

*Lindsey v. O'Brien, Tanski, Tanzer & Young Health Care Providers (In re Dow Corning Corp.)*, 86 F.3d 482, 495 (6th Cir. 1996). See also *In re Am. Hardwoods*, 885 F.2d 621 (9th Cir. 1989).

See also, *Residential Capital, LLC v. Fed. Hous. Fin. Agency (In re Residential Capital, LLC)*, 529 F. App'x 69 (2d Cir. 2013) the case was remanded to the District Court to determine if collection of a judgment against the Debtor's non-debtor corporate parent and affiliate would adversely affect the Debtor.

The District Court's WB Music judgment, was joint and several against Debtors, Royce and Stolz. There is no evidence that the District Court had been advised that the Debtors had filed bankruptcy before it approved the receiver's pre and post-petition fee motions. Had it been so advised the District Court should have deferred to this Court as there is no way any fees due the receiver from Royce and Stolz could be determined without also effectively determining the fee obligation of the Debtors, a core matter ("allowance or disallowance of claims against the estate") entrusted to this court by 28 USC § 157(b)(2)(b).

**D. The emergency motion's request to enjoin the receiver's efforts to collect from non-debtors can proceed as a contested matter rather than an adversary proceeding.**

> Moreover, in all motions for relief from the automatic stay, the nature, extent, and validity of the creditor's interest are decided. It is not necessary to determine these matters by an adversary proceeding. Therefore, consistent with the swiftness that the legislature deemed necessary to advance the policies favoring expedited relief and this Court's authority to grant relief by annulling the automatic stay, the Court finds and holds that a request for such an order is a contested matter within the contemplation

of Rule 9014 and that this matter is appropriately before the Court as a motion. No sound reason exists to require an adversary proceeding to determine that the automatic stay is of no legal effect.

*In re Torrez*, 132 B.R. 924, 936 (Bankr. E.D. Cal. 1991).

Though Debtors are here seeking to define rather than limit the scope of the automatic stay, there seems no reason to require either request to be by adversary proceeding.

It is respectfully suggested that the Court set a time for a evidentiary hearing to determine whether the Receiver's efforts to collect from non-debtors via their conduct before the District Court violated the automatic stay.

Respectfully submitted this 2nd day of June, 2023.

WHITE LAW CHARTERED

By:___/s/ John White___

John A. White, Jr.
Attorney for the Debtors

6

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 2nd day of June, 2023, a true and correct copy of the foregoing **DEBTORS' REPLY IN SUPPORT OF EMERGENCY MOTION FOR ORDER DETERMINING THAT THIRD PARTIES ARE BOUND BY AUTOMATIC STAY** was served via: (ELECTRONIC SERVICE)

Pursuant to Administrative Order 02-1 (Rev. 8-31-04) of the United States Bankruptcy Court for the District of Nevada, the above-referenced document was electronically filed on the date noted above and served through the Notice of Electronic Filing automatically generated by the Court to the following parties:

BRETT A. AXELROD on behalf of Other Prof. W. LAWRENCE PATRICK
baxelrod@foxrothschild.com, pchlum@foxrothschild.com; mwilson@foxrothschild.com

OGONNA M. BROWN on behalf of Creditor VCY AMERICA, INC.
OBrown@lrrc.com, ogonna-brown-4984@ecf.pacerpro.com, dberhanu@lewisroca.com, ombcalendar@lewisroca.com; jhess@lewisroca.com, klopez@lewisroca.com; gmercado1@lewi gmercado@lewisroca.com

CANDACE C CARLYON on behalf of Interested Party C & E HAAS DEVELOPMENT COMPANY, LLC
ccarlyon@carlyoncica.com, CRobertson@carlyoncica.com; nrodriguez@carlyoncica.com; 9232006420@filin gs.docketbird.com; Dcica@carlyoncica.com

THOMAS H. FELL on behalf of Creditor CROWN CASTLE MU LLC
tfell@fennemorelaw.com, clandis@fennemorelaw.com; CourtFilings@fennemorelaw.com

STEPHEN R HARRIS steve@harrislawreno.com, hannah@harrislawreno.com; norma@harr

DAVID MINCIN on behalf of Creditor MINCIN LAW, PLLC
dmincin@mincinlaw.com, cburke@mincinlaw.com

DAVID MINCIN on behalf of Interested Party MINCIN LAW, PLLC
dmincin@mincinlaw.com, cburke@mincinlaw.com

JOHN M NAYLOR on behalf of Creditor NAYLOR & BRASTER ATTORNEYS AT LAW PLLC
jnaylor@naylorandbrasterlaw.com, asharples@naylorandbrasterlaw.com

TRACY M. O'STEEN on behalf of Interested Party C & E HAAS DEVELOPMENT COMPANY, LLC
tosteen@carlyoncica.com, crobertson@carlyoncica.com; nrodriguez@carlyoncica.com; ccarlyon@carlyonci ca.com

STEVEN B. SCOW on behalf of Creditor BELLAIRE TOWER HOMEOWNERS ASSOCIATION
sscow@kskdlaw.com, dscow@kochscow.com

U.S. TRUSTEE - LV - 11USTPRegion17.lv.ecf@usdoj.gov

JUSTIN CHARLES VALENCIA on behalf of U.S. Trustee U.S. TRUSTEE - LV - 11
justin.c.valencia@usdoj.gov

/s/ Michelle Dehls,
Michelle Dehls,
an employee of WHITE LAW CHARTERED

7