# EXHIBIT 1

# EXHIBIT 1

1

2

3

4

5

6

7  GARMAN TURNER GORDON LLP
   GREGORY GARMAN, ESQ.
8  Nevada Bar No. 6654
   Email: ggarman@gtg.legal
9  TALITHA GRAY KOZLOWSKI, ESQ.
   Nevada Bar No. 9040
10 Email: tgray@gtg.legal
   MARY LANGSNER, Ph.D.
11 Nevada Bar No. 13707
   Email: mlangsner@gtg.legal
12 7251 Amigo Street, Suite 210
   Las Vegas, Nevada 89119
13 Tel: 725.777.3000
   *Attorneys for Michael Carmel, Chapter 11*
14 *Trustee*

15              **UNITED STATES BANKRUPTCY COURT**

16                    **DISTRICT OF NEVADA**

17 | In re: | CASE NO. BK-21-14978-ABL |

18 | SILVER STATE BROADCASTING, LLC, | Chapter 11 |

19 | AFFECTS THIS DEBTOR ☐ | *Jointly Administered with:* |

20 | AFFECTS GOLDEN STATE ☒ | Golden State Broadcasting, LLC |
   | BROADCASTING, LLC | Case No. 21-14979-ABL |
21 |  |  |
22 | AFFECTS MAJOR MARKET ☐ | Major Market Radio, LLC |
   | RADIO, LLC | Case No. 21-14980-ABL |
23 | AFFECTS ALL DEBTORS ☐ | Hearing Date: |
24 |  | Date:  August 9, 2023 |
   |  | Time: 1:30 p.m. |

25     **ORDER APPROVING MOTION PURSUANT TO FED. R. BANKR. P. 9019 TO**
26  **AUTHORIZE AND APPROVE STIPULATED SETTLEMENT WITH C&E HAAS**
    **DEVELOPMENT COMPANY, LLC REGARDING THE EMERGENCY MOTION FOR**
27 **MODIFICATION OF THE AUTOMATIC STAY OR, IN THE ALTERNATIVE, RELIEF**
    **FROM CURRENT STAY MODIFICATION ORDER AND TO REINSTATE**
28                          **AUTOMATIC STAY**

Garman Turner Gordon
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000

1
2
3
4
5
6
7
8

Michael Carmel, Chapter 11 trustee ("Trustee") for the bankruptcy estates of Silver State Broadcasting, LLC, Golden State Broadcasting, LLC, and Major Market Radio, LLC, filed his *Motion Pursuant to Fed. R. Bankr. P. 9019 to Authorize and Approve Stipulated Settlement with C&E Haas Development Company, LLC Regarding the Emergency Motion for Modification of the Automatic Stay or, In the Alternative, Relief from Current Stay Modification Order and to Reinstate Automatic Stay* [ECF No. ___] (the "Motion"),[1] which came on for hearing before the above-captioned Court on August 9, 2023, at 1:30 p.m.  All appearances were duly noted on the record at the hearing on the Motion.

9
10
11
12
13
14

The Court having reviewed the Motion, the supporting declaration of Michael Carmel [ECF No. ___], and the papers and pleadings in support of the Motion; notice of the Motion having been proper; the Court having stated its findings of fact and conclusions of law on the record at the hearing, which are incorporated herein by reference in accordance with Rule 52 of the Federal Rules of Civil Procedure, made applicable pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure; and good cause appearing therefore, **IT IS HEREBY ORDERED** that:

15        1.        The Motion is **GRANTED**.

16        2.        The Stipulated Resolution, attached hereto, is **APPROVED in the entirety**.

17        **IT IS SO ORDERED**.

18    PREPARED AND SUBMITTED:

19    GARMAN TURNER GORDON LLP

20    By: /s/ _____
21        GREGORY E. GARMAN, ESQ.
        TALITHA GRAY KOZLOWSKI, ESQ.
22        MARY LANGSNER, Ph.D.
        7251 Amigo Street, Suite 210
23        Las Vegas, Nevada 89119
        *Attorneys for Michael Carmel, Chapter 11*
24        *Trustee*

25
26
27
28

---

[1] All undefined, capitalized terms shall have the meaning ascribed to them in the Motion.

1

## **LR 9021 CERTIFICATION:**

2    In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

3

4    ☐    The court has waived the requirement set forth in LR 9021(b)(1).

5    ☐    No party appeared at the hearing or filed an objection to the motion.

6    ☐    I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

7

8    ☐    I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

9

10

11                        ###

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 2

# EXHIBIT 2

CARLYON CICA CHTD.
CANDACE C. CARLYON, ESQ.
Nevada Bar No. 2666
TRACY M. O'STEEN, ESQ.
Nevada Bar No. 10949
265 E. Warm Springs Road, Suite 107
Las Vegas, NV 89119
PHONE: (702) 685-4444
FAX:    (725) 220-4360
Email:   Ccarlyon@CarlyonCica.com
         TOSteen@CarlyonCica.com

*Counsel for C & E Haas Development Company, LLC*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| IN RE: | Case No.: 21-14978-abl |
| SILVER STATE BROADCASTING, LLC, | Chapter 11 |
| | **Jointly Administered with:** |
| ☐    AFFECTS THIS DEBTOR. | 21-14979-abl    Golden State Broadcasting, LLC |
| ☒    AFFECTS GOLDEN STATE BROADCASTING, LLC | 21-14980-abl    Major Market Radio LLC |
| ☐    AFFECTS MAJOR MARKET RADIO LLC | **STIPULATION REGARDING C&E CLAIMS AND TO RESOLVE PENDING MOTION** |
| ☐    AFFECTS ALL DEBTORS. | |
| Debtors. | Hearing Date:  July 12, 2023<br>Hearing Time:  1:30 p.m. |

CARLYON CICA CHTD.
265 E. Warm Springs Road, Suite 107
Las Vegas, NV 89119

C & E Haas Development Company, LLC ("C&E"), and Trustee Michael Carmel, in his capacity as the Chapter 11 Trustee (the "Trustee" and together with C&E, the "Parties") for Debtor Golden State Broadcasting LLC ("Golden State" or "Debtor"), by and through their undersigned respective counsel of record, hereby stipulate and agree as follows (the "Stipulation"):

WHEREAS, the Debtor and C&E were parties to that certain Transmitter Site Agreement dated October 13, 2013, and all amendments thereto (and including all amendments thereto, referred to as the "Site Agreement").

WHEREAS, on October 19, 2021, Debtors filed for bankruptcy protection, instituting the above-captioned cases.

WHEREAS, on October 19, 2022, the Court entered its *Order Granting in Part and Denying in Part Motion* [ECF No. 346] (the "Stay Relief Order"), which required, *inter alia,* that the Debtor (1) pay part of the post-petition amounts due; (2) make certain monthly payments going forward; (3) move expeditiously to assume or reject the Site Agreement; and (4) provide proof of insurance as required by the Site Agreement.  The Court ordered that "Should Golden State fail to timely and fully satisfy any of these conditions, upon the filing of an *ex parte* motion by Haas Development, supported by admissible evidence, the automatic stay shall terminate without further notice or opportunity for hearing."

WHEREAS, on October 21, 2022, Debtor filed its *Motion to Determine Licensing Agreement is Not Executory Contract, or Alternatively, to Assume Executory Contract Under 11 U.S.C. §365* [ECF No. 347] (the "Assumption Motion").

WHEREAS, on February 14, 2023, the Court entered its *Order Denying* the Assumption Motion [ECF No. 402].

WHEREAS, on March 6, 2023, this Court entered its *Order on United States Trustee's Motion to Appoint Chapter 11 Trustee Under 11 U.S.C. § 1104(a), or, in the Alternative, to Convert Cases to Chapter 7 Pursuant to 11 U.S.C. § 1112(b); and Memorandum of Point and Authorities in Support and Reservation of Rights [ECF No. 405], and Creditor Mincin Law, PLLC's Motion for Appointment of Chapter 11 Trustee [ECF No. 393]*, thereby directing the appointment of a Chapter 11 trustee for the Debtors' estates. *See* ECF No. 419.

WHEREAS, on March 10, 2023, Tracy Hope Davis, the United States Trustee for Region 17, appointed the Trustee as the Chapter 11 trustee for Debtors' estates. *See* ECF No. 420.

WHEREAS, on March 10, 2023, the Court entered its *Order Approving Appointment of Chapter 11 Trustee* [ECF No. 422], thereby approving the Trustee's appointment.

WHEREAS, on March 13, 2023, the Trustee filed his *Notice of Acceptance of Appointment of Chapter 11 Trustee*, accepting his appointment as the Chapter 11 trustee for the Debtors' estates. *See* ECF No.424.

WHEREAS, pending before the Court is the Trustee's *Emergency Motion for Modification of the Automatic Stay or, in the Alternative, Relief from Current Stay Modification Order and to Reinstate the Automatic Stay* [ECF No. 446] (the "Motion"), which is currently set for a hearing on July 12, 2023, at 1:30 p.m.

WHEREAS, the Trustee has requested that C&E reduce its asserted claim by calculating interest/late charges ("Late Charges") on a "simple interest" basis; and the Trustee has further requested that C&E give the Debtor credit for amounts C&E received from VCY America, Inc.

WHEREAS, C&E has requested the Trustee fix an allowed administrative claim for post-petition rent owed to C&E by a date certain, which amount to include C&E's attorney fees and costs to date in these Cases, and the Trustee agreed, subject to C&E waiving the accrual of post-petition Late Charges through July 2023.

WHEREAS, C&E and the Trustee agree that C&E has a prepetition claim in the amount of $219,999.52, consisting of (a) $168,218.19 for unpaid rent; (b) $3,206.22 for maintenance charges; and (c) $48,575.10 in Late Charges.

WHEREAS, C&E and the Trustee agree that C&E has an Administrative Claim as of June 30, 2023, in the total amount of $95,000.00, consisting of $38,953.78 in post-petition rent plus $56,046.22 in attorney fees through June 30, 2023.

Based on the foregoing recitals, **IT IS HEREBY STIPULATED AND AGREED** by the Parties as follows:

1.      C&E is entitled to, and shall have, an allowed Pre-Petition Claim in the amount of $219,999.52 ("Pre-Petition Claim").

2.      C&E is entitled to, and shall have, an allowed Administrative Claim as of June 30, 2023, in the amount of $95,000.00 ("Post-Petition Fixed Admin Claim").

3.       In addition to the Post-Petition Fixed Admin Claim, C&E shall have an additional administrative claim (collectively with the Post-Petition Fixed Admin Claim, the "Administrative Claim") for sums due from and after July 1, 2023, as set forth herein.

4.      To the extent any monthly rental payments of $7,170.56 are not paid from and after

July 1, 2023, such monthly amounts shall be added to C&E's Administrative Claim.

5.     Additionally, C&E's reasonable attorneys' fees and costs incurred from and after July 1, 2023, by C&E in connection with the collection of amounts due pursuant to the Site Agreement, enforcement of the Site Agreement, or this Stipulation, which amounts must be submitted to the Trustee and his counsel in writing for the Trustee's reasonableness determination. Any dispute between the Trustee and C&E as to the reasonableness of attorney fees and costs shall be determined by the Bankruptcy Court.

6.     C&E agrees to waive accrual of post-petition Late Charges through August 1, 2023. Thereafter, to the extent that monthly rent charges are not timely paid from and after August 1, 2023, C&E will be entitled to an additional $2,531.37 per month in Late Charges as part of its Administrative Claim.

7.     The "Cure" amount related to any assumption and/or assumption and assignment of the Site Agreement shall consist of: the Pre-Petition Claim of $219,999.52, plus C&E's administrative claim as set forth herein, as well as satisfaction of other requirements of Section 365.

8.     The Trustee will pay the $38,953.78 post-petition rent portion of C&E's Post-Petition Fixed Admin Claim within the earlier of (i) ten days following bankruptcy court approval of a post-petition loan; (ii) within ten days of receipt of funds from any source (to the extent of funds received).  The Trustee will pay the balance of the Post-Petition Fixed Admin Claim on or before December 11, 2023 (or such earlier date as the Site Agreement is assumed).

9.     The Stipulation resolving the Motion shall be filed with the Court, and the hearing on the Motion shall be heard for status on August 9, 2023, at 1:30 p.m., and the Parties shall file a 9019 motion to obtain Court approval of this Stipulation, for an ordinary course hearing on August 9, 2023, at 1:30p.m.  The Parties agree that the order resolving the Motion shall approve this Stipulation including without limitation allowance of the Pre-Petition Claim, the Post-Petition Fixed Admin Claim, and the Cure amount.

10.     In the event of any default by the Trustee under the terms of this Stipulation or the Site Agreement, C&E will take no action against the Trustee until following the filing of a ten-day

written notice of default.  If such default is not cured within the ten-day period, C&E mail submit an order vacating the automatic stay on an ex parte basis as provided in the Stay Relief Order.  In such event, the Trustee retains the right to renew the Motion or seek other relief, and the Parties reserve all rights.

11.     In the event that the Bankruptcy Court does not approve this Stipulation, the Parties reserve all rights and defenses, including with respect to prior orders entered by the Court.

**IT IS SO STIPULATED.**

DATED this 23rd day of June, 2023.

| | |
|---|---|
| CARLYON CICA CHTD. | GARMAN TURNER GORDON |
| By: /s/ *Candace C. Carlyon* | By: /s/ *Mary Langsner* |
| CANDACE C. CARLYON, ESQ. | TALITHA GRAY KOZLOWSKI, ESQ. |
| Nevada Bar No. 2666 | Nevada Bar No. 9040 |
| TRACY M. O'STEEN | MARY LANGSNER, PH.D. |
| Nevada Bar No. 10949 | Nevada Bar No. 13707 |
| 265 E. Warm Springs Road, Suite 107 | 7251 Amigo Street, Suite 210 |
| Las Vegas, Nevada 89119 | Las Vegas, NV 89119 |
| Phone:  702-685-4444 | Phone: 725 777 3000 |
| Email:  CCarlyon@CarlyonCica.com | Email:  tgray@gtg.legal |
| TOSteen@CarlyonCica.com | mlangsner@gtg.legal |
| *Counsel for C&E Haas Development Company LLC* | *Counsel for Chapter 11 Trustee Michael Carmel* |

5