Ogonna M. Brown, Esq.
Nevada Bar No. 7589
LEWIS ROCA ROTHGERBER CHRISTIE LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
Telephone: (702) 949-8200
Facsimile: (702) 949-8398
E-Mail: OBrown@lewisroca.com

*Attorneys for VCY America, Inc.*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>SILVER STATE BROADCASTING, LLC,<br><br>[ ] Affects Silver State Broadcasting, LLC<br>[ ] Affects Golden State Broadcasting, LLC<br>[ ] Major Market Radio, LLC<br>[X] Affects all Debtors | Case No.: BK-21-14978-ABL<br><br>Jointly Administered with:<br><br>\| 21-14979-abl \| Golden State Broadcasting, LLC \|<br>\| 21-14980-abl \| Major Market Radio, LLC \|<br><br>Chapter 11<br><br>**VCY AMERICA, INC.'S JOINDER TO TRUSTEE'S OBJECTION TO FOURTH AMENDED DISCLOSURE STATEMENT AND OBJECTION**<br><br>Hearing Date: September 18, 2023<br>Hearing Time: 9:30 a.m.<br><br>Remote Appearance<br><br>Judge: Chief Judge August B. Landis |

VCY America, Inc. ("VCY"), creditor in the above-referenced jointly administered bankruptcy proceedings, by and through its counsel Ogonna M. Brown, Esq. of the law firm of Lewis Roca Rothgerber Christie LLP, hereby files this Joinder to Trustee's Objection (ECF No. 773) to the Fourth Amended Disclosure Statement (ECF No. 696)[1] and Objection ("Objection"),

---

[1] All references to "ECF No." are to the number assigned to the documents filed in Case No. BK-21-14978-ABL, jointly administered with Case Nos. BK-21-14979-ABL and BK-21-14980-ABL as it relates to Debtors Silver State Broadcasting, LLC, Golden State Broadcasting, LLC and Major Market Radio, LLC as they appear on the docket maintained by the clerk of court. All references to "Section" are to the provisions of the Bankruptcy Code, 11 U.S.C. §§ 101-1532. All references to "LR" are to the Local Rules of Bankruptcy Practice of the United States Bankruptcy Court for the District of Nevada. All references to the "FRBP" are to the Federal Rules of Bankruptcy Procedure. VCY

122268765.1

which Objection was filed on September 1, 2023, in connection with the Chapter 11 Bankruptcy cases of Debtors Silver State Broadcasting, LLC, Major Marketing Radio, LLC and Golden State Broadcasting, LLC (collectively, the "Debtor Entities"), which Fourth Amended Disclosure Statement was filed by the Debtors Out-of-Possession ("Debtors") on July 26, 2023.

VCY supports all of the arguments set forth in the Objection, and hereby joins along with any supporting documents filed with the United States Bankruptcy Court for the District of Nevada (the "Court"), and incorporates all arguments as if set forth herein, and for any other relief this Court deems just and appropriate.

This Joinder is supported by the Limited Opposition to Debtors' Motion for Order: (1) Enforcing Receiver's Compliance with Turnover Order; (2) For Contempt; and (3) For Sanctions (ECF No. 186)[2] ("Motion to Enforce"), filed on June 1, 2022, as Docket No. 206, and the supporting declaration of Ogonna M. Brown, Esq. and exhibits thereto filed as Docket No. 207, in connection with the Chapter 11 Bankruptcy case of the Debtor Entities, which related solely to the Debtors' allegations made in the Motion (relating to VCY, for which VCY requested that this Court strike the inaccurate statements made therein). This Joinder is further supported by the papers and pleadings on file in this case and any oral argument the court entertain at the hearing for the Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157(b)(2), 11 U.S.C. § 1104, and LR 1001(b)(1). Venue in the District of Nevada is appropriate pursuant to 28 U.S.C. §§ 1408 and 1409. Pursuant to LR 9014.2(b), VCY consents to the entry of final order(s) or judgment(s) by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders for judgment consistent with Article III of the United States Constitution.

---

respectfully requests that the Court take judicial notice of the filings on the dockets of the Bankruptcy Cases, pursuant to Rule 201(b) of the Federal Rules of Evidence.

[2] All references to "ECF No." are to the numbers assigned to the documents filed in the jointly administered bankruptcy cases identified in the caption above ("Case"), as they appear on the docket ("Docket") maintained by the Clerk of the Court of the United States Bankruptcy Court for the District of Nevada.

122268765.1

## II. STATEMENT OF RELEVANT FACTS

Debtors' Disclosure Statement is filled with inaccurate, false and wholly unsupported information relating to VCY, most notably the following:

p. 4, ll. 25 – p. 5, ll. 1-2, ll. 6-10, ll. 15-17: "…under a Local Marketing and Programming Agreement ("LMA") (effective March 15, 2021), whereby VCY paid the Receiver the egregiously low price of $5,000 per month for all three (3) FM licensed Radio Stations…VCY instantly supplanted decades of the Radio Stations' history, ratings, audiences, and revenues stemming from mass-appeal, commercial, community-based popular music formats with a non-commercial 24-hour financial solicitation, non-profit gospel format. VCY used the Debtors' Radio Stations to solicit religious contributions in amounts it has not yet disclosed. The Debtors filed their Chapter 11 cases on October 19, 2021, because the Receiver was irreparably damaging their Radio Stations and seeking to unnecessarily sell the Radio Stations to VCY for significantly less than their market value."

p. 10, ll. 6-8: "Upon gaining access to the tower site on August 4, 2022, Mr. Stolz found that the broadcasting equipment KREV had previously used at the site was dismantled, disconnected, burned or missing. Either the Receiver, VCY, or Haas caused the damage to KREV's equipment…" (ECF No. 696).

p. 13, ll. 23 – p. 14, l. 8: Class 2A disputed claim of VCY in the amount of $627,366.06, subject to Debtors' claim objection.

VCY previously raised a number of Debtors' inaccurate statements before this Court in its Limited Opposition to Debtors' Motion for Order: (1) Enforcing Receiver's Compliance with

- 3 -

122268765.1

Turnover Order; (2) For Contempt; and (3) For Sanctions (ECF No. 186)[3] ("Motion to Enforce"), filed on May 17, 2022, in connection with the Chapter 11 Bankruptcy case of Debtors Silver State Broadcasting, LLC, Major Marketing Radio, LLC and Golden State Broadcasting, LLC (collectively "Debtor Entities"). VCY's Limited Opposition related solely to the Debtors' allegations made in the Motion relating to VCY, and requested that this Court strike the inaccurate statements made therein (ECF Nos. 206-207).

### III.   LEGAL ARGUMENT

11 U.S.C. §1125(a) requires that a disclosure statement contain "adequate information…." The Disclosure Statement fails to meet this requirement in several respects.

First, the Disclosure Statement makes a number of inaccurate statements with no support, relating to the provisions referenced in the Statement of Facts above as it relates to VCY. VCY has previously endeavored to address Debtors' inaccurate statements made with this Court as evidenced in its Limited Opposition and supporting declaration (ECF Nos. 206-207), incorporated by reference herein.

Second, Debtors' Disclosure Statement does not contain sufficient or accurate information regarding VCY's claim, or the source of payment for the claim. Specifically, on page 16, lines 10-19 of the Disclosure Statement, Debtors represent that:

> VCY's disputed claim, to the extent allowed, to be paid equally by all three Debtors at the contract rate of Nevada's legal statutory rate under NRS 17.130(2) of Prime plus 2% per annum from the Petition Date until paid on the later of the Effective Date, or within five business dates after any order allowing the claims becomes final and unappealable, characterizing VCY's claim as unimpaired under the Plan.

As a preliminary matter, the Trustee, not the Debtors, has standing to object to VCY's claim, and the Disclosure Statement does not address this standing issue. Further, the Disclosure

---

[3] All references to "ECF No." are to the numbers assigned to the documents filed in the jointly administered bankruptcy cases identified in the caption above ("Case"), as they appear on the docket ("Docket") maintained by the Clerk of the Court of the United States Bankruptcy Court for the District of Nevada.

- 4 -

122268765.1

Statement does not provide sufficient information about the Debtors' ability to pay VCY's claim. The Disclosure Statement contains no meaningful information regarding each of the Debtors' ability to convert the proposed assets into cash by the effective date, and the Monthly Operating Reports for each of the Debtors before the Trustee was appointed make it abundantly clear that the Debtors are unable to fund the Plan, but the Disclosure Statement does not provide accurate information on the source of funding for the Plan. Further, the Disclosure Statement fails to demonstrate reasonable assurance of future performance.

11 U.S.C. §1129(a)(7)(A)(2) requires that each creditor receive through the plan at least as much as would be received on liquidation. In the Disclosure Statement, the Debtors assert that they are solvent and/or have funds to pay the Plan, but given the patent legal defects in a plan, the court has discretion to deny approval of the disclosure statement without undertaking the time consuming and expensive solicitation procedures and confirmation hearing. *In re 266 Washington Assocs.*, 141 B.R. 275, 288 (Bankr. E.D.N.Y.), *aff'd sub nom. In re Washington Assocs.*, 147 B.R. 827 (E.D.N.Y. 1992).

Based upon the record before this Court, Debtors' Disclosure Statement cannot be approved.

## IV. CONCLUSION

Based upon the foregoing, VCY respectfully requests that this Court deny the debtors-out-of-possessions' Motion for Approval of the Fourth Amended Disclosure Statement.

DATED this 1st day of September, 2023.

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By: */s/ Ogonna Brown*
Ogonna M. Brown, Esq.
Nevada Bar No. 7589
3993 Howard Hughes Pkwy., Suite 600
Las Vegas, Nevada 89169
Telephone: (702) 474-2622
Facsimile: (702) 949-8298
Email: OBrown@lewisroca.com

*Attorneys for VCY America, Inc.*

122268765.1

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of Lewis Roca Rothgerber Christie LLP, and that on the 1st day of September, 2023, I caused to be served a true and correct copy of the foregoing **VCY AMERICA, INC.'S JOINDER TO TRUSTEE'S OBJECTION TO FOURTH AMENDED DISCLOSURE STATEMENT AND OBJECTION** in the following manner:

☒ (ELECTRONIC SERVICE) Under Administrative Order 02-1 (Rev. 8-31-04) of the United States Bankruptcy Court for the District of Nevada, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by that Court's facilities.

☐ (UNITED STATES MAIL) By depositing a copy of the above-referenced document for mailing in the United States Mail, first class postage prepaid, at Las Vegas, Nevada, to the parties listed on the attached service list, at their last known mailing addresses, on the date above written.

☐ (OVERNIGHT COURIER) By depositing a true and correct copy of the above-referenced document for overnight delivery via Federal Express, at a collection facility maintained for such purpose, addressed to the parties on the attached service list, at their last known delivery address, on the date above written.

☐ (FACSIMILE) That I served a true and correct copy of the above-referenced document via facsimile, to the facsimile numbers indicated, to those persons listed on the attached service list, on the date above written.

*/s/ Renee Creswell*
An employee of
Lewis Roca Rothgerber Christie LLP

122268765.1