Terri H. Didion, Assistant United States Trustee
State Bar No. CA 133491
Justin C. Valencia, Trial Attorney
State Bar No. NE 25375 | State Bar No. IA AT0012006
United States Department of Justice
Office of the U.S. Trustee
300 Las Vegas Boulevard So., Suite 4300
Las Vegas, Nevada 89101
Telephone: (702) 388-6600
Facsimile: (702) 388-6658
Email: justin.c.valencia@usdoj.gov

Attorneys for TRACY HOPE DAVIS
United States Trustee for Region 17

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Case No. BK-21-14978-ABL |
| SILVER STATE BROADCASTING, LLC, | Chapter 11 |
| ☐ AFFECTS THIS DEBTOR | *Jointly administered with*: |
| ☐ AFFECTS GOLDEN STATE BROADCASTING, LLC | Golden State Broadcasting, LLC, Case No. 21-14979-ABL |
| ☐ AFFECTS MAJOR MARKET RADIO, LLC | Major Market Radio, LLC, Case No. 21-14980-ABL |
| ☒ AFFECTS ALL DEBTORS | Hearing Date: November 29, 2023 Hearing Time: 1:30 p.m. Tel. Conf. Number: (669) 254-5252 Meeting ID: 161 110 6049 Passcode: 154251# |
| Debtor(s). | |

**UNITED STATES TRUSTEE'S RESPONSE AND RESERVATION OF RIGHTS TO THE MOTION FOR ORDER REMOVING CHAPTER 11 TRUSTEE [ECF NO. 839]**

To the Honorable AUGUST B. LANDIS, Chief United States Bankruptcy Judge:

Tracy Hope Davis, the United States Trustee for Region 17 (the "U.S. Trustee"), by and through her undersigned counsel, hereby files her *Response and Reservation of Rights to the Motion for Order Removing Chapter 11 Trustee* (the "Response"), in response to the *Motion for*

1

*Order removing Chapter 11 Trustee* [ECF No. 839] (the "Removal Motion") filed by Harris Law Practice, LLC, and the *Joinder* [ECF No. 850], filed by the Debtors-out-of-possession, requesting an order removing the Chapter 11 Trustee and restoring the Debtors into possession or, alternatively, directing the U.S. Trustee to appoint a new trustee. In support of the Response, the U.S. Trustee represents as follows:

## BACKGROUND FACTS AND PROCEDURAL POSTURE

1. On October 19, 2021, the above-captioned Debtors filed chapter 11 voluntary petitions. [*See* ECF No. 1]. Mr. Edward R. Stolz signed the voluntary petitions on behalf of the Debtors. [*Id.*, p. 5 of 16; *see also* ECF No. 2]. Golden State Broadcasting, LLC and Major Market Radio, LLC, are affiliates of Silver State Broadcasting, LLC. [*See* ECF No. 1, p. 6 of 16].

2. On November 19, 2021, the Court entered an Order Authorizing Joint Administration of Cases. [*See* ECF No. 37].

3. The U.S. Trustee convened, continued, and concluded the 341 meeting of creditors. [*See* ECF Nos. 29, 36, 61, 97, 104].

4. On November 23, 2022, Stephen R. Harris, Esq. and Harris Law Practice, LLC filed a motion to withdraw as bankruptcy counsel for the Debtors. ("Withdrawal Motion"). [*See* ECF No. 106, 114, 366 at ¶ 8].[1]

5. On December 21, 2022, after a notice and hearing, the Court entered an Order approving the Withdrawal Motion, vacating scheduled hearings including the confirmation hearing originally set for February 6, 2023, and setting a status conference for February 10, 2023, at 3:00 p.m. [*See* ECF No. 388].

---

[1] Non-oppositions to the Withdrawal Motion were filed on behalf of creditors W. Lawrence Patrick and VCY America, Inc. [*See* ECF Nos. 379, 381].

6. On February 10, 2023, the Court continued the status conference to March 1, 2023, to coincide with several other hearings on the same date and time. [*See* ECF Nos. 396-398; *see also* Bankruptcy Docket *generally*].

7. On January 27, 2023, Creditor Mincin Law, PLLC filed a motion for the appointment of a Chapter 11 trustee under 11 U.S.C. § 1104(a). ("Mincin Motion") [ECF No. 393].[2] The Mincin Motion asserted there was "cause" to appoint a chapter 11 trustee because Debtors were not represented by counsel, and the proper administration of the estates' primary assets, the FCC licenses, was in the best interest of creditors. *Id.*

8. On February 17, 2023, the U.S. Trustee filed her *Motion to Appoint Chapter 11 Trustee Under 11 U.S.C. § 1104(a), or, In the Alternative, To Convert Cases to Chapter 7 Pursuant to 11 U.S.C. § 1112(b)* (the "UST Motion") on shortened time to be heard in connection with the Mincin Motion and other matters scheduled to be heard on March 1, 2023. [*See* ECF Nos. 405-410, 412-414].[3] The UST Motion alleged the "cause" for the appointment of a chapter 11 trustee included the Debtors' failure to (1) comply with their duties, including the timely filing and filing of monthly operating reports ("MOR"); (2) provide evidence of insurance; (3) pay estimated fees to the UST in a combined amount of $1,503.91; (4) obtain bankruptcy counsel to represent the Debtors; (5) confirm a plan of reorganization; and (6) prosecute these cases. *Id.*

---

[2] Joinders to the Mincin Motion were filed on February 13, 2023, by W. Lawrence Patrick and VCY American, Inc., respectively. ("Joinders") [ECF Nos. 399-401].

[3] A Non-opposition and two Joinders to the UST Motion were filed on February 22, 2023, and February 24, 2023, respectively. [*See* ECF Nos. 411, 415-416].

3

9. On March 1, 2023, the Court granted the Mincin Motion and the UST Motion. [*See* ECF No. 419].[4] Consistent with her statutory duties under section 1104, the U.S. Trustee selected and appointed Mr. Michael W. Carmel as the Chapter 11 Trustee in the above-captioned cases. An Order was entered approving the appointment on March 10, 2023. [*See* ECF Nos. 420-422].

10. Harris Law Practice, LLC and the Debtors-out-of-possession filed the Removal Motion and Joinder on October 24, 2023, and November 2, 2023, respectively. [*See* ECF Nos. 839, 850].

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **A. The Appointment of the Chapter 11 Trustee Was the Correct Remedy.**

Section 1104(a)(1) provides four non-exclusive circumstances constituting "cause" for the appointment of a trustee. 11 U.S.C. § 1104(a)(1). Section 1104(a)(2) authorizes a bankruptcy court to appoint a chapter 11 trustee, without a showing of cause, if such appointment is in the interests of creditors and other parties-in-interest. 11 U.S.C. § 1104(a)(2). Whether cause exists for appointment is within the court's discretion. *Lowenschuss v. Selnick (In re Lowenschuss)*, 171 F.3d 673, 685 (9th Cir. 1999). If the court orders the appointment of a trustee, the U.S. Trustee, after consultation with parties in interest, appoints the trustee. 11 U.S.C. § 1104(d). The bankruptcy court's equitable powers and general provisions of the Bankruptcy Code cannot provide the legal basis for alternative relief, regardless of the practicalities of the case. *In re Geothermal Resources Intern., Inc.*, 93 F.3d 648, 651 (9th Cir. 1996), *citing Resorts Int'l, Inc. v. Lowenschuss (In re Lowenschuss)*, 67 F.3d 1394, 1401-02 (9th Cir. 1995).

/ / / /

---

[4] As of the date of the hearing on the Mincin Motion and the UST Motion, the Debtors did not have bankruptcy counsel as required by LR 9010. [*See* Bankruptcy Docket *generally*].

4

### B. Removal of a Chapter 11 Trustee Under 11 U.S.C. § 1105 is a Rare Occurrence.

Section 1105 provides that any time before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court may terminate the trustee's appointment and restore the debtor to possession and management of the property of the estate and of the operation of the debtor's business.[5] 11 U.S.C. § 1105. The bankruptcy court has discretion to determine whether to terminate the trustee's appointment. *In re Amerejuve, Inc.,* 2015 WL 2226344 at * 11 (Bankr. S.D. Tex. April 29, 2015)(citations omitted). The authority in section 1105 to terminate a trustee's appointment should be exercised carefully and is a rare occurrence. *See In re Taub*, 4441 B.R. 211, 215 (Bankr. E.D.N.Y. 2010). Section 1105 permits the court to reverse its decision ordering the appointment of a trustee under three conditions: 1) new evidence; 2) a change in conditions; and 3) circumstances that eliminate the reason for the trustee's appointment. *Id*. at *12 (citations omitted). *See also In re Eastern Consol. Utils., Inc*., 3 B.R. 591, 592-93 (Bankr. E.D. Pa. 1980); *Cf In re Van Upp*, 2010 Bankr. LEXIS 2382, 2010 WL 2901634 at *2 (Bankr. N.D. Cal. July 19, 2010). Disagreement with a trustee's good faith business judgment, made on a reasonable basis, within the scope of the trustee's authority under the Code, is not sufficient evidence of an improvident appointment or changed circumstances. *Taub*, 441 B.R. at 216.[6] *See also* 7 Collier on Bankruptcy P 1105.05 (16th 2023).

---

[5] A distinction should be made between the termination of a trustee under section 1105, which results in a return of control to the debtor in possession, and the removal of a trustee for cause under section 324 whereby a successor trustee is appointed. Where the Court would order removal after finding that the trustee has engaged in inappropriate conduct or is incompetent, the Court may order termination if the court determines that either the original appointment was improvidently made, or because of a change in circumstances, a trustee is no longer required. *See In re Curlew Valley Associates*, 14 B.R. 506 (Bankr. D. Utah 1981); *In re Eastern Consolidated Utilities, Inc.,* 3 B.R. 591 (Bankr. E.D. Pa. 1980); *see also In re Taub*, 441 B.R. 211 (Bankr. E.D. N.Y. 2010).

[6] Pursuant to Section 324(a), the court may, for cause, remove a trustee or an examiner. 11 U.S.C. § 324(a). A trustee is given a substantial degree of discretion in deciding how to

The U.S. Trustee has no factual basis to address the specific allegations against the chapter 11 trustee and reserves the right to supplement this Response based upon any new facts, including facts provided in Mr. Carmel's response to the Motion, if any.

## **CONCLUSION**

The Court found cause for the appointment of a Chapter 11 Trustee under 11 U.S.C. § 1104(a)(1) and (2). [ECF No. 419]. Thereafter, the U.S. Trustee carried out her statutory duties selecting Mr. Michael W. Carmel as the Chapter 11 Trustee pursuant to 11 U.S.C. § 1104(d). [ECF No. 420]. The Court entered an Order approving the appointment of Mr. Michael W. Carmel as the Chapter 11 Trustee.  [ECF No. 422].

If the Court removes Mr. Carmel as the Chapter 11 Trustee, the U.S. Trustee will carry out her statutory duty and appoint a new chapter 11 trustee pursuant to 11 U.S.C. § 1104(d).

The U.S. Trustee expressly reserves her rights to take any appropriate action under the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the local rules of the United States Bankruptcy Court for the District of Nevada in the above-named cases.

Date: November 14, 2023           Respectfully Submitted,

                                                        TRACY HOPE DAVIS
                                                      UNITED STATES TRUSTEE

                                                      By: */s/ Justin C. Valencia*
                                                          Justin C. Valencia
                                                          Trial Attorney for the United States Trustee

---

administer the bankruptcy estate and his or her actions are governed by a business judgment standard. *See In re Wring*, 2015 Bankr. LEXIS 2023, at *13-14 (B.A.P. 6th Cir. June 22, 2015).